COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
LEO P. NORTON (216282) (lnorton@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:	(858) 550-6000
Facsimile:	(858) 550-6420

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HAL K. LEVITTE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  08-CV-03369 JW RS<br><br>**GOOGLE INC.'S CONSOLIDATED OPPOSITION TO HAL K. LEVITTE AND PULASKI & MIDDLEMAN, LLC'S ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER CASES SHOULD BE RELATED (Civil L.R. 3-12)** |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

**GOOGLE'S OPPOSITION TO ADMIN.
MOTIONS RE RELATED CASES
08-CV-03369 JW RS**

## I. INTRODUCTION

Defendant Google Inc. ("Google") opposes the respective administrative motions filed by Plaintiffs Pulaski & Middleman, LLC ("Pulaski")[1] and Hal K. Levitte ("Levitte"), which represent unnecessary preemptive strikes against Google's counsel's previously announced administrative motion to relate four cases pending in this district regarding Google's AdWords advertising program, which Google filed in the low-numbered case *David Almeida v. Google, Inc.*, Case No. C 08-02088-RMW on September 4, 2008. On August 25, 2008, over a week before Pulaski and Levitte filed their duplicative administrative motions in this case, Google wrote all plaintiffs' counsel in the four related cases and notified them that Google stood ready to file an administrative motion in the low-numbered *Almeida* case to relate the cases, provided copies of the four complaints, and requested that the plaintiffs stipulate on the issue, as Google was required to do under Civil Local Rule 7-11 before filing its motion. After obtaining a one-week extension to respond to Google's August 25, 2008 letter, Pulaski and Levitte notified Google on September 2 and September 3, respectively, that they would not stipulate that the *Almeida* case was related, and then filed their own administrative motions despite Google's counsel advising them it was unnecessary to do so. Pulaski and Levitte seek to relate three of the four cases that Google notified them that it intended to relate.

Pulaski and Levitte's motions are procedurally unnecessary in light of Google's motion filed in the low-numbered *Almeida case*, procedurally defective because they were not properly served, and substantively defective because they exclude the related *Almeida* case. Consequently, their motions should be denied.

## II. BACKGROUND

There are four cases presently pending against Google in this district relating to Google's AdWords advertising program that are related and that should be reassigned for coordinated or consolidated proceedings before the same judge. Those cases are:

- *David Almeida v. Google, Inc.*, Case No. C 08-02088-RMW ("*Almeida* case");

---

[1] Pulaski & Middleman, LLC is the plaintiff in the related action *Pulaski & Middleman, LLC v. Google Inc.*, Case No. C 08-03888-SI.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

GOOGLE'S OPPOSITION TO ADMIN.
MOTIONS RE RELATED CASES
08-CV-03369 JW RS

- *Hal K. Levitte v. Google, Inc.*, Case No. C 08-03369-JW ("*Levitte* case");
- *RK West, Inc. v. Google, Inc.*, Case No. C 08-03452-RMW ("*RK West* case"); and
- *Pulaski & Middleman, LLC v. Google Inc.*, Case No. C 08-03888-SI ("*Pulaski* case").[2]

On August 25, 2008, Google's counsel sent all plaintiffs' counsel in those cases a meet and confer letter that: (1) notified all plaintiffs that Google was prepared to file an administrative motion under Civil Local Rules 3-12 and 7-11 in the *Almeida* case; (2) provided all plaintiffs with copies of the complaints and the reasons why the cases were related; (3) attempted to reach a stipulation that the four cases are related as it was required to do under Civil Local Rule 7-11; and (4) requested that Google's deadline to respond to the *Levitte*, *RK West*, and *Pulaski* complaints be coordinated and extended until September 30, 2008. Norton Declaration, ¶ 3 & Exhibit 2. Plaintiff's counsel in the *Levitte* case, purportedly on behalf of all plaintiffs, requested a one-week extension to respond to September 3, 2008, and then later stated they would respond by August 28, 2008. Norton Declaration, ¶ 4 & Exhibit 3. Having not yet received a response as of the morning of September 2, 2008, Google's counsel again demanded a response. Norton Declaration, ¶ 5 & Exhibit 4.

