

ROBERT C. SCHUBERT  S.B.N. 62684
WILLEM F. JONCKHEER  S.B.N. 178748
KIMBERLY A. KRALOWEC  S.B.N. 163158
DUSTIN L. SCHUBERT  S.B.N. 254876
**SCHUBERT JONCKHEER KOLBE & KRALOWEC LLP**
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: (415) 788-4220

*Counsel for Plaintiffs*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

HAL K. LEVITTE, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

GOOGLE, INC., a Delaware Corporation,

Defendant.

CASE NO. C 08-03369 JW

HON. JAMES WARE

**PLAINTIFFS' MOTION TO CONSOLIDATE RELATED CASES PURSUANT TO FED.R.CIV.P. 42(A); APPOINT INTERIM CLASS COUNSEL PURSUANT TO FED.R.CIV.P. 23(G)(2); AND SCHEDULE THE FILING OF PLAINTIFFS' CONSOLIDATED COMPLAINT; MEMORANDUM**

<u>Hearing</u>
Date:  February 23, 2009
Time: 10:00 a.m.
Courtroom: 8

RK West, Inc., a California Corporation d/b/a Malibu Wholesale, individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

GOOGLE, INC., a Delaware

CASE NO. C 08-03452 JW

HON. JAMES WARE

---

**PLAINTIFFS' JOINT MOTION TO CONSOLIDATE AND APPOINT INTERIM CLASS COUNSEL**
**(C 08-03369 JW; C 08-03452 JW; C 08-03888 JW; C 08-04701 JW)**

| | |
|---|---|
| Corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | |
| Pulaski & Middleman, LLC, individually and on behalf of all others similarly situated, | CASE NO. C 08-03888 JW |
| | HON. JAMES WARE |
| Plaintiff, | |
| v. | |
| GOOGLE, INC., a Delaware Corporation, | |
| Defendant. | |
| JIT Packing, Inc, Individually and on behalf of all others similarly situated, | CASE NO. C 08-04701 JW |
| | HON. JAMES WARE |
| Plaintiff, | |
| v. | |
| GOOGLE, INC., a Delaware Corporation, | |
| Defendant. | |

# TABLE OF CONTENTS

I. INTRODUCTION AND PRELIMINARY STATEMENT.............................................1

II. FACTUAL AND PROCEDURAL BACKGROUND ...............................................2

III. ARGUMENT ...................................................................................................4

    A. The Actions Should Be Consolidated For All Purposes .................................4

    B. Appointing Interim Lead Class Counsel is Appropriate Under Rule
       23(g) and Will Protect the Interests of the Putative Plaintiff Class ...........5

    C. Proposed Interim Class Counsel Will Fairly and Adequately Represent
       the Interests of Plaintiffs and the Putative Class........................................5

       *1. Proposed Interim Class Counsel Have Taken Significant Steps to
           Advance this Litigation* .....................................................................6

       *2. The Proposed Interim Class Counsel Have Extensive Complex
           Class Action Experience* ...................................................................7

          a) Schubert..............................................................................7

          b) Saveri .................................................................................8

          c) Kabateck .............................................................................9

          d) Foote...................................................................................9

       *3. The Proposed Interim Class Counsel Have the Resources
           Necessary to Advance this Litigation*.............................................10

    D. A Multi-Firm Structure is Beneficial for Plaintiffs and Putative Class
       Members..............................................................................................10

    E. Proposed Interim Lead Class Counsel Have the Unanimous Support of
       Plaintiffs and Counsel in all Known Pending Actions and
       Defendants Do Not Oppose ..................................................................12

    F. The Court Should Order the Consolidation of Pleadings and Set a
       Deadline for the Filing of Plaintiffs' Consolidated Complaint....................13

IV. CONCLUSION ...........................................................................................14

# **TABLE OF AUTHORITIES**

C<small>ASES</small>

*In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56 (E.D.N.Y. 2006)........................12

*In re Cendant Corp. Litig.*, 182 F.R.D. 476,478 (D.N.J. 1998) ..............................................4

*In re DRAM Antitrust Litig.*, 2006 U.S. Dist. LEXIS 39841, *53 (N.D. Cal., June 5, 2006) ....................11

*In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 175 (C.D. Cal. 1976) ..............4

