1   COOLEY GODWARD KRONISH LLP
    MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2   LEO P. NORTON (216282) (lnorton@cooley.com)
    4401 Eastgate Mall
3   San Diego, CA  92121-1909
    Telephone:     (858) 550-6000
4   Facsimile:     (858) 550-6420

5   COOLEY GODWARD KRONISH LLP
    PETER J. WILLSEY (*admitted pro hac vice*)
6   (pwillsey@cooley.com)
    777 6th Street, N.W.
7   Washington, D.C.  20001
    Telephone:     (202) 842-7800
8   Facsimile:     (202) 842-7899

9   Attorneys for Defendant
    GOOGLE INC.

10

11                      UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13                              SAN JOSE DIVISION

14

15  In re Google AdWords Litigation          Case No.  08-cv-03369 JW RS

16
                                             **DEFENDANT GOOGLE INC.'S
17                                           ANSWER AND COUNTERCLAIM TO
                                             CONSOLIDATED CLASS ACTION
18                                           COMPLAINT**

19

20

21

22          Defendant Google Inc. ("Google") responds to Plaintiffs' Consolidated Class Action

23  Complaint ("Consolidated Complaint") as follows:

24                                  <u>ANSWER</u>

25                            <u>SUMMARY OF CLAIMS</u>

26          1.      Google admits that Plaintiffs purport to bring this action on behalf of a putative

27  class of AdWords advertisers and that Plaintiffs purport to assert various claims against Google.

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO                          1.          **GOOGLE INC.'S ANSWER &
                                               COUNTERCLAIM TO CONSOL. COMPL.
                                               CASE NO.  08-CV-03369 JW RS**

Except as expressly admitted herein, Google denies the allegations of paragraph 1 and that this action can be maintained as a class action.

2.     Google admits that it offers a free search engine service that is widely recognized as a leading search engine and that its largest revenue source during the relevant time period in terms of dollars was advertising revenue. Google admits that Plaintiffs contracted for and used Google's AdWords advertising program. Google also admits that advertisers may opt, among other billing and payment options, to pay Google based on the number of internet users that click on their ads.  Except as expressly admitted herein, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and on that basis, denies them.

3.     Google admits that it has at times used language similar to the quoted language in paragraph 3 on its website concerning the AdWords advertising program, but denies that Plaintiffs have put the quoted language in the proper context and that the description is a complete description of the AdWords advertising program or Plaintiffs' respective contractual relationships with Google relating to the AdWords advertising program.  Except as expressly admitted herein, Google denies the allegations of paragraph 3.

4.     Denied.

5.     Denied.

6.     Denied.

## <u>PARTIES</u>

7.     Google admits that plaintiff Hal K. Levitte contracted for and used Google's AdWords advertising program.  Except as expressly admitted herein, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and on that basis, denies them.

8.     Google admits that plaintiff Pulaski & Middleman, LLC contracted for and used Google's AdWords advertising program.  Except as expressly admitted herein, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and on that basis, denies them.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

**GOOGLE INC.'S ANSWER &
COUNTERCLAIM TO CONSOL. COMPL.
CASE NO. 08-CV-03369 JW RS**

9.     Google admits that plaintiff RK West, Inc., d/b/a Malibu Sales contracted for and used Google's AdWords advertising program.  Except as expressly admitted herein, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and on that basis, denies them.

10.     Google admits that plaintiff JIT Packaging, Inc. contracted for and used Google's AdWords advertising program.  Except as expressly admitted herein, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and on that basis, denies them.

11.     Admitted.

## JURISDICTION AND VENUE

12.     The allegations of paragraph 12 are legal conclusions to which no response is required.  To the extent a response is required, Google admits that this Court presently has subject matter jurisdiction over this purported class action.  Except as expressly admitted herein, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and on that basis, denies them.

13.     The allegations of paragraph 13 are legal conclusions to which no response is required.  To the extent a response is required, Google admits that it resides and does business in this judicial district.  Except as expressly admitted herein, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and on that basis, denies them.

## FACTS

**A.     Background and Description of Google's Advertising Programs.**

14.     Google admits that it offers a free search engine service that is widely recognized as a leading search engine. Google also admits that among other descriptions, it presently describes its Content Network similar to the quote in paragraph 14, but denies that Plaintiffs have put the quote in the proper context or that the description is a complete description of the Content Network.  Except as expressly admitted herein, Google denies the allegations of paragraph 14.

