COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
LEO P. NORTON (216282)
(lnorton@cooley.com)
SARAH R. BOOT (253658)
(sboot@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121-1909
Telephone:    (858) 550-6000
Facsimile:     (858) 550-6420

COOLEY GODWARD KRONISH LLP
PETER J. WILLSEY (*admitted pro hac vice*)
(pwillsey@cooley.com)
777 6th Street, N.W.
Washington, D.C.  20001
Telephone:    (202) 842-7800
Facsimile:     (202) 842-7899

Attorneys for Defendant
GOOGLE INC.

*E-Filed 8/31/09*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re Google AdWords Litigation | Case No.  08-cv-03369 JW RS<br><br>**STIPULATED PROTECTIVE ORDER** |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

**STIPULATED PROTECTIVE ORDER**
**CASE NO.  08-CV-03369 JW RS**

## I. PURPOSE OF PROTECTIVE ORDER

Disclosure and discovery activity in this consolidated action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, to expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over the confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, Plaintiffs and defendant Google Inc. ("Google") (Plaintiff and Google collectively "the Parties"), by and through their respective counsel, hereby stipulate and agree to and request the Court to enter the following Stipulated Protective Order ("Protective Order") as an order of the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

## II. INFORMATION SUBJECT TO THIS PROTECTIVE ORDER

Discovery materials produced in this case may be marked as one of two categories: "CONFIDENTIAL" and "CONFIDENTIAL OUTSIDE COUNSEL ONLY," as set forth below. These categories of information shall be identified collectively in this Protective Order as "Protected Information." The protections conferred by this Protective Order cover not only Protected Information, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations that might reveal Protected Information.

**A. Designation of Protected Information**

1. Any document or tangible thing, including, but not limited to, electronic images and discovery responses, but excluding deposition testimony, containing or including any Protected Information may be designated as such by the producing party by marking "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY" on each page containing Protected Information prior to or at the time copies are furnished to the receiving party.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

**STIPULATED PROTECTIVE ORDER**
CASE NO. 08-CV-03369 JW RS

2. Electronic media containing or including any Protected Information may be designated as such by the producing party by affixing a label to such media with a "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY" designation prior to or at the time copies are furnished to the receiving party.

3. In the case of deposition testimony, the designating party may designate testimony as Protected Information by:

(a) Making a statement on the record, at any time during the deposition, that certain testimony is CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY.

(b) Sending written notice to all Parties, within thirty (30) calendar days after receiving a certified copy of the deposition transcript, that certain testimony is CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY. Deposition transcripts shall be treated as CONFIDENTIAL OUTSIDE COUNSEL ONLY until the expiration of the time to make a confidentiality designation. Any portions so designated shall thereafter be treated in accordance with the terms of this Protective Order.

4. All Protected Information not reduced to documentary, tangible, or physical form or that cannot be conveniently designated as set forth above in paragraphs 1-3, shall be designated by the producing party by informing the receiving party of the designation in writing.

5. Any documents (including physical objects) made available for inspection by counsel for the receiving party prior to producing copies of selected items shall initially be considered, as a whole, to constitute Protected Information and shall be subject to this Protective Order. Thereafter, the producing party shall have a reasonable time to review and designate the appropriate documents as Protected Information prior to furnishing copies to the receiving party.

**B.  Information Designated as Confidential**

6. For purposes of this Protective Order, "CONFIDENTIAL" information shall mean all information or material produced for or disclosed to a receiving party that a producing party, including any party to this action and any non-party producing information or material voluntarily

or pursuant to a subpoena or court order, reasonably and in good faith considers to constitute confidential technical, sales, marketing, financial, or business information, other commercially sensitive information, or AdWords account information of the named plaintiffs, however embodied, that has been so designated by the producing party.

7. The following information is not CONFIDENTIAL information:

(a) Published advertising materials;

(b) Any information that is or becomes, after its disclosure to a receiving party, part of the public domain as a result of publication not involving a violation of this Protective Order;

(c) Any information that the receiving party can show was already known to it prior to the disclosure;

(d) Any information that the receiving party can show by written records was received by it after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; and

(e) Any information which the receiving party can show was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's CONFIDENTIAL information

8. Information designated CONFIDENTIAL shall be available only to:

(a) The owners, principals, shareholders, or employees of a party, or if the party is an individual, the individual, who have responsibility for managing this litigation, making decisions dealing directly with the litigation in this action or who are assisting outside counsel in preparation for proceedings in this action;

