ROBERT C. SCHUBERT S.B.N. 62684
WILLEM F. JONCKHEER S.B.N. 178748
KIMBERLY A. KRALOWEC S.B.N. 163158
SCHUBERT JONCKHEER KOLBE & KRALOWEC LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: (415) 788-4220
Facsimile: (415) 788-0161

*Lead Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ADWORDS LITIGATION | Case No. 08-3369 JW |
| | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| This Document Relates to:<br><br>All Actions | Date: September 14, 2009<br>Time: 10:00 a.m.<br>Place: Courtroom 8, Fourth Floor<br>Hon. James Ware |

Pursuant to this Court's Scheduling Order for Class Discovery filed February 25, 2009 [Dock. No. 41] ("February Scheduling Order"), the parties respectfully present the following Joint Case Management Conference Statement to "update the Court on the parties' progress toward completion of class discovery and efforts to resolve the case":

## I. STATUS OF CLASS DISCOVERY

### A. Procedural History and Recently Filed Related Case

On February 25, 2009, the Court consolidated four related actions under the above caption and appointed lead counsel for plaintiffs. Dock. No. 40.

That same day, the Court entered its February Scheduling Order. Dock. No. 41. In that order, the Court bifurcated class certification and merits discovery and set several dates, including,

1.

1  among others, the close of class certification discovery on November 2, 2009 and the hearing on
2  plaintiffs' motion for class certification on December 7, 2009.

3  Subsequently, pursuant to a stipulation and order (Dock. Nos. 43-44), plaintiffs'
4  Consolidated Amended Complaint was filed on April 24, 2009 (Dock. No. 45) and defendant's
5  answer on May 18, 2009 (Dock No. 46).

6  On August 21, 2009, a recently filed fifth case was ordered related to this consolidated
7  action. Dock. No. 53. The parties to this action and the related case have agreed in principle to
8  consolidating that case with this action under the existing Consolidated Amended Complaint and
9  schedule proposed in the parties' Stipulation and [Proposed] Order Modifying Class Discovery and
10 Expert Disclosure Schedule (Dock. No. 59).

11                **B.       Discovery and Discovery Related Stipulations**

12 After the filing of the Consolidated Amended Complaint and defendant's answer, the
13 parties promptly commenced formal discovery. On May 27, 2009, plaintiffs served their first set
14 of requests for production of documents, to which defendant served written responses on July 13,
15 2009. On that same date, defendant also served its first set of requests for production of
16 documents and interrogatories on plaintiffs. Meanwhile, on June 11, 2009, the parties exchanged
17 Rule 26 initial disclosures.

18 Actual document production has not yet begun, but it is expected to commence shortly.
19 After extensive "meet and confer" discussions, the parties negotiated and agreed to the terms of a
20 stipulated protective order to govern production of confidential information in this case. A
21 proposed Stipulated Protective Order was filed on August 31, 2009, and was signed by Magistrate
22 Judge Richard Seeborg on the same day. *See* Dock. Nos. 57, 58. That order had to be finalized
23 before production could begin.

24 Additionally, the parties are actively negotiating the terms of a protocol for production of
25 electronically-stored information, and expect those discussions to be completed shortly, allowing
26 document production to commence.

27 The parties have also agreed to a proposed order governing the content of expert witness
28 disclosures. Their proposed Stipulated Expert Witness Discovery Order was filed on August 31,
   2009 [Dock. No. 56]. The Court has not yet executed the proposed Order.

### C.     **Stipulation to Modify February Scheduling Order**

The parties have met and conferred regarding the class certification deadlines set forth in the February Scheduling Order [Dock. No. 41]. The parties agree that, in light of the current status of the case and the recently filed fifth action, the February Scheduling Order does not permit sufficient time for completion of orderly class certification discovery, including expert discovery. Despite diligent efforts, it is not possible to complete class certification discovery by November 2 or for the class certification motion to be briefed in time for hearing on December 7, 2009, as the February Scheduling Order provides. In light of the volume of anticipated discovery, which includes not only substantial document production of electronically-stored information, but also depositions (in approximately late 2009 and/or early 2010), as well as time for the parties' experts to examine relevant documents and information produced in discovery, the parties respectfully ask the Court to extend these deadlines.

