COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
LEO P. NORTON (216282) (lnorton@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone:     (858) 550-6000
Facsimile:     (858) 550-6420

COOLEY GODWARD KRONISH LLP
PETER J. WILLSEY (*admitted pro hac vice*)
(pwillsey@cooley.com)
777 6th Street, N.W.
Washington, D.C. 20001
Telephone:     (202) 842-7800
Facsimile:     (202) 842-7899

Attorneys for Defendant
GOOGLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re Google AdWords Litigation | Case No. 08-cv-03369 JW HRL |
| | **DEFENDANT GOOGLE INC.'S ANSWER AND COUNTERCLAIM TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** |
| | [FILED PURSUANT TO COURT ORDER DATED 2/17/2010 – DOCKET NO. 74] |
| | [GOOGLE'S COUNTERCLAIM DISMISSED WITHOUT PREJUDICE BY COURT ORDER DATED 7/16/2009 – DOCKET NO. 49] |

Defendant Google Inc. ("Google") responds to Plaintiffs' Consolidated Class Action Complaint ("Consolidated Complaint") as follows:

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

**ANSWER & COUNTERCLAIM TO AM.
CONSOL. COMPL.
CASE NO. 08-CV-03369 JW HRL**

Dockets.Justia.com

# ANSWER

## SUMMARY OF CLAIMS

1.  Google admits that Plaintiffs purport to bring this action on behalf of a putative class of AdWords advertisers and that Plaintiffs purport to assert various claims against Google. Except as expressly admitted herein, Google denies the allegations of paragraph 1 and that this action can be maintained as a class action.

2.  Google admits that it offers a free search engine service that is widely recognized as a leading search engine and that its largest revenue source during the relevant time period in terms of dollars was advertising revenue. Google admits that Plaintiffs contracted for and used Google's AdWords advertising program. Google also admits that advertisers may opt, among other billing and payment options, to pay Google based on the number of internet users that click on their ads.  Except as expressly admitted herein, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and on that basis, denies them.

3.  Google admits that it has at times used language similar to the quoted language in paragraph 3 on its website concerning the AdWords advertising program, but denies that Plaintiffs have put the quoted language in the proper context and that the description is a complete description of the AdWords advertising program or Plaintiffs' respective contractual relationships with Google relating to the AdWords advertising program.  Except as expressly admitted herein, Google denies the allegations of paragraph 3.

4.  Denied.

5.  Denied.

6.  Denied.

## PARTIES

7.  Google admits that plaintiff Hal K. Levitte contracted for and used Google's AdWords advertising program.  Except as expressly admitted herein, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and on that basis, denies them.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

ANSWER & COUNTERCLAIM TO AM.
CONSOL. COMPL.
CASE NO. 08-CV-03369 JW HRL

8.     Google admits that plaintiff Pulaski & Middleman, LLC contracted for and used Google's AdWords advertising program.  Except as expressly admitted herein, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and on that basis, denies them.

9.     Google admits that plaintiff RK West, Inc., d/b/a Malibu Sales contracted for and used Google's AdWords advertising program.  Except as expressly admitted herein, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and on that basis, denies them.

10.    Google admits that plaintiff JIT Packaging, Inc. contracted for and used Google's AdWords advertising program.  Except as expressly admitted herein, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and on that basis, denies them.

10A.   Google admits that plaintiffs West Coast Cameras, Inc. and Richard Oesterling contracted for and used Google's AdWords advertising program.  Except as expressly admitted herein, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and on that basis, denies them.

11.    Admitted.

## JURISDICTION AND VENUE

12.    The allegations of paragraph 12 are legal conclusions to which no response is required.  To the extent a response is required, Google admits that this Court presently has subject matter jurisdiction over this purported class action.  Except as expressly admitted herein, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and on that basis, denies them.

13.    The allegations of paragraph 13 are legal conclusions to which no response is required.  To the extent a response is required, Google admits that it resides and does business in this judicial district.  Except as expressly admitted herein, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and on that basis, denies them.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

ANSWER & COUNTERCLAIM TO AM.
CONSOL. COMPL.
CASE NO. 08-CV-03369 JW HRL

**FACTS**

**A.      Background and Description of Google's Advertising Programs.**

14.      Google admits that it offers a free search engine service that is widely recognized as a leading search engine. Google also admits that among other descriptions, it presently describes its Content Network similar to the quote in paragraph 14, but denies that Plaintiffs have put the quote in the proper context or that the description is a complete description of the Content Network.  Except as expressly admitted herein, Google denies the allegations of paragraph 14.

15.      Google admits that it offers a free search engine service that is widely recognized as a leading search engine, that its revenues in 2007 were approximately $16.6 billion and in 2008 were approximately $21.7 billion, and that its largest revenue source in terms of dollars for those two years was advertising revenue.  Except as expressly admitted herein, Google denies the allegations of paragraph 15.

16.      Google admits that it offers an advertising program called "AdWords" and that it offers an advertising program called "AdSense."  Google further admits that AdWords is for advertisers, while certain aspects of AdSense are for site owners.  Except as expressly admitted herein, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and on that basis, denies them.

17.      Google admits that at one point in time, among other descriptions, it described the AdWords advertising program similarly to the blocked-quote in paragraph 17, but denies that Plaintiffs have put the block quote in the proper context and that the description is a complete description of the AdWords advertising program or Plaintiffs' respective contractual relationships with Google relating to the AdWords advertising program.  Except as expressly admitted herein, Google denies the allegations of paragraph 17.

18.      Google admits that under the Google AdWords advertising program, advertisers may select and bid on particular keywords. Google further admits that when an internet user employs Google to search for selected terms, Google may display advertisers' ads on the Google webpage that returns the search results.  Google further admits that advertisers may opt, among other payment and billing options, to pay Google based on the number of internet users who click

Cooley Godward
Kronish LLP
Attorneys At Law
San Diego

4.

ANSWER & COUNTERCLAIM TO AM.
CONSOL. COMPL.
Case No.  08-cv-03369 JW HRL

on their ads.  Except as expressly admitted herein, Google lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, and on that basis, denies them.

19.    Google admits that one aspect of the AdWords advertising program allows advertisers to place their ads on third party sites in the Google Network.  Google also admits that at one point in time, among other descriptions, it described the AdSense program similarly to the blocked-quote in paragraph 19, but denies that Plaintiffs have put the block quote in the proper context and that the description is a complete description of the AdSense program.  Except as expressly admitted herein, Google denies the allegations of paragraph 19.

