| | |
|---|---|
| 1 | THOMAS E. FRANKOVICH (State Bar #074414) |
| | JENNIFER L. STENEBERG (State Bar #202985) |
| 2 | THUY M. HOANG (State Bar #221206) |
| | THOMAS E. FRANKOVICH |
| 3 | *A PROFESSIONAL LAW CORPORATION* |
| | 2806 Van Ness Avenue |
| 4 | San Francisco, CA 94109 |
| | Telephone: 415/674-8600 |
| 5 | Facsimile: 415/674-9900 |

6  Attorneys for Plaintiffs MARSHALL LOSKOT
   and DISABILITY RIGHTS ENFORCEMENT,
7  EDUCATION SERVICES: HELPING YOU
   HELP OTHERS
8
   SARAH K. GOLDSTEIN (State Bar #197343)
9  KATHERINE S. CATLOS (State Bar # 184227)
   LEWIS BRISBOIS BISGAARD & SMITH LLP
10 One Sansome Street, Suite 1400
   San Francisco, CA 94104-4448
11 Telephone: 415/362-2580
   Facsimile: 415/434-0882
12
   Attorneys for Defendant SUMRAD
13 INVESTMENT I, a California limited
   partnership, dba BEST INN EL CERRITO
14

15                    UNITED STATES DISTRICT COURT

16                    NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 17 | MARSHALL LOSKOT, an individual; ) | **CASE NO. C-03-2697 MJJ** |
| | and DISABILITY RIGHTS ) | |
| 18 | ENFORCEMENT, EDUCATION ) | **JOINT CASE MANAGEMENT** |
| | SERVICES:HELPING YOU HELP ) | **STATEMENT** |
| 19 | OTHERS, a California public benefit ) | |
| | corporation, ) | Date: October 14, 2003 |
| 20 | ) | Time: 2:00 p.m. |
| | Plaintiffs, ) | Judge: Hon. Martin J. Jenkins |
| 21 | ) | Courtroom: # 11, 19th Floor |
| | vs. ) | Courthouse: 450 Golden Gate Avenue |
| 22 | ) | San Francisco, California |
| | BEST INN EL CERRITO; SUMRAD ) | Telephone: (415)522-2123 |
| 23 | INVESTMENT I, a California limited ) | |
| | partnership, dba BEST INN EL CERRITO ) | |
| 24 | ) | |
| | ) | |
| 25 | Defendant. ) | |
| | _____ ) | |
| 26 | _ | |

27      The parties, by and through their respective attorneys of record, hereby jointly submit

28 this Case Management Statement and Proposed Order and request the Court to adopt it as its

JOINT CASE MANAGEMENT STATEMENT

Case Management Order on this case.

## DESCRIPTION OF THE CASE

**1. Summary of the Claims:**

    1. Plaintiffs' Contentions:

        This is an action brought by plaintiffs for alleged discrimination based upon the defendants' alleged failure to comply with the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §12101, *et seq.*, the Unruh Civil Rights Act, Cal. Civ. Code §§51 and 51.5, California Health & Safety Code §19955, *et seq.*, the California Disabled Persons Act, Cal. Civ. Code §§54, 54.1 and 54.3, and California Business & Professions Code §17200, *et seq.*, all of which statutes relate to the denial of access to a place of public accommodation.

    2. Defendant's Contentions:

        Defendant is in the process of investigating Plaintiffs' allegations and believes the property is in compliance with accessibility laws. Defendant is investigating the defenses raised by the issues below.

**2. Principal Factual Issues:**

    1. Plaintiffs' Principal Factual Issues:

        a. whether plaintiffs were discriminated against;

        b. whether architectural barriers exist at the BEST INN EL CERRITO which deny access to persons with disabilities;

        c. whether removal of architectural barriers at the BEST INN EL CERRITO is readily achievable;

        d. whether the BEST INN EL CERRITO was constructed, altered or remodeled after January 1, 1970;

        e. whether and to what extent plaintiff MARSHALL LOSKOT suffered actual damages.

