PETER D. KEISLER
Assistant Attorney General

KEVIN V. RYAN
United States Attorney

JOANN M. SWANSON
Assistant United States Attorney

JOSEPH H. HUNT
Director, Federal Programs Branch

VINCENT M. GARVEY
Deputy Branch Director

JOHN R. TYLER
United States Department of Justice
Civil Division
20 Massachusetts Ave., N.W., Rm. 7344
Washington, DC 20004
Tel: (202) 514-4781
Fax: (202) 616-8470

Counsel for Defendant United States of America

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

---

| | |
|---|---|
| ISIDRO JIMENEZ DE LA TORRE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | Case No. C-02-1942 <br><br> **DEFENDANT UNITED STATES' REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT** <br><br> Date: November 7, 2003 <br> Time: 10:00 a.m. <br> Courtroom: 8, Judge Charles R. Breyer |
| MARIO BARBA, as successor in interest of ANGEL BARBA, deceased <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | Case No. C-02-1944 (CRB) |

U.S. Reply Mem. In Support of Motion to Strike Plaintiffs' Amended Complaint
Case Nos. 02-1942, 02-1043, 02-1944

| | |
|---|---|
| PEDRO GARCIA CHAVEZ | ) |
| Plaintiff, | ) Case No. C-02-1943 |
| vs. | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| Defendants. | ) |

**INTRODUCTION**

Plaintiffs' Consolidated Amended Complaint, which was filed with the Court on June 13, 2003, should be stricken *in toto* under Rule 12(f) of the Federal Rules of Civil Procedure. As the United States previously demonstrated in its opening memorandum in support of its motion to strike (June 27, 2003), the Consolidated Amended Complaint does not conform with the Court's Order of December 6, 2002, granting leave to only a single plaintiff, Mr. Manuel Alvarez Parra, to amend his complaint to bring a contract claim against the federal government under the "Little Tucker Act." In direct contravention of the Court's Order, the Consolidated Amended Complaint asserts a contract claim on behalf of *all* named plaintiffs.

In their opposition to the government's motion to strike (September 10, 2003), plaintiffs attempt to excuse their conduct by restating arguments for the proposition that all named plaintiffs are purportedly entitled on equitable grounds to assert a contract claim against the government under the Little Tucker Act. The Court, however, has previously rejected these identical arguments in response to plaintiffs' motion for leave to amend their complaint.

The Consolidated Amended Complaint additionally contravenes the Court's Order with respect to plaintiffs' proposed Administrative Procedure Act ("APA") claims. Although the Court on December 6, 2002 granted plaintiffs leave to bring an APA claim based on international agreements between the United States and Mexico, the Consolidated Amended Complaint goes far beyond the Court's Order to bring new causes of action based, *inter alia*, on the Railroad Retirement Act. Plaintiffs have never moved for, and this Court has never granted them, leave to

U.S. Reply Mem. In Support of Motion to Strike Plaintiffs' Amended Complaint
Case Nos. 02-1942, 02-1043, 02-1944

amend their complaint to bring such claims. Plaintiffs' attempted injection of these claims without prior leave of the Court is prejudicial to the government and should not be allowed.

## ARGUMENT

I. **PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT CONTRAVENES THE COURT'S ORDER GRANTING ONLY A SINGLE PLAINTIFF LEAVE TO BRING A CONTRACT CLAIM AGAINST THE UNITED STATES**

In the hearing held on December 6, 2002 on plaintiffs' Fed. R .Civ . P. 15 motion for leave to file a consolidated amended complaint, the Court very clearly granted leave only to a single plaintiff, Mr. Manuel Alvarez Parra, to bring a contract claim against the government under the Little Tucker Act, as demonstrated in the following colloquy between the government counsel (Mr. Tyler) and the Court:

> **Mr. Tyler:** If I can – for purposes of clarification: Is your Honor holding that the complaint can be amended on behalf of Mr. Parra alone, that discovery is available to the government with respect to Mr. Parra to test their [sic] allegations – –
>
> **The Court:** Yes.
>
> **Mr. Tyler:** – – in support of equitable tolling, and that goes to his Tucker Act claim, the contract claim.
>
> **The Court:** Yes.

