\*\* **E-filed October 28, 2010** \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ADWORDS LITIGATION | No. C08-03369 JW (HRL) |
| | **ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO PLAINTIFFS' FIFTH SET OF INTERROGATORIES AND DISCHARGING ORDER TO SHOW CAUSE RE: SANCTIONS** |
| | [Re: Docket Nos. 108, 112 & 115] |

## BACKGROUND

Plaintiffs served their Fifth Set of Interrogatories on defendant Google, Inc. ("Google") on May 19, 2010. (Docket No. 113 ("Jonckheer Decl."), Ex. A.) Google served its objections and responses to these interrogatories on June 18. (*Id*., Ex. B.) After meeting and conferring with Plaintiffs, Google agreed to provide supplemental responses, which it did on July 26. (*Id*., ¶6, Ex. C.) Google's supplemental responses noted that it would produce certain click-related data to Plaintiffs. (*Id*., Ex. C at 5-7.)

Google produced responsive click data on July 26, but Plaintiffs believed it to be materially incomplete, and so Google agreed to produce additional data. (*Id*., ¶ 6.) Plaintiffs' counsel states that throughout August and September, Google repeatedly advised him that the data would be produced forthwith, but it never was. (*Id*., ¶¶ 7-10.)

Further discussions between the parties resulted in a stipulation setting a deadline for the production of certain agreed-upon data and supplemental interrogatory responses. (Docket No. 107.) Specifically, Google agreed to produce the following by October 15:

(1) data not previously produced for all clicks on parked domain webpages for all plaintiff accounts from July 11, 2004 forward;

(2) data regarding the value of the "ClickCostMultiplier" for SmartPriced clicks where the "ClickCost Multiplier" data field for a click is presently blank or "NA" including the default score where available;

(3) a supplemental interrogatory response describing the methodology for deriving the answer to whether each click was SmartPriced, as requested in items 1(h) and 2(h), from the data to be produced; and

(4) a supplemental interrogatory response regarding the reason that the domain names for certain clicks requested in 1(a) and 2(a) could not be identified.

(*Id*. at 3.) This Court's October 15 order thus instructed that "Google shall supplement its responses to Plaintiffs' Fifth Set of Interrogatories by October 15." (Docket No. 108 ("October 15 Order").)

On October 19, with upcoming deadlines looming the next month, Plaintiffs filed a motion to compel. (Docket No. 112.) On October 21, this Court set the matter to be heard on shortened time on October 26 and also instructed Google to show cause at the hearing why it and/or its counsel should not be sanctioned for failure to comply with the Court's October 15 Order. Google subsequently filed an opposition to Plaintiffs' motion to compel and a response to the Court's order to show cause.

**DISCUSSION**

As explained above, Google stipulated that it would produce the agreed-upon data and supplemental interrogatory responses by October 15. Google did not suggest that it had changed its mind in either its opposition brief or at oral argument. Instead, Google's counsel stated that, at the time he agreed to produce the data and supplemental responses by October 15, he mistakenly believed that Google would be able to meet the deadline. According to him, unanticipated technical difficulties arose, and Google was not able to produce the data or supplemental responses as scheduled. Although Google's counsel obviously should have been much more careful with respect to deadlines he agreed to and should have sought an extension of the deadline once it became clear

that Google would not be able to meet it, the Court will not sanction Google or its counsel at this time.  The order to show cause is discharged.

Since Google already missed the October 15 deadline, the issue now is what to do about it.  Plaintiffs request that Google be ordered to produce all of the remaining data and supplemental responses by October 29.  Google, on the other hand, made the following proposal in its opposition: "Barring any additional unforeseen obstacles, and noting that unanticipated data errors are often beyond the Company's control, Google anticipates that the bulk of its supplemental data production can be completed by October 26, with the expectation that the overall production can be completed on a rolling basis by November 5, 2010."  (Opp'n at 1-2.)

At the hearing, the Court questioned the parties on the reasonableness of setting a hard deadline of November 5.  Google noted that it hopes to produce the data in the next few days but argued for a November 5 deadline to provide it with a small amount of "breathing room," so to speak, in case further technical issues arise.  Plaintiffs argued that November 5 is too late because they will not be able to use the missing information in relation to their rebuttal expert reports, which are scheduled to be exchanged soon.  Even if this is be true, the Court questions whether the missing information is necessary for these reports, given that this case is only at the class certification stage.[1]

The Court concludes that a November 5 deadline is appropriate.  However, should Google fail to produce all of the agreed-upon data and provide supplemental interrogatory responses by that date, both it and its counsel shall be subject to a $5,000 penalty for each day thereafter for which the data and supplemental responses are not produced.

## CONCLUSION

Based on the foregoing, Plaintiffs' motion to compel is GRANTED.  Google shall produce all of the agreed-upon data and supplemental interrogatory responses by November 5.  For each day thereafter for which any of the data or supplemental responses are not produced, Google and its counsel shall be subject to a $5,000 penalty.

---

[1] That said, if Plaintiffs later can show that Google's failure to produce the agreed-upon data and supplemental interrogatory responses by October 15 resulted in a material gap in Plaintiffs' upcoming rebuttal expert report, this Court hopes that the presiding judge in this case would give favorable consideration to allowing Plaintiffs to submit a supplemental report.

1 **IT IS SO ORDERED.**

2 Dated: October 28, 2010



3 _____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C08-03369 JW (HRL) Notice will be electronically mailed to:**

| | |
|---|---|
| Claudia Edith Candelas | cc@kbklawyers.com |
| Donald Chidi Amamgbo , Esq | donald@amamgbolaw.com, ndudi@amamgbolaw.com |
| Dustin Lamm Schubert | dschubert@schubertlawfirm.com |
| Guido Saveri | guido@saveri.com, cadio@saveri.com, william@saveri.com |
| Kimberly Ann Kralowec | kkralowec@kraloweclaw.com, enewman@kraloweclaw.com, ggray@kraloweclaw.com |
| Leo Patrick Norton | lnorton@cooley.com, maraujo@cooley.com, swarren@cooley.com, wsomvichian@cooley.com |
| Michael Graham Rhodes | rhodesmg@cooley.com, lopezre@cooley.com, moyespe@cooley.com |
| Reginald Von Terrell | reggiet2@aol.com |
| Robert C. Schubert | rschubert@schubertlawfirm.com |
| Sarah Ruth Boot | sboot@cooley.com, llange@cooley.com, mhittle@cooley.com |
| Whitty Somvichian | wsomvichian@cooley.com, swarren@cooley.com |
| Willem F. Jonckheer | wjonckheer@schubertlawfirm.com, sstrickland@schubertlawfirm.com |

**5:08-cv-03369-JW Please see General Order 45 Section IX C.2 and D; Notice has NOT been electronically mailed to:**

Peter Joel Willsey
Cooley Godward Kronish LLP
777 6th Street, N.W.
11th Floor
Washington, DC 20001

Reginald Von Terrell
The Terrell Law Group
223 25th Street
Richmond, CA 94804

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**