**\*\* E-filed January 7, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ADWORDS LITIGATION | No. C08-03369 JW (HRL) |
| | **ORDER DENYING DEFENDANT GOOGLE, INC.'S ADMINISTRATIVE MOTION TO MODIFY THIS COURT'S DECEMBER 8, 2010 ORDER** |
| _____/ | [Re: Docket No. 181] |

This Court previously considered and ruled on Plaintiffs' motion to compel supplemental disclosures related to the expert report of defendant Google, Inc.'s ("Google") expert witness, Michael Mothner ("Mothner"), the CEO and founder of Wpromote, Inc. ("Wpromote"). Docket Nos. 171, 174. The Court's December 8, 2010 order granting in part and denying in part Plaintiffs' motion to compel sets forth the factual background and disputed issues, which need not be repeated here. See Docket No. 174. Suffice to say, pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)(ii), this Court ordered that Google "shall disclose to Plaintiffs the identities of the four Wpromote clients whose click data Mothner considered with respect to his expert report." Id. Google was to do so within 14 days from the date of the order, or by December 22. Id.

Google did not do so. Instead, the day before it was to have complied with this Court's order, it filed an administrative motion asking the Court to modify its December 8 order to, essentially, relieve Google from its Court-ordered obligation to disclose the identities its expert's

four clients.  Docket No. 181.  In its motion, Google requests that it be allowed to comply with the Court's order by redacting any specific references to the Wpromote clients at issue from Mothner's expert report and by not soliciting any testimony from Mothner about the four Wpromote clients. Id.

The problem with Google's motion, as Plaintiffs astutely point out, is that it is entirely procedurally improper.  Under the Federal Rules of Civil Procedures and this District's civil local rules, a party objecting to a nondispositive order issued by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) must file a "Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge" with the presiding District Judge within 14 days after being served with a copy of the Magistrate Judge's order.  See FED. R. CIV. P. 72(a); CIV. L.R. 7-9(a); CIV. L. R. 72-2.  Because of Google's administrative motion is procedurally improper, it is **DENIED**.

As for the practical issue raised by Google — namely, it's claim that it cannot comply with the Court's December 8 order because only Wpromote has access to the four clients' identities and Wpromote has not agreed to disclose this information — this Court will not address this problem at this time.  However, if Mothner and Wpromote will not provide the disclosures required by Rule 26, perhaps Google should consider de-designating Mothner as an expert witness.  After all, as another District Court aptly explained:

> A party may not simply retain an expert and then make whatever disclosures the expert is willing or able to make notwithstanding the known requirements of Rule 26.  The adverse party should not be placed at a disadvantage or be deprived of the full benefits of Rule 26 by the selection of an expert who cannot or will not make the required disclosures.  The selection and retention of an expert witness is within the control of the party employing the expert.  To the extent that there is a disadvantage created by the expert's failure to disclose it must be borne by the party retaining the expert witness.

Nguyen v. IBP, Inc., 162 F.R.D. 675, 681 (D. Kan. 1995).

**IT IS SO ORDERED.**

Dated: January 7, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

**C08-03369 JW (HRL) Notice will be electronically mailed to:**

| Name | Email |
|---|---|
| Claudia Edith Candelas | cc@kbklawyers.com |
| Donald Chidi Amamgbo, Esq | donald@amamgbolaw.com, ndudi@amamgbolaw.com |
| Dustin Lamm Schubert | dschubert@schubertlawfirm.com |
| Guido Saveri | guido@saveri.com, cadio@saveri.com, william@saveri.com |
| Kimberly Ann Kralowec | kkralowec@kraloweclaw.com, enewman@kraloweclaw.com, ggray@kraloweclaw.com |
| Leo Patrick Norton | lnorton@cooley.com, maraujo@cooley.com, swarren@cooley.com, wsomvichian@cooley.com |
| Michael Graham Rhodes | rhodesmg@cooley.com, lopezre@cooley.com, moyespe@cooley.com |
| Miranda Kolbe | mkolbe@schubert-reed.com |
| Reginald Von Terrell | reggiet2@aol.com |
| Robert C. Schubert | rschubert@schubertlawfirm.com |
| Sarah Ruth Boot | sboot@cooley.com, llange@cooley.com, mhittle@cooley.com |
| Whitty Somvichian | wsomvichian@cooley.com, swarren@cooley.com |
| Willem F. Jonckheer | wjonckheer@schubertlawfirm.com, sstrickland@schubertlawfirm.com |

**5:08-cv-03369-JW Please see [General Order 45 Section IX C.2 and D](#); Notice has NOT been electronically mailed to:**

Peter Joel Willsey
Cooley Godward Kronish LLP
777 6th Street, N.W.
11th Floor
Washington, DC 20001

Reginald Von Terrell
The Terrell Law Group
223 25th Street
Richmond, CA 94804

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**