COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (194463)
(wsomvichian@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:     (415) 693-2000
Facsimile:      (415) 693-2222

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re Google AdWords Litigation. | Case No. 08-CV-03369 EJD HRL<br><br>**DEFENDANT GOOGLE INC.'S OBJECTIONS TO REPLY EVIDENCE IN PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Judge:     Hon. Edward J. Davila<br>Date:      June 24, 2011<br>Time:      9:00 A.M.<br>Courtroom: 1 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. GOOGLE INC.'S OBJECTS. TO REPLY EVID.
IN PLS.' REPLY MEMO. ISO CLASS CERT.
CASE NO. 08-CV-03369 EJD HRL

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 37(c)(1) and Civil Local Rule 7-3(d)(1), Defendant Google Inc. respectfully asks this Court to strike the declaration of Dr. Stan V. Smith (Dkt. No. 260) (the "Smith Declaration"), which was submitted with Plaintiffs' reply brief in further support of their motion for class certification. The Declaration should be stricken in its entirety for multiple reasons:

- The 16-page Smith Declaration is filled with new and previously undisclosed expert opinion in violation of the Court's prior discovery orders and Rule 26(a)(2)(D).

- Much of Smith's Declaration attacks factual and legal arguments made by "Counsel for Google," and is therefore a thinly-veiled attempt by Plaintiffs to avoid the 15-page limit on their reply brief. *See* Civil L.R. 7-3(c).

- The rest of Smith's Declaration is a regurgitation of Smith's prior reports from last year, and is therefore duplicative and a waste of time. *See* Fed. R. Evid. 403.

For these reasons and those set forth below, Smith's Declaration — and all references to it in Plaintiffs' reply brief — should be stricken in their entirety.

## FACTUAL BACKGROUND

On February 25, 2009 (Dkt. No. 40), the Court consolidated several related cases under the caption *In re Google AdWords Litigation*. That same day (Dkt. No. 41), the Court entered a Scheduling Order for Class Discovery that expressly prohibited expert witnesses "from testifying about any actions or opinions not disclosed prior to the expert's deposition." (*Id.* at 4.) The Court explained that this prohibition was required "to ensure that all factual material upon which expert opinion may be based and all tests and reports are completed prior to the expert deposition." (*Id.*) In scheduling orders dated April 26, 2010 (Dkt. No. 87) and June 29, 2010 (Dkt. No. 91), the Court made clear that each expert could submit only two expert reports (an opening report and a rebuttal report) before his or her deposition. The Court further set the final "[d]eadline for any rebuttal expert reports to be exchanged and to complete all expert class certification discovery" on or before November 19, 2010. (Dkt. No. 91.) Pursuant to these orders, Plaintiffs served Dr. Stan V. Smith's opening expert report on October 4, 2010, and his rebuttal report on November 2, 2010. (*See* Declaration of Kyle C. Wong attached hereto ("Wong Decl."), ¶ 2.) Google's counsel deposed Dr. Smith on November 15, 2010. (*Id.*)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

DEF. GOOGLE INC.'S OBJECTS. TO REPLY EVID.
IN PLS.' REPLY MEMO. ISO CLASS CERT.
CASE NO. 08-CV-03369 EJD HRL

1    On November 23, 2010 (Dkt. No. 164), the Court entered an Order Granting Plaintiffs' Motion for Leave to File a Third Amended Complaint.  In that Order, the Court "extend[ed] class discovery until February 14, 2011," and continued the hearing on Plaintiffs' anticipated motion for class certification until May 16, 2011.  (*Id.* at 5-6.)  In so doing, the Court found that "the re-opening of fact discovery for class certification would not result in undue delay." (*Id.* at 5.)  The Court's November 23, 2010 Order said nothing about expert discovery.

Between November 23, 2010 and the close of class discovery on February 14, 2011, Plaintiffs' counsel discussed with defense counsel in meet-and-confer sessions that they might want to submit additional expert testimony in their motion papers supporting class certification.  (*See* Wong Decl., ¶ 3.)  Google formally objected, noting that any additional expert testimony or material would be improper under the Court's prior scheduling orders.  (*See id.*, ¶¶ 3, 4, Ex. A.)  Plaintiffs never responded to Google's objections, and they never proposed a schedule for supplemental expert reports or depositions.  (*See id.*, ¶ 5.)  The Court-imposed February 14, 2011 class discovery deadline passed without any further expert disclosures by either Plaintiffs or Google.  (*See id.*, ¶ 5.)

