IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ADWORDS LITIGATION | CASE NO. 5:08-CV-03369-EJD<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>[Re: Docket Item No. 316] |

On January 19, 2012, Plaintiffs requested leave to file a motion for reconsideration of the court's Order Denying Plaintiffs' Motion to Certify Class. For the reasons set forth below, Plaintiff's motion is denied.

Civil L.R. 7-9 authorizes a request to file a motion for reconsideration of an interlocutory order when the requesting party can specifically show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b). The rule specifically prohibits the repetition of any oral or written argument made in support of or in opposition to the order which the party now seeks to have reconsidered. The

1

CASE NO. 5:08-CV-03369-EJD
ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION

purpose of a motion for reconsideration is to provide a vehicle for a district court to correct a manifest error without the need for an appeal. It is not an opportunity to relitigate issues that have already been thoughtfully decided.

Plaintiffs here attempt to show a "manifest failure" by the court to consider their arguments that (1) restitution awards can be calculated on a common basis without burdensome individualized inquiries in this case, (2) individual issues in calculating relief should not defeat class certification as a matter of law in any event, and (3) in the alternative, the court should certify a class for liability purposes only.

The court considered and rejected both the factual argument that restitution could be calculated without individualized inquiries and the legal argument that a class should be certified anyway. See Order Denying Pls.' Mot. Certify Class ("Order") at 22–25, Jan. 5, 2012, ECF No. 315 (distinguishing Yokoyama and Ewert based on the evidence submitted about the AdWords auction system). The instant request for leave to file a motion for reconsideration is based upon an understandable misreading of the order denying class certification, so the court takes this opportunity to clarify any ambiguity.

In the Order, the court considered whether restitution could be calculated on a common basis for all members of the proposed class. In doing so the court analyzed each of Plaintiffs' proposed methodologies: the "Full Refund Method," the "Smart Pricing Method," and the "Content Pricing Method." The court observed that "the 'Smart Pricing Method' would apply a uniform discount for all ads placed on a parked domain – *even if* an individual advertiser's ads on that web page outperformed ads appearing on other types of websites (as was the case for named Plaintiff RK West)." Order at 24:14–17 (emphasis in original). Plaintiffs argue that this statement shows that the denial of class certification was based on the erroneous conclusion that calculating restitution requires each individual advertiser's award to be offset by the amount of benefit that advertiser reaped from the placement of its ads.

Plaintiffs read too much into the Order. Plaintiffs are correct that the appropriate restitution recovery is the market value of the advertisements *at the time of purchase* (appropriately discounted for the allegedly undisclosed possibility of their appearance on error pages or parked domains)

subtracted from the price actually paid. But this restitution calculation depends on the existence of a reliable and common method for calculating the discount. The denial of the class certification motion was based on the court's determination that none of Plaintiffs' proposed methods is sufficiently reliable on a class-wide basis. The problem with the Smart Pricing Method's uniform discount is not that it would allow recovery by some individual advertisers—like RK West—for whom the parked-domain/error-page placements turned out to be profitable. Rather, the real problem is that there are so many advertisers like RK West that applying a uniform discount is too inexact a solution. See Bucklin Rebuttal Report ¶¶ 35–40. In coming to its conclusion, the court considered Google's "admissions" about Smart Pricing as well as both parties' expert reports.

Finally, Plaintiffs' fallback position—that a class should be certified for liability purposes only—is entirely new. It was never raised in the memoranda in support of the motion for class certification, so it does not meet the requirement of Civil L.R. 7-9(b)(3) that the argument have been "presented to the Court before [the] interlocutory order." Deciding an issue for the first time on a motion for reconsideration would be procedurally improper.

Plaintiffs' motion for leave to file a motion for reconsideration is DENIED.

The parties shall meet, confer, and file an updated Joint Case Management Statement on or before May 9, 2012. The case management conference set for May 11, 2012, will proceed as scheduled.

**IT IS SO ORDERED.**

Dated: May 4, 2012

EDWARD J. DAVILA
United States District Judge

3
CASE NO. 5:08-CV-03369-EJD
ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION