ALAN J. KESSEL, ESQ. (Cal. Bar No.: 130707)
SUZANNE M. BURKE, ESQ. (Cal. Bar No.: 188597)
**BUCHALTER, NEMER, FIELDS & YOUNGER**
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, California 92612-0514
Telephone:(949) 760-1121
Facsimile: (949) 720-0182

**DANNER & MARTYN, LLP**
John E. Moran (State Bar No. 94179)
Susan L. Wilson (State Bar No. 195022)
100 E. Thousand Oaks Blvd., Suite 244
Thousand Oaks, California 91360
Telephone: (805) 777-8700; Facsimile: (805) 778-0736

Attorneys for Plaintiff DIRECTV, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIRECTV, INC., a California corporation, | CASE NO. C 03-05361 RMW |
| Plaintiff, | Hon. Ronald M. Whyte |
| vs. | **APPLICATION FOR EXTENSION OF TIME TO SERVE DEFENDANTS PURSUANT TO RULE 4 OF THE FEDERAL RULES OF CIVIL PROCEDURE; DECLARATION OF SUZANNE M. BURKE IN SUPPORT THEREOF** |
| TOM PEPPER, et al. | |
| Defendants. | |

**TO THE COURT AND ALL INTERESTED PARTIES:**

Plaintiff DIRECTV, Inc. hereby applies to the Court for an order extending the time within which the Defendants in this action must be served pursuant to Federal Rules of Civil Procedure, Rule 4(m). This Application is made pursuant to Federal Rules of Civil Procedure, Rules 4(m) and 6(b), and Civil L.R. 6-2 and 7-1, and is based on this Application, the authorities cited herein, the attached Declaration of Suzanne M. Burke, and the [Proposed] Order Extending Time to Serve Defendants, lodged concurrently herewith, and on such pleadings, papers or other documents deemed appropriate by the Court.

Good cause exists to grant the requested extension in that, as set forth in detail in the

attached Declaration of Suzanne M. Burke filed concurrently herewith ("Burke Declaration"), DIRECTV has been diligently attempting to serve the Defendants in this action; however, as of the date this Application is filed, service on one or more of the named Defendants has not been accomplished.

As described in the Burke Declaration, DIRECTV has attempted to serve the Defendants at the last known addresses for those Defendants. However, one or more of the Defendants, each of whom is an individual for whom DIRECTV primarily possesses only residence, not business, addresses, have not to date been located at those addresses. DIRECTV has therefore been required to hire private investigators and conduct additional searches to determine current address and contact information for the Defendants.

As DIRECTV has made good faith efforts to timely serve the Defendants, but is presently in the process of investigating the current whereabouts of these Defendants and of attempting service at the addresses that have been verified to be those of Defendants, good cause exists to extend the 120 day deadline otherwise imposed by Federal Rules of Civil Procedure, Rule 4(m), for service of the Defendants. Mateo v. M/S Kiso, 805 F. Supp. 792, 795 (N.D. Cal. 1992) ("good cause" for delay in service generally means, *inter alia*, that service has been attempted but not completed or factors beyond plaintiff's control have prevented service).

In addition, good cause exists to extend the 120 deadline in that dismissal of this proceeding against any unserved Defendants, even without prejudice, may prevent DIRECTV from pursuing some of its claims against those Defendants. This action was filed before the statute of limitations on each of DIRECTV's claims expired, but the statute on certain of those claims has arguably expired since the filing of this action. DIRECTV may, therefore, be barred from re-filing these claims at a later date. An extension of the time limits imposed by Federal Rules of Civil Procedure, Rule 4(m) is therefore appropriate. Tyson v. City of Sunnyvale, 159 F.R.D. 528, 530 (N.D. Cal. 1995) (good cause for an extension of time to serve exists where any dismissal of the case would bar subsequent filing because of the expiration of the statue of limitations).

