| | LAW OFFICES | |
|---|---|---|
| FREDERICK H. EBEY<br>JAMES S. FARRAR<br>DENNIS P. HOWELL<br>THOMAS N. GRIFFIN<br>ALAN J. SMITH<br>ROBERT E. WALL<br>LESLIE J. KARST<br>KATHERINE R. HOTCHKISS<br>LAURA UDDENBERG<br>DARLENE R. KEMP<br>MARK E. MYERS<br>JOHN S. BAKER<br>DANELL M. LOVE<br>REBECCA CONNOLLY<br>DANIEL E. GRIFFEE | GRUNSKY, EBEY, FARRAR & HOWELL<br>A PROFESSIONAL CORPORATION<br>240 WESTGATE DRIVE<br>WATSONVILLE, CALIFORNIA 95076<br>TELEPHONE (831) 722-2444<br>FACSIMILE (831) 722-6153<br><br>E-MAIL gefh@grunskylaw.com | DONALD L. GRUNSKY<br>(1915-2000)<br><br><br><br><br><br>OF COUNSEL<br>CHERYL C. ONTIVEROS |

April 16, 2004
**Submitted via Facsimile & US Mail**

Nicole L. Leonard, Esq.
Squire, Sanders & Dempsey, LLP
600 Hansen Way
Palo Alto, CA 94304-1043

Re:    Wichelmann v. Nurenberg, Plevin, Heller & McCarthy Co., et al.

Dear Nicole:

This letter addresses the following topics: (1) your response to our letter March 26, 2004 relating to the discovery cut-off and other related dates; (2) scheduling depositions; (3) a protective order; (4) your incomplete response to the Court's Interim Order; and (5) your late demand for jury trial.

In our letter to you dated March 26, 2004, we suggested that the parties enter into a stipulation with respect to the upcoming discovery cut-off on June 4, 2004 and other dates to correspond to the dates the parties originally agreed to at the time of the Case Management Conference. We have not heard any response from you. As you are aware, we anticipate significant discovery disputes relating to our outstanding discovery requests. In this regard, it would also make sense to complete our negotiations with respect to a stipulated protective order. Plaintiff would be unduly prejudiced if he were forced to conduct depositions prior having complete responses to written discovery. If you are not willing to stipulate to modifying the current case management order, please advise us immediately so that we can prepare the appropriate motion.

In the meantime, we need to discuss available dates in May for Mr. Lebovitz' deposition in addition to other dates for third party depositions. Please let me know what dates Mr. Lebovitz has available in May. In a previous e-mail communication, it was represented that Mr. Lebovitz was unavailable for mediation based on a trial beginning on May 3, 2004. Please advise us of the status of this trial as it may make sense to contact the mediator for an earlier mediation date if Mr. Lebovitz' schedule has changed.

Nicole L. Leonard, Esq.
April 16, 2004
Page 2

On March 29, 2004, you submitted the Declaration of David Paris under seal. That declaration sets forth the net, as opposed to the gross, amount of attorneys' fees recovered by your firm in this matter. The Court's Interim Order dated March 18, 2004 required the "defendants to inform plaintiff, under oath, of the amount of fees they recovered in the Flight 261 Litigation." See Interim Order at 3:23-24. Please advise us as to whether you will provide a supplemental declaration to reflect the gross amount of attorneys' fees recovered. If you will not provide such information, we will have to file the appropriate motion to compel complete compliance with the Court's order.

Finally, we believe that Defendants' Jury Demand filed April 7, 2004 is improper. See Rule 38(b); Pacific Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd, 239 F.3d 1000, 1002 n.2 (9th Cir. 2001). At the Case Management Conference, defendants consented to the setting of this matter for a Court trial based on the plaintiff's waiver, in open court, of a jury trial. See Case Management Conference Order. Defendants received notice that the Court set this matter for a bench trial, as opposed to a jury trial, on April 3, 2004. Thus, the defendants have waived their right to a jury trial under Rule 38(b)(1). While Rule 39(b) confers discretion on the court to order a jury trial after a party makes a written motion, in the Ninth Circuit, such relief has been narrowly construed. See Pacific Fisheries, 239 F.3d at 1002 (holding relief under Rule 39(b) narrow and cannot be granted where untimely demand the result of an oversight or attorney's good faith mistake of law). Based on the forgoing, we request that you withdraw your Demand for Jury or make your request through a properly noticed motion in accordance with Rule 39(b).

I am hopeful that you will be able to completely discuss these matters with me on Monday or Tuesday of next week. If you are not available, please indicate when you will be available to discuss these matters early next week.

Very truly yours,

GRUNSKY, EBEY, FARRAR & HOWELL

Rebecca Connolly

cc: Richard Gurbst, Esq
Thomas Winchelmann

\\gefn-svr\apps\WORD\wict17276\1-leonard041204.doc