**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDERS**

1. Counsel shall consult and comply with all provisions of the Local Rules relating to continuances, motions, briefs, and all other matters.  Any pleading hereafter sought to be filed with the Court after the required time, or in an improper manner or form, shall not be received or considered by the Court.  Any attorney in violation of such requirements will be subject to other sanctions. Civil Local Rule 1-4.

2. Counsel need not reserve a motion hearing date with the Court.  Notice your motion in accordance with the following times:  Civil motions are heard on Mondays at 10:00 AM.  Case management conferences are held on Mondays at 1:30 PM.  Pretrial conferences are held on Mondays at 3:00 PM.

3. Parties wanting to continue hearings, request special status conferences, or make other procedural changes should do so either by a signed stipulation and order or, if a stipulation is not possible, by a written ex parte application and order.  **Briefing schedules may not be changed by stipulation.  Any change in the hearing date does not alter the original briefing schedule unless otherwise ordered by the Court.**

4. **For Electronic Case Filing ("ECF") cases, the parties shall lodge with chambers a printed copy of all papers not filed electronically (e.g., oversized exhibits) as soon as possible after the notice of manual filing is e-filed and, in any event, no later than 12:00 noon on the next court day following the date of e-filing the notice of manual filing.**  These chambers copies shall be submitted to the Clerk's Office in an envelope clearly marked "TEH E-FILING CHAMBERS COPY," along with

1   the case name and case number.  Chambers copies of electronically filed documents

2   need not be submitted.

3

4   5.   All discovery matters are hereby referred to a magistrate judge.  If a discovery dispute

5        arises, the parties should call this Court's courtroom deputy, at (415) 522-2047, for

6        referral to a magistrate.

7

8   6.   The parties are reminded that most procedural questions are answered in the Local Rules.

9        Counsel are urged to obtain, review, and adhere to the Local Rules for the Northern

10       District of California.  Copies are available from the Clerk's Office.

11

12  7.   **Plaintiff is directed to serve copies of this order at once upon all parties to this**

13       **action, and upon those subsequently joined, in accordance with Federal Rules of**

14       **Civil Procedure 4 and 5.**  Plaintiff shall file with the Clerk of the Court a certificate

15       reflecting such service.

16

17  **FAILURE TO COMPLY WITH THIS ORDER may be deemed sufficient grounds for**

18  **dismissal of this case, default, or other appropriate sanctions.**

19

20

21

22

23

24

25

26

27

28

**ORDER SETTING CASE MANAGEMENT CONFERENCE**

This action having been assigned to JUDGE THELTON E. HENDERSON, IT IS ORDERED that a Case Management Conference be held in the above action on _____ at 1:30 p.m. in COURTROOM 12, UNITED STATES COURTHOUSE, 450 Golden Gate Avenue, San Francisco, California.

Counsel are directed to confer in advance of the Case Management Conference with respect to the items listed below and file with the Court, not less than seven (7) days in advance of the conference, a joint certificate reflecting the results of the conference. The parties shall appear in person or through counsel and shall be prepared to discuss all matters referred to in this Order.

Any request to reschedule the above date should be made in writing, and by stipulation if possible, not less than ten (10) days before the Conference date.

At the Conference, the parties should be prepared to address and resolve the following:

1. Setting the date and estimated length of the trial; setting the date for discovery cut-off; setting the date to designate experts and other witnesses; and setting the date for pre-trial conference.

2. Does the Court have subject matter jurisdiction over all of the plaintiffs' claims and defendants' counterclaims? What is the basis of that jurisdiction? Are all the parties subject to the Court's jurisdiction? Do any parties remain to be served?

3. What are the factual and legal bases for plaintiff's claims and defendant's defenses? Defendant's counter-claims and plaintiff's defenses to the counter-claims?

4. What are the factual and legal issues genuinely in dispute?

5. What are the issues that can be narrowed by agreement or by motion? Are there dispositive or partially dispositive issues appropriate for a decision by motion?

6. What are the motions anticipated by the parties?

7. What relief does the plaintiff seek? What is the amount of damages sought by plaintiff's claims? What is the amount of damages sought by defendant's counter-claims? How are the damages computed?

8.    What discovery does each party intend to pursue?  Can discovery be limited in any manner?  Are there any alternative methods available to obtain the necessary information?  Should a discovery order be entered pursuant to Fed R. Civ P. 26(f)?

9.    Is the case suitable for reference to binding arbitration, to a master, or to a Magistrate Judge for trial?  Is the case suitable for reference to the Judicial Panel on Multidistrict Litigation?

10.   Will this case be tried by a jury?  What is the anticipated length of trial?  Is it possible to reduce the length of the trial by stipulation, use of summaries or statements or other expedited means of presenting evidence?  Is it feasible and desirable to bifurcate issues for trial?

11.   Are there any related cases pending before the judges of this Court? <u>See</u> Civil Local Rule 3-12.

12.   If this is a class action, how and when will the class be certified?

13.   When are the earliest reasonable dates for discovery cut-off, pre-trial conference and trial?

14.   What are the prospects for settlement? Does any party wish to have a settlement conference with another Judge or Magistrate Judge?  How can settlement efforts be assisted?

15.   Any other matters that any party considers conducive to the just, speedy, and inexpensive determination of this action.

**IT IS SO ORDERED.**

DATED ____03/09/04____                    _____/s/_____
                                          THELTON E. HENDERSON, JUDGE
                                          UNITED STATES DISTRICT COURT