

1   DENISE M. HULETT  (No. 121553)
    Mexican American Legal Defense and Educational Fund
2   915 Cole Street, No. 381
    San Francisco, CA  94117
3   Telephone: (415) 504-6901
    Facsimile: (415) 504-8901
4
    THOMAS A. SAENZ  (No. 159430)
5   Mexican American Legal Defense and Educational Fund
    634 S. Spring Street, 11th Floor
6   Los Angeles, CA 90014
    Telephone: (213) 629-2512
7   Facsimile: (213) 629-0266

8   CHRISTOPHER HO (No. 129845)
    The Legal Aid Society - Employment Law Center
9   1663 Mission Street, Suite 400
    San Francisco, CA  94103-2449
10  Telephone: (415) 864-8848
    Facsimile: (415) 864-8199

11  Attorneys for Plaintiffs

12  ROBERT D. McCALLUM, JR.
    Assistant Attorney General
13  KEVIN V. RYAN
    United States Attorney
14  HENRY A. AZAR, JR.
    Acting Assistant Branch Director
15  SUSAN K. ULLMAN
    United States Department of Justice
16  Civil Division, Federal Programs Branch
    901 E Street, N.W., Room 954
17  Washington, D.C.  20530
    Telephone: (202) 616-0680
18  Facsimile: (202) 616-8202

19  Attorneys for Defendants

                    UNITED STATES DISTRICT COURT
20                NORTHERN DISTRICT OF CALIFORNIA
                         OAKLAND DIVISION
21  _____

22  MICHAEL BRIONEZ, *et al.*,            )
                                          )   No. C 01 3969 CW
23                        Plaintiffs,     )
                                          )
            v.                            )   FINAL JUDGMENT
24                                        )   APPROVING
    UNITED STATES DEPARTMENT OF           )   SETTLEMENT AGREEMENT
25  AGRICULTURE, *et al.*,                )
                                          )
26                        Defendants.     )
    _____ )

27  Final Judgment Approving
    Settlement Agreement
28  No. C 01 3969 CW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>FINAL JUDGMENT APPROVING SETTLEMENT AGREEMENT</u>

Following this Court's preliminary approval of the proposed Settlement Agreement in the this action, the parties disseminated a Notice of Proposed Settlement and Fairness Hearing to the provisionally-certified class.

The Court, having reviewed the parties' moving papers, the proposed Settlement Agreement between the parties, all objections to the Settlement Agreement, all filings in support of the Settlement Agreement, and having heard argument on the matter, finds, for good cause, as follows:

1.  the Settlement Agreement between plaintiffs and defendants, attached hereto as Exhibit 1, is finally approved as a fair, adequate, and reasonable solution of this litigation;

2.  notwithstanding the proceedings in <u>Sedillo, <i>et al</i>. v. Veneman</u>, EEOC No. 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P, as part of the Settlement Agreement in this case, defendants may offer plaintiffs the opportunity to mediate their individual formal EEO complaints as provided in the Settlement Agreement ¶ III.

**IT IS SO ORDERED** ON THIS <u>23rd</u> DAY OF October, 2002.


/s/ CLAUDIA WILKEN

_____

THE HONORABLE CLAUDIA WILKEN
United States District Judge


Final Judgment Approving
Settlement Agreement
No. C 01 3969 CW                    -2-

DENISE M. HULETT (No. 121553)
Mexican American Legal Defense and Educational Fund
915 Cole Street, No. 381
San Francisco, CA  94117
Telephone: (415) 504-6901
Facsimile: (415) 504-8901

THOMAS A. SAENZ (No. 159430)
Mexican American Legal Defense and Educational Fund
634 S. Spring Street, 11th Floor
Los Angeles, CA  90014
Telephone:  (213) 629-2512
Facsimile:  (213) 629-0266

CHRISTOPHER HO (No. 129845)
The Legal Aid Society - Employment Law Center
1663 Mission Street, Suite 400
San Francisco, CA  94103-2449
Telephone: (415) 864-8848
Facsimile: (415) 864-8199

Attorneys for Plaintiffs

ROBERT D. McCALLUM, JR.
Assistant Attorney General
DAVID W. SHAPIRO
United States Attorney
RICHARD G. LEPLEY
SUSAN K. ULLMAN
United States Department of Justice
Civil Division, Federal Programs Branch
901 E Street, N.W., Room 1020
Washington, D.C.  20530
Telephone: (202) 616-0680
Facsimile: (202) 616-8470

Attorneys for Defendants

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | | |
|---|---|---|
| MICHAEL BRIONEZ, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | No. C 01 3969 CW |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | SETTLEMENT AGREEMENT |
| AGRICULTURE, *et al.*, | ) | |
| Defendants. | ) | |

Settlement Agreement
NO. C 01 3969 CW

## I. <u>INTRODUCTION AND NATURE OF THE CASE</u>

This Settlement Agreement ("Settlement Agreement" or "Agreement") is entered into between Plaintiffs Michael Brionez, Peggy Hernandez, Maria Hernandez and Alan Gallegos, signatories to the March 30, 1990 Resolution Agreement that was the subject of an EEOC complaint, EEOC Appeal # 01944100, and organizational Plaintiff Regional Hispanic Working Group ("RHWG"), by their counsel, on behalf of a class of Hispanic employees ("Plaintiffs" or "Class"), of the Pacific Southwest Region of the Forest Service of the United States Department of Agriculture ("Region 5"), and defendant Ann M. Veneman, Secretary of the United States Department of Agriculture, sued in her official capacity, and the Pacific Southwest Region, Forest Service, U.S. Department of Agriculture ("Region 5") ("Defendants"), by their counsel.

On October 22, 2001, Plaintiffs filed this action in the United States District Court for the Northern District of California, C 01-3969 CW (the "District Court").  Plaintiffs allege in their complaint that Region 5 violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§ 2000e <u>et</u> <u>seq</u>.).  <u>See</u> Complaint (attached as Exhibit A).  Plaintiffs allege that Region 5's selection processes leading to hiring and promotion unlawfully discriminate against Class Members in violation of Title VII.  As a result, Plaintiffs allege that Hispanics are under represented in Region 5's current workforce, as compared to applicable civilian labor force statistics.  Plaintiffs further allege that Defendants have engaged in discriminatory harassment and retaliation against Class Members, including retaliation for Class Members' participation in the RHWG and other civil rights activities.  Plaintiffs further allege that Defendants are not in compliance with a Resolution Agreement entered into between representatives of the Hispanic Working Group and Region 5, Department of Agriculture on March 30, 1990.  On October 14, 1999, the EEOC specifically held that Defendants "did make a good faith effort to meet its obligations under the [Resolution Agreement]."  Plaintiffs filed a motion for reconsideration of

Settlement Agreement
NO. C 01 3969 CW                    -2-

1  that decision which was denied by the EEOC on October 14, 2001.  The District Court has

2  certified a class as defined in Section II below.

