```
 1  JAMES L. LOPES (No. 63678)
    GARY M. KAPLAN (No. 155530)
 2  HOWARD, RICE, NEMEROVSKI, CANADY,
        FALK & RABKIN
 3  A Professional Corporation
    Three Embarcadero Center, 7th Floor
 4  San Francisco, California 94111-4024
    Telephone:  415/434-1600
 5  Facsimile:  415/217-5910
 6  Attorneys for Debtor and Debtor in Possession
    PACIFIC GAS AND ELECTRIC COMPANY
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PACIFIC GAS AND ELECTRIC COMPANY, a California corporation,<br><br>Debtor.<br><br>Federal I.D. No. 94-0742640 | Case No. 01-30923 DM<br><br>Chapter 11 Case<br><br>Date: March 5, 2004<br>Time: 1:30 p.m.<br>Place: 235 Pine Street, 22nd Floor<br>San Francisco, California<br>Judge: Hon. Dennis Montali |

REPLY TO RESPONSES TO DEBTOR'S MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT AMONG THE DEBTOR, ENRON CANADA CORP., ENRON ENERGY MARKETING CORP., ENRON ENERGY SERVICES, INC., ENRON NORTH AMERICA CORP. AND ENRON POWER MARKETING, INC.

INTRODUCTION AND SUMMARY OF ARGUMENT

Pacific Gas and Electric Company, the debtor and debtor in possession in the above-captioned Chapter 11 case ("PG&E" or the "Debtor"), hereby submits its reply (the "Reply") to the (i) Response of Banca Nazionale Del Lavoro S.p.A. ("BNL") and the (ii) Limited Objection of Federal Insurance Company ("Federal" and collectively with BNL, the "Objectors") (collectively, the "Responses") to the Debtor's Motion For Order Approving Settlement Agreement Among The Debtor, Enron Canada Corp., Enron Energy Marketing Corp., Enron Energy Services, Inc., Enron North America Corp. and Enron Power

REPLY RE DEBTOR'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH ENRON PARTIES
-1-

**EXHIBIT K**

Marketing, Inc. (the "Motion")[1]. As discussed in greater detail below, in addition to being replete with factual and legal errors and misrepresentations, the Responses should be rejected as they improperly seek to have this Court re-write the Settlement Agreement as to which neither of the Objectors is a party, without any justifiable basis.

## DISCUSSION

### A. The Responses Are Based On Numerous Factual And Legal Errors And Misrepresentations.

As discussed in each of the Responses, each of the Objectors filed objections to the Enron Parties' motion to approve the Settlement Agreement in the Enron Bankruptcy Court. The Enron Parties have filed a detailed reply to such objections, a copy of which is attached hereto as Exhibit 1 (the "Enron Parties' Reply").[2] As discussed throughout the Enron Parties' Reply, the Objectors' objections to the Settlement Agreement are based on numerous factual and legal errors and misrepresentations. Rather than repeat such errors and misrepresentations here, PG&E generally incorporates by reference the Enron Parties' Reply. PG&E does, however, provide below a few examples of such errors and misrepresentations.

BNL asserts (at p. 4 of its Response) that "the simple fact that ENA and ECC are receiving a recovery that is greater than the amount claimed by ENA under the ISDA implies that EPMI's setoff was complete such that nothing is owed by EPMI." In fact, as set forth in the Motion (at 10): "The Settlement Agreement provides for the allowance of ENA's Claim No. 8878 and ECC's Claim No. 8880 in the aggregate amount of $86 million (the

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Motion.

[2] PG&E is not attaching copies of such reply as an exhibit to the service copies of this Reply because it is relatively voluminous and has previously been served by the Enron Parties upon the Objectors. However, PG&E will make copies of this document available to anyone being served with this Reply. Any person served with this Reply may obtain a copy of the Enron Parties' Reply by written request by mail to Howard, Rice, Nemerovski, Canady, Falk & Rabkin, A Professional Corporation, Attn: Jordan B. VanPickerill, Three Embarcadero Center, 7th Floor, San Francisco, California 94111-4065, or by email request to jvanpickerill@howardrice.com. Additionally, copies of the Enron Parties' Reply will be available at the hearing on the Motion if any person wishes to review it.

