| | |
|---|---|
| 1 | MANATT, PHELPS & PHILLIPS, LLP |
| | RONALD S. KATZ (Bar No. CA 85713) |
| 2 | J. BRUCE MCCUBBREY (Bar. No. CA 38817) |
| | ROBERT D. BECKER (Bar No. CA 160648) |
| 3 | SHAWN G. HANSEN (Bar No. CA 197033) |
| | 1001 Page Mill Road, Building 2 |
| 4 | Palo Alto, CA 94304-1006 |
| | Telephone: (650) 812-1300 |
| 5 | Facsimile: (650) 213-0260 |

*Attorneys for Plaintiff*
Large Scale Biology Corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| **LARGE SCALE BIOLOGY CORPORATION**, a Delaware corporation, | Case No. C 04-2069 SBA |
| Plaintiff, | **DECLARATION OF SHAWN HANSEN IN SUPPORT OF LSBC'S EX PARTE APPLICATION 1) FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY AND 2) TO CONTINUE HEARING ON MOTION FOR PRELIMINARY INJUNCTION** |
| vs. | |
| **PRODIGENE, INC.**, a Delaware corporation, | |
| Defendant. | **JUDGE: HON. SAUNDRA B. ARMSTRONG** |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

20118826.1

1

DECLARATION OF SHAWN HANSEN IN SUPPORT
OF LSBC'S EX PARTE APPLICATION FOR
EXPEDITED DISCOVERY AND TO CONTINUE
HEARING DATE

I, Shawn Hansen, hereby declare:

1. I am a member of the State Bar of California and am associated with Manatt, Phelps & Phillips LLP, counsel of record for plaintiff Large Scale Biology Corporation ("LSBC"). I have personal knowledge of the matters set forth herein and, if called upon, could and would testify competently as to those matters.

2. LSBC filed this action seeking declaratory judgments of non-infringement, invalidity, and unenforceability of ProdiGene's U.S. Patent No. 5,824,870 (the '870 Patent). ProdiGene has filed a counterclaim against LSBC alleging infringement of the '870 Patent.

3. ProdiGene has filed a motion for preliminary injunction against LSBC, asserting that LSBC's products infringe Claim 1 of the '870 Patent. In support of its motion, ProdiGene submitted the declarations of John Reiher, its current CEO, and John Howard, a former CEO and current ProdiGene technical consultant and a named inventor of the '870 Patent. The hearing on ProdiGene's motion for preliminary injunction is currently scheduled for October 19, 2004. Based on that hearing date, and under this Court's local rules, LSBC's opposition to the motion is due on September 28, 2004. LSBC needs to depose Messrs. Howard and Reiher in order to oppose properly ProdiGene's motion for preliminary injunction.

4. Shortly after ProdiGene filed its motion for preliminary injunction, I spoke with ProdiGene's counsel, Robert Hodgson, about LSBC taking expedited discovery limited to the issues presented by ProdiGene's motion. Mr. Hodgson advised that ProdiGene would not stipulate to any expedited discovery. Mr. Hodgson further stated that if it wanted to take any discovery associated with the preliminary injunction, LSBC would need to abide by the general discovery procedures.

5. By this application, LSBC seeks leave to conduct limited, expedited discovery on the issues directly implicated by ProdiGene's motion for preliminary injunction and to continue the hearing date to a date that would allow LSBC to complete the expedited discovery requested herein. Unless this relief is granted, LSBC will not be able to fully oppose ProdiGene's motion for preliminary injunction on the full merits, as the ordinary procedures afforded by the Federal

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

20118826.1

2

DECLARATION OF SHAWN HANSEN IN SUPPORT OF LSBC'S EX PARTE APPLICATION FOR EXPEDITED DISCOVERY AND TO CONTINUE HEARING DATE

1  Rules of Civil Procedure would not give LSBC sufficient time to complete discovery before its
2  opposition papers will be due on September 28.

3       6.    At the present time, LSBC seeks only to depose Messrs. Howard and Reiher, who
4  both submitted declarations in support of ProdiGene's motion. LSBC also seeks leave to
5  propound a set of demand for production of documents and, for sake of expediency, requests an
6  order that ProdiGene serve responses and produce responsive documents within 15 days of
7  service of those document production demands. If granted leave, LSBC will limit this set to
8  twenty requests.

9       7.    If leave for the foregoing limited discovery is granted, LSBC requests that the
10 Court continue the hearing on the motion for preliminary injunction to the next available hearing
11 date in mid-December 2004. Based on the discovery requested herein, LSBC would not likely
12 complete the limited preliminary injunction-related discovery until mid-or late October. For
13 example, on information and belief, Messrs. Howard and Reiher are located in Texas and Iowa,
14 respectively, and their depositions presumably would need to be taken in those jurisdictions,
15 which could complicate their scheduling. LSBC would need to receive any discovery documents
16 well in advance of those depositions.

17 I declare under penalty of perjury under the laws of the United States that the foregoing is
18 true and correct. Executed on September 14, 2004 in Palo Alto, California.

19
20                                                s/ Shawn G. Hansen
                                               Shawn G. Hansen

21 *Filer's Attestation: Pursuant to General Order No. 45, Section X(B) regarding signatures,*
22 *Eugene Hahm hereby attests that concurrence in the filing of this document has been obtained.*

23
24
25
26
27
28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

20118826.1      3      DECLARATION OF SHAWN HANSEN IN SUPPORT OF LSBC'S EX PARTE APPLICATION FOR EXPEDITED DISCOVERY AND TO CONTINUE HEARING DATE