Shrugging off judicial and party economy and the Civil Local Rules, rather than coordinating their responses to Google's letter or coordinating their unnecessary administrative motions, plaintiffs opted to individually respond to Google's letter (or simply not respond at all) and to serially file administrative motions in two separate actions. RK West's counsel never responded to Google's letter, and instead filed its own administrative motion on August 29, 2008 in the *RK West* case, and served it by mail, which Google received in the late morning on September 2, 2008. Norton Declaration, ¶ 6. That motion, like the instant motions, seeks to relate all but the *Almeida* case before the Honorable James Ware. *Id*. On September 2, 2008, Pulaski's counsel notified Google's counsel that it would not stipulate that the *Almeida* case was

---

[2] A copy of the *Almeida* case Complaint is attached as Exhibit 1 to the Declaration of Leo P. Norton in Support of Opposition. A copy of the *Levitte* case Complaint is Document No. 1 in this action. A copy of the *RK West* case Complaint is attached as Exhibit A to the Declaration of Willem F. Jonckheer i/s/o Levitte's Administrative Motion (Document No. 10) ("Jonckheer Declaration). A copy of the *Pulaski* case complaint is attached as Exhibit B to the Jonckheer Declaration.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

GOOGLE'S OPPOSITION TO ADMIN.
MOTIONS RE RELATED CASES
08-CV-03369 JW RS

1  related and that Pulaski would file its own administrative motion. Norton Declaration, ¶ 7.
2  Pulaski filed its motion in this case later that day, and served it by mail, which Google received in
3  the late morning on September 5, 2008. *Id*.; Document Nos. 5, 8. On September 3, 2008,
4  Levitte's counsel notified Google's counsel that it would not stipulate that the *Almeida* case was
5  related and that Levitte would file its own administrative motion. Norton Declaration, ¶ 8.
6  Levitte filed his motion in this case later that day, and served it by mail, which Google received in
7  the late morning on September 5, 2008. *Id*.; Document Nos. 9, 12.

### III. PULASKI AND LEVITTE'S ADMINISTRATIVE MOTIONS SHOULD BE DENIED

Pulaski and Levitte's respective administrative motions should be denied on three independent grounds: (1) the motions are procedurally unnecessary in light of Google's administrative motion filed in the low-numbered *Almeida* case; (2) Pulaski and Levitte failed to deliver their motions to Google the same day the motions were filed; and (3) the motions fail to include the related low-numbered *Almeida* case.

#### A. Pulaski and Levitte's Administrative Motions Are Procedurally Unnecessary Because of Google's Administrative Motion Filed in the Low-Numbered *Almeida* Case.

Google filed its own administrative motion to relate the *Almeida*, *Levitte*, *RK West*, and *Pulaski* cases in the *Almeida* case as it notified all plaintiffs that it would. Norton Declaration, ¶ 10. Google's motion renders Pulaski and Levitte's motions unnecessary because Civil Local Rule 3-12 provides an opportunity for parties in Pulaski and Levitte's position to contend that some, but less than all, of the cases subject to an administrative motion are related.

Civil Local Rule 3-12(e) allows a non-moving party to file a response to an administrative motion, and specifically provides that if "a party contends that not all of the cases are related, the party must address whether any of the cases are related to one another." Civil L.R. 3-12(e). Moreover, Civil Local Rule 3-12(f) provides that if the judge assigned to the low-numbered case (here, the *Almeida* case and Judge Ronald Whyte) decides that the cases are not related, the Clerk shall submit the order to the judges assigned to the other cases, in the order those cases were filed, (here, the next in line is this case) to decide whether any of those cases are related (all parties agree that at a minimum the *Levitte, RK West, and Pulaski* cases are related). Civil L.R. 3-

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

GOOGLE'S OPPOSITION TO ADMIN.
MOTIONS RE RELATED CASES
08-CV-03369 JW RS

12(f)(2)-(3).