*In Re Hydrogen Peroxide Antitrust Litig.*, 240 F.R.D. 163, 177 (E.D. Pa. 2007) ......................11

*In re Intel Corp. Microprocessor Antitrust Litig.*, MDL No. 05-1717 (D. Del. Apr. 18, 2006)..............11

*Investors Research Co. v. U.S. District Court for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989) ..................4

*Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990) ........................................5

*Parkinson v. Hyundai Motor Am.*, 2006 WL 2289801, No. C06-0345 AHS, slip op. at *2 (C.D. Cal. Aug. 7, 2006) .6

*Perez-Funez v. Dist. Director, Immigration & Naturalization Serv.*, 611 F. Supp. 990, 994 (C.D. Cal. 1984)...........4

*Vincent v. Hughes Air West, Inc.*, 557 F.2d759, 773 (9th Cir. 1977) ..................................4

R<small>ULES</small>

Civil Local Rule 3-12 ........................................................................6

Fed. R. Civ. P. 23(g)(3) ......................................................................5

Fed. R. Civ. P. 23(g)(4) ......................................................................5

Fed.R.Civ.P. 23(g)(2)......................................................................1, 7

Fed.R.Civ.P. 42(a)................................................................1, 5, 7, 13

*In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46, 49 (S.D.N.Y. 1998) ..................11

Rule 23(g)(1)(A) ............................................................................5

T<small>REATISES</small>

Manual For Complex Litigation, Fourth, § 11.631, at pp. 121-22 (2004)....................4, 5, 10, 12

Third Circuit Task Force Report on Selection of Class Counsel, 208 F.R.D. 340, 417 (2002)..................10

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND PRELIMINARY STATEMENT

There are four related class action lawsuits (the "Actions") presently pending before this Court:

| Case Name | Case No. | Date Filed | Judge |
|-----------|----------|------------|-------|
| *Levitte v.Google, Inc.* | C 08-03369 JW | 7/11/2008 | Hon. James Ware |
| *RK West, Inc v. Google, Inc.* | C 08-03452 JW | 7/14/2008 | Hon. James Ware |
| *Pulaski & Middleman, LLC v. Google, Inc.* | C 08-03888 JW | 8/14/2008 | Hon. James Ware |
| *JIT Packing, Inc. v. Google, Inc.* | C 08-04701 JW | 10/10/2008 | Hon. James Ware |

All four of these class action lawsuits seek to represent substantially the same class of people for essentially the same claims, are based on similar factual allegations and are against the same defendant, Google Inc.  Through the present motion, the plaintiffs in these actions, Hal K. Levitte, RK West, Inc., Pulaski & Middleman, LLC, and JIT Packing, Inc. (collectively, "Plaintiffs") hereby move this Court for orders:

(1)    Consolidating the Actions pursuant to Fed.R.Civ.P. 42(a);

(2)    Appointing interim class counsel pursuant to Fed.R.Civ.P. 23(g)(2); and

(3)    Setting a schedule for the filing of Plaintiffs' Consolidated Complaint.

This motion is brought on the grounds that the Actions are substantially identical such that consolidation of these cases will promote efficiency.  This motion is additionally brought on the ground that the leadership structure proposed by Plaintiffs and the consolidation of pleadings will likewise promote efficiency.

— 1 —

This motion is based upon the following legal memorandum of points and authorities, the complete files and records in the four related actions, and such other written or oral argument as the Court may consider. Given the scope and complexity of these coordinated proceedings, this motion has the *unanimous* support of all Plaintiffs and counsel in the actions and is not opposed by Defendant Google Inc.[1]

## II.    FACTUAL AND PROCEDURAL BACKGROUND[2]

Defendant Google Inc. ("Google") derives the vast majority of its income through online advertising. Google's advertising program, AdWords, allows advertisers to create advertisements that are then displayed online. Through AdWords, Google permits would-be advertisers to bid on words or phrases that will trigger the advertiser's ads. AdWords is premised on a pay-per-click model, meaning that advertisers pay only when their ads are clicked. In addition to being displayed on Google.com, the ads from Google's customers can also be placed on Google's "content network" which consists of sites that are not search engines. Plaintiffs seek to represent a putative class consisting of persons or entities located within the United States who contracted for and participated in Google's AdWords program. Plaintiffs assert various claims based on Google's inclusion of certain parked domains and error pages websites within its AdWords advertising program, and allege that all related charges incurred by plaintiffs and the class in connection with these websites are unlawful.