15.     Google admits that it offers a free search engine service that is widely recognized

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

**GOOGLE INC.'S ANSWER &
COUNTERCLAIM TO CONSOL. COMPL.**
CASE NO.  08-CV-03369 JW RS

as a leading search engine, that its revenues in 2007 were approximately $16.6 billion and in 2008 were approximately $21.7 billion, and that its largest revenue source in terms of dollars for those two years was advertising revenue. Except as expressly admitted herein, Google denies the allegations of paragraph 15.

16. Google admits that it offers an advertising program called "AdWords" and that it offers an advertising program called "AdSense." Google further admits that AdWords is for advertisers, while certain aspects of AdSense are for site owners. Except as expressly admitted herein, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and on that basis, denies them.

17. Google admits that at one point in time, among other descriptions, it described the AdWords advertising program similarly to the blocked-quote in paragraph 17, but denies that Plaintiffs have put the block quote in the proper context and that the description is a complete description of the AdWords advertising program or Plaintiffs' respective contractual relationships with Google relating to the AdWords advertising program. Except as expressly admitted herein, Google denies the allegations of paragraph 17.

18. Google admits that under the Google AdWords advertising program, advertisers may select and bid on particular keywords. Google further admits that when an internet user employs Google to search for selected terms, Google may display advertisers' ads on the Google webpage that returns the search results. Google further admits that advertisers may opt, among other payment and billing options, to pay Google based on the number of internet users who click on their ads. Except as expressly admitted herein, Google lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, and on that basis, denies them.

19. Google admits that one aspect of the AdWords advertising program allows advertisers to place their ads on third party sites in the Google Network. Google also admits that at one point in time, among other descriptions, it described the AdSense program similarly to the blocked-quote in paragraph 19, but denies that Plaintiffs have put the block quote in the proper context and that the description is a complete description of the AdSense program. Except as expressly admitted herein, Google denies the allegations of paragraph 19.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

**GOOGLE INC.'S ANSWER &
COUNTERCLAIM TO CONSOL. COMPL.
CASE NO. 08-CV-03369 JW RS**

20.     Denied.

21.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and on that basis, denies them.

22.     Google admits that at one point in time, among other descriptions, it described the Content Network similarly to the quote in paragraph 22, but denies that Plaintiffs have put the quote in the proper context and that the description is a complete description of the Content Network or Plaintiffs' respective contractual relationships with Google relating to the AdWords advertising program.   Except as expressly admitted herein, Google denies the allegations of paragraph 22.

23.     Google admits that it has at times used language similar to the quoted language in paragraph 23 on its website concerning the AdWords advertising program, but denies that Plaintiffs have put the quoted language in the proper context and that the description is a complete description of the AdWords advertising program or Plaintiffs' respective contractual relationships with Google relating to the AdWords advertising program.   Except as expressly admitted herein, Google denies the allegations of paragraph 23.

24.     Google admits that it has at times used language similar to the quoted language in paragraph 24 on its website concerning the Content Network or AdWords advertising program, but denies that Plaintiffs have put the quoted language in the proper context and that the description is a complete description of the Content Network or AdWords advertising program or Plaintiffs' respective contractual relationships with Google relating to the AdWords advertising program.  Except as expressly admitted herein, Google denies the allegations of paragraph 24.

25.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25, and on that basis, denies them.

26.     Google admits that "AdSense for Domains" is an advertising program in which owners of parked domain pages allow the placement of AdWords advertisements on such pages and in which Google uses its technology to target advertisements to such pages.   Except as expressly admitted herein, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26, and on that basis, denies them.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

**GOOGLE INC.'S ANSWER &
COUNTERCLAIM TO CONSOL. COMPL.**
CASE NO.  08-CV-03369 JW RS

27.     Google admits that at one point in time, among other descriptions, it described "AdSense for Domains" similar to the blocked-quote in paragraph 27, but denies that Plaintiffs have put the block quote in the proper context and that the description is a complete description of the "AdSense for Domains" program.  Except as expressly admitted herein, Google denies the allegations of paragraph 27.

28.     Denied.

29.     Denied.

30.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30, and on that basis, denies them.

**B.     Google's Monetization of AdWords Advertisements.**

31.     Google admits AdWords advertisers may opt to be billed by and to pay Google on a cost per click or cost per thousand impressions basis.  Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31, and on that basis, denies them.

32.     Google admits that one aspect of its AdWords advertising program involves a cost per click basis and that an advertiser choosing to be billed by and to pay Google on that basis pays a fee for each time the advertiser's ad is clicked on.  Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32, and on that basis, denies them.

33.     Google admits that one aspect of its AdWords advertising program involves a cost per thousand impressions basis and that an advertiser choosing to be billed by and to pay Google on that basis pays for impressions received.  Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33, and on that basis, denies them.