(b) Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters;

(c) Technical advisers, as defined in Paragraph 11, and their necessary support personnel, subject to the provisions of paragraphs 11 through 16 herein, and who have signed the form attached hereto as Attachment A;

(d) The Court, its personnel, and stenographic reporters (see paragraph 22 below regarding filing or submitting Protected Information to the Court);

(e) Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel or the Parties for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; non–technical jury or trial consulting services not including mock jurors; electronic litigation database service providers retained by counsel or a party; outside copy services retained by counsel; and

(f) Witnesses in this action where at least one of the following conditions applies:

    i. The witness is a current employee of the designating party;

    ii. The witness is a person identified as an author, recipient, or one who otherwise had access to or knowledge of the Protected Information prior to its production in this action;

    iii. The designating party has consented on the record at a deposition or hearing to the disclosure of the Protected Information to the witness; or

    iv. At least ten (10) days prior to the disclosure, the party desiring to disclose the Protected Information to the witness notifies the designating party of that desire, with a specific identification of the Protected Information to be disclosed, and the designating party fails to object in writing to such desire within that ten (10) day period. If, however, an objection is made in writing, the Protected Information may not be disclosed to the witness until and unless the receiving party desiring to make such disclosure moves for, and obtains, appropriate relief from the Court.

Witnesses receiving Protected Information under this section shall not be allowed to retain copies

1  of any such material received unless otherwise provided for under this Protective Order. A
2  witness who received Protected Information during a deposition, however, may review that
3  material while reviewing the transcript of the deposition, provided that the Protected Information
4  is not retained by the witness after the review of the transcript for accuracy is complete.

**C.      Information Designated as Confidential Outside Counsel Only**

9.      The CONFIDENTIAL OUTSIDE COUNSEL ONLY designation is reserved for CONFIDENTIAL information that a producing party reasonably and in good faith considers to constitute proprietary marketing, financial, sales, web traffic, research and development, or technical data or information, AdWords account information of putative class members, or other commercially sensitive competitive information, including, without limitation, confidential information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"), CONFIDENTIAL information relating to future products or services not yet commercially released, strategic plans, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party. Documents marked CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL shall be treated as if designated CONFIDENTIAL OUTSIDE COUNSEL ONLY. In determining whether information should be designated as CONFIDENTIAL OUTSIDE COUNSEL ONLY, each party agrees to use such designation only in good faith.

10.      Information designated CONFIDENTIAL OUTSIDE COUNSEL ONLY shall be available only to the categories of persons identified in paragraphs 8(b)-(f), above.

**D.      Disclosure of Technical Advisers**

11.      Information designated by the producing party under any category of Protected Information and such copies of this information as are reasonably necessary for maintaining, defending or evaluating this litigation may be furnished and disclosed to the receiving party's technical advisers and their necessary support personnel. The term "technical adviser" shall mean an independent, outside expert witness or consultant with whom counsel may deem it necessary to consult and who has first complied with paragraph 12 and who the receiving party has given notice of in accordance with paragraph 13.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

**STIPULATED PROTECTIVE ORDER**
CASE NO. 08-CV-03369 JW RS

12. No disclosure of Protected Information to a technical adviser or their necessary support personnel shall occur until that person has: (1) signed the form attached hereto as Attachment A; (2) a signed copy has been provided to the producing party; (3) the receiving party has given notice in accordance with paragraph 13; and (4) to the extent there has been an objection, that objection is resolved as discussed in paragraph 13.

13. A party desiring to disclose Protected Information to a technical adviser shall also give prior written notice by email to the producing party, who shall have ten (10) business days after such notice is given to object in writing. The party desiring to disclose Protected Information to a technical adviser must provide the following information for each technical adviser: name, address, curriculum vitae, current employer, employment history for the past four (4) years, and a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding four (4) years. No Protected Information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period.

14. A party objecting to disclosure of Protected Information to a technical adviser shall state with particularity the ground(s) of the objection and the specific categories of documents that are the subject of the objection. The objecting party's consent to the disclosure of Protected Information to a technical adviser shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its Protected Information to the technical adviser will result in specific business or economic harm to that party.