Accordingly, on August 31, 2009, the parties submitted a Stipulation and [Proposed] Order Modifying Class Discovery and Expert Disclosure Schedule [Dock. No. 59]. The proposed Order would extend the class discovery cutoff by approximately four months, from November 2, 2009 to March 10, 2010, and would extend the cutoff for expert discovery on class-related issues to May 24, 2009. The proposed Order would also continue the class certification hearing date from December 7, 2009 to July 26, 2010. The parties believe that these continuances are necessary in light of the current status of class-related discovery and to provide sufficient time to complete that discovery and prepare the class certification motion.

The parties have attempted to reach agreement on an appropriate schedule for the filing of the class certification briefs, expert disclosures and reports, and expert declarations in support of and in opposition to the class certification motion, but have been unable to reach an agreement, as discussed in more detail below.

## II.     **STATUS OF SETTLEMENT EFFORTS**

The Court previously approved the parties' stipulation to participate in private mediation after class certification. *See* Dock. No. 32. The parties continue to agree that mediation is

premature until after class certification is decided. Accordingly, no settlement discussions have taken place.

### III. UNRESOLVED ISSUE: CLASS CERTIFICATION BRIEFING SCHEDULE AND EXPERT DISCLOSURES AND DECLARATIONS

The parties have extensively "met and conferred," both by telephone and by email, in an effort to agree on a briefing schedule for the class certification motion, expert disclosures and reports, expert discovery, and expert declarations that the parties anticipate filing in support of and in opposition to the motion. The parties agree that additional time for class-related discovery is needed, as discussed above, and also agree that a hearing date of July 26, 2010 for class certification would be appropriate. This agreement is set forth in the parties' Stipulation and [Proposed] Order Modifying Class Discovery and Expert Disclosure Schedule, filed August 31, 2009 [Dock. No. 59].

However, the parties have been unable to agree on a schedule for briefing and accompanying expert declarations or expert disclosures and reports, and respectfully ask the Court to address this issue in connection with the upcoming case management conference. The parties' respective positions are as follows:

**Plaintiffs' Position**

Plaintiffs believe that the class certification briefing, and accompanying declarations, including expert declarations, should proceed pursuant to N.D. Cal. Civil Local Rules 7-2 and 7-3, just like any other contested motion. Local Rule 7-2(d) states that "affidavits or declarations pursuant to Civil L.R. 7-5" should "*accompan*[*y*]" the moving papers. (Emphasis added.) Similarly, Local Rule 7-3(a) and (c) contemplate simultaneous filing of "affidavits or declarations" *along with* the opposition and reply papers, saying that oppositions and reply papers "may *include*" such filings. (Emphasis added.) Neither the Local Rules nor the FRCP contains any special procedures for class certification motions that differ from the above.

Accordingly, plaintiffs propose the schedule below for class certification briefing. The schedule includes the agreed-upon dates from the parties' Stipulation and [Proposed] Order

Modifying Class Discovery and Expert Disclosure Schedule, filed August 31, 2009 (Dock. No. 59). The disputed dates are in bold type:

| Date | Event |
| --- | --- |
| March 10, 2010 | Close of class discovery (*see* Stipulation and [Proposed] Order Modifying Class Discovery and Expert Disclosure Schedule, filed August 31, 2009 (Dock. No. 59)) |
| **April 2, 2010** | **Plaintiffs' deadline to file motion for class certification, including declarations of expert witness(es) in support of class certification** |
| **April 30, 2010** | **Defendants' deadline to file opposition to motion for class certification, including declarations of expert witness(es) in opposition to class certification; defendants' deadline to file objections, if any, to the qualifications or proposed testimony of plaintiffs' expert witness(es)** |
| May 24, 2010 | Close of class expert discovery (*see* Stipulation and [Proposed] Order Modifying Class Discovery and Expert Disclosure Schedule, filed August 31, 2009 (Dock. No. 59)) |
| **June 25, 2010** | **Plaintiffs' deadline to file reply in support of motion for class certification, including any rebuttal expert witness declaration(s) in support of class certification; plaintiffs' deadline to file objections, if any, to the qualifications or proposed testimony of defendants' expert witness(es)** |
| July 26, 2010, 9:00 a.m. | Hearing on motion for class certification (*see* Stipulation and [Proposed] Order Modifying Class Discovery and Expert Disclosure Schedule, filed August 31, 2009 (Dock. No. 59)) |

This schedule builds in sufficient time for the experts to be deposed before the opposing and reply briefs (with supporting declarations) are filed and before the proposed expert witness discovery cutoff date of May 24, 2010. Concurrently herewith, plaintiffs have filed a proposed Order reflecting the above dates.

Defendant maintains that, instead of following the usual briefing schedule of Local Rules 7-2 and 7-3, a different schedule should be adopted for the expert declarations (but for no other supporting or opposing declarations). Defendant proposes that each party file their expert declarations simultaneously, *before* plaintiffs have filed their class certification motion, and that each party then file simultaneous rebuttals, with no opportunity for plaintiffs to reply to

5.

1 defendants' rebuttal. As an alternative, defendant proposes that plaintiffs' reply expert declaration
2 be limited to so-called "affirmative" matters raised in defendant's opposing expert declaration.

3    Defendant's proposal would place inappropriate limits on plaintiffs' right to respond to
4 defendants' opposing expert declaration. Pursuant to Local Rule 7-3(c), plaintiffs have the right to
5 file appropriate reply declarations in the ordinary course. *See*, *e.g.*, *Wren v. RGIS Inventory*
6 *Specialists*, 256 F.R.D. 180, 201 (N.D. Cal. 2009) ("[P]arties are permitted to file declarations in
7 support of [class certification] Reply briefs under the Local Rules. See Civ. L.R. 7-3(c)."). They
8 have the right to point out flaws in defendants' opposing expert declaration, and to submit a reply
9 expert declaration for that purpose. *Id.*; *see also In re Static Random Access Memory (SRAM)*
10 *Antitrust Litig.*, 257 F.R.D. 580, 581 (N.D. Cal. 2009) (approving class certification expert reply
11 report consisting of "opinions and analyses that *rebut the opinions of defendants' expert*"
12 (emphasis added)). This right is not limited to addressing "affirmative" matter in the defense
13 declaration, but also extends to responding to whatever the defense expert might have to say in
14 response to plaintiffs' initial expert declaration. *Wren*, 256 F.R.D. at 201 (reply declarations in
15 connection with class certification may rebut matters "within the scope of the issues raised" by
16 defendants in opposition). In sum, reply declarations are not limited to responding to "affirmative"
17 matter, as defendant contends.

18    Each of defendant's proposals would prejudice plaintiffs by impeding their ability to
19 respond to defendant's opposition to class certification, which in turn impairs plaintiffs' ability to
20 achieve class certification in this case. In effect, defendant wants the Court to make it impossible
21 for plaintiffs to file any substantive response to the defense expert declaration on class
22 certification. This would give defendant an unfair advantage and tilt the scale in defendants' favor
23 on this motion, a result that neither the Local Rules nor the FRCP contemplates.

24    The parties discussed a possible compromise that would have involved two sets of three
25 deadlines. First, the parties would file stand-alone expert declarations (opening, opposition, and
26 reply) on a schedule that would allow time for expert depositions in between these filings. Next,
27 on a separate and later schedule, the parties would file their class certification papers (motion,
28 opposition, and reply), simultaneously with any non-expert supporting declarations. Thereafter,
the class certification hearing would take place.