20.    Denied.

21.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and on that basis, denies them.

22.    Google admits that at one point in time, among other descriptions, it described the Content Network similarly to the quote in paragraph 22, but denies that Plaintiffs have put the quote in the proper context and that the description is a complete description of the Content Network or Plaintiffs' respective contractual relationships with Google relating to the AdWords advertising program.  Except as expressly admitted herein, Google denies the allegations of paragraph 22.

23.    Google admits that it has at times used language similar to the quoted language in paragraph 23 on its website concerning the AdWords advertising program, but denies that Plaintiffs have put the quoted language in the proper context and that the description is a complete description of the AdWords advertising program or Plaintiffs' respective contractual relationships with Google relating to the AdWords advertising program.  Except as expressly admitted herein, Google denies the allegations of paragraph 23.

24.    Google admits that it has at times used language similar to the quoted language in paragraph 24 on its website concerning the Content Network or AdWords advertising program, but denies that Plaintiffs have put the quoted language in the proper context and that the description is a complete description of the Content Network or AdWords advertising program or Plaintiffs' respective contractual relationships with Google relating to the AdWords advertising

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

ANSWER & COUNTERCLAIM TO AM.
CONSOL. COMPL.
CASE NO. 08-CV-03369 JW HRL

program.  Except as expressly admitted herein, Google denies the allegations of paragraph 24.

25.   Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25, and on that basis, denies them.

26.   Google admits that "AdSense for Domains" is an advertising program in which owners of parked domain pages allow the placement of AdWords advertisements on such pages and in which Google uses its technology to target advertisements to such pages.  Except as expressly admitted herein, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26, and on that basis, denies them.

27.   Google admits that at one point in time, among other descriptions, it described "AdSense for Domains" similar to the blocked-quote in paragraph 27, but denies that Plaintiffs have put the block quote in the proper context and that the description is a complete description of the "AdSense for Domains" program.  Except as expressly admitted herein, Google denies the allegations of paragraph 27.

28.   Denied.

29.   Denied.

30.   Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30, and on that basis, denies them.

**B.    Google's Monetization of AdWords Advertisements.**

31.   Google admits AdWords advertisers may opt to be billed by and to pay Google on a cost per click or cost per thousand impressions basis.  Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31, and on that basis, denies them.

32.   Google admits that one aspect of its AdWords advertising program involves a cost per click basis and that an advertiser choosing to be billed by and to pay Google on that basis pays a fee for each time the advertiser's ad is clicked on.  Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32, and on that basis, denies them.

33.   Google admits that one aspect of its AdWords advertising program involves a cost

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

ANSWER & COUNTERCLAIM TO AM.
CONSOL. COMPL.
CASE NO.  08-CV-03369 JW HRL

per thousand impressions basis and that an advertiser choosing to be billed by and to pay Google on that basis pays for impressions received. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33, and on that basis, denies them.

34. Google admits that one aspect of its AdWords advertising program involves a cost per click basis. Except as expressly admitted herein, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34, and on that basis, denies them.

35. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35, and on that basis, denies them.

36. Denied.

**C.      Google's Unlawful Conduct.**

37. Denied.

38. Denied.

39. Google admits that it has at times used language similar to the quoted language in paragraph 39 on its website concerning the AdWords advertising program, but denies that Plaintiffs have put the quoted language in the proper context and that the description is a complete description of the AdWords advertising program or Plaintiffs' respective contractual relationships with Google relating to the AdWords advertising program. Except as expressly admitted herein, Google denies the allegations of paragraph 39.

40. Google admits that it has at times used language similar to the quoted language in paragraph 40 on its website concerning the AdWords advertising program, but denies that Plaintiffs have put the quoted language in the proper context and that the description is a complete description of the AdWords advertising program or Plaintiffs' respective contractual relationships with Google relating to the AdWords advertising program. Except as expressly admitted herein, Google denies the allegations of paragraph 40.

41. Google admits that it has at times used language similar to the quoted language in paragraph 41 on its website concerning the AdWords advertising program, but denies that Plaintiffs have put the quoted language in the proper context and that the description is a

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

7.

ANSWER & COUNTERCLAIM TO AM.
CONSOL. COMPL.
CASE NO. 08-CV-03369 JW HRL

1   complete description of the AdWords advertising program or Plaintiffs' respective contractual

2   relationships with Google relating to the AdWords advertising program.  Except as expressly

3   admitted herein, Google denies the allegations of paragraph 41.

4          42.     Google admits that it has at times used language similar to the quoted language in

5   paragraph 42 on its website concerning the AdWords advertising program, but denies that

6   Plaintiffs have put the quoted language in the proper context and that the description is a

7   complete description of the AdWords advertising program or Plaintiffs' respective contractual

8   relationships with Google relating to the AdWords advertising program.  Except as expressly

9   admitted herein, Google denies the allegations of paragraph 42.

10         43.     Denied.

11         44.     Google admits that at one point in time, among other descriptions, it described the

12  Content Network similarly to the blocked-quote in paragraph 44, but denies that Plaintiffs have

13  put the block quote in the proper context and that the description is a complete description of the

14  Content Network or Plaintiffs' respective contractual relationships with Google relating to the

15  AdWords advertising program.   Except as admitted herein, Google denies the allegations of

16  paragraph 44.

17         45.     Google admits that at one point in time, among other descriptions, it described the

18  AdWords advertising program similarly to the blocked-quote in paragraph 45, but denies that

19  Plaintiffs have put the block quote in the proper context and that the description is a complete

20  description of the AdWords advertising program or Plaintiffs' respective contractual relationships

21  with Google relating to the AdWords advertising program.  Except as admitted herein, Google

22  denies the allegations of paragraph 45.

23         46.     Denied.

24         47.     Denied.

25         48.     Denied.

26         49.     Denied.

27         50.     Denied.

28         51.     Denied.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

8.

**ANSWER & COUNTERCLAIM TO AM.
CONSOL. COMPL.
CASE NO.  08-CV-03369 JW HRL**

52.     Denied.

53.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, and on that basis, denies them.

54.     Google admits that AdWords advertisers can choose various settings relating to the placement of advertisements.  Except as expressly admitted herein, Google denies the allegations of paragraph 54.

55.     Denied.

56.     Google admits that plaintiff Hal K. Levitte contracted for and used Google's AdWords advertising program and that it had communications with him.  Except as expressly admitted herein, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56, and on that basis, denies them.