    2. Defendant's Principal Factual Issues:

        a. whether the changes suggested by Plaintiffs are required by the ADA, Unruh Act, Persons with Disabilities Act, and Health and Safety Code;

        b. whether the subject property underwent renovations thereby triggering the above-referenced laws;

        c. whether the items enumerated by Plaintiffs are actionable barriers to access;

|   |   |    |   |
|---|---|----|---|
| 1 |   | d. | whether the subject property complied with the ADAAG and/or Title 24; |
| 2 |   | e. | whether the changes suggested by Plaintiffs are readily achievable; |
| 3 |   | f. | whether Plaintiffs claims are moot; |
| 4 |   | g. | whether Plaintiffs are entitled to statutory damages under the Unruh Act and/or Persons with Disabilities Act; |
| 5 |   | h. | how statutory damages are calculated; |
| 6 |   | i. | whether Plaintiffs are entitled to injunctive relief; |
| 7-8 |   | j. | whether Plaintiffs have standing to assert their claims for denial of access. |

**3. Principal Legal Issues:**

None.

**4. Service of Process:**

All parties known to plaintiffs have been named and served.

**5. Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331

for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

Pursuant to supplemental (pendant) jurisdiction, attendant and related causes of action, arising

from the same nucleus of operative facts and arising out of the same transactions, are also

brought under parallel California law, whose goals are closely tied with the ADA, including

but not limited to violations of California Civil Code §51, *et seq.* and § 54, *et seq.*, California

Health & Safety Code §19955 *et seq*., including §19959; Title 24, California Building

Standards Code.

**6. Venue:** Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded

on the facts that the real property which is the subject of this action is located in this district

at/near 6009 Potrero Ave., in the City of El Cerrito, County of Contra Costa, California and

that plaintiffs' causes of action arose in this district.

**7.    Possible Joinder of Parties:**

None anticipated.

**8.    Consent to Magistrate Judge:**

The parties consent to the jurisdiction of the Magistrate for settlement conference purposes only.

## ALTERNATE DISPUTE RESOLUTION

**9**.    Defendant prefers Early Neutral Evaluation. However, the parties have stipulated to mediation and an ADR Certification was filed with the Court on September 23, 2003. Plaintiffs prefer referral to a Magistrate Judge for settlement conference purposes.

## DISCLOSURES

**10.**    The parties will exchange initial disclosures of evidence pursuant to Fed. R. Civ. P. 26(a)(1)

## DISCOVERY

**11.**    The parties request that the Court order the following discovery plan:

    **A.    Limitations on discovery tools (specify number):**

        i.    depositions (including experts) by side:

            Plaintiffs request: __8__
            Defendant requests: __10__ (limited to two days of seven hours each)

        ii.    interrogatories served by side:
            (exclusive of interrogatories related to requests for admissions)

            Plaintiffs request: __50__
            Defendant requests: __25__

        iii.    document production requests served by side:

            Plaintiffs request: __75__
            Defendant requests: __25__

        iv.    requests for admissions served by side:

            Plaintiffs request: __75__
            Defendant requests: __25__

**B. The parties agree to the following limitations on the subject matter of discovery:**

None.

**C. Deadlines for completion of discovery:**

a. all discovery including experts: August 23, 2004

b. simultaneous disclosure of experts: April 5, 2004

## SCHEDULING OF FUTURE PROCEEDINGS

**12.** The parties request the following pretrial schedule:

Trial Date: October 4, 2004

Pretrial Conference: August 23, 2004

Last Day to Hear Discovery Motions: July 12, 2004

Last Day to Hear Dispositive Motions: July 12, 2004

**13.** The parties estimate trial to take 5 - 7 days.

DATED: October 3, 2003     THOMAS E. FRANKOVICH
                           *A PROFESSIONAL LAW CORPORATION*

By: _____/s/_____
      Thuy M. Hoang
Attorneys for Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS

DATED: October 3, 2003     LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____/s/_____
      Sarah K. Goldstein
Attorneys for Defendant SUMRAD INVESTMENT I, a California limited partnership, dba BEST INN EL CERRITO

## **ORDER**

IT IS SO ORDERED.

Dated: _____, 2003

_____
Hon. Martin J. Jenkins
United States District Court Judge