Hearing Transcript at 11-12 (Dec. 6, 2002).[1] Notwithstanding this ruling, the Consolidated Amended Complaint attempts to bring a Little Tucker Act claim on behalf of all named plaintiffs. See Consolidated Amended Complaint, ¶¶ 55-62.

Plaintiffs argue that their amended pleading on behalf of all named plaintiffs is appropriate because each of the "plaintiffs pleaded facts that support equitable tolling of the statute of limitations applicable to their claims." See Plaintiffs' Opposition Memorandum at 4. But this argument ignores the basis for the Court's Order granting leave to Mr. Parra alone to bring a contract claim against the government. The Savings Fund Provision, which is the basis for plaintiffs' Little Tucker Act claim, ceased to exist as of January 1, 1946, as found by the

---

[1] The Hearing Transcript is attached both to the government's motion to strike and plaintiffs' opposition thereto.

Court in a previous decision. Cruz v. United States, 219 F. Supp.2d 1027, 2031 (N.D. Cal. 2002)("By agreement between the United States and Mexico, all Savings Fund deductions were terminated on January 1, 1946").[2] Indeed, the Court expressly referred to this fact in the December 6, 2002 hearing:

> **The Court:** Plaintiffs have identified a total of three [sic] individuals, of which two were not under contract with the United States prior to January 1st, 1946. So even if the Tucker Act Claim were equitably tolled, I don't understand how it would apply to them.

Hearing Transcript at 4.

Plaintiffs, rather than contesting the above finding, simply ignore it. Thus, in opposing the government's motion to strike, plaintiffs argue that each of them have pleaded facts in support of equitable tolling, while omitting the fact that, with one exception, none of them were under contract with the United States prior to January 1, 1946. See Plaintiffs' Opposition Memorandum at 4. For example, although plaintiffs argue that plaintiff Jose Aceves Morales pleads facts in support of equitable tolling, they omit informing the Court that Mr. Morales did not begin work in the United States until 1956. Id.; see Consolidated Amended Complaint, ¶ 5. The same is true with respect to plaintiffs Pedro Parra Aceves, Eliceo Parra de la Torre, Martin Jimenez Rodriguez, and Rafael Jimenez de la Torre. Id.; Consolidated Amended Complaint, ¶¶ 6, 7, 15, and 16.[3]

---

[2] As this Court further explained, although employers of agricultural braceros continued pursuant to a separate agreement to deduct 10% of each worker's wages for a period of time in 1948, "[t]he United States was no longer a signatory to the individual work contract" which is the basis for plaintiffs' Little Tucker Act claim. Id. As a result, plaintiffs' contract claim against the government is limited to a brief period of time – 1942 to December 31, 1945 – in which the government entered into individual contracts with each bracero whereby 10% of his wages was deducted pursuant to the Savings Fund Provision. Id. at 1031.

[3] The Consolidated Amended Complaint also brings contract claims on behalf of other named plaintiffs for whom no facts have been pleaded in support of equitable tolling and/or who did not begin work in the United States until after 1946.. See e.g., Consolidated Amended Complaint ¶ 13 (Antonia de la Torre); id. ¶ 8 (Pedro Garcia Chavez); id. ¶ 10 (Luis Torres Lupercio); id. ¶ 11 (J. Asencion Casillas Alvarez).