Plaintiffs filed their motion for class certification on March 14, 2011.  (Dkt. Nos. 227-29.)  Google filed its opposition brief on April 11, 2011.  (Dkt. Nos. 248-49.)  In support of its opposition, Google submitted four declarations from Google employees.  (*See id.*)  Then, notwithstanding Civil Local Rule 7-3, Plaintiffs filed a motion to strike Google's declarations.  (*See* Dkt. No. 255 (filed April 22, 2011).)  Google opposed this motion on May 2, 2011 (Dkt. No. 262).  No reply brief was permitted.  (*See* Dkt. No. 254.)  Oral argument on plaintiffs' motion for class certification and motion to strike is scheduled for June 24, 2011.  (Dkt. No. 265.)

On May 2, 2011 (Dkt. No. 260), in response to Google's opposition to class certification, Plaintiffs filed a 15-page reply brief (exclusive of signature block) and a 16-page declaration entitled Declaration of Dr. Stan V. Smith Regarding Plaintiffs' Motion for Class Certification.  Plaintiffs did not seek leave of Court before filing the Smith Declaration; they did not give Google any advance notice they would be filing it; and they did not afford Google any opportunity to depose Dr. Smith on the new material therein or to submit a rebuttal report from

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

DEF. GOOGLE INC.'S OBJECTS. TO REPLY EVID.
IN PLS.' REPLY MEMO. ISO CLASS CERT.
CASE NO. 08-CV-03369 EJD HRL

Google's expert. (*See* Wong Decl., ¶ 5.)

In his declaration, Dr. Smith states that he was "asked by Counsel for the Plaintiffs to review and respond to the criticisms of my class certification analyses put forth by Counsel for Google and by Dr. Hal Varian, the Chief Economist at Google." (Smith Decl., ¶ 2.) He then devotes 35 paragraphs of his 39-paragraph declaration attempting to rebut Google's opposition brief and arguments made by "Counsel for Google." (*Id.*, ¶ 5-39.) As part of his "response" to Google's legal arguments, Dr. Smith also attempted to explain case law to the Court. (*See id.*, ¶ 7 & nn. 7 & 8.) And while much of the Smith Declaration simply rehashes opinions from his previously served reports (*see id.*, ¶¶ 6-7, 15-23), it also purports to offer new expert opinions, expert testimony, and factual recitations as well (*see id.*, ¶¶ 8-13 (attempting to explain, for the first time, how his methodologies take into account Google's auction system for pricing ads); ¶¶ 14, 24-27 (attempting to rebut evidence offered by Google discussing advertisers who affirmatively targeted parked domains and error pages because they liked the performance of their ads on those webpages); ¶¶ 28-38 (analyzing data demonstrating how only a tiny percentage of advertisers have actually "opted out" of parked domains over time)).

## ARGUMENT

**I. Plaintiffs' Submission of a Supplemental Expert Report Violates Three Separate Discovery Orders and Rule 26(a)(2)(D).**

By filing a third, unauthorized expert report, Plaintiffs have violated Rule 26(a)(2)(D) and the Court's orders governing the timing and sequence of expert disclosures and testimony. Rule 26 requires that expert reports must be disclosed to the other side "at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D); *Goodman v. Staples The Office Superstore, LLC*, --- F.3d ----, 2011 WL 1651246, at *9 (9th Cir. 2011). Failure to follow a district court's disclosure orders can result in sanctions. As the Ninth Circuit recently observed:

> Rule 37 "gives teeth" to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed. *Yeti by Molly Ltd.*, 259 F.3d at 1106 (citing FED. R. CIV. P. 37(c)(1)). Rule 37(c)(1) is a "self-executing," "automatic" sanction designed to provide a strong inducement for disclosure. *Id.* (quoting FED. R. CIV. P. 37 advisory committee's note (1993)).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

DEF. GOOGLE INC.'S OBJECTS. TO REPLY EVID.
IN PLS.' REPLY MEMO. ISO CLASS CERT.
CASE NO. 08-CV-03369 EJD HRL

1  *Goodman*, 2011 WL 1651246, at *9 (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259
2  F.3d 1101, 1106 (9th Cir. 2001)).