Even if the absence of a showing of good cause, the Court may exercise its discretion in extending the time to file under Rule 4(m). Particularly where, as here, the re-filing of some or all

| | |
|---|---|
| 1 | of the claims asserted in this action may be barred by the statute of limitations, the exercise of the |
| 2 | Court's discretion in favor of extending the time for service is appropriate. Id.; Fed. R. Civ. P. 4(m) |
| 3 | (Advisory Committee Notes concerning the 1993 Amendments to subdivision (m) of Rule 4). |
| 4 | DIRECTV, therefore, respectfully requests that the Court enter an order extending for |
| 5 | a period of 60 days the time within which the Defendants must be served in this action pursuant to |
| 6 | Federal Rules of Civil Procedure, Rule 4(m). |

DATED: March 24, 2004

Respectfully Submitted,

BUCHALTER, NEMER, FIELDS & YOUNGER
A Professional Corporation

/s/
Suzanne M. Burke
Attorneys for Plaintiff DIRECTV, INC.

## DECLARATION OF SUZANNE M. BURKE

Suzanne M. Burke hereby declares as follows:

1. I am an active member of the State Bar of California, admitted to practice in the Northern District of California. I am an associate with Buchalter, Nemer, Fields & Younger, A Professional Corporation ("BNFY"), counsel for Plaintiff DIRECTV, Inc. ("DIRECTV"). I have personal knowledge of the following facts and if called as a witness, could and would testify competently thereto.

2. I make this declaration in support of DIRECTV's Application for Extension of Time to Serve Defendants ("Application").

3. BNFY has recently substituted in as counsel of record for DIRECTV. The Complaint in this matter was filed by DIRECTV's predecessor counsel, Danner & Martyn, on November 26, 2003.

4. This action involves claims by DIRECTV against the named individual Defendants, each of whom DIRECTV alleges has illegally pirated DIRECTV's satellite television programming in violation of numerous federal statutes. Like all similar actions filed by DIRECTV, this action was filed only after numerous unsuccessful attempts by DIRECTV over a lengthy period of time to informally resolve its claims against each Defendant.

5. As of the date this Application is filed, DIRECTV has been unable to serve the following Defendants in this matter: Walter McCoy; Tom Nichols.

6. Based on communications that we have received from the process servers who have been retained by this firm, service of the Summons and Complaint on each of the Defendants named in paragraph 5 has been attempted several times. To date, however, the process servers have not completed service on these Defendants because they have not located the Defendants at the last known addresses of the Defendants.

7. The addresses at which service of the Defendants has been attempted were derived from the evidence available to DIRECTV from either invoices seized from illegal hardware vendors that reflect purchases by the Defendants and/or DIRECTV's own billing records. DIRECTV also attempts before filing a matter to update address information by searching public records. The

1 | Defendants here, however, have either moved several times or have otherwise not been found at
2 | their last known addresses as reflected in these records.

3 |       8.     The process servers have therefore been required to make several attempts to serve
4 | the Defendants, which attempts are continuing. DIRECTV is continuing to investigate, and, in some
5 | cases has hired private investigators, to obtain accurate address information so that these Defendants
6 | can be served.

7 |       9.     The process of investigating addresses and re-attempting service at these addresses
8 | has been time-consuming and has made it difficult for DIRECTV to serve the Summons and
9 | Complaint within the time limit provided by Rule 4(m) of the Federal Rules of Civil Procedure.
10 | DIRECTV anticipates, however, that it will be able to complete service of the Complaint in this
11 | action within 60 days.

12 |      10.    No Defendant in this case will be prejudiced by the granting of this Application, and
13 | the schedule of the case will not be significantly delayed because there is currently no trial date, the
14 | case is not yet at issue and, in fact, no Defendant has yet appeared.

15 |      11.    In contrast, if this application is denied, DIRECTV will be severely prejudiced. I am
16 | informed and believe that the most narrow reading of the statute of limitations applicable to at least
17 | some of the claims asserted in this action is two years. The Complaint in this action was filed before
18 | that statute of limitations expired; but, arguably, the two-year statute of limitations has expired since
19 | the filing of this Complaint. If the Court dismisses the unserved Defendants, DIRECTV may be
20 | time-barred from refiling its claims against the dismissed Defendants. This would unfairly penalize
21 | DIRECTV for, among other things, exhausting all possible avenues for settlement before filing and
22 | serving a complaint against an alleged pirate, and would hinder its right to have its day in court.

23 |      12.    DIRECTV has not requested any previous continuances in this matter under Fed. R.
24 | Civ. P. Rule 4(m).

25 |     I declare under penalty of perjury under the laws of the United States of America that the
26 | foregoing is true and correct and was executed on March 24, 2004, at Irvine, California.

/s/
Suzanne M. Burke