3        In the interest of resolving this action without the need for further litigation, and without

4  any admission of liability by any party, the Parties hereby agree to the following terms on which

5  this action is to be fully and finally resolved.

6                    II.  DEFINITIONS AND GENERAL TERMS

7     A.     Definitions

8            As used in this Agreement the following terms have the meaning specified below:

9     1.     "Applicable Labor Pool" means those individuals represented by the

10           relevant civilian labor force data capturing the qualifications

11           corresponding to Region 5 job series and categories.  For purposes of this

12           Agreement only, the Parties agree that the best available statistics for

13           identifying the relevant civilian labor force are EEOC Civilian Labor

14           Force Data.  Specifically,

15           a.     For professional series with more than 20 employees:

16                  i.     For each job series in the professional category with more

17                         than 20 employees, Defendants shall provide the National

18                         Professional Series Specific EEOC Civilian Labor Force

19                         Data.

20           b.     For non-professional series with 50 or more employees:

21                  i.     For each job series in the administrative category with 50

22                         or more employees GS-13 and above, Defendants shall

23                         provide the National

Settlement Agreement
NO. C 01 3969 CW                    -3-

Administrative Series Specific EEOC Civilian Labor Force Data.

  ii. For each job series in the administrative category (GS-12 and below), in the technical category, in the clerical category, and in the blue collar category with 50 or more employees, Defendants shall provide the California Series Specific EEOC Civilian Labor Force Data.

 c. For non-professional series with fewer than 50 employees:

  i. For all non-professional series with fewer than 50 employees, Defendants shall combine them in their respective "ATCB" categories and provide California "ATCB" EEOC Civilian Labor Force Data.

Defendants shall provide this information using the 1990 EEOC Civilian Labor Force Data until the 2000 EEOC Civilian Labor Force Data is available. See Exhibit B for each job series and/or job category in Region 5 and the corresponding EEOC Civilian Labor Force Data to be used for the Applicable Labor Pool.

2. "Class" means all permanent Hispanic employees of the Forest Service, Region 5 who allege that they have applied for and not been selected for a Region 5 Position based on race or national origin, or have been retaliated against because of their involvement in civil rights activities. The class also includes former permanent Hispanic employees of the Forest Service, Region 5 who have formal EEO complaints, based on non-selection

Settlement Agreement
NO. C 01 3969 CW   -4-

because of race, national origin, or retaliation, pending on the Effective Date of this Agreement.

3.    "Class Member" or "Member of the Class" means a person who falls within the definition of the Class.

4.    "District Court" means the United States District Court for the Northern District of California.

5.    "Defendants" means Ann M. Veneman, Secretary of the United States Department of Agriculture, in her official capacity, and the Pacific Southwest Region, Forest Service, U.S. Department of Agriculture ("Region 5").

6.    "Effective Date" means the first date when the Agreement has become final as set forth in definition 9.

7.    "Expiration Date" means midnight, three years from the date that the initial Monitor is retained pursuant to paragraph IV.F.

8.    "External applicant" means an individual not employed by the United States government who submitted an application for a Region 5 Position.

9.    "Final Judgment" means the later of: (i) the date of final affirmance on an appeal from the Judgment, the expiration of the time for the filing of a petition for a writ of certiorari to review the Judgment, and, if certiorari is granted, the date of final affirmance of the Judgment following review pursuant to that grant; or (ii) the date of final dismissal of any appeal from the Judgment or the final dismissal of any proceeding on a writ of certiorari granted to review the Judgment; or (iii) if no appeal from the Judgment is filed, the expiration of the time for the filing or noticing of

1   any appeal from the Court's Judgment approving the Agreement (i.e., sixty

2   (60) days after entry of the Judgment).

3   10.   "Judgment" means the Judgment to be rendered by the District Court.

4   11.   "Organizational Plaintiff" means the RHWG, which includes the RHWG

5   Executive Committee ("RHWGX"). The RHWG is comprised of

6   Hispanic employees of Region 5, and formed for the purpose of promoting

7   the civil rights of Hispanics in Region 5. The RHWG is represented by

8   one representative from each Region 5 forest and one from the Regional

9   Office; representatives are elected by the RHWG members from each

10   forest. The RHWGX is an elected body of the RHWG.

11   12.   "Parties" means, collectively, Representative Plaintiffs, Plaintiff

12   signatories to the March 30, 1990 Resolution Agreement, and

13   Organizational Plaintiff, on behalf of themselves and Members of the

14   Class, and Defendants.

15   13.   "Region 5 Position" means a funded vacancy that management decides to

16   fill permanently and where management has a choice regarding selection,

17   after fulfilling all of the mandatory placement requirements found in the

18   current Forest Service Merit Promotion Plan. The following are not

19   Region 5 Positions: (1) reassignments that fall under Rules 1, 3, 4, 5, 6, 7,

20   8, 9, 10, 11, and 12, as those Rules are defined in the Guide to Processing

21   Personnel Action, Chapter 14, Table 14-D (Reassignments in the

22   Competitive Service); (2) reassignments that result in the immediate

23   abolishment of the vacated position due to workforce planning; and (3)

24   accretion of duties promotions.

25

26

27

28   Settlement Agreement
     NO. C 01 3969 CW                          -6-

14.   "Regional Forester" means the Regional Forester or Associate Regional Forester for Region 5.

15.   "Relevant Geographic Area" (1) for all clerical, technical, blue collar positions as well as administrative GS-12 and below, is California, and (2) for all professional positions and administrative GS-13 and above, is the United States.

16.   "Representative Plaintiffs" means the named plaintiffs in the class action: Michael Brionez, Peggy Hernandez, Maria Hernandez, Alan Gallegos, and organizational Plaintiff Regional Hispanic Working Group ("RHWG").