REPLY RE DEBTOR'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH ENRON PARTIES
-2-

**EXHIBIT K**

1  'Allowed Wholesale Power & Gas Claim')." The Motion further reflects (at 3-4) that
2  ENA's Claim No. 8878 was filed in an aggregate amount of approximately $98 million
3  (including some $24 million under a gas agreement and $74 million under a swap
4  agreement), and ECC's Claim No. 8880 was filed in the amount of approximately $22
5  million based on a gas agreement. As discussed in the Motion (at 10), PG&E has filed
6  objections to Claim Nos. 8878 and 8880 based on, *inter alia*, that such claims are
7  miscalculated (including an overstatement of approximately $11 million with respect to the
8  swap agreement claim), and subject to certain setoffs (including approximately $11 million
9  owed by ENA to PG&E under other gas agreements). The Allowed Wholesale Power and
10 Gas Claim in the amount of $86 million under the Settlement Agreement represents a
11 compromise of the approximately $120 million asserted by ENA and ECC under Claim Nos.
12 8878 and 8880. Accordingly, BNL's contention quoted above is utterly baseless.
13     BNL's assertion (at p. 3 of its Response) that EPMI purported to setoff its
14 obligations to PG&E under the parties' terminated Master Power Agreement (the "MPA")
15 by, *inter alia*, "$395 million in Direct Access Credits" owed to EES and EEM is likewise
16 false. In fact, pursuant to the April 24, 2001 letter from ENA to PG&E upon which BNL
17 relies (copy attached as Exhibit C to BNL's Response), EPMI's purported exercise of its
18 setoff rights was limited to amounts owed by PG&E to EPMI, ENA and ECC under certain
19 gas agreements,[3] not electricity related obligations owed by PG&E to EES and EEM.[4]
20     BNL's contention (at p. 5 of its Response) that "it is patent that nothing was in
21 fact ever owed by EPMI [with respect to the terminated MPA]" is similarly baseless.
22 Indeed, as stated in the Enron Parties' Reply (at 14), "while PG&E and EPMI were not able
23 to agree as to the total amount of the MPA Termination Payment, they both agreed that the

---

[3] Specifically, the April 24, 2001 letter states (at 5) that "EPMI is exercising its rights to setoff amounts EPMI owes PG&E under the MPA against amounts PG&E owes EPMI as well as its affiliates, ENA and ECC, for natural gas sales pursuant to the US Gas Agreement and the CGA, respectively."

[4] As discussed in the Motion (at 4), EES and EEM filed Claim Numbers 8881 and 8882 against PG&E in the aggregate amount of approximately $404 million on account of DA Credits allegedly owed by PG&E.

REPLY RE DEBTOR'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH ENRON PARTIES
-3-

**EXHIBIT K**

1  MPA Termination Payment was at least $116 million and possibly more."

2  **B. The Objectors' Request For The Court To Rewrite The Settlement Agreement As To Which They Are Not Parties Should Be Rejected As Unjustified And Improper.**

Both of the Objectors improperly seek to have this Court re-write the Settlement Agreement as to which neither of them is a party, without any justifiable basis. Specifically, in its Response (at 7), BNL "requests entry of an order that (I) strikes Section 4.2 of the Settlement Agreement in its entirety; [and] (ii) provides that notwithstanding any provision that could have been interpreted to the contrary, BNL's rights, claims, and interests are not altered or effected [sic] in any way by the Settlement Agreement or any purported allocation of settlement proceeds thereunder . . . ." In its Response (at 2), Federal "requests that this Court enter an Order which, *inter alia*: (i) requires that the Enron Debtors and PG&E fully and completely release Federal from any and all claims arising under or out of the obligations secured by the Surety Bond and/or the Energy Services Provider Bond . . . ." Alternatively, Federal "requests that this Court require that a portion of the funds contained in the CPUC Escrow Account (at least in the amount of $8,184,197.63) be segregated and escrowed for the benefit of Federal if and to the extent that Federal performs and/or pays any claims due and owing under the aforementioned bonds."