Rather than rushing to file their own preemptive administrative motions, the proper for Pulaski and Levitte to attempt to relate only the *Levitte*, *RK West*, and *Pulaski* cases would have been to oppose Google's administrative motion filed in the *Almeida* case, and request that the Court relate the *Levitte*, *RK West*, and *Pulaski* cases, but not the *Almeida* case. If Judge Ronald Whyte in the *Almeida* case denies Google's administrative motion, the Honorable James Ware in this case can relate the *Levitte*, *RK West*, and *Pulaski* cases, which all parties in all cases agree at a minimum are related. This would have conserved judicial and party resources and avoided confusion, compared to the present situation of four separate motions filed on four separate days in three separate cases before two different judges. Google's counsel advised all plaintiffs' counsel, including Pulaski and Levitte, that preemptive or competing administrative motions were not necessary under Civil Local Rule 3-12. Norton Declaration, ¶ 9 & Exhibit 5. Pulaski and Levitte's rush to file motions to compete with Google's motion and their failure to adhere to Civil Local Rule 3-12 has resulted in needless duplicative administrative motions and the attendant expense of multiple filings in different cases. Because Pulaski and Levitte's respective administrative motions are procedurally unnecessary, they should be denied. Levitte's respective administrative motions are procedurally unnecessary, they should be denied.

**B. Pulaski and Levitte Failed To Deliver Their Administrative Motions to Google on the Same Day the Motions Were Filed As Required.**

Civil Local Rule 3-12(b) requires compliance with Civil Local Rule 7-11's requirements for Administrative Motions, and requires service on all known parties in the cases sought to be related. Civil L.R. 3-12(b). Civil Local Rule 7-11 requires that the "moving party must deliver the motion and all attachments to all other parties on the same day as the motion is filed." Civil L.R. 7-11(a). Both Pulaski and Levitte failed to satisfy this requirement.

Pulaski filed its administrative motion on Tuesday, September 2, 2008. Document No. 5. Google did not receive the motion until late in the morning on Friday, September 5, 2008—the day Google's opposition was due under Civil Local Rule 7-11—because Pulaski served the motion and supporting documents by U.S. Mail, rather than delivering them on the same day as

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

GOOGLE'S OPPOSITION TO ADMIN.
MOTIONS RE RELATED CASES
08-CV-03369 JW RS

filed as required. Norton Declaration, ¶ 7; Document No. 8. Levitte filed its administrative motion on Wednesday, September 3, 2008. Document No. 9. Google did not receive the motion until Friday, September 5, 2008—a mere one day before Google's opposition is due—because Levitte served the motion and supporting documents by U.S. Mail, rather than delivering them on the same day as filed as required. Norton Declaration, ¶ 8; Document No. 12. Pulaski and Levitte's respective motions should be denied for failure to adhere to Civil Local Rule 7-11.

### C. Pulaski and Levitte's Administrative Motions Should Be Denied Because They Do Not Include the *Almeida* case Which Is Also Related And Which Is the Low-Numbered Case

Pulaski and Levitte's administrative motions also fail substantively because they rest on the theory that the *Almeida* case is not related. They are wrong. The *Almeida* case, like the *Levitte*, *RK West*, and *Pulaski* cases, asserts claims against Google based on alleged issues with Google's AdWords advertising program. The claims are based on the same legal theories—unjust enrichment and California Business and Professions Code section 17200. Further, the cases involve overlapping putative class of Google AdWords customers. The only difference between the cases is the aspect of the AdWords advertising program being challenged. But that difference is insubstantial, and does not avoid the potential for unduly burdensome duplication of labor and expense in document and deposition discovery directed at Google's AdWords advertising program and the contracts that govern that program or conflicting results.

## IV. CONCLUSION

Pulaski and Levitte's motions should be denied because they are procedurally unnecessary in light of Google's motion filed in the *Almeida case*, procedurally defective because they were not properly served, and substantively defective because they exclude the related *Almeida* case.