There are four currently pending cases involving Google AdWord's practice of charging for ads placed on parked domain and error pages in the Northern District of California. The first action, *Levitte v. Google, Inc*., ("*Levitte*") Case No. 08-03369-JW,

---

[1] Google agrees that the cases should be consolidated and to the proposed time periods for plaintiffs to file the consolidated complaint and for Google to respond to the consolidated complaint. Google neither endorses nor opposes plaintiffs' proposed leadership structure. Google does not join in or adopt plaintiffs' Factual And Procedural Background section, other factual representations, statements regarding experience or qualifications of plaintiffs' counsel, or any statement as to Google or plaintiffs' conduct.

[2] The factual allegations are from Plaintiffs' complaints. Plaintiffs understand that Defendant Google Inc. denies the majority of Plaintiffs' allegations.

was filed July 11, 2008 in the Northern District of California and assigned to the Honorable James Ware. The second filed action, *RK West, Inc. v. Google, Inc.*, ("*RK West*") Case No. 08-03452-JW, was filed in the Northern District of California on July 17, 2008 and originally assigned to the Honorable Ronald Whyte. The third complaint, *Pulaski & Middleman, LLC v. Google, Inc.*, ("*Pulaski*") Case No. 08-3888-JW, was filed August 14, 2008 in the Northern District of California and originally assigned to the Honorable Susan Illston. The fourth complaint, *JIT Packaging, Inc. v. Google, Inc.*, ("*JIT Packaging*") Case No. C08-4701, was filed October 10, 2008 in the Northern District of California and assigned to Magistrate Judge Patricia V. Trumbull.

On September 19, 2008 this Court denied plaintiffs' motions to relate *RK West* and *Pulaski* to *Levitte*, pending Judge Whyte's resolution of defendant's motion to relate the three cases to *Almeida v. Google, Inc.*, Case No. C 08-2088-RMW ("*Almeida*"). Order Denying Plaintiffs' Motion to Relate Cases (docket number 17). Judge Whyte denied defendant's motion to relate *Levitte, RK West, and Pulaski* to *Almeida* on September 29, 2008. Order Denying Defendant's Administrative Request to Relate Cases, *Almeida* (docket number 20).

On September 30, 2008, Google answered the complaint in *Levitte* and filed a notice of pendency of other action. The action described in defendant's notice of pendency of other action, *JIT Packaging, Inc. v. Google, Inc.*, Case No. 08-CV-4543 (N.D. Ill.) (filed August 11, 2008), was voluntarily dismissed without prejudice on October 8, 2008. On October 10, 2008, the action was re-filed in this District as *JIT Packaging*. On October 16, 2008, defendant Google filed an Agreed Administrative Motion To Consider Whether Putative Class Action Cases Against Google Inc. Should Be Related (Civil L.R. 3-12 & 7-11). On November 3, 2008 this Court issued an Order relating the *RK West*, *Pulaski*, and *JIT Packaging* actions to *Levitte* before Judge Ware pursuant to Civil Local Rule 3-12. Related Case Order (docket number 30).

# III.  ARGUMENT

## A.    The Actions Should Be Consolidated For All Purposes

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact.  See Manual For Complex Litigation, Fourth, § 11.631, at pp. 121-22 (2004) ("MCL"); *Owen v. Labor Ready Inc.*, 146 Fed.Appx. 139, 141 (9th Cir. 2005); *In re Cendant Corp. Litig.*, 182 F.R.D. 476,478 (D.N.J. 1998); *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 175 (C.D. Cal. 1976).  Subdivision (a) of this rule relating to consolidations of actions for trial was designed to encourage consolidations where possible. *U.S. v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945), *certiorari granted*, 326 U.S. 714, *aff'd*, 328 U.S. 654, *reh'g denied*, 329 U.S. 818, *petition denied*, 322 U.S. 834.  This Court has broad discretion under this rule to consolidate cases within this district. *Investors Research Co. v. U.S. District Court for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989); *Perez-Funez v. Dist. Director, Immigration & Naturalization Serv.*, 611 F. Supp. 990, 994 (C.D. Cal. 1984) ["A court has broad discretion in deciding whether or not to grant a motion for consolidation, although, typically, consolidation is favored."] (citations omitted).