34.     Google admits that one aspect of its AdWords advertising program involves a cost per click basis.  Except as expressly admitted herein, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34, and on that basis, denies them.

35.     Google lacks knowledge or information sufficient to form a belief as to the truth of

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

GOOGLE INC.'S ANSWER &
COUNTERCLAIM TO CONSOL. COMPL.
CASE NO.  08-CV-03369 JW RS

the allegations of paragraph 35, and on that basis, denies them.

36.     Denied.

**C.     Google's Unlawful Conduct.**

37.     Denied.

38.     Denied.

39.     Google admits that it has at times used language similar to the quoted language in paragraph 39 on its website concerning the AdWords advertising program, but denies that Plaintiffs have put the quoted language in the proper context and that the description is a complete description of the AdWords advertising program or Plaintiffs' respective contractual relationships with Google relating to the AdWords advertising program.  Except as expressly admitted herein, Google denies the allegations of paragraph 39.

40.     Google admits that it has at times used language similar to the quoted language in paragraph 40 on its website concerning the AdWords advertising program, but denies that Plaintiffs have put the quoted language in the proper context and that the description is a complete description of the AdWords advertising program or Plaintiffs' respective contractual relationships with Google relating to the AdWords advertising program.  Except as expressly admitted herein, Google denies the allegations of paragraph 40.

41.     Google admits that it has at times used language similar to the quoted language in paragraph 41 on its website concerning the AdWords advertising program, but denies that Plaintiffs have put the quoted language in the proper context and that the description is a complete description of the AdWords advertising program or Plaintiffs' respective contractual relationships with Google relating to the AdWords advertising program.  Except as expressly admitted herein, Google denies the allegations of paragraph 41.

42.     Google admits that it has at times used language similar to the quoted language in paragraph 42 on its website concerning the AdWords advertising program, but denies that Plaintiffs have put the quoted language in the proper context and that the description is a complete description of the AdWords advertising program or Plaintiffs' respective contractual relationships with Google relating to the AdWords advertising program.  Except as expressly

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

7.

**GOOGLE INC.'S ANSWER &
COUNTERCLAIM TO CONSOL. COMPL.**
CASE NO.  08-CV-03369 JW RS

admitted herein, Google denies the allegations of paragraph 42.

43. Denied.

44. Google admits that at one point in time, among other descriptions, it described the Content Network similarly to the blocked-quote in paragraph 44, but denies that Plaintiffs have put the block quote in the proper context and that the description is a complete description of the Content Network or Plaintiffs' respective contractual relationships with Google relating to the AdWords advertising program. Except as admitted herein, Google denies the allegations of paragraph 44.

45. Google admits that at one point in time, among other descriptions, it described the AdWords advertising program similarly to the blocked-quote in paragraph 45, but denies that Plaintiffs have put the block quote in the proper context and that the description is a complete description of the AdWords advertising program or Plaintiffs' respective contractual relationships with Google relating to the AdWords advertising program. Except as admitted herein, Google denies the allegations of paragraph 45.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, and on that basis, denies them.

54. Google admits that AdWords advertisers can choose various settings relating to the placement of advertisements. Except as expressly admitted herein, Google denies the allegations of paragraph 54.

55. Denied.

56. Google admits that plaintiff Hal K. Levitte contracted for and used Google's

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

8.

GOOGLE INC.'S ANSWER &
COUNTERCLAIM TO CONSOL. COMPL.
CASE NO. 08-CV-03369 JW RS

AdWords advertising program and that it had communications with him.  Except as expressly admitted herein, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56, and on that basis, denies them.

57.    Google admits that plaintiff Hal K. Levitte contracted for and used Google's AdWords advertising program and that it had communications with him.  Except as expressly admitted herein, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57, and on that basis, denies them.

58.    Google admits that it posted a blog on or about March 6, 2008 regarding Google's site and category exclusion tool.  Except as expressly admitted herein, Google denies the allegations of paragraph 58.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Google admits that at one point in time, among other descriptions, it described the Placement Performance Report similarly to the blocked-quote in paragraph 63, but denies that Plaintiffs have put the block quote in the proper context and that the description is a complete description of the Placement Performance Report.  Except as admitted herein, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63, and on that basis, denies them.

64.    Google admits that the Placement Performance Report is an AdWords report that presently provides site-by-site performance metrics for ads across the Content Network.  Except as expressly admitted herein, Google denies the allegations of paragraph 64.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Google admits that Plaintiffs accurately quote from one out-of-context sentence of a multi-sentence blog posting on June 12, 2007, but denies that Plaintiffs have put the quote in the

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

proper context or that Plaintiffs' quote is the complete blog posting.  Except as expressly admitted herein, Google denies the allegations of paragraph 68.