15. If after consideration of the objection, the party desiring to disclose the Protected Information to a technical adviser refuses to withdraw the technical adviser, that party shall provide notice to the objecting party. Thereafter, the objecting party shall move the Court, within ten (10) business days of receiving such notice, for a ruling on its objection. A failure to file a motion within the ten (10) business day period shall operate as an approval of disclosure of the Protected Information to the technical adviser. The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

16. The objecting party shall have the burden of showing to the Court "good cause"

1  for preventing the disclosure of its Protected Information to the technical adviser. This "good
2  cause" shall include a particularized showing that: (1) the Protected Information is confidential
3  commercial information, (2) disclosure of the Protected Information would result in a clearly
4  defined and serious injury to the objecting party's business, and (3) the proposed technical
5  advisor is in a position to allow the Protected Information to be disclosed to the objecting party's
6  competitors.

**E.      Challenges to Confidentiality Designations**

17.   The parties shall use reasonable care when designating documents or information as Protected Information. Nothing in this Protective Order shall prevent a receiving party from contending that any documents or information designated as Protected Information have been improperly designated. A receiving party may at any time request that the producing party cancel or modify the Protected Information designation with respect to any document or information contained therein.

18.   A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. A challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes through an in person or telephonic conference. During the conference, the challenging party must explain the basis for its belief that the confidentiality designation was not proper, and must give the designating party a reasonable opportunity to review the designated material and explain the basis for the chosen designation. If an agreement cannot be reached, the receiving party shall request, through a motion accompanied by a competent declaration that certifies compliance with the meet and confer requirements, that the Court cancel or modify a designation. The burden of demonstrating the confidential nature of any information shall at all times be and remain on the designating party.

19.   Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Protective Order.

**F.  Limitations on the Use of Protected Information**

20.  All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.  All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

21.  Except as may otherwise be ordered by the Court, during a deposition, any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such information, unless the producing party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Protective Order to receive such information, then prior to the examination, the producing party shall request that the attorney provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Protective Order and maintain the confidentiality of Protected Information disclosed during the course of the examination.  In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

22.  Without written permission from the designating party or order of the Court secured after appropriate notice to all interested persons, a party may not file or otherwise submit in the public record in this action any Protected Information.  Any party desiring to file or otherwise submit Protected Information must do so under seal and must comply with Civil Local Rule 79-5.

23.  Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved. No material or copies thereof so filed shall be released except by order

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

8.

**STIPULATED PROTECTIVE ORDER**
CASE NO. 08-CV-03369 JW RS

of the Court, to outside counsel of record, or as otherwise provided for hereunder.

24. Protected Information shall not be copied or otherwise reproduced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for use in connection with this litigation, and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Protective Order. Further, nothing herein shall restrict a qualified recipient from converting or translating CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

### G. Nonparty Use of This Protective Order

25. A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.

26. A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any party in this case.

### H. No Waiver of Privilege

27. Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, right, or immunity. If information subject to a claim of attorney-client privilege, work product protection, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity. Any party that inadvertently or unintentionally produces materials protected by the attorney-client privilege, work product doctrine, or other privilege, doctrine, right, or immunity

may obtain the return of those materials by promptly notifying the recipient(s) upon discovery of the unintentional or inadvertent production and providing a privilege log for the inadvertently produced materials. The recipient(s) shall gather and return all copies of and electronic media containing privileged material to the producing party, except for electronic copies and any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the producing party. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.

## I.   Miscellaneous Provisions

28.  Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more category of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment. The producing party shall promptly notify the other parties of the error upon discovery of such error in writing and provide replacements of the Protected Material at issue bearing the appropriate confidentiality legend. In the event of any unintentional or inadvertent disclosure of Protected Information other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form. Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

29.  Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the producing party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence,

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

**STIPULATED PROTECTIVE ORDER**
CASE NO. 08-CV-03369 JW RS

1  memoranda, notes and other work product materials, which contain or refer to any category of
2  Protected Information. All Protected Information, not embodied in physical objects and
3  documents shall remain subject to this Protective Order. Notwithstanding this provision, outside
4  litigation counsel of record are not required to delete information that may reside on their
5  respective firm's electronic back-up systems that are over-written in the normal course of
6  business. Notwithstanding the foregoing, outside counsel shall be entitled to maintain copies of
7  all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits
8  thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts
9  (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any
10 hearing or trial, and their attorney work product which refers or is related to any
11 CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for archival
12 purposes only. If a party opts to destroy CONFIDENTIAL or CONFIDENTIAL OUTSIDE
13 COUNSEL ONLY information, the party must provide a Certificate of Destruction to the
14 producing party.