The compromise discussions broke down because defendant would only agree to it if plaintiffs' reply expert declaration was limited to addressing "affirmative" matter in defendant's opposing expert declaration, and if plaintiffs were precluded from rebutting the defense expert's response to plaintiffs' opening expert declaration. Plaintiffs are unwilling to agree to such a limitation. Therefore, they now revert to their original proposal, which is that the ordinary procedures of Local Rules 7-2 and 7-3 should be adhered to.

Defendant cites *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935 (9th Cir. 2009), but its reliance on that case is misplaced. *Vinole* relates to a hypothetical defense-side motion regarding class certification.[1] The proposed order under discussion, however, relates to *plaintiffs'* motion for class certification. That is what the parties' "meet and confer" discussions addressed, *not* a defense-side motion. Nothing in *Vinole* purports to place any limits on *plaintiffs'* right to move for class certification. If defendant attempts to file a motion respecting class certification at this stage of the case, while plaintiffs have had no reasonable opportunity to complete discovery or file their own class certification motion in the ordinary course, plaintiffs will strenuously object. There is no reason to issue an order that preemptively limits plaintiffs' right to seek class certification based on the hypothetical possibility of a later defense motion under *Vinole* that may never be filed.

Defendant also relies on Federal Rule of Civil Procedure 26, relating to written reports of experts. The plain language of that Rule relates only to expert witness testimony to be presented "*at trial*." Fed. R. Civ. Proc. 26(a) (emphasis added). The Rule does not purport to govern expert declarations that may be filed in support of *motions*, such as the class certification motion or any other motion. As discussed above, the ordinary practice is for such declarations to be filed with the class certification motion, opposition, and reply papers, just like any other motion. When the time comes to exchange expert reports for purposes of *trial*, the parties will of course comply with

---

[1] *Vinole* is also factually distinguishable. In *Vinole*, "Plaintiffs were provided with adequate time in which to conduct discovery related to the question of class certification" before the defendant filed its motion. 571 F.3d at 941. In this case, as discussed in Part I, above, even defendant agrees that plaintiffs have yet not had sufficient time for class-related discovery. At most, *Vinole* authorizes a defense-side motion only if the plaintiffs have not diligently pursued certification themselves. That is not the case here.

7.

1 Rule 26 and any Orders of this Court on that topic.  But nothing in Rule 26 precludes a party from
2 *also* filing experts' declarations in support of pre-trial motions in accordance with ordinary motion
3 filing rules—and in support of both the opening papers and the reply.

4       Peremptory limits on the class certification expert declarations' content are inappropriate at
5 this stage of the case.  If any party believes that another party's expert declarations contain
6 improper material, that party already has a remedy.  They may object, and the Court will rule on
7 the objection.  However, plaintiffs' right to respond to matters raised in defendants' opposing
8 expert declaration should not be preemptively limited, as defendants propose.  Plaintiffs
9 respectfully ask the Court to adopt their proposed briefing schedule above (and in the
10 accompanying proposed Order), or another series of dates as the Court deems proper, but that the
11 schedule preserve plaintiffs' full right to present a complete and effective reply to defendant's
12 opposition.