57.     Google admits that plaintiff Hal K. Levitte contracted for and used Google's AdWords advertising program and that it had communications with him.  Except as expressly admitted herein, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57, and on that basis, denies them.

58.     Google admits that it posted a blog on or about March 6, 2008 regarding Google's site and category exclusion tool.  Except as expressly admitted herein, Google denies the allegations of paragraph 58.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Google admits that at one point in time, among other descriptions, it described the Placement Performance Report similarly to the blocked-quote in paragraph 63, but denies that Plaintiffs have put the block quote in the proper context and that the description is a complete description of the Placement Performance Report.  Except as admitted herein, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63, and on that basis, denies them.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

9.

ANSWER & COUNTERCLAIM TO AM.
CONSOL. COMPL.
CASE NO.  08-CV-03369 JW HRL

64.     Google admits that the Placement Performance Report is an AdWords report that presently provides site-by-site performance metrics for ads across the Content Network.   Except as expressly admitted herein, Google denies the allegations of paragraph 64.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Google admits that Plaintiffs accurately quote from one out-of-context sentence of a multi-sentence blog posting on June 12, 2007, but denies that Plaintiffs have put the quote in the proper context or that Plaintiffs' quote is the complete blog posting.   Except as expressly admitted herein, Google denies the allegations of paragraph 68.

69.     Denied.

70.     Google admits that it posted a blog entry on May 2, 2008 with the title "Where did I park?" on the AdWords Agency Blog.   Except as expressly admitted herein, Google denies the allegations of paragraph 70.

71.     Google admits that Plaintiffs quote a portion of the blog entry referred to in paragraph 70, but denies that Plaintiffs have put the quote in the proper context or that Plaintiffs' quote is the complete blog posting.   Except as expressly admitted herein, Google denies the allegations of paragraph 71.

72.     Denied.

73.     Denied.

## CLASS ALLEGATIONS

74.     Google admits that Plaintiffs purport to bring this action individually and on behalf of a putative class of AdWords advertisers.   Except as expressly admitted herein, Google denies the allegations of paragraph 74.

75.     Google admits that Plaintiffs purport to bring this action individually and on behalf of a putative class of AdWords advertisers.   Except as expressly admitted herein, Google denies the allegations of paragraph 75.

76.     Google admits that Plaintiff purports to bring this action individually and on behalf

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

ANSWER & COUNTERCLAIM TO AM.
CONSOL. COMPL.
CASE NO.  08-CV-03369 JW HRL

1   of a putative class of AdWords advertisers.  Except as expressly admitted herein, Google denies

2   the allegations of paragraph 76.

3       77.   Denied.

4       78.   Denied.

5       79.   Denied.

6       80.   Denied.

7       81.   Denied.

8       82.   Denied.

9       83.   Denied.

10       84.   Denied.

11       85.   The allegations of paragraph 85 are legal conclusions to which no response is

12   required.  To the extent a response is required, Google denies the allegations of paragraph 85.

13   **FIRST CLAIM FOR RELIEF**
**(VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE**
14   **SECTION 17200 ET SEQ. – "UNFAIR" CONDUCT)**

15

16       86.   Google hereby incorporates as through fully set forth herein its answers to

17   paragraphs 1 through 85.

18       87.   Denied.

19       88.   Denied.

20       89.   Denied.

21       90.   Denied.

22       91.   Denied.

23       92.   Denied.

24       93.   Denied.

25       94.   Google admits that Plaintiffs purportedly seek the relief requested in paragraph 94,

26   but denies that Plaintiffs are entitled to the relief requested.  Except as expressly admitted herein,

27   Google denies the allegations of paragraph 94.

28       95.   Google admits that Plaintiffs purportedly seek the relief requested in paragraph 95,

Cooley Godward
Kronish LLP
Attorneys At Law
San Diego

11.

ANSWER & COUNTERCLAIM TO AM.
CONSOL. COMPL.
Case No.  08-CV-03369 JW HRL

1  but denies that Plaintiffs are entitled to the relief requested.  Except as expressly admitted herein,

2  Google denies the allegations of paragraph 95.

**SECOND CLAIM FOR RELIEF**
**(VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE**
**SECTION 17200 ET SEQ. – "FRAUDULENT" CONDUCT)**

5  96.     Google hereby incorporates as through fully set forth herein its answers to

6  paragraphs 1 through 95.

7  97.    Denied.

8  98.    Denied.

9  99.    Denied.

10  100.    Denied.

11  101.    Denied.

12  102.    Denied.

13  103.    Denied.

14  104.    Google admits that Plaintiffs purportedly seek the relief requested in paragraph

15  104, but denies that Plaintiffs are entitled to the relief requested.  Except as expressly admitted

16  herein, Google denies the allegations of paragraph 104.

17  105.    Google admits that Plaintiffs purportedly seek the relief requested in paragraph

18  105, but denies that Plaintiffs are entitled to the relief requested.  Except as expressly admitted

19  herein, Google denies the allegations of paragraph 105.

**THIRD CLAIM FOR RELIEF**
**(VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS**
**CODE § 17200 ET SEQ. – "UNLAWFUL" CONDUCT)**

23  106.     Google hereby incorporates as through fully set forth herein its answers to

24  paragraphs 1 through 105.

25  107.    Denied.

26  108.    Denied.

27  109.    Denied.

28  110.    Denied.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

12.

ANSWER & COUNTERCLAIM TO AM.
CONSOL. COMPL.
CASE NO.  08-CV-03369 JW HRL

111.    Google admits that Plaintiffs purportedly seek the relief requested in paragraph 111, but denies that Plaintiffs are entitled to the relief requested.  Except as expressly admitted herein, Google denies the allegations of paragraph 111.

112.    Google admits that Plaintiffs purportedly seek the relief requested in paragraph 112, but denies that Plaintiffs are entitled to the relief requested.  Except as expressly admitted herein, Google denies the allegations of paragraph 112.

**FOURTH CLAIM FOR RELIEF**
**(VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE**
**SECTION 17500 ET SEQ.)**

113.    Google hereby incorporates as through fully set forth herein its answers to paragraphs 1 through 112.

114.    Google admits that Plaintiffs purport to bring this action individually and on behalf of a putative class of AdWords advertisers.  Except as expressly admitted herein, Google denies the allegations of paragraph 114.