1    Indeed, the same is also true for Manuel Alvarez Parra, the sole plaintiff who was granted
2 leave by the Court to bring a contract claim against the government based on the representation
3 that he had worked as "an agricultural bracero from 1943 through 1960" and did not know about
4 the Savings Fund deductions. <u>See</u> Proposed Amended Complaint, ¶ 9 (attached to plaintiffs'
5 motion for leave to amend, Docket No. 29, September 26, 2002). As plaintiffs now admit,
6 "Alvarez Parra [in fact] worked as a bracero from 1955 through 1956." <u>See</u> Plaintiffs'
7 Opposition Memorandum at 5; Consolidated Amended Complaint, ¶ 12.

8    Plaintiffs, however, go on to argue that a new plaintiff, Mr. Hernandez Espinosa – who
9 has never before appeared in this litigation – "labored as a railroad bracero (from 1944 through
10 1945) during the time when the Agreements containing the Savings Fund provisions for railroad
11 braceros remained in effect (1942 through 1946 [sic])." <u>See</u> Plaintiffs' Opposition Memorandum
12 at 6. Thus, according to plaintiffs, because Mr. Espinoa can purportedly "step[] into the shoes of
13 plaintiff Alvarez Parra, the basis upon which this Court relied in granting plaintiffs' motion to
14 replead remains unchanged." <u>Id.</u> at 6-7.

15    The United States objects to plaintiffs' proposed ersatz pleading. Plaintiffs never moved
16 for a substitution of parties and furthermore failed to inform the Court that representations that
17 were previously made on behalf of Alvarez Parra – representations that were expressly relied on
18 by the Court when granting this individual leave to amend his complaint – are erroneous.
19 Instead, it was the government, pursuant to its motion to strike, which informed the Court of this
20 fact for the first time. Moreover, even if the Court were to grant Mr. Espinosa leave to file an
21 amended pleading on his own behalf to bring a contract claim against the government, the fact
22 remains that the Consolidated Amended Complaint contravenes the Court's Order of December
23 6, 2002 because it brings a contract claim on behalf of *all* other named plaintiffs, including
24 Alvarez Parra, who, contrary to plaintiffs' earlier representations, did not work in the
25 United States until after the expiration of the Savings Fund provision. This fact, by itself,
26 requires that the Consolidated Amended Complaint be stricken.

II.     PLAINTIFFS' "APA CLAIMS" DO NOT CONFORM
WITH THE COURT'S DECEMBER 6, 2002 ORDER

Plaintiffs argue that their complaint should not be stricken in its entirety because, "in addition to plaintiffs' breach of contract claims, the Complaint also alleges claims under the APA." Plaintiffs' Opposition Memorandum at 7. Plaintiffs go on to state that, "in granting plaintiffs' motion to replead, the Court specifically allowed plaintiffs to plead claims arising under the APA on behalf of plaintiffs who worked as braceros between 1950 and 1964, after the Savings Fund program ended." Id.

In fact, plaintiffs' so-called APA claims in their Consolidated Amended Complaint go far beyond the leave that was granted them by the Court in its December 6, 2000 Order. In support of their Fed. R. Civ. P. 15 motion for leave to amend their complaint, plaintiffs explained the basis of their APA claim to be "that the Executive Agreements entered into between Mexico and the United States became a source of federal law, and as such, the Federal Defendants owed plaintiffs certain agency duties under the APA."[4] In response, the government argued that it would be futile for plaintiffs to be granted leave to bring such a claim because, inter alia, international agreements between sovereign nations cannot be a source of "federal law" that is subject to APA review.[5] The Court addressed this issue in the hearing on December 6, 2002 as follows:

> **The Court:** I'm going to allow you [plaintiffs] to amend and put in the new claim under the APA. However, in doing so, I'm not going to rule as to whether or not it would be futile, because it appears to me that I want to have further discussion and argument on this claim *and the effect of the treaties and whether it's a valid claim under the APA*. And I would rather do that in a motion to dismiss than I would as to whether or not you ought to be given leave to amend.