3  Plaintiffs have violated three of this Court's discovery orders, any one of which should
4  give rise to the "automatic" sanction of striking the Smith Declaration.  Specifically, Plaintiffs
5  have violated the Court's scheduling orders dated April 26, 2010 (Dkt. No. 87) and June 29, 2010
6  (Dkt. No. 91), which permitted only two expert reports (an opening report and a rebuttal report)
7  per expert, and required those reports to be exchanged before November 19, 2010.  Plaintiffs also
8  have violated the Court's February 25, 2009 Order (Dkt. No. 41) that prohibits experts "from
9  testifying about any actions or opinions not disclosed prior to the expert's deposition."  Plaintiffs
10 have therefore violated this Court's authority under Rule 26 to determine "the times and
11 sequence" of expert report disclosure, and courts have routinely stricken such reports under
12 similar circumstances.  *See, e.g.*, *Yeti by Molly*, 259 F.3d at 1106 (excluding expert testimony
13 where parties violated Rule 26 deadline); *Hansen Beverage Co. v. Vital Pharm., Inc.*, No. 08-CV-
14 1545-IEG (POR), 2010 WL 3069690, at *2 (S.D. Cal. Aug. 3, 2010) (striking expert declaration
15 where expert's unauthorized declaration "contains opinions not disclosed" in his previous reports
16 or at his deposition); *Ass'n of Christian Schs. Int'l v. Stearns*, 678 F. Supp. 2d 980, 987 (C.D. Cal.
17 2008) (striking "recently acquired" expert affidavits filed after expert report deadline).  Like the
18 expert reports in these cases, the Smith Declaration should be stricken in its entirety.

19 **II.     The Smith Declaration is an End Run Around the 15-Page Limit for Reply Briefs.**

20 In addition to violating three Court orders and the Court's authority under Rule
21 26(a)(2)(D), Plaintiffs also have violated Civil Local Rule 7-3(c), which limits reply briefs to 15
22 pages.  Courts have strictly enforced this limitation, particularly when parties have sought to
23 exceed the limitation through artful or creative means.  *See, e.g.*, *Aircraft Technical Publishers v.*
24 *Avantext, Inc.*, No. C 07-4154 SBA, 2009 WL 3833573, at *1 (N.D. Cal. Nov. 16, 2009)
25 (Armstrong, J.) (striking pleadings where party circumvented page limit by filing four concurrent
26 summary judgment motions relating to the same cause of action).

27 The Smith Declaration, replete with references to Google's opposition brief and
28 arguments by Google's counsel, reads more like a legal brief than an expert's report.  (*See, e.g.*,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

DEF. GOOGLE INC.'S OBJECTS. TO REPLY EVID.
IN PLS.' REPLY MEMO. ISO CLASS CERT.
CASE NO. 08-CV-03369 EJD HRL

Smith Decl., ¶¶ 2, 5, 6.) Dr. Smith even tries to elucidate case law for the Court even though he has not been qualified (nor have Plaintiffs even attempted to qualify him) as an expert on legal matters in this case. In addition, entire swaths of the Smith Declaration (*see, e.g.*, *id.*, ¶¶ 20-27) are factual recitations that have "enabled Plaintiffs to save space in their memorandum by foregoing a detailed discussion of the evidence and omitting actual citations to the record." *Juarez v. Jani-King of Cal., Inc.*, No. 09-3495 SC, 2010 WL 3766649, at *2 (N.D. Cal. Sept. 24, 2010) (Conti, J.). Plaintiffs have simply taken what they could not compress into their 15-page reply brief and have included it in the Smith Declaration. Declarations are not to be used to make an "impermissible end-run around the page limits on briefs," and courts have stricken declarations on this basis alone. *Id.*

**III.     The Smith Declaration Should Also Be Stricken As Needlessly Duplicative.**

Stripped of the sections that include undisclosed expert testimony and the textual leftovers that Plaintiffs could not fit into the page limits of their reply brief, the remaining portions of the Smith Declaration are simply regurgitations of his previous two reports. (*See, e.g.,* Smith Decl. ¶¶ 6-7, 15-23.) Plaintiffs do not (and cannot) offer any reason to permit Dr. Smith to repeat himself a third time. These paragraphs should be stricken pursuant to Federal Rule of Evidence 403 as duplicative and a waste of time. *See* FED. R. EVID. 403, 703.

**CONCLUSION**

For the reasons discussed above, Google respectfully asks this Court to strike the Smith Declaration in its entirety, as well as all references to it in Plaintiffs' reply brief.

Dated: May 9, 2011           COOLEY LLP
                             MICHAEL G. RHODES (116127)
                             WHITTY SOMVICHIAN (194463)
                             KYLE C. WONG (224021)


                             /s/ Kyle C. Wong
                             ─────────────────────────
                             Kyle C. Wong (224021)
                             Attorneys for Defendant
                             GOOGLE INC.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

DEF. GOOGLE INC.'S OBJECTS. TO REPLY EVID.
IN PLS.' REPLY MEMO. ISO CLASS CERT.
CASE NO. 08-CV-03369 EJD HRL