B.   General Terms

1.   Term of Agreement.  The term of this Agreement is three years, except as provided below in this paragraph.  This Agreement and all its provisions will expire and will be without force and effect as of the Expiration Date, except that (1) in the event the District Court determines, based on a motion to enforce compliance with Section IV, that Defendants are in breach, then the specific obligation(s) that is the subject of the motion to enforce compliance shall be extended for an additional period of time equal to the period bounded by the date on which the motion to enforce was filed through and including the date of the District Court's order, except that this additional time period shall not exceed the time period equal to the period bounded by the date the motion to enforce was filed through and including the Expiration Date; (2) the District Court may order a one-time, one-year extension of the Term of the Agreement, as provided in VII.B.8; (3) if there is a motion to enforce compliance with

Settlement Agreement
NO. C 01 3969 CW                    -7-

Section IV pending in the District Court on the Expiration Date, then the specific obligation(s) that is the subject of the motion to enforce compliance shall be stayed while the motion is still pending in the District Court; and, (4) this time limitation does not apply to the effect of this Agreement on other claims as described in Section III below.

The Parties shall meet and confer two (2) years after the Effective Date of the Agreement to determine whether an earlier termination is warranted.

2.  Persons Covered By Agreement.  The Class covered by and eligible for relief under this Agreement is defined in Section II.A. pursuant to the District Court's order entering this Settlement Agreement.

3.  Non-Admission of Liability.  This Agreement does not constitute an admission of the merits of any position taken by any party to this litigation, nor of any liability by Defendants for the violation of any law, statute, regulation, or policy.  Defendants expressly deny any wrongdoing or liability.

III.  EFFECT OF AGREEMENT

A.  Mediation of Individual EEO Complaints

1.  Subject to subparagraph 5 below, any Class Member who, at the Effective Date, has a pending formal individual EEO complaint of non-selection based on race or national origin, or of retaliation for participation in protected activity with regard to this class complaint, will have the opportunity to participate in mediation under this Agreement to resolve their complaints.  Section III is applicable to all class members, including any and all named-plaintiffs.

Settlement Agreement
NO. C 01 3969 CW                    -8-

2.     Within thirty (30) calendar days of the Effective Date of this Agreement, Defendants shall issue a mediation notice to all class members who have pending formal individual EEO complaints (as described in Section III.A.1) and who have not been issued a final agency decision.  The mediation notice will be accompanied by a mediation request form. To elect mediation of an EEO complaint, a Class Member must return the Mediation Form no later than (30) calendar days after receipt of the Form. (The Mediation Request Form is presumptively received within five (5) calendar days of mailing.)  A Class Member who does not elect mediation or who does not return the Mediation Request Form under section III A. 2. will have his or her complaint processed under the normal EEO complaint process.  That Class Member will not participate in mediation under this Agreement.

3.     The mediation will be conducted by Defendants.  The mediation session will consist of a mediator from a local, non-USDA mediation contractor, a representative(s) from the Forest Service, Region 5, and the individual Class Member and/or their representative(s).

4.     If, after the mediation process, an EEO complaint is not resolved, it will be forwarded to the Region 5 Regional Office. The Region 5 Regional Office will review the case to determine if any additional action will be taken, and shall make recommendations to the Regional Forester.  The Regional Forester will make the final determination, within his/her delegated authority, regarding settlement of the EEO complaint.

   a.     If the Region 5 Regional Forester determines that an additional offer should be made, then the individual Class Member will

Settlement Agreement
NO. C 01 3969 CW                    -9-

receive a "best and final offer" (BAFO).  An individual Class
Member's acceptance of a BAFO must be within ten (10) calendar
days of his/her receipt of the BAFO letter, or the complaint will
continue to be processed under the normal EEO complaint process.
(The BAFO letter is presumptively received within five (5)
calendar days of mailing.)

      b.      If the Region 5 Regional Forester makes a determination that no
additional action will be taken, the complaint will continue to be
processed under the normal EEO complaint process.

5.      Any Class Member who received a BAFO under Defendants' previous
backlog process and declined to accept it is not eligible to participate in
the mediation process set forth in this Section and will continue to have
his/her formal individual EEO complaint processed under applicable EEO
procedures.

6.      The costs of the mediation shall be paid for by Defendants.

## IV.  DUTIES AND OBLIGATIONS

A.      It is the intention of Defendants to undertake and continue specific measures
designed to eliminate any barriers to hiring, promotion, and retention of Hispanics
in the Region 5 workforce.  Defendants shall undertake in good faith the specific
measures set forth in Sections V and VI of this Agreement to eliminate such
barriers.

1.      Goal.  It is the goal of Defendants to increase Hispanic representation in
the Region 5 workforce to a percentage equivalent to the percentage of
Hispanics in the Applicable Labor Pool in the Relevant Geographic Area.

Settlement Agreement
NO. C 01 3969 CW          -10-

2.    <u>Statement on Preferences</u>.  Nothing contained in this Agreement will obligate Region 5 to create new positions, to fill any particular position, or to promote, select, or assign any particular person to any particular position.  No provision of this Agreement is intended as, or may be construed as imposing, a quota.

B.    The Regional Forester shall incorporate the following into a Regional Forester policy statement to be issued as the Parties agree:

"Region 5 is dedicated to the principle of equal employment opportunity for all of its employees.  Region 5 is an equal opportunity employer, and equal employment opportunity principles are an important part of Region 5 personnel practices and daily operations.  Opportunities for training, career development, and advancement are to be equally available to everyone.  Region 5 believes that its greatest strength is the rich diversity of its work force and is committed to treating all employees fairly and equitably."

"Region 5 is committed to maintaining a work environment where every employee is free from discrimination or harassment on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status.  The Region is committed to ensuring that persons who engage in civil rights related activities, including the monitoring and enforcement of this Agreement, may do so without fear of retaliation or reprisal."

C.    Defendants will maintain a full-time Regional Recruitment Coordinator position, with the primary purpose of implementing the Recruitment Program set forth in Section V.  The duties of the Regional Recruitment Coordinator are set forth in Section V. B.  Defendants shall fund such position at a level enabling the Regional Recruitment Coordinator to accomplish the objectives of this Agreement.  In carrying out the duties of this position, the regional recruitment Coordinator will engage the Directors of Human Resources and Civil Rights, the Regional Forester, and other members of the Regional Leadership Team.  All programs, including the Recruitment Program, are the responsibility of the Regional Forester.

D.   Defendants shall make a good faith effort to maintain and fill the position of Region 5 Civil Rights Director, during the term of this Agreement.