As discussed in the Enron Parties' Reply, as a threshold matter, the Objectors are not entitled to any particular allocation of the proceeds under the Settlement Agreement, nor is there any legal basis for them requesting the Court to rewrite the Settlement Agreement, as to which neither of them is a party. See, e.g., MTB Bank v. Federal Armored Express, 949 F.Supp. 226, 229-230 (S.D.N.Y. 1997), rev'd on other grounds, 175 F.3d 283 (2d Cir. 1999) ("[t]he right of the debtor and creditor to make a particular allocation is not affected by third parties who may have an interest in the allocation of payments, such as sureties and guarantors—such third parties generally have no standing to insist on any particular allocation"). Furthermore, as discussed in the Motion (at 15-16), the Debtor has satisfied the multi-factor test for the Bankruptcy Court's approval of a settlement, which standard does not include the potential impact of the settlement on third parties.

REPLY RE DEBTOR'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH ENRON PARTIES
-4-

**EXHIBIT K**

1  Moreover, the modifications to the Settlement Agreement sought by the
2  Objectors are directly contrary to their respective contractual agreements. For example,
3  while Federal seeks exoneration from liability under the Surety Bonds, it expressly waived
4  its right to such relief in the Surety Bonds themselves. Specifically, in each of the Surety
5  Bonds (attached as Exhibit A to the Enron Parties' Reply), Federal agreed as follows:

> "Surety understands and agrees that it shall not be exonerated under Section 2819 of the California Civil Code, if, by any act of obligee without the consent of surety, the original obligation of principal is altered in any respect, or the remedies or rights of obligee against principal are in any way impaired or suspended." (Id. at 1)

9  The enforceability of such provisions is well established under California law.
10  See, e.g., Bloom v. Bender, 313 P.2d 568 (Cal. 1957); River Bank America v. Diller, 45
11  Cal. Rptr.2d 790 (Cal. Ct. App. 1995). See also Cal.Civ. Code § 2856 (recognizing surety's
12  right to waive otherwise available remedies). Indeed, under California law, even where a
13  waiver is not obtained, the surety is not exonerated if the underlying obligation is
14  unchanged. Thus, California Civil Code Section 2822(b) provides as follows:

> "[A]n agreement by a creditor to accept from the principal debtor a sum less than the balance owed on the original obligation, <u>without the prior consent of the surety</u> and without any other change to the underlying agreement between the creditor and the principal debtor, <u>shall not exonerate the surety for the lesser sum agreed upon by the creditor and the principal debtor.</u>" (Emphasis added)

19  Citing this provision, California courts have enforced underlying obligations
20  against sureties following settlements between the principal parties, without regard to the
21  lack of a waiver. See Preach v. Monterainbow, Ltd., 68 Cal. Rptr.2d 384 (Cal. Ct. App.
22  1997) (surety not entitled to exoneration following settlement between principal parties).
23  Thus, Federal's request that the Court modify the Settlement Agreement to
24  exonerate it from any liability under the Surety Bonds should be summarily denied.
25  Similarly, BNL's request that the Court order Section 4.2 of the Settlement
26  Agreement stricken in its entirety is contrary to BNL's own agreement with the Enron
27  Parties. Pursuant to the April 23, 2003 Stipulation and Order Resolving Motion of Banca
28  Nazionale Del Lavoro S.P.a. For Relief From The Automatic Stay (copy attached as Exhibit

REPLY RE DEBTOR'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH ENRON PARTIES
-5-

**EXHIBIT K**

B to the Enron Parties' Reply), at BNL's request, EPMI and Enron Corp. agreed that they:

> "may not contest any claim for reimbursement made by BNL in [their respective bankruptcy cases], in the event BNL has paid PG&E pursuant to an order of a court of competent jurisdiction, on the ground that the documents presented by PG&E under the letters of credit did not comply with the terms and conditions of the letters of credit..."

Section 4.2 of the Settlement Agreement is consistent with that stipulation, as it provides, in relevant part that:

> "The Enron Parties agree not to assert in any forum or for any purpose that the documents presented to BNL by PG&E did not comply with the terms of the BNL Letters of Credit, and expressly waive and release any and all claims they may or can have with respect to the BNL Letters of Credit pursuant to Section 5.2."