Dated: September 8, 2008

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
LEO P. NORTON (216282)

By: /s/Leo P. Norton
Leo P. Norton

Attorneys for Defendant GOOGLE INC.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

GOOGLE'S OPPOSITION TO ADMIN.
MOTIONS RE RELATED CASES
08-CV-03369 JW RS

# CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2008, I electronically filed the foregoing **GOOGLE INC.'S CONSOLIDATED OPPOSITION TO HAL K. LEVITTE AND PULASKI & MIDDLEMAN, LLC'S ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER CASES SHOULD BE RELATED (CIVIL L.R. 3-12)** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record at the following listed email addresses.

- **Willem F. Jonckheer**
  wjonckheer@schubert-reed.com
- **Kimberly Ann Kralowec**
  kkralowec@schubertlawfirm.com
- **Guido Saveri**
  guido@saveri.com,william@saveri.com,cadio@saveri.com

I also hereby certify that I caused the foregoing document to be personally delivered by consigning the document(s) to an authorized courier and/or process server for hand delivery on this 8th day of September, 2008 to the following listed addresses.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

GOOGLE'S OPPOSITION TO ADMIN.
MOTIONS RE RELATED CASES
08-CV-03369 JW RS

| | | |
|---|---|---|
| 1 | Guido Saveri | Terry Gross |
| 2 | R. Alexander Saveri | Adam C. Belsky |
| | Cadio Zirpoli | Monique Alonso |
| 3 | Saveri & Saveri Inc. | Gross Belsky Alonso LLP |
| | 111 Pine Street | 180 Montgomery Street |
| 4 | Suite 1700 | Suite 2200 |
| | San Francisco, CA 94111 | San Francisco, CA 94104 |
| 5 | *Attorneys for Plaintiff Pulaski & Middleman, LLC* | *Attorneys for Plaintiff Pulaski & Middleman, LLC* |
| 6 | | |
| 7 | Brian S. Kabateck | Erik Swen Syverson |
| | Richard L Kellner | Pick & Boydston, LLP |
| 8 | Alfredo Torrijos | 1000 Wilshire Boulevard |
| | Kabateck Brown Kellner, LLP | Suite 600 |
| 9 | 644 S. Figueroa Street | Los Angeles, CA 90017 |
| | Los Angeles, CA 90017 | *Attorneys for Plaintiff RK West, Inc.* |
| 10 | *Attorneys for Plaintiff RK West, Inc.* | |
| 11 | | |
| 12 | Robert C. Schubert | Hon. Susan Illston |
| | Willem F. Jonckheer | United States District Court |
| 13 | Kimberly Ann Kralowec | Northern District of California |
| | Schubert Jonckheer Kolbe & Kralowec LLP | 450 Golden Gate Ave. |
| 14 | Three Embarcadero Center | Courtroom 10, 19th Floor |
| | Suite 1650 | San Francisco, CA 94102 |
| 15 | San Francisco, CA 94111 | **COURTESY COPY (by noon following day)** |
| | *Attorneys for Plaintiff Hal K. Levitte* | *Pulaski & Middleman, LLC v. Google Inc.,* |
| 16 | | *Case No. 08-cv-03888* |
| 17 | Hon. Ronald M. Whyte | |
| 18 | United States District Court | |
| | Northern District of California | |
| 19 | 280 South 1st Street | |
| | Courtroom 6, 4th Floor | |
| 20 | San Jose, CA 95113 | |
| | **COURTESY COPY (by noon following day)** | |
| 21 | *RK West, Inc., Case No. 08-cv-03452* | |
| 22 | | *[signature]* |
| 23 | | Kendra Jones |
| | | COOLEY GODWARD KRONISH LLP |
| 24 | | 4401 Eastgate Mall |
| | | San Diego, CA 92121-1909 |
| 25 | | Telephone: (858) 550-6000 |
| | | FAX: (858) 550-6420 |
| 26 | 602535 v1/SD | Email: kjones@cooley.com |
| 27 | | |
| 28 | | |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

7.

GOOGLE'S OPPOSITION TO ADMIN.
MOTIONS RE RELATED CASES
08-CV-03369 JW RS