Courts have recognized that putative class actions are particularly well-suited for consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved. *Vincent v. Hughes Air West, Inc.*, 557 F.2d759, 773 (9th Cir. 1977); *Owen v. Labor Ready Inc.*, 146 Fed.Appx. at 141 (citing *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984)).  Consolidating class action suits simplifies pretrial and discovery motions, class action issues, and clerical and administrative management duties.  Consolidation also reduces the confusion and delay that may result from prosecuting related putative class actions separately. *Id.*

The Actions allege claims on behalf of Google AdWords advertisers in the United States. The Actions name the same defendant, Google Inc., and involve substantially similar factual and legal issues. As noted above, consolidation is appropriate where – as here – there are actions involving common questions of law or fact. Fed. R.Civ.P. 42(a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Given the substantial overlap on the factual and legal issues presented in the Actions, that test is met here and, accordingly, the Actions should be consolidated.

**B.** **Appointing Interim Lead Class Counsel is Appropriate Under Rule 23(g) and Will Protect the Interests of the Putative Plaintiff Class**

Rule 23(g)(3) of the Federal Rules of Civil Procedure provides that a court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Where, as here, there are multiple class actions pending, appointment of interim class counsel "is necessary to protect the interests of class members" because it "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *MCL*, § 21.11.

**C.** **Proposed Interim Class Counsel Will Fairly and Adequately Represent the Interests of Plaintiffs and the Putative Class**

Attorneys appointed to serve as interim class counsel "must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). Although Rule 23 does not explicitly state what standards apply when appointing interim class counsel, courts have applied the following factors set forth in Rule 23(g)(1)(A): (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. *See Parkinson v. Hyundai Motor Am.,* 2006 WL

2289801, No. C06-0345 AHS, slip op. at *2 (C.D. Cal. Aug. 7, 2006). No single factor is determinative; all factors must be considered. Advisory Committee Notes (2003 Amendments). As set forth below, Schubert Jonckheer Kolbe & Kralowec LLP ("Schubert"), Saveri & Saveri, Inc. ("Saveri"), Kabateck Brown Kellner LLP ("Kabateck"), and Foote, Meyers, Mielke, and Flowers, LLP ("Foote") satisfy each of these criteria and are committed to fairly and adequately representing the interests of the class.

> ### 1.     *Proposed Interim Class Counsel Have Taken Significant Steps to Advance this Litigation*

Proposed interim class counsel have already taken significant steps to identify and investigate Plaintiffs' claims and to advance this litigation.[3] They were the first to investigate Google's practice of charging its AdWords customers for ads placed on parked domain and error pages. They intend to hire industry experts and have performed substantial work investigating the merits of the claims. They have also advanced the cases procedurally. Shortly after their cases were filed, proposed interim lead counsel began organizing and streamlining the litigation by filing related case motions. The process of getting the related Northern District of California cases before one judge proved unexpectedly difficult, as defendant tried to relate the *Levitte*, *RK West*, and *Pulaski* cases to a fourth unrelated case. After Plaintiffs' counsel filed a joint opposition to Google's motion to relate *Levitte*, *RK West, and Pulaski* to *Almeida* on September 9, 2008, Judge Whyte denied defendant's motion to relate the actions on September 29, 2008. On October 16, 2008, Plaintiffs and Defendant filed an Agreed Administrative Motion To Consider Whether Putative Class Action Cases Against Google Inc. Should Be Related. On November 3, 2008, this Court issued an Order relating the *RK West*, *Pulaski*, and *JIT Packaging* actions to *Levitte* pursuant to Civil Local Rule 3-12.

---

[3] Google does not concede that plaintiffs' counsel have taken significant steps to advance the litigation

Plaintiffs' counsel's early efforts have laid the groundwork for the filing of a single consolidated complaint for all related actions. Plaintiffs' counsel will be prepared to file a single consolidated complaint 45 days from the entry of an order concerning the leadership structure of this case. Declaration of Willem Jonckheer in Support of Plaintiffs' Motion to Consolidate Cases Pursuant to Fed.R.Civ.P. 42(A); Appoint Interim Class Counsel Pursuant to Fed.R.Civ.P. 23(G)(2); And Schedule the Filing of Plaintiffs' Consolidated Complaint ("Jonckheer Decl.") ¶ 3.