69.     Denied.

70.     Google admits that it posted a blog entry on May 2, 2008 with the title "Where did I park?" on the AdWords Agency Blog.  Except as expressly admitted herein, Google denies the allegations of paragraph 70.

71.     Google admits that Plaintiffs quote a portion of the blog entry referred to in paragraph 70, but denies that Plaintiffs have put the quote in the proper context or that Plaintiffs' quote is the complete blog posting.  Except as expressly admitted herein, Google denies the allegations of paragraph 71.

72.     Denied.

73.     Denied.

## CLASS ALLEGATIONS

74.     Google admits that Plaintiffs purport to bring this action individually and on behalf of a putative class of AdWords advertisers.  Except as expressly admitted herein, Google denies the allegations of paragraph 74.

75.     Google admits that Plaintiffs purport to bring this action individually and on behalf of a putative class of AdWords advertisers.  Except as expressly admitted herein, Google denies the allegations of paragraph 75.

76.     Google admits that Plaintiff purports to bring this action individually and on behalf of a putative class of AdWords advertisers.  Except as expressly admitted herein, Google denies the allegations of paragraph 76.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

**GOOGLE INC.'S ANSWER &
COUNTERCLAIM TO CONSOL. COMPL.
CASE NO.  08-CV-03369 JW RS**

83. Denied.

84. Denied.

85. The allegations of paragraph 85 are legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations of paragraph 85.

**FIRST CLAIM FOR RELIEF**
**(VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE**
**SECTION 17200 ET SEQ. – "UNFAIR" CONDUCT)**

86. Google hereby incorporates as through fully set forth herein its answers to paragraphs 1 through 85.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Google admits that Plaintiffs purportedly seek the relief requested in paragraph 94, but denies that Plaintiffs are entitled to the relief requested. Except as expressly admitted herein, Google denies the allegations of paragraph 94.

95. Google admits that Plaintiffs purportedly seek the relief requested in paragraph 95, but denies that Plaintiffs are entitled to the relief requested. Except as expressly admitted herein, Google denies the allegations of paragraph 95.

**SECOND CLAIM FOR RELIEF**
**(VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE**
**SECTION 17200 ET SEQ. – "FRAUDULENT" CONDUCT)**

96. Google hereby incorporates as through fully set forth herein its answers to paragraphs 1 through 95.

97. Denied.

98. Denied.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

**GOOGLE INC.'S ANSWER &**
**COUNTERCLAIM TO CONSOL. COMPL.**
**CASE NO. 08-CV-03369 JW RS**

1    99.    Denied.

2    100.    Denied.

3    101.    Denied.

4    102.    Denied.

5    103.    Denied.

6    104.    Google admits that Plaintiffs purportedly seek the relief requested in paragraph

7    104, but denies that Plaintiffs are entitled to the relief requested.  Except as expressly admitted

8    herein, Google denies the allegations of paragraph 104.

9    105.    Google admits that Plaintiffs purportedly seek the relief requested in paragraph

10   105, but denies that Plaintiff are entitled to the relief requested.  Except as expressly admitted

11   herein, Google denies the allegations of paragraph 105.

### THIRD CLAIM FOR RELIEF
### (VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS
### CODE § 17200 ET SEQ. – "UNLAWFUL" CONDUCT)

15   106.    Google hereby incorporates as through fully set forth herein its answers to

16   paragraphs 1 through 105.

17   107.    Denied.

18   108.    Denied.

19   109.    Denied.

20   110.    Denied.

21   111.    Google admits that Plaintiffs purportedly seek the relief requested in paragraph

22   111, but denies that Plaintiffs are entitled to the relief requested.  Except as expressly admitted

23   herein, Google denies the allegations of paragraph 111.

24   112.    Google admits that Plaintiffs purportedly seek the relief requested in paragraph

25   112, but denies that Plaintiffs are entitled to the relief requested.  Except as expressly admitted

26   herein, Google denies the allegations of paragraph 112.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

12.

**GOOGLE INC.'S ANSWER &
COUNTERCLAIM TO CONSOL. COMPL.
CASE NO.  08-CV-03369 JW RS**

**FOURTH CLAIM FOR RELIEF**
**(VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE**
**SECTION 17500 ET SEQ.)**

113.    Google hereby incorporates as through fully set forth herein its answers to paragraphs 1 through 112.

114.    Google admits that Plaintiffs purport to bring this action individually and on behalf of a putative class of AdWords advertisers.  Except as expressly admitted herein, Google denies the allegations of paragraph 114.