15      30. If at any time documents containing Protected Information are subpoenaed by any
16 court, arbitral, administrative or legislative body, the person to whom the subpoena or other
17 request is directed shall immediately give written notice thereof to every party who has produced
18 such documents and to its counsel, and shall provide each such party with an opportunity to
19 object to the production of such documents. If a producing party does not take steps to prevent
20 disclosure of such documents within ten (10) business days of the date written notice is given, the
21 party to whom the referenced subpoena is directed may produce such documents in response
22 thereto.

23     31. This Protective Order is entered without prejudice to the right of any party to apply
24 to the Court at any time for additional protection, or to relax or rescind the restrictions of this
25 Protective Order, when convenience or necessity requires. Furthermore, without application to
26 this Court, any party that is a beneficiary of the protections of this Protective Order may enter a
27 written agreement releasing any other party hereto from one or more requirements of this
28 Protective Order even if the conduct subject to the release would otherwise violate the terms

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

11.

**STIPULATED PROTECTIVE ORDER**
CASE NO. 08-CV-03369 JW RS

herein.

32. The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Protective Order. After termination of this litigation, the provisions of this Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Protective Order following termination of this litigation. All disputes concerning Protected Information produced under the protection of this Protective Order shall be resolved by the United States District Court for the Northern District of California.

/ / /

/ / /

/ / /

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

12.

**STIPULATED PROTECTIVE ORDER**
**CASE NO. 08-CV-03369 JW RS**

33. Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

**IT IS SO STIPULATED.**

Dated: August 28, 2009                COOLEY GODWARD KRONISH LLP

By: /s/Peter J. Willsey
    Peter J. Willsey

Attorneys for Defendant GOOGLE, INC.

Dated: August 28, 2009                SCHUBERT JONCKHEER KOLBE & KRALOWEC LLP
ROBERT C. SCHUBERT S.B.N. 62684
WILLEM F. JONCKHEER S.B.N. 178748
KIMBERLY A. KRALOWEC S.B.N. 163158

By: /s/Willem F. Jonckheer
    Willem F. Jonckheer

Attorneys for Plaintiffs

**ATTESTATION OF FILER**

I, Sarah R. Boot, hereby attest that concurrence in the filing of the document has been obtained from each of the other signatories.

Dated: August 28, 2009                COOLEY GODWARD KRONISH LLP

By: /s/Sarah R. Boot
    Sarah R. Boot

Attorneys for Defendant GOOGLE INC.

**PURSUANT TO THE STIPULATION, IT IS SO ORDERED.**

Dated: August 31, 2009

By: [signature]
~~The Honorable James Ware~~
~~United States District Court Judge~~

RICHARD SEEBORG
United States Magistrate Judge

# ATTACHMENT A TO THE PROTECTIVE ORDER

**CONFIDENTIALITY AGREEMENT**

I reside at _____.

1. My present employer is _____.

2. My present occupation or job description is _____.

3. I have read the Protective Order dated _____, 2009, and have been engaged as _____ on behalf of _____ _____ in the preparation and conduct of litigation titled *In re Google Adwords Litigation,* United Stated District Court, Northern District of California, Case Number 08-cv-03369 JW RS.

4. I am fully familiar with and agree to comply with and be bound by the provisions of said Protective Order. I understand that I am to retain all copies of any documents designated as CONFIDENTIAL and/or CONFIDENTIAL OUTSIDE COUNSEL ONLY information in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any CONFIDENTIAL and/or CONFIDENTIAL OUTSIDE COUNSEL ONLY information are to be returned to counsel who provided me with such material.

5. I will not divulge to persons other than those specifically authorized by said Protective Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Protective Order, except as provided in said Protective Order. I also agree to notify any stenographic, clerical or support personnel who are required to assist me of the terms of said Protective Order.

6. In accordance with paragraph 13 of the Protective Order (if applicable), I have attached my resume, curriculum vitae or other information to this executed Confidentiality Agreement sufficient to identify my current employer and employment history for the past four (4) years, and the cases in which I have testified as an expert at trial or by deposition within the

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

14.

**STIPULATED PROTECTIVE ORDER**
CASE NO. 08-CV-03369 JW RS

1  preceding four (4) years.

2      I state under penalty of perjury under the laws of the United States of America that the

3  foregoing is true and correct.

4      Executed on _____

5                    [date]

6

7                                            [signature]

8

9  Company: _____

10

11 Address: _____

12

13           _____

14

15 636237 v5/SD

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

15.

**STIPULATED PROTECTIVE ORDER**
**CASE NO. 08-CV-03369 JW RS**