13 **Defendant's Position**

14       Plaintiffs are attempting to take a proverbial second bite at the apple with regard to expert
15 disclosures, discovery, and class certification briefing, having lost the first time around.  In the
16 parties' Joint Case Management Conference Statement filed February 20, 2009 (Dock. No. 39),
17 plaintiffs opposed bifurcation of class and merits discovery, and proposed that expert disclosures
18 and reports be made "at the same time as filing" the motion for, opposition to, and reply in support
19 of class certification.  *See*, Dock. No. 39.  Google requested bifurcation of class and merits
20 discovery, and proposed expert disclosures and reports be made as contemplated under Rule 26(a)
21 of the Federal Rules of Civil Procedure with a time period for expert discovery before class
22 certification briefing.  *Id*.  In its Scheduling Order for Class Discovery (Dock. No. 41), the Court
23 largely adopted Google's proposed schedule on these and other issues.  The Court bifurcated class
24 and merits discovery, required that expert disclosures be made 63 days before the close of class
25 discovery, left unchanged the presumptive 30-day deadline to submit rebuttal reports, set a
26 deadline to file any motions objecting to the qualifications or proposed testimony of an expert
27 witness, and set the hearing on class certification after expert disclosures, rebuttals, and objections.
28 See Dock. No. 41.  In connection with the parties' Stipulation and [Proposed] Order Modifying
Class Discovery and Expert Disclosure Schedule (Dock No. 59), plaintiffs sought to revert to their

SCHUBERT JONCKHEER KOLBE & KRALOWEC LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

original proposal that Google already declined and this court already rejected. Good faith efforts to reach a compromise failed, unfortunately necessitating the Court resolve plaintiffs improper request for reconsideration and this issue a second time. Google respectfully requests that the Court again reject plaintiffs' proposal.

Initially, Google notes that plaintiffs misstate Google's position and confuse and conflate expert disclosures, reports, and discovery with later class certification motion briefing and supporting declarations, including expert declarations derived from the expert reports. Google's position is that the parties should (i) simultaneously exchange expert disclosures and reports, (ii) then exchange rebuttal disclosures reports, if any, (iii) then conduct any expert discovery, (iv) then bring any motion to exclude expert testimony, and (v) then file their respective briefs on class certification. This is an orderly and fair procedure for disclosing and conducting expert discovery in connection with class certification, and is generally contemplated under Rule 26 of the Federal Rules of Civil Procedure and the Court's prior scheduling order bifurcating the class and merits phases of this action. Plaintiffs' proposal is problematic for several reasons.

First, it is contrary to the general framework for expert disclosure, reports, and discovery procedure set forth under Rule 26 of the Federal Rules of Civil Procedure.

Second, it would afford plaintiffs a tactical advantage. Plaintiffs would be free to prepare a motion for class certification and supporting expert declaration without being impeded by simultaneous expert discovery or objections, and would have a lengthy time period to prepare rebuttal expert reports. On the other hand, Google would be subjected to having to prepare its class certification opposition supported by affirmative expert testimony and simultaneously forced to (i) seek expert discovery from plaintiffs, (ii) seek to exclude plaintiffs' expert testimony, and (iii) rebut plaintiffs' expert testimony without having any prior disclosure of plaintiffs' anticipated expert testimony, all in a limited time frame. Further, Google's rebuttal experts would be subject to discovery by plaintiffs, but plaintiffs' rebuttal expert would not be subjected to any discovery. This is unfair and unduly burdensome.

Third, plaintiffs' proposal is based on the incorrect assumption that plaintiffs have the exclusive right to file a motion regarding class certification. Plaintiffs have no such right. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935 (9th Cir. 2009). Consequently, plaintiffs are not

9.

entitled to an expert disclosure and discovery schedule that cements them as the moving party, and the tactical advantage inherent in such a proposal.[2] Plaintiffs attempt to distinguish *Vinole v. Countrywide Home Loans, Inc.*, but misunderstand the proposition that Google relies on it for. Google has just as much of a right to move to deny class certification as plaintiff has to move for class certification under that case. Indeed, the Court's prior scheduling order contemplated that either side could be the moving party, stating in footnote 1 that "The parties shall notice their Motion for Class Certification in accordance with the Civil Local Rules of this Court." *See*, Dock. No. 41. Accordingly, the scheduling order should provide for equal and neutral expert disclosures, reports, and discovery, not the one-sided approach advocated by plaintiffs, regardless of which party actually ends up being the moving party.[3] Plaintiffs offer no reason to radically depart from the procedures outlined in the prior scheduling order or for instituting a schedule based on a faulty assumption.