115.    Admitted.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Google admits that Plaintiffs purportedly seek the relief requested in paragraph 119, but denies that Plaintiffs are entitled to the relief requested.  Except as expressly admitted herein, Google denies the allegations of paragraph 119.

**FIFTH CLAIM FOR RELIEF**
**(UNJUST ENRICHMENT)**

120.    Google hereby incorporates as through fully set forth herein its answers to paragraphs 1 through 119.

121.    Denied.

122.    Denied.

123.    Denied.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

13.

ANSWER & COUNTERCLAIM TO AM.
CONSOL. COMPL.
CASE NO.  08-CV-03369 JW HRL

124.    Denied.

Google denies that Plaintiffs are entitled to a judgment or to any other relief as requested in the "PRAYER FOR RELIEF."

## SEPARATE AND ADDITIONAL DEFENSES

As and for separate and additional defenses, Google alleges as follows:

### FIRST SEPARATE AND ADDITIONAL DEFENSE
### (Failure to State a Cause of Action)

1.      The Consolidated Complaint and each and every claim alleged therein fail to state facts sufficient to constitute a cause of action upon which relief may be granted.

### SECOND SEPARATE AND ADDITIONAL DEFENSE
### (Lack of Standing)

2.      Plaintiffs lack standing to assert the claims alleged in the Consolidated Complaint both individually and on behalf of the putative class.

### THIRD SEPARATE AND ADDITIONAL DEFENSE
### (No Harm)

3.      Google is informed and believes, and therefore alleges, that neither Plaintiffs nor any putative class member sustained any loss, damage, harm, or detriment in any amount as a result of any alleged acts, omissions, fault, fraud, carelessness, recklessness, negligence, or other breach of duty by Google.

### FOURTH SEPARATE AND ADDITIONAL DEFENSE
### (Res Judicata/Collateral Estoppel)

4.      Plaintiffs and some or all of the putative class members are barred from pursuing the Consolidated Complaint and the claims asserted therein against Google pursuant to the Final Order and Judgment Approving Settlement, Certifying Class for Settlement Purposes, Awarding Class Counsel Attorneys' Fees and Dismissing Action With Prejudice, entered by the Honorable Joe E. Griffin, Circuit Court Judge in the Circuit Court of Miller County, Arkansas on June 26, 2006 in *Lane's Gifts & Collectibles LLC, et. al. v. Yahoo! Inc., et. al.*, Case No. CV-2005-52-1.

/ / /

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

14.

ANSWER & COUNTERCLAIM TO AM.
CONSOL. COMPL.
CASE NO.  08-CV-03369 JW HRL

1

**FIFTH SEPARATE AND ADDITIONAL DEFENSE**
**(LACHES)**

2

3      5.      The Consolidated Complaint and the claims asserted therein are barred by the

4    doctrine of laches.

5

**SIXTH SEPARATE AND ADDITIONAL DEFENSE**
**(UNCLEAN HANDS)**

6

7      6.      The Consolidated Complaint and the claims asserted therein are barred by the

8    doctrine of unclean hands.

9

**SEVENTH SEPARATE AND ADDITIONAL DEFENSE**
**(ESTOPPEL)**

10

11     7.      The Consolidated Complaint and the claims asserted therein are barred by the

12    doctrine of estoppel.

13

**EIGHTH SEPARATE AND ADDITIONAL DEFENSE**
**(WAIVER)**

14

15     8.      The Consolidated Complaint and the claims asserted therein are barred by the

16    doctrine of waiver.

17

**NINTH SEPARATE AND ADDITIONAL DEFENSE**
**(JUSTIFICATION)**

18

19     9.      The Consolidated Complaint and the claims asserted therein are barred because to

20    the extent Google engaged in any of the alleged acts, omissions, or conduct, it did so with

21    justification.

22

**TENTH SEPARATE AND ADDITIONAL DEFENSE**
**(NO QUASI-CONTRACTUAL REMEDY)**

23

24     10.      Plaintiffs' claim for unjust enrichment, assuming arguendo unjust enrichment is a

25    separate and distinct claim or cause of action, is barred because unjust enrichment is a quasi-

26    contractual remedy that cannot be stated here because there are express contracts between

27    Plaintiffs, respectively, and Google.

28    / / /

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

15.

**ANSWER & COUNTERCLAIM TO AM.**
**CONSOL. COMPL.**
**CASE NO. 08-CV-03369 JW HRL**

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE
### (CONTRACT)

11.     The Consolidated Complaint and claims asserted therein are barred because the parties entered into a contract that contemplated, provided for, and authorized the acts or conduct complained of and on which recovery is sought.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE
### (CONSENT OR AUTHORIZATION)

12.     The Consolidated Complaint and claims asserted therein are barred because Plaintiffs expressly or impliedly approved, authorized, ratified, or consented to the complained acts or conduct, and are therefore precluded from recovery.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (STATUTE OF LIMITATIONS)

13.     The Consolidated Complaint and claims asserted therein are barred, in whole or in part, by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure sections 338 and 340 and California Business and Professions code section 17208.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (FAILURE TO MITIGATE)

14.     The Consolidated Complaint and claims asserted therein are barred, in whole or in part, by Plaintiffs and the putative class' failure to mitigate their damages, if any.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (SUFFICIENCY OF CLASS ACTION)

15.     This consolidated action is not maintainable as a class action, and relief on a class-wide basis is not appropriate because Plaintiffs have failed to allege and cannot prove the facts and prerequisites necessary for the maintenance of a class action, including but not limited to typicality, numerosity, commonality, superiority of class-based resolution, adequacy of class representative and class counsel, or predomination of common questions.

/ / /

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

16.

ANSWER & COUNTERCLAIM TO AM.
CONSOL. COMPL.
CASE NO. 08-CV-03369 JW HRL

**SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE**
**(ADDITIONAL DEFENSES)**

16.     Google hereby reserves its right to seek leave to amend this Answer to set forth additional defenses based on its ongoing investigation and discovery into the matters alleged in the Consolidated Complaint.