---

[4] See Plaintiffs' Memorandum in Support of their Motion for Leave to File a Consolidated Amended Complaint, at 5 (Docket No. 29). See also plaintiffs' proposed Consolidated Amended Complaint at ¶¶ 60-66, attached to plaintiffs' Rule 15 motion (Docket No. 29)(in which plaintiffs plead this APA cause of action in Count I).

[5] See United States' Opposition to Plaintiffs' Motion for Leave to File a Consolidated Amended Complaint, at 7 (Docket No. 35; November 12, 2002).

Hearing Transcript at 8 (emphasis added). In a subsequent discussion with government counsel on this matter the Court again made clear its ruling on plaintiffs' proposed APA claim:

> **Mr. Tyler:** Now, we then have the APA claim – –
>
> **The Court:** And you're going to have to deal with that on a motion to dismiss.
>
> **Mr. Tyler:** Dismiss, yes. And is it the issue that concerns your Honor whether or not international agreements can be a basis for going forward on an APA claim?
>
> **The Court:** Yes.
>
> **Mr. Tyler:** Okay. Thank you, your Honor.

Hearing Transcript at 12.

As allowed by the Court, plaintiffs set forth an APA claim in Count I of the Consolidated Amended Complaint alleging that international agreements between the United States and Mexico "constitute[] federal law, of which a violation gives rise to substantive rights under the APA." See Consolidated Amended Complaint, ¶ 77. However, plaintiffs complaint adds new claims for the first time in this litigation which were not part of their Rule 15 motion before the Court.

Specifically, in Count IV, plaintiffs attempt for the first time to bring a claim under the Railroad Retirement Act of 1937, 45 U.S.C. §§ 231, *et seq.*, although styling this claim as one brought under the APA. See Consolidated Amended Complaint, ¶¶ 100-106. Plaintiffs allege that, "[u]pon information and belief, the RRB [Railroad Retirement Board] and SSA [Social Security Administration] failed and refused to credit braceros for time spent, and monies deducted from wages earned, as railroad workers under the braceros program." Id. ¶ 101. In addition, plaintiffs also add for the first time three other causes of action of "unjust enrichment," "conversion," and "accounting" in Counts V, VI, and VII, in which they apparently allege that the RRB and the SSA have been unjustly enriched by wrongly making use of taxes that were allegedly collected from plaintiffs without ever providing an accounting thereof. Id. ¶¶ 108-122. Notably, plaintiffs cite no federal law – including the APA – in support of their "unjust enrichment" and "conversion" claims.

Plaintiffs are attempting to litigate this lawsuit by ambush, silently injecting the above claims in this case without leave of the Court and in contravention of the Court's December 6, 2002 ruling. Defendants are grossly prejudiced by plaintiffs' conduct. They have been denied the opportunity to respond to these claims within the context of plaintiffs' Rule 15 motion and thereby deprived of the right possibly to demonstrate the futility of these claims or to demonstrate bad faith, undue delay, or prejudice as grounds for why plaintiffs should not be granted leave to bring these claims at this point in the litigation.

For all of these reasons, the United States respectfully asks the Court to strike plaintiffs' Consolidated Amended Complaint *in toto*. Plaintiffs unquestionably have acted in contravention of this Court's ruling of December 6, 2002, thereby prejudicing defendants and denying them their rights under the Federal Rules. Plaintiffs should not be rewarded for this conduct by being allowed to go forward on their amended complaint.

## CONCLUSION

For the foregoing reasons, the United States' motion to strike the Consolidated Amended Complaint should be granted.

    Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KEVIN V. RYAN
United States Attorney

JOANN M. SWANSON
Assistant United States Attorney

VINCENT M. GARVEY
Deputy Branch Director

  /s/ John R. Tyler
JOHN R. TYLER
Senior Trial Counsel
U.S. Department of Justice
20 Massachusetts Avenue, N.W., Room 7344
Washington, DC 20004
Tel: (202) 514-4781
Fax: (202) 616-8470

October, 17, 2003.