E.   As of the Effective Date, Region 5 continues to have the authority to hire externally, pursuant to demonstration project authority, without the prior approval of the Office of Personnel Management (OPM).  Pursuant to this authority, Defendants shall advertise Region 5 positions in the following job series in the Relevant Geographic Area, both government-wide and through demonstration project authority, throughout the term of this Agreement:

All job series with 50 or more employees and job series 193, 201, 303, 2210, 340, 401, 460, 462, 486, 802, 810, 1001, 1101, 5716, and 5823.

If Region 5's authority to hire externally expires, Region 5 shall request and shall in good faith seek to secure approval from OPM for external hiring authority.

F.   Within sixty (60) days of the Effective Date of this Agreement, Region 5 shall retain and fund a monitor for the purpose of monitoring the implementation of the specific terms of the Agreement.  The duties of the Monitor are set forth in Section VI.

G.   Defendants shall make a good faith effort to provide sufficient resources to meet his obligations under this Agreement.  It shall constitute an affirmative defense to any enforcement action under Section VII of this Agreement that, despite good faith efforts, Defendants' failure to meet their obligations under this Agreement is due to the unavailability of sufficient resources.

## V.   METHODS OF IMPLEMENTATION

A.   Outreach, Recruitment, Hiring, and Retention

1.   The Regional Recruitment Program includes components that are designed (1) to disseminate effectively information relating to employment opportunities and (2) to increase the diversity of the applicant

pool by engaging in recruitment activities, both government-wide and
externally,
consistent with the obligations set forth in Section IV.

2.  Region 5 will monitor all recruitment and promotion actions of Forest
Supervisors and Regional Office Directors and all recruitment and
promotion actions taken under their supervision.

3.  Defendants shall employ the Outreach and Recruitment Procedures using
the Employment Outreach and Recruitment Documentation, attached as
Exhibit C, or, if necessary, an alternative agreed upon by the Parties, in
any action to fill a vacancy through competitive processes for a Region 5
Position.  Prior to the final selection for a Region 5 Position, the selection
certificate and supporting paperwork will be reviewed by the unit Human
Resource Officer.

4.  Defendants recruit from the Student Career Employment Program and
from Region 5's temporary employees, including 1039 appointments,
"not-to-exceed-one-year" appointments, and term appointments.

5.  Region 5 will comply with Forest Service directives and policy on
workforce planning.

B.  The Regional Recruitment Coordinator

1.  The Regional Recruitment Coordinator's responsibilities include the
following:

    a.  coordinating outreach and recruitment;

    b.  being knowledgeable in Region 5's hiring practices, standards, and
    procedures; and

    c.  making regular presentations (with the assistance of Region 5

Settlement Agreement
NO. C 01 3969 CW                                    -13-

representative(s)) at the Regional Leadership Forum to appraise the team of the status of Region 5's outreach, recruitment, and selection activity; to identify any barriers to outreach and recruitment; and, to request the team's assistance when necessary to accomplish the goals of his/her program.

2.   The Regional Recruitment Coordinator shall have access to the following information:  the number of Region 5 positions at each unit; position requirements including grade level, qualifications, and any other special requirements; the number of resumes or other application forms submitted for a particular opening; the  number of applicants interviewed; the number of all applicants offered the position; the race and national origin of the person who accepts each employment position; and the number of applications coming from persons employed by Region 5, the U.S. Department of Agriculture Forest Service nationally, the U.S. Department of Agriculture as a whole, any other federal agencies, and those coming from external applicants.  The Regional Recruitment Coordinator shall have access to this information by race, national origin, and gender to the extent it is provided by the applicants.

C.   Training

1.   At the first Regional Leadership Forum after the Effective Date, Region 5 shall provide training to all Forest Supervisors and Regional Office Directors on this Agreement and on their obligations in implementing this Agreement.  Region 5 will discuss annually at the Regional Leadership Forum Region 5's progress in achieving compliance with this Agreement.

Settlement Agreement
NO. C 01 3969 CW                          -14-

2.      All Region 5 employees will be provided EEO training in accordance with Departmental policy, including training on this Agreement and on their obligations in implementing this Agreement.

## VI.  MONITORING OF AGREEMENT

A.      <u>Monitor</u>

1.      Within 60 days of signing the Agreement, the Parties will each nominate two individuals, who are not federal employees, for selection as the Monitor.  The Parties will then negotiate to reach agreement on the selection of the Monitor.  If the Parties cannot agree on the selection of the Monitor, then the District Court will select the Monitor.

2.      The responsibilities of the Monitor shall continue during the 3-year term of this Agreement, and may or may not be extended by the Court as defined under VII.B.8.

3.      As a condition of employment, the Monitor shall sign an appropriate confidentiality agreement and Privacy Act Protective Order.

4.      The Defendant shall retain the Monitor as a contract employee.  The Monitor shall use existing Region 5 resources to perform his/her duties. Defendants shall provide, subject to reasonable budgetary constraints, reasonable funding to fulfill the duties and responsibilities of the Monitor.

5.      The Monitor shall have reasonable access to relevant books, data, and documents, in whatever form they are maintained in the ordinary course of business, and other sources of information necessary or appropriate to the exercise of his/her authority.

Settlement Agreement
NO. C 01 3969 CW                              -15-

6.     The Monitor may exercise his/her reasonable discretion to travel to and visit Region 5 job-sites, facilities, or other locations as necessary to fulfill his/her responsibilities.  The Monitor may also communicate with employees as necessary to fulfill his/her responsibilities.

B.     <u>Duties and Responsibilities of the Monitor</u>

1.     The Monitor shall monitor Defendants' compliance with Section IV of this Agreement.  In carrying out his/her responsibilities, the Monitor may:

a.     Develop and recommend changes, modifications or adjustments to this Agreement, in writing to the Regional Forester and counsel for both parties, to the extent necessary to effectuate its purposes, and

b.     Review reports required by the Agreement and make recommendations based on such reports.

2.     Counsel for either party may submit matters in writing to the Monitor for his/her consideration.  The Monitor may request an oral presentation from counsel for either party.  All matters submitted to the Monitor by counsel for either party shall be served on counsel for the opposing party.

3.     The Monitor shall meet with the Regional Forester quarterly, to discuss progress under Sections IV, V, and VI of the Agreement and any other issues with respect to Defendants' compliance with the Agreement.

4.     The Monitor may issue recommendations to Defendants as to any matter within their authority.  Each such recommendation shall be in writing and contain a statement of rationale.