Furthermore, the provision that BNL seeks to strike from the Settlement Agreement is consistent with the New York state court's judgment requiring BNL to pay approximately $65 million to PG&E under the subject letters of credit, as acknowledged in BNL's objection to the Settlement Agreement in the Enron Bankruptcy Cases (at 5) (attached as Exhibit B to the BNL Response).

Accordingly, BNL's request for the Court to strike Section 4.2 of the Settlement Agreement should be denied. The Court should likewise reject BNL's baseless request that the Court order that BNL's rights are not affected in any way by the Settlement Agreement

## CONCLUSION

For all of the foregoing reasons set forth above and in the Motion, PG&E respectfully requests that the Court reject the Responses and grant the Motion.

DATED: March 1, 2004.

Respectfully,

HOWARD, RICE, NEMEROVSKI, CANADY,
FALK & RABKIN
A Professional Corporation

By: _____
GARY M. KAPLAN

Attorneys for Debtor and Debtor in Possession
PACIFIC GAS AND ELECTRIC COMPANY

WD 030104/1-1419954/1133942/v2

REPLY RE DEBTOR'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH ENRON PARTIES
-6-

**EXHIBIT K**

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California. I am over the age of eighteen (18) years and not a party to the within action; my business address is Three Embarcadero Center, 7th Floor, San Francisco, California 94111-4024.

On March 1, 2004, I served the following document described as **Reply to Responses to Debtor's Motion for Order Approving Settlement Agreement Among the Debtor, Enron Canada Corp., Enron Energy Marketing Corp. Enron Energy Services, Inc., Enron North America Corp. and Enron Power Marketing, Inc.** on the parties listed on the attached service list according to the method of service indicated herein:

☒ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below:

Joseph M. Burton
Duane Morris LLP
Fax: 415/371-2201

John F. Horstmann
Lawrence J. Kotler
Wendy M. Simkulak
Duane Morris LLP
Fax: 215/979-1020

[Counsel for Federal Insurance Company]

John W. Edwards II
Jones Day
Fax: 650/739-3900

[Counsel for Banca Nazionale Del Lavoro S.P.A.]

☒ by placing the document(s) listed on attached service list in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below on March 1, 2004:

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery to the following address:

PROOF OF SERVICE FOR REPLY RE DEBTOR'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH ENRON PARTIES
-1-

**EXHIBIT K**

1 ☐ by electronic mail upon the parties indicated by the electronic mail addresses set forth on the attached "Email Service List."

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on March 1, 2004.

*Jordan B. VanPickerill*
JORDAN B. VANPICKERILL

PROOF OF SERVICE FOR REPLY RE DEBTOR'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH ENRON PARTIES
-2-

**EXHIBIT K**

# SERVICE LIST

Robert Jay Moore
Milbank, Tweed, Hadley & McCloy LLP
601 South Figueroa Street
Los Angeles, California 90017

[Counsel for Official Committee of Unsecured Creditors]

BNY Western Trust
Attn: Mr. Todd Duncan
700 South Flower, 5th Floor
Los Angeles, CA 90017

[Indenture Trustee]

Joseph M. Burton
Duane Morris LLP
One Market, Spear Tower Suite 2000
San Francisco, CA 94105-1104

[Counsel for Federal Insurance Company]

John W. Edwards II
Jones Day
2882 Sand Hill Road, Suite 240
Menlo Park, CA 94025-7064

[Counsel for Banca Nazionale Del Lavora S.P.A.]

Office of the U.S. Trustee
Attn: Patricia Cutler
250 Montgomery Street, Suite 1000
San Francisco, CA 94104-3401

[Counsel for U.S. Trustee]

Evan Hollander
White & Case
1155 Avenue of the Americas
New York, NY 10036

[Counsel for BNY Western Trust]

John F. Horstmann
Lawrence J. Kotler
Wendy M. Simkulak
Duane Morris LLP
4200 One Liberty Place
Philadelphia, PA 19103-7396

[Counsel for Federal Insurance Company]

WD 030104/1-1419954/1134325/v1

PROOF OF SERVICE FOR REPLY RE DEBTOR'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH ENRON PARTIES
-3-

**EXHIBIT K**