### 2. *The Proposed Interim Class Counsel Have Extensive Complex Class Action Experience*

#### a) **Schubert**

The Schubert firm has represented plaintiffs in class actions for over twenty years, specializing in complex litigation, including federal multidistrict litigation. Its attorneys have extensive experience in antitrust, consumer protection, securities fraud, and unlawful employment practices, including the following.

In *Wilson v. Sony Computer Entertainment America*, Superior Court, County of San Mateo, Case No. 422499, the Schubert firm served as Co-Lead Counsel in a class action on behalf of a class of computer animators who were denied overtime benefits. At a September 28, 2007 final approval hearing for an $8.5 million settlement, Judge Steven Dylina stated that the result was "superb" and that "from a class action perspective, this is as good as it gets certainly for any trial judge in the state." The firm also served as Co-Lead Counsel in *Kirschenbaum v. Electronic Arts, Inc.*, Superior Court, County of San Mateo, Case No. CIV 440876 ($15.6 million settlement).

In *OSB Antitrust Litigation*, No. 06-CV-00826 (E.D. Pa.), an antitrust action by indirect purchasers of oriented strand board ("OSB") alleging that defendants conspired to restrict the supply of OSB and raise prices, the Schubert firm was appointed Co-Lead Counsel. The settlements, pending final court approval, will provide an approximate $10 million recovery to the class. In *Bonneville Pacific Corporation Securities Litigation*, No. 92-C-181-S (District of Utah), a securities class action involving fraudulent financial

— 7 —

statements by a large power cogeneration company, the Schubert firm, with Co-Lead Counsel, obtained settlements totaling $26 million, or 100% of damages.

In *Tucker v. Scrushy, et al.*, No. CV-02-5212 (Alabama Circuit Court, Jefferson County), a shareholder derivative action on behalf of HealthSouth Corporation, the Schubert firm, with Co-Lead Counsel, has recovered multimillion dollar settlements against corporate insiders who breached their fiduciary duties to the corporation. *Scrushy v. Tucker*, 955 So.2d 988 (Ala. 2006); *HealthSouth Corp. Shareholders Litigation*, 847 A.2d 1121 (Del. 2004). In addition, a $133 million settlement against the corporation's investment bank was recently obtained, which awaits final approval.

*See* Exhibit A to the Jonckheer Decl. for the Schubert law firm's extensive class action experience.

### b) Saveri

Saveri, founded in 1959, has over 45 years of complex, multidistrict and class action litigation experience, leading cases from their beginning stages through trial, and has a long history of winning substantial recoveries on behalf of plaintiff classes. The firm was actively involved in such landmark antitrust cases as *Union Carbide & Carbon Corp. v. Nisley*, 300 F.2d 561 (10th Cir. 1961) and *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690 (1962), both forerunners of present class action litigation, and continues to serve as lead or co-lead counsel on many large antitrust class actions in this district.

Saveri has been appointed lead counsel, co-lead counsel, or chair of plaintiffs' counsel in many antitrust class actions, including: *In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917 (N.D. Cal.) (lead counsel); *In re Flash Memory Antitrust Litig.*, MDL No. 1852 (N.D. Cal.) (co-lead counsel); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, MDL No. 1486 (N.D. Cal.) (co-lead counsel with Hagens Berman and one other firm); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, MDL No. 1819 (N.D. Cal.) (executive committee); *In re Tableware Antitrust Litig.*, Case No. C-04-3514-VRW (N.D. Cal.) (chair of committee of counsel);

*In re Intel Corp. Microprocessor Antitrust Litig.*, MDL No. 1717 (D. Del.) (co-lead counsel with Hagens Berman and two other firms); *In re Vitamin C Antitrust Litig.*, MDL No. 1738 (E.D.N.Y.) (co-lead counsel); and *In re Methionine Antitrust Litig.*, MDL No. 1311(N.D. Cal.) (co-lead counsel).