115.    Admitted.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Google admits that Plaintiffs purportedly seek the relief requested in paragraph 119, but denies that Plaintiffs are entitled to the relief requested.  Except as expressly admitted herein, Google denies the allegations of paragraph 119.

**FIFTH CLAIM FOR RELIEF**
**(UNJUST ENRICHMENT)**

120.    Google hereby incorporates as through fully set forth herein its answers to paragraphs 1 through 119.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

Google denies that Plaintiffs are entitled to a judgment or to any other relief as requested in the "PRAYER FOR RELIEF."

/ / /

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

13.

GOOGLE INC.'S ANSWER &
COUNTERCLAIM TO CONSOL. COMPL.
CASE NO.  08-CV-03369 JW RS

# SEPARATE AND ADDITIONAL DEFENSES

As and for separate and additional defenses, Google alleges as follows:

### FIRST SEPARATE AND ADDITIONAL DEFENSE
### (Failure to State a Cause of Action)

1.     The Consolidated Complaint and each and every claim alleged therein fail to state facts sufficient to constitute a cause of action upon which relief may be granted.

### SECOND SEPARATE AND ADDITIONAL DEFENSE
### (Lack of Standing)

2.     Plaintiffs lack standing to assert the claims alleged in the Consolidated Complaint both individually and on behalf of the putative class.

### THIRD SEPARATE AND ADDITIONAL DEFENSE
### (No Harm)

3.     Google is informed and believes, and therefore alleges, that neither Plaintiffs nor any putative class member sustained any loss, damage, harm, or detriment in any amount as a result of any alleged acts, omissions, fault, fraud, carelessness, recklessness, negligence, or other breach of duty by Google.

### FOURTH SEPARATE AND ADDITIONAL DEFENSE
### (Res Judicata/Collateral Estoppel)

4.     Plaintiffs and some or all of the putative class members are barred from pursuing the Consolidated Complaint and the claims asserted therein against Google pursuant to the Final Order and Judgment Approving Settlement, Certifying Class for Settlement Purposes, Awarding Class Counsel Attorneys' Fees and Dismissing Action With Prejudice, entered by the Honorable Joe. E. Griffin, Circuit Court Judge in the Circuit Court of Miller County, Arkansas on June 26, 2006 in *Lane's Gifts & Collectibles LLC, et. al. v. Yahoo! Inc., et. al.*, Case No. CV-2005-52-1.

### FIFTH SEPARATE AND ADDITIONAL DEFENSE
### (LACHES)

5.     The Consolidated Complaint and the claims asserted therein are barred by the doctrine of laches.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

GOOGLE INC.'S ANSWER &
COUNTERCLAIM TO CONSOL. COMPL.
CASE NO. 08-CV-03369 JW RS

## SIXTH SEPARATE AND ADDITIONAL DEFENSE
### (UNCLEAN HANDS)

6.      The Consolidated Complaint and the claims asserted therein are barred by the doctrine of unclean hands.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE
### (ESTOPPEL)

7.      The Consolidated Complaint and the claims asserted therein are barred by the doctrine of estoppel.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE
### (WAIVER)

8.      The Consolidated Complaint and the claims asserted therein are barred by the doctrine of waiver.

## NINTH SEPARATE AND ADDITIONAL DEFENSE
### (JUSTIFICATION)

9.      The Consolidated Complaint and the claims asserted therein are barred because to the extent Google engaged in any of the alleged acts, omissions, or conduct, it did so with justification.

## TENTH SEPARATE AND ADDITIONAL DEFENSE
### (NO QUASI-CONTRACTUAL REMEDY)

10.     Plaintiffs' claim for unjust enrichment, assuming arguendo unjust enrichment is a separate and distinct claim or cause of action, is barred because unjust enrichment is a quasi-contractual remedy that cannot be stated here because there are express contracts between Plaintiffs, respectively, and Google.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE
### (CONTRACT)

11.     The Consolidated Complaint and claims asserted therein are barred because the parties entered into a contract that contemplated, provided for, and authorized the acts or conduct complained of and on which recovery is sought.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

15.