Fourth, plaintiffs' proposal significantly alters the timing of notice and the motion, opposition, and reply briefing timing set forth under the Court's Civil Local Rules, which this Court ordered the parties to follow in noticing their motion regarding class certification in the prior scheduling order. See, Dock. No. 41.

Accordingly, Google proposes the following schedule relating to expert disclosures, reports, and discovery and class certification:

| Date | Event |
|---|---|
| March 10, 2010 | Close of class discovery |

---

[2] The cases on which plaintiffs rely, *Wren v. RGIS Inventory Specialists*, 256 F.R.D. 180, 201 (N.D. Cal. 2009) and *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 257 F.R.D. 580, 581 (N.D. Cal. 2009), are inapposite. At best for plaintiffs, the cases stand for the unremarkable proposition that declarations submitted on reply, including expert declarations, are limited to rebutting matters raised in the opposition and cannot raise new matter. Here, the dispute is over pre-class certification motion expert disclosures, reports, and discovery, not the declarations filed in support of or in opposition of the motion, which will derive from and be limited by the expert reports. Also, both cases pre-date *Vinole v. Countrywide Home Loans, Inc.*

[3] Google is not stating that it will definitely move regarding class certification, but it reserves its right to do so.

10.

| Date | Event |
|---|---|
| March 31, 2010 | Deadline for any party wishing to present expert witness testimony in support of or in opposition to class certification to lodge with the Court and serve on all other parties the name, address, qualifications, résumé, and a written report that complies with Fed. R. Civ. P. 26(a)(2)(B). |
| April 21, 2010 | Deadline to lodge with the Court and serve on all other parties any rebuttal expert disclosure and report that complies with Fed. R. Civ. P. 26(a)(2)(B). |
| May 24, 2010 | Close of expert discovery. |
| June 14, 2010 | Latest hearing date for any motion of a party objecting to the qualifications or proposed testimony of an expert or any portion of the expert's testimony in writing (the parties shall file, serve, and notice any such motion in accordance with the Civil Local Rules of this Court). |
| July 26, 2010, at 9:00 a.m. | Hearing on motion regarding class certification (the parties shall notice their motion regarding class certification in accordance with the Civil Local Rules of this Court). |

**IV. CONCLUSION**

In sum, the parties respectfully ask the Court to take the following steps in advance of or in connection with the upcoming Case Management Conference:

1. Execute their Stipulated Expert Witness Discovery Order (filed Aug. 31, 2009) [Dock. No. 56];

2. Execute their Stipulation and [Proposed] Order Modifying Class Discovery and Expert Disclosure Schedule (filed Aug. 31, 2009) [Dock. No. 59]; and

3. Resolve the parties' dispute regarding the schedule for class certification briefing, expert disclosures and declarations, and enter an appropriate Order.

11.

Respectfully submitted,

Dated: September 4, 2009

SCHUBERT JONCKHEER KOLBE &
KRALOWEC LLP
ROBERT C. SCHUBERT S.B.N. 62684
WILLEM F. JONCKHEER S.B.N. 178748
KIMBERLY A. KRALOWEC S.B.N. 163158

By: /s/Willem F. Jonckheer
    Willem F. Jonckheer

Attorneys for Plaintiffs

Dated: September 4, 2009

COOLEY GODWARD KRONISH LLP

By: /s/Leo P. Norton
    Leo P. Norton

Attorneys for Defendant GOOGLE, INC.

## **ATTESTATION OF FILER**

I, Willem F. Jonckheer, hereby attest that concurrence in the filing of the document has been obtained from each of the other signatories.

Dated: September 4, 2009

SCHUBERT JONCKHEER KOLBE &
KRALOWEC LLP

By: /s/Willem F. Jonckheer
    Willem F. Jonckheer

Attorneys for Plaintiffs

12.