## COUNTERCLAIM AGAINST JIT PACKAGING INC.

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Counterclaim-Plaintiff Google Inc. ("Google") alleges for its Counterclaim against Counterclaim-Defendant JIT Packaging, Inc. ("JIT") as follows:

## NATURE OF ACTION

1.     This counterclaim is an action for breach of contract arising out of JIT initiating and maintaining a nearly identical, related putative class action in the United States District Court for the Northern District of Illinois before filing the instant action.  JIT's conduct violated the clear and conspicuous choice of law and forum selection clauses in its written contract with Google.  The Northern District of Illinois Action is entitled *JIT Packaging, Inc. v. Google Inc.*, N.D. Ill., Case No. 08-cv-4543 (RMD) (filed Aug. 11, 2008; closed on Oct. 8, 2008) ("N.D. Ill. Action").  Before consolidation, JIT's action in this court was known as *JIT Packaging, Inc. v. Google Inc.*, N.D. Cal., Case No. 08-cv-04701 (filed Oct. 10, 2008; administratively closed pursuant to order on Feb. 25, 2009).

## PARTIES

2.     Google is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California.

3.     JIT previously alleged in this action in its prior complaint that it is an Illinois corporation located at 1452 Brewster Creek Blvd, Bartlett, Illinois.  *See JIT Packaging, Inc. v. Google Inc.*, N.D. Cal., Case No. 08-cv-04701, Docket No. 1 (complaint).

/ / /

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

17.

**ANSWER & COUNTERCLAIM TO AM.
CONSOL. COMPL.
CASE NO. 08-CV-03369 JW HRL**

1                                     **JURISDICTION AND VENUE**

2        4.      This Court has supplemental subject matter jurisdiction over Google's

3 counterclaim under 28 U.S.C. § 1367(a) because it arises out of the same transaction or

4 occurrence that is the subject matter of JIT's claims and does not require adding another party

5 over whom the Court cannot acquire jurisdiction.

6        5.      By filing this action in this Court, JIT has consented to personal jurisdiction in this

7 Court.  Moreover, JIT consented to personal jurisdiction in this Court under the parties' written

8 contract.

9        6.      Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391

10 by virtue of JIT's admissions in this action, including its prior complaint and the Consolidated

11 Complaint, that venue is proper in this district.  Additionally, venue is proper in this district under

12 the parties' written contract.

13        7.      No other forum would be more convenient for the parties and witnesses to litigate

14 this action.

15                                   **FACTUAL BACKGROUND**

16        8.      On or around February 2004, JIT entered into various written contracts with

17 Google regarding Google's AdWords advertising program.  *JIT Packaging, Inc. v. Google Inc.*,

18 N.D. Ill., Case No. 08-cv-4543 (RMD), Docket No. 1 (complaint, at ¶¶ 4, 63, 73, 82, Exhibit A).

19        9.      Subsequently, on or after August 22, 2006, and before filing the N.D. Ill. Action,

20 JIT entered into a written contract entitled "Google Inc. Advertising Program Terms" (hereinafter

21 "AdWords Contract").  *JIT Packaging, Inc. v. Google Inc.*, N.D. Ill., Case No. 08-cv-4543

22 (RMD), Docket No. 1 (complaint, at ¶¶ 4, 63, 73, 82, Exhibit A).  A true and correct copy of the

23 AdWords Contract is attached as Exhibit 1 hereto.[1]

24       10.     The AdWords Contract states, in relevant part:

25               These Google Inc. Advertising Program Terms, ("**Terms**") are

26

---

[1] JIT also attached a copy of the AdWords Contract to its Complaint in the N.D. Ill. Action and to

27 its prior complaint in this action.  *JIT Packaging, Inc. v. Google Inc.*, N.D. Ill., Case No. 08-cv-4543 (RMD), Docket No. 1 (complaint); *JIT Packaging, Inc. v. Google Inc.*, N.D. Cal., Case No.

28 08-cv-04701, Docket No. 1 (complaint).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

18.

ANSWER & COUNTERCLAIM TO AM.
CONSOL. COMPL.
CASE NO. 08-CV-03369 JW HRL

entered into by, as applicable, the customer signing these Terms or any document that references these Terms or that accepts these Terms electronically ("**Customer**") and Google Inc. ("**Google**"). These Terms govern Customer's participation in Google's advertising program(s) ("**Program**") and, as applicable, any insertion orders or service agreements ("**IO**") executed by and between the parties and/or Customer's online management of any advertising campaigns. These Terms and any applicable IO are collectively referred to as the "**Agreement**." Google and Customer hereby agree and acknowledge:

…

**9. Miscellaneous**. THE AGREEMENT MUST BE CONSTRUED AS IF BOTH PARTIES JOINTLY WROTE IT AND GOVERNED BY CALIFORNIA LAW EXCEPT FOR ITS CONFLICTS OF LAWS PRINCIPLES.  ALL CLAIMS ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE GOOGLE PROGRAM(S) SHALL BE LITIGATED EXCLUSIVELY IN THE FEDERAL OR STATE COURTS OF SANTA CLARA COUNTY, CALIFORNIA, USA, AND GOOGLE AND CUSTOMER CONSENT TO PERSONAL JURISDICTION IN THOSE COURTS….

11.    In accordance with the terms and provisions of the AdWords Contract, Google fully and completely performed each and every act or thing required on its part to be performed under that agreement, except those that have been excused as a result of JIT's conduct.

12.    Despite the choice of law and forum selection clauses in the AdWords Contract, and in breach thereof, JIT initiated the N.D. Ill. Action against Google on August 11, 2008.  That action was based on the same conduct alleged in this action, but that action purported to assert

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

19.

ANSWER & COUNTERCLAIM TO AM.
CONSOL. COMPL.
CASE NO.  08-CV-03369 JW HRL

1  various common law and statutory claims under Illinois law.  Like this action, JIT styled the N.D.

2  Ill. Action complaint as a putative nationwide class action.

3       13.    After JIT breached the AdWords Contract by initiating the N.D. Ill. Action,

4  Google, through its counsel of record, repeatedly communicated with JIT, through its counsel of

5  record, to (a) notify JIT of its breach and (b) to request that JIT voluntarily dismiss the N.D. Ill.

6  Action and re-file in this Court under California law to limit the damage to Google from JIT's

7  breach.  Despite Google's repeated communications with JIT from August 26, 2008 to September

8  30, 2008, including specifically advising JIT on September 24, 2008 that Google would seek to

9  recover its costs and attorneys fees incurred in enforcing the forum selection clause, JIT refused

10  to dismiss and re-file in this Court.  Accordingly, on September 30, 2008, JIT's conduct forced

11  Google to file a motion to dismiss (or alternatively to transfer) the action under Rules 12(b)(3)

12  and 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1404 based on the choice of

13  law and forum selection clauses in the AdWords Contract.  *JIT Packaging, Inc. v. Google Inc.*,

14  N.D. Ill., Case No. 08-cv-4543 (RMD), Docket Nos. 22 and 23

15       14.    Only after forcing Google to file its motion to dismiss did JIT relent.  On October

16  8, 2008, JIT filed a stipulation of dismissal without prejudice of the N.D. Ill. Action complaint,

17  and the court closed the case on that date.  *JIT Packaging, Inc. v. Google Inc.*, N.D. Ill., Case No.