C.     <u>Meetings Between Region 5 and the Regional Hispanic Working Group</u>

1.     During the Term of this Agreement, representatives from the Regional Forester's Office shall meet with the RHWG to review the Region's

progress in complying with the Agreement and, as appropriate, to develop
such procedures as the Parties agree are necessary to effectuate the terms
of this Agreement.

2.    Representatives from the Regional Forester's Office and the RHWG shall
      meet annually.  The first annual meeting between the Regional Forester's
      Office and the RHWG shall be held no later than one month following the
      issuance of the first monitoring report, as described in paragraph VI.D., or
      eight months following the Effective Date of this Agreement, whichever
      date is earlier.  The annual meeting shall not exceed two days, exclusive
      of travel time, and shall be held in Sacramento, CA, unless the Regional
      Forester's Office and the RHWGX agree on another location.

3.    Approximately two months after each annual meeting, representatives
      from the Regional Forester's Office shall meet with the RHWGX.  The
      semi-annual meeting shall not exceed one-half day, exclusive of travel
      time, and shall be held in Vallejo, CA.

4.    Members of the RHWG, not to exceed 19 individuals, shall be given
      official time and reimbursement authorized under the Federal Travel
      Regulations for attendance at the annual meeting.  Members of the
      RHWGX, not to exceed 6 individuals, shall be given official time and
      reimbursement authorized under the Federal Travel Regulations for
      attendance at the semi-annual meeting.

D.    Monitoring Reports

1.    Region 5 shall provide monitoring reports during the term of the
      Agreement.  The first monitoring report shall include information from the
      Effective Date to 60 days after the Effective Date, and shall be sent to the

Monitor, to counsel for Plaintiffs and Defendants, and to the RHWGX within 120 days of the Effective Date.  Thereafter, the information included in the monitoring reports shall be compiled on a semi-annual fiscal year basis, and shall be submitted within 60 days of the close of the reporting period and shall be sent to the Monitor, to counsel for Plaintiffs and Defendants, and to the RHWGX.

2.    Region 5 shall establish, within 60 days of the Effective Date, an automated system to provide the following information in the monitoring report: (1) The numbers and percentage of Hispanics and the total number of permanent employees in the Region 5 workforce, by race, gender, and national origin (RSNO), by forest, including the Regional Office (RO); (2) The number and percentage of all Region 5 Positions filled, by RSNO, by forest, including the RO; (3) The number and percentage of accretion of duties promotions by RSNO, by forest, including the RO; (4) The number and percentage of Hispanics and total number admitted into the Region 5 Student Career Employment Program during the preceding year; and (5) The average grade of Hispanic employees and the average grade of all employees.  The monitoring report shall also include, when available, the total number, status and basis of, all formal EEO complaints filed by Hispanics on the basis of national origin or retaliation, as provided to Region 5 by the Office of Civil Rights, U.S. Department of Agriculture. Region 5 agrees to undertake all appropriate efforts to obtain this data as expeditiously as possible.

3.    Region 5 shall also establish within six months of the Effective Date an automated system to provide the following information (to the extent

Settlement Agreement
NO. C 01 3969 CW                                 -18-

possible, given that Region 5 must rely upon optional self-identification) in the monitoring report: the number and percentage of applicants for Region 5 Positions filled by forest, and by the RO, by race, gender, and national origin, who are persons employed by Region 5, the U.S. Department of Agriculture as a whole, any other federal agencies, and those coming from external applicants; the race, gender, and national origin of those individuals who are reassigned pursuant to Rule 12 ("Rule 12 reassignments"), as that rule is defined in the Guide to Processing Personnel Action, Chapter 14, Table 14-D (Reassignments in the Competitive Service). Region 5 will also provide written guidance regarding Rule 12 reassignments.

4.  Upon request from Plaintiffs' counsel, the Monitor may provide Plaintiffs with reasonable access to documents that the Monitor deems reasonably necessary to resolve disputed issues relating to the implementation of this Agreement, provided that the Monitor finds the request to be reasonable and the documents are relevant, not privileged, not barred by the Privacy Act, and not otherwise barred from being released. Such documents may include, but are not limited to the following:

a.  The Forest Service Merit Promotion Plan;

b.  The annual Affirmative Employment Program Plan or equivalent document that outlines Region 5's affirmative employment plans;

c.  Documentation concerning outreach and recruitment;

d.  Published notification statements, policy statements, and notices of clarification of policies, including any supplements.

Settlement Agreement
NO. C 01 3969 CW                    -19-

5.      Prior to submitting a document request to the Monitor as set forth in paragraph VI.D.4., Plaintiffs will first make such request in writing to Region 5, with a copy to their attorneys.  Any disputes regarding entitlement to documents shall be resolved by the Monitor as set forth in paragraph VI.D.4., with appeal of the Monitor's decision to a Magistrate assigned by the Court.

6.      During the last year of this Agreement, a final monitoring report shall be compiled which shall include, in addition to the information specified in this section, a summary of the progress in meeting the responsibilities in Section IV.   The final monitoring report shall be submitted to the Monitor and to counsel for both Parties, 90 days prior to the expiration of the Agreement.

## VII.  ENFORCEMENT

A.      The District Court will retain jurisdiction during the term of this Agreement for the purpose of enforcing compliance with Sections IV and VIII, consistent with this Section.  Any references in Section IV to any other Section of this Agreement are for interpretative purposes only; the District Court does not have jurisdiction under this Section to enforce any provisions other than Sections IV and VIII.  The Parties will first attempt to resolve any claim of non-compliance of this Agreement through negotiations in accordance with the procedures described below.   An attempt at informal resolution ("meet and confer") will be a prerequisite to either party's request for relief from the District Court for non-compliance with this Agreement, under the process described in this section.

B.      If either party concludes that the other party has failed to perform its obligations under this Agreement, the following process will be used by the Parties:

Settlement Agreement
NO. C 01 3969 CW                                  -20-

1.   A party claiming failure to comply with the provisions of this Agreement at any time during its term will give written notice of the claim, in accordance with Section XI.A., and will propose a resolution of the issue. At least five (5) calendar days prior to the written notice, the party claiming non-compliance shall orally inform opposing counsel of the intended claim.

2.   The responding party will have thirty-five (35) calendar days following receipt of the written claim to respond, unless this period is enlarged by agreement of the Parties.