The attorneys from Saveri who will be working on this case include Guido Saveri, R. Alexander Saveri, Cadio Zirpoli, and William Heye. *See* Exhibit B to the Jonckheer Decl. for a full firm biography.

### c) Kabateck

The Kabateck firm is a plaintiffs-only civil litigation firm specializing in consumer class actions, insurance bad faith, and mass tort litigation. The Kabateck firm has extensive experience litigating complex consumer class actions concerning high tech good and services such as internet advertising, internet domain name registration, and consumer electronics. Its attorneys have or are currently litigating actions against high tech companies such as Microsoft, Yahoo!, Sony, Epson and Hewlett-Packard.

Kabateck has been appointed lead or co-lead counsel in the following class actions: *In re Epson Cartridge Cases*, L.A.S.C. Case No. BC293641 & S.F.S.C. Case No. CGC-03-425588; *Checkmate v. Yahoo!, Inc.*, U.S. District Court, Case No. CV-05-4588 (U.S.D.C., Central Dist. CA); *Alba v. Papa John's USA, Inc. et al.*, U.S. District Court, Case No. CV-05-7487 (U.S.D.C., Central Dist. CA); *Balandran, et. al. v. Labor Read, Inc.*, L.A.S.C. Case No. BC 278551; *Hurtado v. TEG/LVI, Environmental Services Inc.*, L.A.S.C. Case No. BC276468; *Borrayo, et al. v. Carlton Forge Works*, L.A.S.C. Case No. BC298858.

See Exhibit C to the Jonckheer Decl. for Kabateck's extensive class action experience.

### d) Foote

The Foote firm is a civil litigation firm with offices in Geneva, Illinois and a proven history of successful representation of plaintiffs in complex civil litigation cases. Attorney Robert M. Foote, has been recognized for his experience in complex civil

— 9 —

litigation by being appointed to leadership positions by the United States Judicial Panel for Multidistrict Litigation for cases brought before the panel. Specifically, he has served on the Executive Committee in *In Re Insurance Brokerage Antitrust Litigation*, MDL 1663, and on the Steering Committee in *In Re Managed Care Litigation*, MDL 1334. See Exhibit D to the Jonckheer Decl. for Foote's extensive class action experience.

3. *The Proposed Interim Class Counsel Have the Resources Necessary to Advance this Litigation*

As demonstrated by the excellent results achieved in past cases, proposed interim lead class counsel are committed to providing the resources required to prosecute this litigation through all phases, including rigorous motion practice, discovery, class certification, summary judgment and trial. Jonckheer Decl. Ex. A-D. Collectively, the proposed firms have numerous offices located throughout the country with highly experienced attorneys and support staff. Each firm has a national presence and a solid rapport with other plaintiffs' counsel as well as with defense counsel. These firms are skilled at dealing cooperatively with each other, maximizing efficiency, and know how to avoid unnecessary cost and expense. Because two of the firms are located within this District, they will be in a position to participate in hearings, conferences, and other activities with the Court and defense counsel in an efficient manner.

**D. A Multi-Firm Structure is Beneficial for Plaintiffs and Putative Class Members**

Given the scope and complexity of this matter, Plaintiffs believe a four-firm structure will best serve the interests of Plaintiffs and the proposed plaintiff class. Leading commentators and the Manual for Complex Litigation advise: "court[s] should be cognizant of the possibility that the class could benefit from the combined resources and expertise of a number of class counsel, especially in a complex case where the defendants are represented by a number of large and highly qualified law firms." Third Circuit Task Force Report on Selection of Class Counsel, 208 F.R.D. 340, 417 (2002) (footnote omitted); *see also* MCL, § 10.221 (noting benefit to having multiple lead

counsel in large class action cases). For these reasons, federal district courts frequently approve multi-firm leadership structures in complex class actions. *See, e.g.*, *In Re Hydrogen Peroxide Antitrust Litig.*, 240 F.R.D. 163, 177 (E.D. Pa. 2007) (appointing four-firm structure as co-lead counsel); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46, 49 (S.D.N.Y. 1998) (approving multiple counsel arrangement, finding that pooling of resources and experience was advantageous given the "magnitude" of the class action and to "ensure that the litigation will proceed expeditiously against Oxford and the experienced counsel it has retained to represent it"); *see also In re DRAM Antitrust Litig.*, 2006 U.S. Dist. LEXIS 39841, *53 (N.D. Cal., June 5, 2006) (appointing three-firm structure as co-lead counsel); *In re Intel Corp. Microprocessor Antitrust Litig.*, MDL No. 05-1717 (D. Del. Apr. 18, 2006), Order Appointing Co-Lead Counsel at 3 (appointing multi-firm structure that allows "drawing upon a greater pool of resources" which "could prove to be especially beneficial in a large and complex case such as this").[4]