**GOOGLE INC.'S ANSWER &
COUNTERCLAIM TO CONSOL. COMPL.**
CASE NO. 08-CV-03369 JW RS

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE
### (CONSENT OR AUTHORIZATION)

12.     The Consolidated Complaint and claims asserted therein are barred because Plaintiffs expressly or impliedly approved, authorized, ratified, or consented to the complained acts or conduct, and are therefore precluded from recovery.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (STATUTE OF LIMITATIONS)

13.     The Consolidated Complaint and claims asserted therein are barred, in whole or in part, by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure sections 338 and 340 and California Business and Professions code section 17208.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (FAILURE TO MITIGATE)

14.     The Consolidated Complaint and claims asserted therein are barred, in whole or in part, by Plaintiffs and the putative class' failure to mitigate their damages, if any.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (SUFFICIENCY OF CLASS ACTION)

15.     This consolidated action is not maintainable as a class action, and relief on a class-wide basis is not appropriate because Plaintiffs have failed to allege and cannot prove the facts and prerequisites necessary for the maintenance of a class action, including but not limited to typicality, numerosity, commonality, superiority of class-based resolution, adequacy of class representative and class counsel, or predomination of common questions.

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (ADDITIONAL DEFENSES)

16.     Google hereby reserves its right to seek leave to amend this Answer to set forth additional defenses based on its ongoing investigation and discovery into the matters alleged in the Consolidated Complaint.

/ / /

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

16.

**GOOGLE INC.'S ANSWER &
COUNTERCLAIM TO CONSOL. COMPL.**
CASE NO.  08-CV-03369 JW RS

## COUNTERCLAIM AGAINST JIT PACKAGING INC.

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Counterclaim-Plaintiff Google Inc. ("Google") alleges for its Counterclaim against Counterclaim-Defendant JIT Packaging, Inc. ("JIT") as follows:

## NATURE OF ACTION

1.      This counterclaim is an action for breach of contract arising out of JIT initiating and maintaining a nearly identical, related putative class action in the United States District Court for the Northern District of Illinois before filing the instant action.  JIT's conduct violated the clear and conspicuous choice of law and forum selection clauses in its written contract with Google.  The Northern District of Illinois Action is entitled *JIT Packaging, Inc. v. Google Inc.*, N.D. Ill., Case No. 08-cv-4543 (RMD) (filed Aug. 11, 2008; closed on Oct. 8, 2008) ("N.D. Ill. Action").  Before consolidation, JIT's action in this court was known as *JIT Packaging, Inc. v. Google Inc.*, N.D. Cal., Case No. 08-cv-04701 (filed Oct. 10, 2008; administratively closed pursuant to order on Feb. 25, 2009).

## PARTIES

2.      Google is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California.

3.      JIT previously alleged in this action in its prior complaint that it is an Illinois corporation located at 1452 Brewster Creek Blvd, Bartlett, Illinois.  *See JIT Packaging, Inc. v. Google Inc.*, N.D. Cal., Case No. 08-cv-04701, Docket No. 1 (complaint).

## JURISDICTION AND VENUE

4.      This Court has supplemental subject matter jurisdiction over Google's counterclaim under 28 U.S.C. § 1367(a) because it arises out of the same transaction or occurrence that is the subject matter of JIT's claims and does not require adding another party over whom the Court cannot acquire jurisdiction.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

17.

**GOOGLE INC.'S ANSWER &
COUNTERCLAIM TO CONSOL. COMPL.
CASE NO. 08-CV-03369 JW RS**

5.      By filing this action in this Court, JIT has consented to personal jurisdiction in this Court.  Moreover, JIT consented to personal jurisdiction in this Court under the parties' written contract.

6.      Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391 by virtue of JIT's admissions in this action, including its prior complaint and the Consolidated Complaint, that venue is proper in this district.  Additionally, venue is proper in this district under the parties written contract.

7.      No other forum would be more convenient for the parties and witnesses to litigate this action.

## FACTUAL BACKGROUND

8.      On or around February 2004, JIT entered into various written contracts with Google regarding Google's AdWords advertising program.  *JIT Packaging, Inc. v. Google Inc.*, N.D. Ill., Case No. 08-cv-4543 (RMD), Docket No. 1 (complaint, at ¶¶ 4, 63, 73, 82, Exhibit A).