18  08-cv-4543 (RMD), Docket Nos. 27 and 28.

19       15.    On October 10, 2008, JIT initiated the instant action, which was subsequently

20  consolidated with three other earlier filed actions against Google relating to Google's AdWords

21  advertising program.

22       16.    Google has incurred significant expense because of JIT's breach of the AdWords

23  Contract, including, but not limited to, attorneys' fees and costs in communicating with JIT

24  regarding its breach and requesting that JIT dismiss, in preparing and filing its motion to dismiss

25  in the N.D. Ill. Action, and in eventually obtaining dismissal of that action and other costs.

26

27

28  / / /

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

20.

**ANSWER & COUNTERCLAIM TO AM.
CONSOL. COMPL.**
**CASE NO. 08-CV-03369 JW HRL**

## COUNTERCLAIM COUNT I

### (Breach of Contract)

17. Google hereby repeats and re-alleges the information set forth in paragraphs 1 - 16 of this Counterclaim, as if fully set forth herein.

18. On or after August 22, 2006, and before filing the N.D. Ill. Action, JIT entered into the AdWords Contract with Google.

19. The AdWords Contract contains a clear and conspicuous choice of law and forum selection clauses that mandate that any action arising out of or relating to the AdWords Contract or to Google program(s) be litigated in federal or state court in Santa Clara County, California and that California law governs.

20. Google fully and completely performed each and every act or thing required on its part to be performed under that agreement, except those that have been excused as a result of JIT's conduct.

21. JIT breached the agreement by filing the N.D. Ill. Action and by maintaining it until October 8, 2008.

22. As a result of JIT's breach of contract, Google has suffered damages as alleged herein in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Google prays for relief and judgment as follows:

1. That the Court deny Plaintiffs' prayer for relief in its entirety and that the Court dismiss the Consolidated Complaint with prejudice and enter judgment in Google's favor and against Plaintiffs;

2. That the Court award Google its costs and expenses that it incurs in this action and attorneys' fees as permitted by law;

3. That judgment enter in Google's favor and against JIT as to Google's Counterclaim;

4. That the Court award Google damages against JIT in an amount according to proof; and

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

21.

ANSWER & COUNTERCLAIM TO AM.
CONSOL. COMPL.
CASE NO. 08-CV-03369 JW HRL

5.      That the Court award Google such other and further relief that it deems appropriate.

Dated: March 4, 2010

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
PETER J. WILLSEY *(admitted pro hac vice)*
LEO P. NORTON (216282)


/s/ Leo P. Norton
Leo P. Norton

Attorneys for Defendant
GOOGLE INC.
Email: lnorton@cooley.com

665216 /SD

ANSWER & COUNTERCLAIM TO AM.
CONSOL. COMPL.
CASE NO. 08-CV-03369 JW HRL

# EXHIBIT 1

# Google Inc. Advertising Program Terms

These Google Inc. Advertising Program Terms ("**Terms**") are entered into by, as applicable, the customer signing these Terms or any document that references these Terms or that accepts these Terms electronically ("**Customer**") and Google Inc. ("**Google**"). These Terms govern Customer's participation in Google's advertising program(s) ("**Program**") and, as applicable, any insertion orders or service agreements ("**IO**") executed by and between the parties and/or Customer's online management of any advertising campaigns. These Terms and any applicable IO are collectively referred to as the "**Agreement**." Google and Customer hereby agree and acknowledge:

**1     Policies.** Program use is subject to all applicable Google and Partner policies, including without limitation the Editorial Guidelines (adwords.google.com/select/guidelines.html), Google Privacy Policy (www.google.com/privacy.html) and Trademark Guidelines (www.google.com/permissions/guidelines.html), and Google and Partner ad specification requirements (collectively, "**Policies**"). Policies may be modified at any time. Customer shall direct only to Google communications regarding Customer ads on Partner Properties. Some Program features are identified as "**Beta**," "**Ad Experiment**," or otherwise unsupported ("**Beta Features**"). To the fullest extent permitted by law, Beta Features are provided "**as is**" and at Customer's option and risk. Customer shall not disclose to any third party any information from Beta Features, existence of non-public Beta Features or access to Beta Features. Google may modify ads to comply with any Policies.

**2     The Program.** Customer is solely responsible for all: (a) ad targeting options and keywords (collectively "**Targets**") and all ad content, ad information, and ad URLs ("**Creative**"), whether generated by or for Customer; and (b) web sites, services and landing pages which Creative links or directs viewers to, and advertised services and products (collectively "**Services**"). Customer shall protect any Customer passwords and takes full responsibility for Customer's own, and third party, use of any Customer accounts. Customer understands and agrees that ads may be placed on (y) any content or property provided by Google ("**Google Property**"), and, unless Customer opts out of such placement in the manner specified by Google, (z) any other content or property provided by a third party ("**Partner**") upon which Google places ads ("**Partner Property**"). Customer authorizes and consents to all such placements. With respect to AdWords online auction-based advertising, Google may send Customer an email notifying Customer it has 72 hours ("**Modification Period**") to modify keywords and settings as posted. The account (as modified by Customer, or if not modified, as initially posted) is deemed approved by Customer in all respects after the Modification Period. Customer agrees that all placements of Customer's ads shall conclusively be deemed to have been approved by Customer unless Customer produces contemporaneous documentary evidence showing that Customer disapproved such placements in the manner specified by Google. With respect to all other advertising, Customer must provide Google with all relevant Creative by the due date set forth in that Program's applicable frequently asked questions at www.google.com ("**FAQ**") or as otherwise communicated by Google. Customer grants Google permission to utilize an automated software program to retrieve and analyze websites associated with the Services for ad quality and serving purposes, unless Customer specifically opts out of the evaluation in a manner specified by Google. Google may modify any of its Programs at any time without liability. Google also may modify these Terms at any time without liability, and Customer's use of the Program after notice that these Terms have changed constitutes Customer's acceptance of the new Terms. Google or Partners may reject or remove any ad or Target for any or no reason.