3.   If the party asserting the claim is dissatisfied with the other party's response or proposed resolution, or no response or proposed resolution is forthcoming, the party asserting the claim may submit the issue to the Monitor for his/her consideration and recommendation. The Monitor shall issue his/her tentative report and recommendation, if any, within thirty-five (35) calendar days of receipt of the claim, unless the time is extended by agreement of the Parties or by the Monitor.

4.   If a party wants to object to the tentative report and recommendation of the Monitor, it must notify the other party of its intent to file an objection, it must meet and confer with the other party, and it must lodge the objection with the Monitor and the other party within twenty-one (21) calendar days of the issuance of the tentative report and recommendation. The objection shall state the factual bases for the objection and shall set forth any supporting information. The Parties may agree to extend the time for lodging an objection, and the Monitor may grant a request of a party to extend the twenty-one (21) calendar day period for filing an objection.

Settlement Agreement
NO. C 01 3969 CW                           -21-

5.      The  Monitor shall issue his/her ruling on the objection and a final report and recommendation within thirty-five (35) calendar days of the filing of the objection, unless the time is extended by agreement of the Parties or by the Monitor.

6.      The parties shall be afforded a reasonable time to achieve compliance with the Monitor's final report and recommendation.

7.      If after completing the procedures set forth in this Section at paragraphs 1-6, the party asserting the claim still believes compliance with Section IV has not been achieved, that party may, after providing fourteen (14) calendar days' written notice to opposing counsel, pursue remedies consistent with this Section.  Venue for such a claim will be in the District Court.  The Parties agree that any District Court motion for enforcement or any other relief pursuant to this paragraph shall be limited to enforcement of the provisions contained in Sections IV and VIII of this Agreement.

8.      In any proceeding brought in the District Court under this Section to enforce compliance with Section IV, Defendants shall not be found in breach of this Agreement, and the District Court accordingly shall not order further relief, if the Court finds that Defendants have substantially complied with Sections IV. B-G., and Section V., or any alternative methods of implementation agreed upon by the Parties, and has nonetheless been unable to reach the goals of Section IV. A.  If, however, the Court finds that Defendants are in breach, the Court may order specific enforcement of the provisions contained in Section IV.B. through G., additional remedial measures to increase Hispanic representation subject to the availability of Region 5 Positions, any alternative provisions agreed

Settlement Agreement
NO. C 01 3969 CW                          -22-

upon by the parties, and/or a one-time, one-year extension of the Term of the Agreement.  Nothing contained in this Agreement will obligate Region 5 to create new positions, to fill any particular position, or to promote, select, or assign any particular person to any particular position.  No provision of this Agreement is intended as, or may be construed as imposing, a quota.

## VIII.  ATTORNEYS' FEES

If the settlement is approved by the District Court, plaintiffs' counsel and class counsel shall be entitled to reasonable attorneys' fees and costs under 42 U.S.C. §2000e-5(k) (as appropriate), that are generated in connection with the filing of this action and the implementation of this Settlement Agreement.  Defendants reserve the right to challenge any and all aspects of plaintiffs' counsel's and class counsel's applications for fees and costs.

The provision of attorneys' fees and costs in this Settlement Agreement is by agreement of the parties and shall not be cited as precedent in any other case.

## IX.  NOTICE

A.      Notice Order and Settlement Hearing.

1.      Promptly after execution of this Agreement, but in no event later than ten days after this Agreement is signed by counsel for all Parties (unless such time is extended by written agreement), the Parties will submit this Agreement (together with its Exhibits) to the Court and will jointly apply for entry of an order (the "Order Notice") requesting: (a) preliminary approval of the settlement set forth in this Agreement; (b) provisional certification of the class for settlement purposes only, (c) approval for dissemination of a Notice of Pendency ("Pendency Notice"), which shall include the general terms set forth in this Agreement, to all Members of

Settlement Agreement
NO. C 01 3969 CW                          -23-

the Class; and (d) that the Court set the date for a hearing (the "Settlement Hearing") at which the Court will consider approval of the settlement. In support of their application, the Parties will submit a joint statement including the factual and legal basis for the relief contained in the Settlement Agreement. The Parties will request that, after notice is given, the Court hold the Settlement Hearing and finally approve the settlement of the litigation as set forth in this Agreement.

2.    The Parties will request that the Order Notice specifically include the following provisions:

a.    Preliminarily approve this Agreement and the settlement set forth as being fair, just, reasonable and adequate to the Class;

b.    Provisionally certify the class for settlement purposes only;

c.    Approve the form of Pendency Notice for dissemination to Members of the Class;

d.    Direct Region 5 to disseminate the Pendency Notice on or before the date specified in the Order Notice to all Members of the Class and current Region 5 employees by regular mail, internal mail, or electronic transmission, and by posting on the Region 5 and national Forest Service websites;

e.    Find that the Pendency Notice given pursuant to subparagraph IX.A.1.(c). constitutes the best notice practicable under the circumstances, including individual notice to all persons in the Class who can be identified upon reasonable effort, and constitutes valid, due and sufficient notice to all persons in the Class, complying fully with the requirements of Rule 23 of the Federal

Settlement Agreement
NO. C 01 3969 CW                          -24-

1        Rules of Civil Procedure, the Constitution of the United States,

2        and any other applicable law;

3    f.   Schedule a Settlement Hearing to be held by the Court to

4        determine if the proposed settlement of the litigation as contained

5        in this Agreement should be approved as fair, reasonable and

6        adequate and whether the Judgment approving the settlement

7        should be entered;

8    g.   Provide that at or after the Settlement Hearing, the Court will enter

9        an order regarding whether and in what amount attorneys' fees and

10        reimbursement of expenses should be awarded to Plaintiffs'

11        Counsel;

12    h.   Provide that pending final determination of whether the settlement

13        contained in this Agreement should be approved, neither the

14        Representative Plaintiffs, nor any Class Member, either directly,

15        representatively, or in any other capacity will commence or

16        prosecute any action or proceeding in any court or tribunal

17        asserting any of the class claims against Region 5;

18    i.   Provide that any objections to (i) the proposed settlement

19        contained in this Agreement; or (ii) entry of the Judgment

20        approving the settlement shall be heard only if, on or before a date

21        specified in the Order Notice, persons making objections file and

22        serve on all Parties notice of their intention to appear (which will

23        set forth each objection and the basis therefor) and copies of any

24        papers in support of their position as set forth in the Order Notice;

25        and

Settlement Agreement
NO. C 01 3969 CW                    -25-

j.       Provide that the Settlement Hearing may, from time to time and

without further notice to the Class, be continued or adjourned by

order of the District Court.