Here, a four firm structure is not only beneficial, but it may also be critical for the success *and efficient management* of a case of this size and magnitude. This case presents many complex legal and factual issues. It also involves one of the largest internet companies in the country, represented by some of the largest and most experienced defense firms with the resources and staff to defend the case. There are likely to be millions of pages of documents produced that will require knowledgeable persons to review them in a concentrated period of time. The parties will retain experts in a number of areas, including internet searches, advertising, marketing, liability, and damages. In addition, there will be extensive motion practice and a complicated path to settlement or trial. Needless to say, associated with all of these tasks will be significant financial obligations that will be shared amongst the four proposed co-lead counsel.

---

[4] Courts have also noted the "benefit of joint decision-making" afforded by multiple representation in the class action context. *See, e.g., Malasky v. IAC/Interactive Corp.*, 2004 U.S. Dist. Lexis 25832, at *14 (S.D.N.Y. Dec. 21, 2004); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 420 (S.D.N.Y. 2004).

To get the benefits of the four firm structure, and still provide Google with the convenience of a single firm to contact, Plaintiffs propose that the Schubert firm be appointed liaison counsel and serve as Google's point of contact. Furthermore, Plaintiffs propose that the Schubert firm be designated to accept manual service on behalf of all Plaintiffs.

Plaintiffs propose a four-firm leadership structure comprised of attorneys with proven commitment to responsible advocacy in antitrust, consumer protection and class action matters. Together, these firms offer the benefits of efficiency and experience that the complexity of the case demands. In this instance, plaintiffs and putative class members will have the best opportunity for success if they have the benefit of the **combined** experience, knowledge, and resources of a leadership team comprised of the four proposed firms.

**E.** **Proposed Interim Lead Class Counsel Have the Unanimous Support of Plaintiffs and Counsel in all Known Pending Actions and Defendants Do Not Oppose**

Prior to bringing this motion, the undersigned firms met and conferred with Plaintiffs' counsel in all known pending actions in California to develop an effective leadership structure for the case. In the course of that meeting, Plaintiffs and counsel agreed that the four-firm leadership structure proposed in this motion would provide the most efficiency and the greatest benefit to Plaintiffs and the class. Jonckheer Decl., ¶ 4. "Private ordering," that is, achieving a consensus among the various plaintiffs' attorneys as to who should serve as lead counsel, is the most common method for selecting class counsel. *See* MCL, § 21.272. Under the "private ordering" approach, lawyers agree amongst themselves on who can best serve as lead counsel and the court reviews the selection to "ensure that counsel selected is adequate to represent the class interests." *Id*. Courts recognize that where experienced counsel agree to be represented by a proposed group of firms, as is the case here, they will serve well in this role. *See In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56 (E.D.N.Y. 2006); *see also* MCL, § 10.224

— 12 —

1 ("the attorneys' ability to command the respect of their colleagues and work

2 cooperatively with opposing counsel and the court" is an important factor in selecting

3 counsel).

4      Here, the proposed organizational structure, comprised of Schubert, Kabateck,

5 Foote, and Saveri has the ***unanimous support*** of Plaintiffs and counsel in all of the

6 known pending actions that comprise this proceeding. Jonckheer Decl., ¶ 5.

7 Furthermore, Google has stated its non-opposition to the proposed structure. Jonckheer

8 Decl., ¶ 6.  These facts strongly support Court approval of the organizational structure

9 proposed herein.

10     **F.**     **The Court Should Order the Consolidation of Pleadings and Set a**

11              **Deadline for the Filing of Plaintiffs' Consolidated Complaint**

12      Rule 42(a) provides courts with the power to order the consolidation of pleadings

13 in those instances where doing so "may tend to avoid unnecessary costs or delay."  It is

14 beyond question that the consolidation of pleadings would serve that purpose here.