9.      Subsequently, on or after August 22, 2006, and before filing the N.D. Ill. Action, JIT entered into a written contract entitled "Google Inc. Advertising Program Terms" (hereinafter "AdWords Contract").  *JIT Packaging, Inc. v. Google Inc.*, N.D. Ill., Case No. 08-cv-4543 (RMD), Docket No. 1 (complaint, at ¶¶ 4, 63, 73, 82, Exhibit A).  A true and correct copy of the AdWords Contract is attached as Exhibit 1 hereto.[1]

10.     The AdWords Contract states, in relevant part:

These Google Inc. Advertising Program Terms, ("**Terms**") are entered into by, as applicable, the customer signing these Terms or any document that references these Terms or that accepts these Terms electronically ("**Customer**") and Google Inc. ("**Google**"). These Terms govern Customer's participation in Google's advertising program(s) ("**Program**") and, as applicable, any

---

[1] JIT also attached a copy of the AdWords Contract to its Complaint in the N.D. Ill. Action and to its prior complaint in this action.  *JIT Packaging, Inc. v. Google Inc.*, N.D. Ill., Case No. 08-cv-4543 (RMD), Docket No. 1 (complaint); *JIT Packaging, Inc. v. Google Inc.*, N.D. Cal., Case No. 08-cv-04701, Docket No. 1 (complaint).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

18.

**GOOGLE INC.'S ANSWER &
COUNTERCLAIM TO CONSOL. COMPL.
CASE NO. 08-CV-03369 JW RS**

insertion orders or service agreements ("**IO**") executed by and between the parties and/or Customer's online management of any advertising campaigns. These Terms and any applicable IO are collectively referred to as the "**Agreement**." Google and Customer hereby agree and acknowledge:

…

**9. Miscellaneous**. THE AGREEMENT MUST BE CONSTRUED AS IF BOTH PARTIES JOINTLY WROTE IT AND GOVERNED BY CALIFORNIA LAW EXCEPT FOR ITS CONFLICTS OF LAWS PRINCIPLES. ALL CLAIMS ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE GOOGLE PROGRAM(S) SHALL BE LITIGATED EXCLUSIVELY IN THE FEDERAL OR STATE COURTS OF SANTA CLARA COUNTY, CALIFORNIA, USA, AND GOOGLE AND CUSTOMER CONSENT TO PERSONAL JURISDICTION IN THOSE COURTS….

11. In accordance with the terms and provisions of the AdWords Contract, Google fully and completely performed each and every act or thing required on its part to be performed under that agreement, except those that have been excused as a result of JIT's conduct.

12. Despite the choice of law and forum selection clauses in the AdWords Contract, and in breach thereof, JIT initiated the N.D. Ill. Action against Google on August 11, 2008. That action was based on the same conduct alleged in this action, but that action purported to assert various common law and statutory claims under Illinois law. Like this action, JIT styled the N.D. Ill. Action complaint as a putative nationwide class action.

13. After JIT breached the AdWords Contract by initiating the N.D. Ill. Action, Google, through its counsel of record, repeatedly communicated with JIT, through its counsel of record, to (a) notify JIT of its breach and (b) to request that JIT voluntarily dismiss the N.D. Ill. Action and re-file in this Court under California law to limit the damage to Google from JIT's

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

19.

**GOOGLE INC.'S ANSWER &
COUNTERCLAIM TO CONSOL. COMPL.**
CASE NO. 08-CV-03369 JW RS

breach.  Despite Google's repeated communications with JIT from August 26, 2008 to September 30, 2008, including specifically advising JIT on September 24, 2008 that Google would seek to recover its costs and attorneys fees incurred in enforcing the forum selection clause, JIT refused to dismiss and re-file in this Court.  Accordingly, on September 30, 2008, JIT's conduct forced Google to file a motion to dismiss (or alternatively to transfer) the action under Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1404 based on the choice of law and forum selection clauses in the AdWords Contract.  *JIT Packaging, Inc. v. Google Inc.*, N.D. Ill., Case No. 08-cv-4543 (RMD), Docket Nos. 22 and 23

14.    Only after forcing Google to file its motion to dismiss did JIT relent.  On October 8, 2008, JIT filed a stipulation of dismissal without prejudice of the N.D. Ill. Action complaint, and the court closed the case on that date.  *JIT Packaging, Inc. v. Google Inc.*, N.D. Ill., Case No. 08-cv-4543 (RMD), Docket Nos. 27 and 28.

15.    On October 10, 2008, JIT initiated the instant action, which was subsequently consolidated with three other earlier filed actions against Google relating to Google's AdWords advertising program.

16.    Google has incurred significant expense because of JIT's breach of the AdWords Contract, including, but not limited to, attorneys' fees and costs in communicating with JIT regarding its breach and requesting that JIT dismiss, in preparing and filing its motion to dismiss in the N.D. Ill. Action, and in eventually obtaining dismissal of that action and other costs.

### COUNTERCLAIM COUNT I

#### (Breach of Contract)

17.    Google hereby repeats and re-alleges the information set forth in paragraphs 1 - 16 of this Counterclaim, as if fully set forth herein.

18.    On or after August 22, 2006, and before filing the N.D. Ill. Action, JIT entered into the AdWords Contract with Google.