**3     Cancellation.** Customer may cancel advertising online through Customer's account if online cancellation functionality is available, or, if not available, with prior written notice to Google, including without limitation electronic mail. AdWords online auction-based advertising cancelled online will cease serving shortly after cancellation. The cancellation of all other advertising may be subject to Program policies or Google's ability to re-schedule reserved inventory or cancel ads already in production. Cancelled ads may be published despite cancellation if cancellation of those ads occurs after any applicable commitment date as set forth in advance by the Partner or Google, in which case Customer must pay for those ads. Google may cancel immediately any IO, any of its Programs, or these Terms at any time with notice, in which case Customer will be responsible for any ads already run. Sections 1, 2, 3, 5, 6, 7, 8, and 9 will survive any expiration or termination of this Agreement.

**4     Prohibited Uses; License Grant; Representations and Warranties.** Customer shall not, and shall not authorize any party to: (a) generate automated, fraudulent or otherwise invalid impressions, inquiries, conversions, clicks or other actions; (b) use any automated means or form of scraping or data extraction to access, query or otherwise collect Google advertising related information from any Program website or property except as expressly permitted by Google; or (c) advertise anything illegal or engage in any illegal or fraudulent business practice. Customer represents and warrants that it holds and hereby grants Google and Partners all rights (including without limitation any copyright, trademark, patent, publicity or other rights) in Creative, Services

and Targets needed for Google and Partner to operate Programs (including without limitation any rights needed to host, cache, route, transmit, store, copy, modify, distribute, perform, display, reformat, excerpt, analyze, and create algorithms from and derivative works of Creative or Targets) in connection with this Agreement ("**Use**"). Customer represents and warrants that (y) all Customer information is complete, correct and current; and (z) any Use hereunder and Customer's Creative, Targets, and Customer's Services will not violate or encourage violation of any applicable laws, regulations, code of conduct, or third party rights (including without limitation intellectual property rights). Violation of the foregoing may result in immediate termination of this Agreement or customer's account without notice and may subject Customer to legal penalties and consequences.

**5    Disclaimer and Limitation of Liability.** To the fullest extent permitted by law, GOOGLE DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING WITHOUT LIMITATION FOR NONINFRINGEMENT, SATISFACTORY QUALITY, MERCHANTABILITY AND FITNESS FOR ANY PURPOSE. To the fullest extent permitted by law, Google disclaims all guarantees regarding positioning, levels, quality, or timing of: (i) costs per click; (ii) click through rates; (iii) availability and delivery of any impressions, Creative, or Targets on any Partner Property, Google Property, or section thereof; (iv) clicks; (v) conversions or other results for any ads or Targets; (vi) the accuracy of Partner data (e.g. reach, size of audience, demographics or other purported characteristics of audience); and (vii) the adjacency or placement of ads within a Program. Customer understands that third parties may generate impressions or clicks on Customer's ads for prohibited or improper purposes, and Customer accepts the risk of any such impressions and clicks. Customer's exclusive remedy, and Google's exclusive liability, for suspected invalid impressions or clicks is for Customer to make a claim for a refund in the form of advertising credits for Google Properties within the time period required under Section 7 below. Any refunds for suspected invalid impressions or clicks are within Google's sole discretion. EXCEPT FOR INDEMNIFICATION AMOUNTS PAYABLE TO THIRD PARTIES HEREUNDER AND CUSTOMER'S BREACHES OF SECTION 1, TO THE FULLEST EXTENT PERMITTED BY LAW: (a) NEITHER PARTY WILL BE LIABLE FOR ANY CONSEQUENTIAL, SPECIAL, INDIRECT, EXEMPLARY, OR PUNITIVE DAMAGES (INCLUDING WITHOUT LIMITATION LOSS OF PROFITS, REVENUE, INTEREST, GOODWILL, LOSS OR CORRUPTION OF DATA OR FOR ANY LOSS OR INTERRUPTION TO CUSTOMER'S BUSINESS) WHETHER IN CONTRACT, TORT (INCLUDING WITHOUT LIMITATION NEGLIGENCE) OR ANY OTHER LEGAL THEORY, EVEN IF ADVISED OF THE POSSIBILITY OF SUCH DAMAGES AND NOTWITHSTANDING ANY FAILURE OF ESSENTIAL PURPOSE OF ANY LIMITED REMEDY; AND (b) EACH PARTY'S AGGREGATE LIABILITY TO THE OTHER IS LIMITED TO AMOUNTS PAID OR PAYABLE TO GOOGLE BY CUSTOMER FOR THE AD GIVING RISE TO THE CLAIM. Except for payment obligations, neither party is liable for failure or delay resulting from a condition beyond the reasonable control of the party, including without limitation to acts of God, government, terrorism, natural disaster, labor conditions and power failures.

**6    Agency.** Customer represents and warrants that (a) it is authorized to act on behalf of and has bound to this Agreement any third party for which Customer advertises (a "**Principal**"), (b) as between Principal and Customer, the Principal owns any rights to Program information in connection with those ads, and (c) Customer shall not disclose Principal's Program information to any other party without Principal's consent.

**7    Payment.** Customer shall be responsible for all charges up to the amount of each IO, or as set in an online account, and shall pay all charges in U.S. Dollars or in such other currency as agreed to in writing by the parties. Unless agreed to by the parties in writing, Customer shall pay all charges in accordance with the payment terms in the applicable IO or Program FAQ. Late payments bear interest at the rate of 1.5% per month (or the highest rate permitted by law, if less). Charges are exclusive of taxes. Customer is responsible for paying (y) all taxes, government charges, and (z) reasonable expenses and attorneys fees Google incurs collecting late amounts. To the fullest extent permitted by law, Customer waives all claims relating to charges (including without limitation any claims for charges based on suspected invalid clicks) unless claimed within 60 days after the charge (this does not affect Customer's credit card issuer rights). Charges are solely based on Google's measurements for the applicable Program, unless otherwise agreed to in writing. To the fullest extent permitted by law, refunds (if any) are at the discretion of Google and only in the form of advertising credit for only Google Properties. Nothing in these Terms or an IO may obligate Google to extend credit to any party. Customer acknowledges and agrees that any credit card and related billing and payment information that Customer provides to Google may be shared by Google with companies who work on Google's behalf, such as payment processors and/or credit agencies, solely for the purposes of checking credit, effecting payment to Google and servicing Customer's account. Google may also provide information in response to valid legal process, such as subpoenas, search warrants and court orders, or to establish or exercise its legal rights or defend against legal claims. Google shall not be liable for any use or disclosure of such information by such third parties.