X.  MISCELLANEOUS PROVISIONS

A.      Notices under this Agreement.  Copies of all notices required to be given to

Plaintiffs' Counsel or Defendants' Counsel under this Agreement shall be sent by

mail, postage prepaid, or by facsimile to the following (unless otherwise specified

in writing):

Denise M. Hulett, Esq.
Mexican American Legal Defense and Educational Fund
915 Cole Street, #381
San Francisco, CA 94117
(415) 504-8901 (facsimile)

Regional Forester
1323 Club Drive
Vallejo, CA  94592
(707) 562-9091 (facsimile)

Richard G. Lepley, Esq.
Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Room 966
Washington , D.C.  20044
(202) 616-8202 (facsimile)

B.      Severability and Duty to Defend.  Should any provision of this Agreement be

found by the Court to be invalid or unenforceable,  then (i) the validity of other

provisions of this Agreement shall not be affected or impaired, and (ii) such

provisions shall be enforced to the maximum extent possible.  In the event the

entry of this Agreement generates, either through intervention or separate

lawsuits, challenges to the lawfulness of any of the provisions contained in this

Settlement Agreement
NO. C 01 3969 CW                              -26-

Agreement, the Parties agree to defend the provisions against such challenges. If any such lawsuit is brought in state court against Defendants, they shall seek to remove such action to the District Court and the Parties shall support that action.

C.    Collateral Use of Agreement Prohibited. The Parties have entered into this Agreement as a compromise measure to terminate this action and resolve all issues of controversy between them. The terms of this Agreement, its substance, the negotiations leading up to the Agreement, and the information exchanged by the Parties in the course of those negotiations may not be offered, taken, construed or introduced as evidence for any purpose, either in this action or in any pending or subsequent proceeding of any nature, except that in any subsequent action involving the enforcement, construction, or application of this Agreement, a copy of the Agreement may be presented to verify its contents.

D.    Responses to Changes in Law. The Parties expressly recognize that changes in law occur in the area of personnel selection and personnel management. For this reason, Defendants must maintain the administrative flexibility to accommodate such changes. To the extent that a change in federal law or regulations or Executive Orders, or judicial or administrative case law, requires modifications to the implementation of this Agreement, nothing in this Agreement shall be construed to limit Defendants' authority to make such modifications; provided, however, that Plaintiffs do not waive their rights to challenge such modifications under the enforcement procedures set out in Section VII of this Agreement to the extent those modifications would change or affect the provisions set forth in Section IV. Defendants agree to notify Plaintiffs of the change in law or regulation and of the conforming modifications prior to their implementation.

Settlement Agreement
NO. C 01 3969 CW                          -27-

E.      Entire Agreement.  This Agreement constitutes the full and exclusive

agreement of the Parties with respect to the matters discussed herein, and

supersedes all prior agreements, written or oral, with respect to such

matters.  No representations or inducements to compromise this action

have been made, other than those recited in this Agreement.

F.      Headings.  The headings in this Agreement are for the convenience of the

Parties only and shall not limit, expand, modify, or aid in the interpretation

or construction of this Agreement.

G.      Counterparts.  This Settlement Agreement may be executed in one or more

counterparts and each executed copy will be deemed an original that is

binding upon all Parties.

IN WITNESS WHEREOF, the parties hereto have executed this Settlement

Agreement on the date first above written.

Respectfully submitted:

For Defendants:

ROBERT D. McCALLUM, JR.
Assistant Attorney General
DAVID W. SHAPIRO
United States Attorney


_____
            /s/
RICHARD G. LEPLEY
Of Counsel:                         Assistant Branch Director
MARISSA SUAREZ              SUSAN K. ULLMAN
U. S. Department of              Trial Attorney
Agriculture                         United States Department of Justice
Office of the General            Civil Division
Counsel                             P.O. Box 883
                                        Washington, D.C.  20044
                                        (202) 616-0680

Settlement Agreement
NO. C 01 3969 CW                    -28-

1

For Plaintiffs:

2

3
_____/s/_____
MICHAEL BRIONEZ

4
Executive Board Member
Regional Hispanic Working Group

5
_____/s/_____
PEGGY HERNANDEZ

6
Class Representative,
Executive Board Member

7
Regional Hispanic Working Group

8
_____/s/_____
MARIA HERNANDEZ

9
Executive Board Member
Regional Hispanic Working Group

10

_____/s/_____
ALAN GALLEGOS

11
Executive Board Member

12
Regional Hispanic Working Group

13
_____/s/_____
DENISE M. HULETT

14
San Francisco, CA
Mexican American Legal

15
  Defense & Educational Fund
THOMAS A. SAENZ

16
Los Angeles, CA
Mexican American Legal

17
  Defense and Educational Fund

18
_____/s/_____
CHRISTOPHER HO

19
Employment Law Center
San Francisco, CA

20

_____/s/_____
ROBERT E. BORTON

21
CAL G. GONZALES

22
Heller Ehrman White & McAuliffe LLP
San Francisco, CA

23

24

25
Dated:____6/26____, 2002.

26

27

28
Settlement Agreement
NO. C 01 3969 CW                    -29-

EXHIBIT A

TO

THE SETTLEMENT AGREEMENT

IS

THE COMPLAINT FILED IN THIS ACTION

Exhibit A to the Settlement Agreement in C 01 3969 CW

## CLF DATA FOR RECRUITMENT OF HISPANICS IN REGION 5*

EEOC NATIONAL SERIES CLF DATA FOR RECRUITMENT OF HISPANICS IN
PROFESSIONAL SERIES WITH 20 OR MORE EMPLOYEES

| | |
|---|---|
| GS-0193 - ARCHEOLOGIST | 3.6% |
| GS-0401 - GENERAL  BIOLOGICAL SCIENTIST | 3.2% |
| GS-0430 - BOTANIST | 3.2% |
| GS-0454 - RANGELAND MGMT SPECIALIST | 2.5% |
| GS-0460 - FORESTER | 2.5% |
| GS-0482 - FISHERIES BIOLOGIST | 3.2% |
| GS-0486 - WILDLIFE  BIOLOGIST | 3.2% |
| GS-0807 - LANDSCAPE ARCHITECT | 5.1% |
| GS-0810 - CIVIL ENGINEER | 3.7% |
| GS-1315 - HYDROLOGIST | 2.4% |
| GS-1350 - GEOLOGIST | 2.4% |