15      Consolidated pleadings will permit the Court to receive memoranda and hear

16 argument directed to one coherent pleading.  Thus, for example, consideration of class

17 action issues will be made considerably easier by a consolidated complaint, because the

18 Court will not have to go through varying and conflicting class allegations that may have

19 been stated in each separate complaint.  The burdens of discovery management will also

20 be lessened if consolidated pleadings can serve as a reference point.  Even mundane

21 clerical and administrative tasks will be made much less burdensome to counsel and the

22 Court by the use of a consolidated complaint.

23      Plaintiffs request leave to file their Consolidated Complaint with the Court within

24 45 days after the entry of an order appointing lead counsel.  Plaintiffs further propose that

25 Google should file its response to the Consolidated Complaint within 45 days after the

26 filing of the Consolidated Complaint.  A Consolidated Complaint will promote the

27 expeditious resolution of pleading matters, since any motions directed to the pleadings

28

will be heard on a single hearing date to be set by the Court and will relate to only one set of pleadings. Such procedures will not only simplify the presentation of any issues desired to be raised by defendant concerning the sufficiency of the complaint, but will also avoid duplicative motions and hearings and unnecessary delay in the resolution of such issues. Entry of the proposed order will therefore assist the Court by providing for the orderly, cost effective, and timely prosecution of these related actions.

## IV.    CONCLUSION

In the interests of judicial economy and for the reasons set forth above, Plaintiffs respectfully request that the Court order consolidation of the Actions, appoint Plaintiffs' counsel interim class counsel, and permit Plaintiffs to file a Consolidated Complaint 45 days after the entry of an order appointing lead counsel.

Dated: January 16, 2009          By:  /s/ _____

ROBERT C. SCHUBERT  S.B.N. 62684
WILLEM F. JONCKHEER  S.B.N. 178748
KIMBERLY A. KRALOWEC  S.B.N. 163158
DUSTIN L. SCHUBERT  S.B.N. 254876
**SCHUBERT JONCKHEER KOLBE &
KRALOWEC LLP**
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: (415) 788-4220
*Counsel for Plaintiff Hal K. Levitte*

GUIDO SAVERI  S.B.N. 22349
R. ALEXANDER SAVERI  S.B.N. 173102
CADIO ZIRPOLI  S.B.N. 179108
**SAVERI & SAVERI, INC.**
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
*Counsel for Plaintiffs Pulaski & Middleman, LLC and
JIT Packaging, Inc.*

ROBERT FOOTE (To be admitted *Pro Hac Vice*)
CRAIG S. MIELKE (To be admitted *Pro Hac Vice*)
**FOOTE, MEYERS, MIELKE & FLOWERS, LLC**
28 North First Street, Suite 2

— 14 —

Geneva, IL 60134
Telephone: (630) 232-6333
*Counsel for Plaintiff JIT Packaging, Inc.*

BRIAN S. KABATECK  S.B.N. 152054
RICHARD L. KELLNER  S.B.N. 171416
ALFREDO TORRIJOS  S.B.N. 222458
**KABATECK BROWN KELLNER LLP**
644 South Figeroa Street
Los Angeles, CA 90017
Telephone: (213) 217-5000
Facsimile: (213) 217-5010
*Counsel for Plaintiff RK West, Inc.*

TERRY GROSS S.B.N. 103878
ADAM C. BELSKY S.B.N. 147800
MONIQUE ALONSO S.B.N. 127078
**GROSS BELSKY ALONSO LLP**
180 Montgomery Street, Suite 2200
San Francisco, California 94104
Telephone: (415) 544-0200
*Counsel for Plaintiffs Pulaski & Middleman, LLC*

KATHLEEN C. CHAVEZ
**CHAVEZ LAW FIRM, P.C.**
28 North First Street, Suite 2
Geneva, IL 60134
Telephone: (630) 845-8982
*Counsel for Plaintiff JIT Packaging, Inc.*

PETER L. CURIE
**THE LAW FIRM OF PETER L. CURIE, P.C.**
536 Wing Lane
St. Charles, IL 60174
Telephone: (630) 862-1130
*Counsel for Plaintiff JIT Packaging, Inc*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28