19.    The AdWords Contract contains a clear and conspicuous choice of law and forum selection clauses that mandate that any action arising out of or relating to the AdWords Contract

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

or to Google program(s) be litigated in federal or state court in Santa Clara County, California and that California law governs.

20. Google fully and completely performed each and every act or thing required on its part to be performed under that agreement, except those that have been excused as a result of JIT's conduct.

21. JIT breached the agreement by filing the N.D. Ill. Action and by maintaining it until October 8, 2008.

22. As a result of JIT's breach of contract, Google has suffered damages as alleged herein in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Google prays for relief and judgment as follows:

1. That the Court deny Plaintiffs' prayer for relief in its entirety and that the Court dismiss the Consolidated Complaint with prejudice and enter judgment in Google's favor and against Plaintiffs;

2. That the Court award Google its costs and expenses that it incurs in this action and attorneys' fees as permitted by law;

3. That judgment enter in Google's favor and against JIT as to Google's Counterclaim;

4. That the Court award Google damages against JIT in an amount according to proof; and

5. That the Court award Google such other and further relief that it deems appropriate.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

21.

**GOOGLE INC.'S ANSWER &
COUNTERCLAIM TO CONSOL. COMPL.
CASE NO. 08-CV-03369 JW RS**

Dated: May 18, 2009

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
PETER J. WILLSEY (*admitted pro hac vice*)
LEO P. NORTON (216282)


/s/ Leo P. Norton
Leo P. Norton

Attorneys for Defendant
GOOGLE INC.
Email: lnorton@cooley.com

631717 /SD

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1  COOLEY GODWARD KRONISH LLP
   MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2  LEO P. NORTON (216282) (lnorton@cooley.com)
   4401 Eastgate Mall
3  San Diego, CA  92121-1909
   Telephone:    (858) 550-6000
4  Facsimile:    (858) 550-6420

5  COOLEY GODWARD KRONISH LLP
   PETER J. WILLSEY (*admitted pro hac vice*)
6  (pwillsey@cooley.com)
   777 6th Street, N.W.
7  Washington, D.C.  20001
   Telephone:    (202) 842-7800
8  Facsimile:    (202) 842-7899

9  Attorneys for Defendant
   GOOGLE INC.

10

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13              SAN JOSE DIVISION

14

15  In re Google AdWords Litigation        Case No.  08-cv-03369 JW RS

16                                         **CERTIFICATE OF SERVICE**

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

CERTIFICATE OF SERVICE
CASE NO. 08-CV-03369 JW RS

# CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2009, I filed the foregoing **DEFENDANT GOOGLE INC.'S ANSWER AND COUNTERCLAIM TO CONSOLIDATED CLASS ACTION COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record at the following listed email addresses.

- **Willem F. Jonckheer**
  wjonckheer@schubert-reed.com
- **Kimberly Ann Kralowec**
  kkralowec@schubertlawfirm.com
- **Leo Patrick Norton**
  lnorton@cooley.com,kjones@cooley.com
- **Michael Graham Rhodes**
  rhodesmg@cooley.com
- **Guido Saveri**
  guido@saveri.com,william@saveri.com,cadio@saveri.com
- **Dustin Lamm Schubert**
  dschubert@schubertlawfirm.com

I also hereby certify that I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Diego, California upon the following:

ROBERT FOOTE
MATTHEW J. HERMAN
CRAIG MIELKE
FOOTE, MEYERS, MIELKE AND FLOWERS,
LLC.
28 North First St.
Suite 2
Geneva, IL 60134

KATHLEEN C. CHAVEZ
CHAVEZ LAW FIRM P.C.
28 North First St.
Suite 2
Geneva, IL 60134

PETER L. CURRIE
THE LAW FIRM OF PETER L. CURRIE, P.C.
536 Wing Lane
St. Charles, IL 60174

BRIAN S. KABATECK
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, CA 90017

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

CERTIFICATE OF SERVICE
CASE NO. 08-CV-03369 JW RS

PETER A. LAGORIO
LAW OFFICE OF PETER A. LAGORIO
63 Atlantic Avenue
Boston, MA 02110

TERRY GROSS
ADAM C. BELSKY
MONIQUE ALONSO
GROSS BELSKY ALONSO LLP
180 Montgomery Street
Suite 2200
San Francisco, CA 94104


Kendra A. Jones
COOLEY GODWARD KRONISH LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
FAX: (858) 550-6420
Email: kjones@cooley.com

605531 /SD

**CERTIFICATE OF SERVICE**
CASE NO. 08-CV-03369 JW RS