**8    Indemnification.** Customer shall indemnify and defend Google, its Partners, agents, affiliates, and licensors from any third party claim or liability (collectively, "**Liabilities**"), arising out of Use, Customer's Program use,

Targets, Creative and Services and breach of the Agreement.  Partners shall be deemed third party beneficiaries of the above Partner indemnity. ·

**9    Miscellaneous.** THE AGREEMENT MUST BE CONSTRUED AS IF BOTH PARTIES JOINTLY WROTE IT AND GOVERNED BY CALIFORNIA LAW EXCEPT FOR ITS CONFLICTS OF LAWS PRINCIPLES.  ALL CLAIMS ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE GOOGLE PROGRAM(S) SHALL BE LITIGATED EXCLUSIVELY IN THE FEDERAL  OR  STATE COURTS OF SANTA CLARA COUNTY, CALIFORNIA, USA, AND GOOGLE AND CUSTOMER CONSENT TO PERSONAL JURISDICTION IN THOSE COURTS. The Agreement constitutes the entire and exclusive agreement between the parties with respect to the subject matter hereof, and supersedes and replaces any other agreements, terms and conditions applicable to the subject matter hereof. No statements or promises have been relied upon in entering into this Agreement except as expressly set forth herein, and any conflicting or additional terms contained in any other documents (e.g. reference to a purchase order number) or oral discussions are void. Each party shall not disclose the terms or conditions of these Terms to any third party, except to its professional advisors under a strict duty of confidentiality or as necessary to comply with a government law, rule or regulation.  Customer may grant approvals, permissions, extensions and consents by email, but any modifications by Customer to the Agreement must be made in a writing executed by both parties. Any notices to Google must be sent to Google Inc., Advertising Programs, 1600 Amphitheatre Parkway, Mountain View, CA 94043, USA, with a copy to Legal Department, via confirmed facsimile, with a copy sent via first class or air mail or overnight courier, and are deemed given upon receipt. A waiver of any default is not a waiver of any subsequent default. Unenforceable provisions will be modified to reflect the parties' intention and only to the extent necessary to make them enforceable, and remaining provisions of the Agreement will remain in full effect. Customer may not assign any of its rights hereunder and any such attempt is void. Google and Customer and Google and Partners are not legal partners or agents, but are independent contractors.  In the event that these Terms or a Program expire or is terminated, Google shall not be obligated to return any materials to Customer. Notice to Customer may be effected by sending an email to the email address specified in Customer's account, or by posting a message to Customer's account interface, and is deemed received when sent (for email) or no more than 15 days after having been posted (for messages in Customer's AdWords interface).

*August 22, 2006*

1   COOLEY GODWARD KRONISH LLP
     MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2   LEO P. NORTON (216282) (lnorton@cooley.com)
     4401 Eastgate Mall
3   San Diego, CA 92121-1909
     Telephone:   (858) 550-6000
4   Facsimile:    (858) 550-6420

5   COOLEY GODWARD KRONISH LLP
     PETER J. WILLSEY (*admitted pro hac vice*)
6   (pwillsey@cooley.com)
     777 6th Street, N.W.
7   Washington, D.C. 20001
     Telephone:   (202) 842-7800
8   Facsimile:    (202) 842-7899

9   Attorneys for Defendant
     GOOGLE INC.

10

11               UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13                 SAN JOSE DIVISION

14

15   In re Google AdWords Litigation         Case No. 08-cv-03369 JW HRL

16

17                        **CERTIFICATE OF SERVICE**

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

CERTIFICATE OF SERVICE
CASE NO. 08-CV-03369 JW HRL

1

## CERTIFICATE OF SERVICE

2   I hereby certify that on March 4, 2010, I filed the foregoing **DEFENDANT GOOGLE INC.'S
    ANSWER AND COUNTERCLAIM TO AMENDED CONSOLIDATED CLASS ACTION**

3   **COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send notification
    of such filing to the following attorneys of record at the following listed email addresses.

4

5   - **Willem F. Jonckheer**
      wjonckheer@schubert-reed.com

6   - **Kimberly Ann Kralowec**
      kkralowec@schubertlawfirm.com

7   - **Leo Patrick Norton**
      lnorton@cooley.com,kjones@cooley.com

8   - **Michael Graham Rhodes**
      rhodesmg@cooley.com

9   - **Guido Saveri**
      guido@saveri.com,william@saveri.com,cadio@saveri.com

10  - **Dustin Lamm Schubert**
      dschubert@schubertlawfirm.com

11

12   I also hereby certify that I am personally and readily familiar with the business practice of Cooley
     Godward Kronish LLP for collection and processing of correspondence for mailing with the

13   United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to
     be placed in the United States Postal Service at San Diego, California upon the following:

14

15   ROBERT FOOTE                          KATHLEEN C. CHAVEZ
     MATTHEW J. HERMAN                      CHAVEZ LAW FIRM P.C.

16   CRAIG MIELKE                           28 North First St.
     FOOTE, MEYERS, MIELKE & FLOWERS,       Suite 2

17   LLC                                    Geneva, IL 60134
     28 North First St., Suite 2

18   Geneva, IL 60134

19

20   PETER L. CURRIE                        BRIAN S. KABATECK
     THE LAW FIRM OF PETER L. CURRIE,       KABATECK BROWN KELLNER LLP

21   P.C.                                   644 South Figueroa Street
     536 Wing Lane                          Los Angeles, CA 90017

22   St. Charles, IL 60174

23   PETER A. LAGORIO                       TERRY GROSS
     LAW OFFICE OF PETER A. LAGORIO         ADAM C. BELSKY

24   63 Atlantic Avenue                     MONIQUE ALONSO
     Boston, MA 02110                       GROSS BELSKY ALONSO LLP

25                                          180 Montgomery Street

26                                          Suite 2200
                                            San Francisco, CA 94104

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

**CERTIFICATE OF SERVICE**
**CASE NO. 08-CV-03369 JW HRL**

1

2

3
_____

Marcie Araujo

4
COOLEY GODWARD KRONISH LLP

5
4401 Eastgate Mall
San Diego, CA  92121-1909

6
Telephone: (858) 550-6000
FAX: (858) 550-6420

7
Email:  maraujo@cooley.com

8

9
605531 v3/SD

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2.

**CERTIFICATE OF SERVICE**
CASE NO.  08-CV-03369 JW HRL