EEOC NATIONAL ADMINISTRATIVE CLF DATA FOR RECRUITMENT OF HISPANICS IN
ADMINISTRATIVE SERIES, GS-13 & ABOVE, WITH 50 OR MORE EMPLOYEES

GS-0340 - PROGRAM MANAGEMENT     5.2%

EEOC CALIFORNIA SERIES SPECIFIC CLF DATA FOR RECRUITMENT OF HISPANICS
IN
ADMINISTRATIVE SERIES, GS-12 & BELOW AND ALL TECHNICAL, CLERICAL AND
BLUE COLLAR SERIES, WITH 50 OR MORE EMPLOYEES

| | |
|---|---|
| GS-0201 - PERSONNEL MANAGEMENT SPECIALIST - A | 15.5% |
| GS-0303 - MISC. CLERK, GS-6 AND BELOW -C | 15.7% |
| GS-2210 - INFORMATION TECHNOLOGY MANAGEMENT | 5.8% |
| GS-0462 - FORESTRY TECHNICIAN - T | 21.3% |
| GS-0802 - ENGINEERING TECHNICIAN - T | 12.6% |
| GS-1001 - GENERAL ART & INFORMATION CLERK - C | none |
| GS-5716 - ENGINE EQUIPMENT OPERATOR - BC | 22.4% |

EEOC CALIFORNIA "ATCB" CLF DATA FOR RECRUITMENT OF HISPANICS IN ALL
NON-PROFESSIONAL SERIES WITH FEWER THAN 50 EMPLOYEES, GROUPED INTO
"ATCB" CATEGORIES.

| | |
|---|---|
| ADMINISTRATIVE SERIES | 11.5% |
| TECHNICAL SERIES | 15.8% |
| CLERICAL SERIES | 17.5% |
| BLUE COLLAR SERIES | 32.5% |

*Recruitment Civilian Labor Force (CLF) Data is not used to determine hiring goals.

Exhibit B to Settlement Agreement C 01 3969 CW

USDA - Forest Service                                     R5-6100

### EMPLOYMENT OUTREACH AND RECRUITMENT DOCUMENTATION
(Attachment to SF-52)

This form has been developed to assist managers in improving the diversity of all applicant pools. It will help identify options for filling positions using developmental opportunities, excepted authorities, multiple series/grades, student initiatives, etc., which are traditionally underutilized.

This form, completed by the Unit Outreach and Recruitment Official and reviewed by the Unit Human Resources Officer, shall be used to document recruitment efforts for all vacancies. Additional documentation may be used to supplement this form.

**I.     POSITION TO BE FILLED:**

| 1.UNIT AND SUBUNIT: | 2. WORKING TITLE: | 3. SERIES: | 4. TARGET GRADE: | 5. NAME/TITLE OF RECOMMENDING OFFICIAL |
|---|---|---|---|---|
|  |  |  |  |  |

**II.     RECRUITMENT GOALS:  Unit Outreach and Recruitment Official, in collaboration with the Civil Rights Official, shall review the most recent AEPP recruitment goals for occupational series.  Please place an X to the left of the appropriate recruitment group(s).**

#### Recruitment goals by occupational series:

| | 1. Series = |
|---|---|
| | |
| | Non-Minority Male |
| | Non-Minority Female |
| | African American Male |
| | African American Female |
| | Hispanic Male |
| | Hispanic Female |
| | Asian Pacific American Male |
| | Asian Pacific American Female |
| | American Indian/Alaskan Native Male |
| | American Indian/Alaskan Native Female |
| | Persons with Targeted Disabilities- Male |
| | Persons with Targeted Disabilities- Female |

**Exhibit C to Settlement Agreement C 01 3969 CW**

USDA - Forest Service                                    R5-6100

Page 2 of 3

## III.  INTERESTED ORGANIZATIONS AND RECRUITMENT SUMMARY:

Use this page to document both advertised outreach and recruitment.  It is critical that the Outreach and Recruitment Official complete this form thoroughly and include any supplemental information that supports his/her recruitment efforts.

Identify all organizational entities who were contacted regarding this position below:

| Name and Phone Number of Organization | Date of Contact | Agency/Company Location | Positive Response Yes/No |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

## IV.  ADVERTISEMENT METHOD AND AREA OF CONSIDERATION:

A.  **Method of Advertisement:  Position will be advertised as developmental:  YES [  ]  NO [  ]**

    Upward Mobility:  [  ]            Multiple Grade:  [  ]
    Apprenticeship:    [  ]            Other:            [  ] _____

  1. Target Grade Only (check)_____    Multiple Grades(list) ___ , ___ , ___

  2. If advertising other than single series, identify below:

      Interdisciplinary:  [  ]   List Series:  _____,  _____,  _____,  _____,  _____

      Interchangeable:  [  ]   List Series:  _____,  _____

B.  Area of Consideration:  All job series with 50 or more employees and job series 193, 201, 303, 2210, 340, 341, 401, 460, 462, 486, 802, 810, 1001, 1101, 5716, and 5823 must be advertised through the demonstration project authority.*  For all positions identified in Section II, area of consideration must be broader than Service-wide.

      [  ] Forest-wide                   [  ] Region-wide
      [  ] Service-wide                  [  ] Demo*
      [  ] Government-wide               [  ] Other _____

Exhibit C to Settlement Agreement C 01 3969 CW

**USDA - Forest Service**                                                **R5-6100**

**V.    CERTIFICATION STATEMENT:**

**I certify that the selected method of advertisement and area of consideration is appropriate.**

_____  _____Unit Outreach and
**Recruitment Official**                                               **Date**


**VI.   DECISION TO ADVERTISE:**

**I have reviewed the method of advertisement and area of consideration, certified by the Unit Outreach and Recruitment Official, and have advised the Selecting Official as follows:   (check one)**

**_____  a)  Recruitment and documentation is adequate;  proceed with vacancy announcement;**

**_____  b)  Low response to recruitment efforts; additional recruitment is recommended,**

**_____  c)  Low response to recruitment efforts.  Documentation supports a good faith effort at targeted outreach.  Recommend proceeding with vacancy announcement.**


_____                  _____
**Unit Human Resources Officer**                            **Date**

_____


**Exhibit C to Settlement Agreement C 01 3969 CW**