Lovitto v. Google Inc.  Doc. 2301

PETER W. SALTZMAN, Cal. Bar No. 169698
ELEANOR MORTON, Cal. Bar No. 220407
LEONARD CARDER LLP
1188 Franklin Street, Suite 201
San Francisco, CA 94109
Tel: 415 771 6400
Fax: 415 771 7010

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HOTEL EMPLOYEES AND RESTAURANT ) Case No. C 04 2388 MEJ
EMPLOYEES LOCAL 2, )
)
Plaintiff, ) COMPLAINT
)
v. )
)
VISTA INNS MANAGEMENT CO., RPD )
VAGABOND ASSOCIATES A, LLC, ROBERT )
SCHONFELD, CHARLES SCHONFELD, )
SYDNEY SCHONFELD, SCHONFELD )
FAMILY TRUST, HERITAGE MARINA )
HOTEL LLC and DOES 1 THROUGH 10, )
inclusive, )
)
Defendants. )
)

## I.

### JURISDICTION AND VENUE

1. This is an action brought by Plaintiff labor organization for declaratory and injunctive relief and to collect wages and benefits owed pursuant to the terms of a collective bargaining agreement and pursuant to a contract enforceable under state law.

1
COMPLAINT
HERE Local 2 v. Vista Inns Management Co., et al.

EXHIBIT A-1
Dockets.Justia.com

2. The jurisdiction of this court is invoked pursuant to Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §185. Jurisdiction also exists under 28 U.S.C. § 1367(a).

3. Venue is proper because all the events giving rise to the claim occurred in this district and all defendants may be found in this district and because the Court has jurisdiction over the Plaintiff in this district under 29 U.S.C. § 185(a), (c).

## II.

## PARTIES

### A. Plaintiff

4. Plaintiff HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES LOCAL 2 (hereinafter "LOCAL 2") is a labor union which, until sometime in or around January 2004, represented the employees at the property located at 2550 Van Ness Avenue, San Francisco, California known as the Vagabond Inn. LOCAL 2 is a labor organization under 29 U.S.C. § 152(5). LOCAL 2 brings this action on its own behalf and in a representative capacity on behalf of its members formerly employed at the Vagabond Inn.

### B. Defendants

5. Plaintiff is informed, believes, and on that basis alleges that defendant VISTA INNS MANAGEMENT CO. is a hotel management company engaged in interstate commerce and which managed the Vagabond Inn under contract with defendants CHARLES SCHONFELD, SYDNEY SCHONFELD, ROBERT SCHONFELD, SCHONFELD FAMILY TRUST and RPD VAGABOND ASSOCIATES A, LLC at all times mentioned herein until on or about July 31, 2003.

2
COMPLAINT
*HERE Local 2 v. Vista Inns Management Co., et al.*

6. Plaintiff is informed, believes, and on that basis alleges that defendant ROBERT SCHONFELD was an owner or part owner of the Vagabond Inn property at all times mentioned herein until the property was purchased by HERITAGE MARINA HOTEL LLC.

7. Plaintiff is informed, believes, and on that basis alleges that defendant CHARLES SCHONFELD was an owner or part owner of the Vagabond Inn property at all times mentioned herein until the property was purchased by HERITAGE MARINA HOTEL LLC.

8. Plaintiff is informed, believes, and on that basis alleges that defendant SYDNEY SCHONFELD was an owner or part owner of the Vagabond Inn property at all times mentioned herein until the property was purchased by HERITAGE MARINA HOTEL LLC.

9. Plaintiff is informed, believes, and on that basis alleges that defendant SCHONFELD FAMILY TRUST was an owner or part owner of the Vagabond Inn property at all times mentioned herein until the property was purchased by HERITAGE MARINA HOTEL LLC.

10. Plaintiff is informed, believes, and on that basis alleges that defendant RPD VAGABOND ASSOCIATES A, LLC was a lessee of the Vagabond Inn property at all times mentioned herein until on or about July 31, 2003, and was engaged in interstate commerce.

11. Plaintiff is informed, believes, and on that basis alleges that defendants VISTA INNS MANAGEMENT CO., RPD VAGABOND ASSOCIATES A, LLC, ROBERT SCHONFELD, CHARLES SCHONFELD, SYDNEY SCHONFELD and the SCHONFELD FAMILY TRUST were joint employers, alter egos and/ or a single employer of the employees at the Vagabond Inn at all times mentioned herein until on or about July 31, 2003.

12. Plaintiff is informed, believes, and on that basis alleges that at all times mentioned

herein, defendants VISTA INNS MANAGEMENT CO., RPD VAGABOND ASSOCIATES A, LLC, ROBERT SCHONFELD, CHARLES SCHONFELD, SYDNEY SCHONFELD and the SCHONFELD FAMILY TRUST were "employers" under 29 U.S.C. § 152(2).

13. Plaintiff is informed, believes, and on that basis alleges that defendant HERITAGE MARINA HOTEL LLC purchased the Vagabond Inn property from defendants ROBERT SCHONFELD, CHARLES SCHONFELD, SYDNEY SCHONFELD and the SCHONFELD FAMILY TRUST in or about late 2003. Plaintiff is informed, believes, and on that basis further alleges that defendant HERITAGE MARINA HOTEL LLC or its transferees, successors or assigns now own and manage the Vagabond Inn and are engaged in interstate commerce.

14. The true names and capacities, whether individual, corporate, associate or otherwise of defendants named herein as DOES 1 THROUGH 10, inclusive, are unknown to Plaintiff and therefore LOCAL 2 sues such DOES by fictitious names. LOCAL 2 is informed, believes, and on that basis alleges that these DOE defendants are California residents or corporations or entities doing business in the State of California, and that each is the agent of the other Defendants and that each is responsible for some or all of the acts and omissions alleged herein. LOCAL 2 will amend this complaint to show the true names and capacities of these DOE defendants when they have been determined.

## III.

## FACTS

15. In their capacities as owners and managers of the Vagabond Inn, defendants VISTA INNS MANAGEMENT CO., RPD VAGABOND ASSOCIATES A, LLC, ROBERT SCHONFELD, CHARLES SCHONFELD, SYDNEY SCHONFELD and the SCHONFELD

FAMILY TRUST were parties to collective bargaining agreement with LOCAL 2 (hereinafter "Collective Bargaining Agreement") which included an addendum entitled "Successorship Addendum to HERE Local 2 1999-2004 Collective Bargaining Agreement" entered into on or about April 1, 2001 (hereinafter "Successorship Addendum"), and were at all times material contractually bound and obligated to comply with the terms of this Collective Bargaining Agreement including the Successorship Addendum. A true and correct copy of the Collective Bargaining Agreement and Successorship Addendum is attached hereto as Exhibit "A."

16. Plaintiff is informed, believes, and on that basis alleges that the Successorship Addendum was executed by a representative of defendant VISTA INNS MANAGEMENT CO. on behalf of defendants VISTA INNS MANAGEMENT CO., RPD VAGABOND ASSOCIATES A, LLC, ROBERT SCHONFELD, CHARLES SCHONFELD, SYDNEY SCHONFELD and the SCHONFELD FAMILY TRUST and with full authority to bind VISTA INNS MANAGEMENT CO., RPD VAGABOND ASSOCIATES A, LLC, ROBERT SCHONFELD, CHARLES SCHONFELD, SYDNEY SCHONFELD and the SCHONFELD FAMILY TRUST.

17. The Successorship Addendum provides, *inter alia*, that in the event of a sale and /or transfer of the hotel and/ or the management agreement, VISTA INNS MANAGEMENT CO., RPD VAGABOND ASSOCIATES A, LLC, , ROBERT SCHONFELD, CHARLES SCHONFELD , SYDNEY SCHONFELD and the SCHONFELD FAMILY TRUST are required to give notice and to make it a condition of sale and /or transfer that the transferee shall expressly assume, in writing, the Collective Bargaining Agreement without modification or amendment. If the transferee fails to expressly assume the Collective Bargaining Agreement in writing, VISTA

INNS MANAGEMENT CO., RPD VAGABOND ASSOCIATES A, LLC, ROBERT SCHONFELD, CHARLES SCHONFELD, SYDNEY SCHONFELD and the SCHONFELD FAMILY TRUST shall be liable to pay the employees the difference between the wages, fringe benefits, and other monetary terms and conditions of employment provided for in the Collective Bargaining Agreement and the wages and fringe benefits, and other monetary terms and conditions of employment paid by the transferee to the employees for the duration of the Collective Bargaining Agreement.

18. In or about July 2003, defendants ROBERT SCHONFELD, CHARLES SCHONFELD, SIDNEY SCHONFELD and the SCHONFELD FAMILY TRUST terminated the lease agreement with defendant RPD VAGABOND ASSOCIATES A, LLC for the Vagabond Inn property.

19. Plaintiff is informed, believes, and on that basis alleges that in or about July 2003, defendants ROBERT SCHONFELD, CHARLES SCHONFELD, SIDNEY SCHONFELD, the SCHONFELD FAMILY TRUST and RPD VAGABOND ASSOCIATES A, LLC terminated the agreement with defendant VISTA INNS MANAGEMENT CO. for the management of the Vagabond Inns property.

20. In violation of the Successorship Addendum, neither defendants ROBERT SCHONFELD, CHARLES SCHONFELD, SIDNEY SCHONFELD, RPD VAGABOND ASSOCIATES A, LLC, VISTA INNS MANAGEMENT CO. nor the SCHONFELD FAMILY TRUST gave notice to LOCAL 2 of either the transfer of the leasehold interest or the management agreement.

21. Plaintiff is informed, believes, and on that basis alleges that, in or about January

2004, defendants ROBERT SCHONFELD, CHARLES SCHONFELD, SIDNEY SCHONFELD and the SCHONFELD FAMILY TRUST transferred ownership the Vagabond Inn property to defendant HERITAGE MARINA HOTEL LLC.

22. In violation of the Successorship Agreement, neither defendants ROBERT SCHONFELD, CHARLES SCHONFELD, SIDNEY SCHONFELD, the SCHONFELD FAMILY TRUST, RPD VAGABOND ASSOCIATES A, LLC nor VISTA INNS MANAGEMENT CO. gave notice to LOCAL 2 of said transfer of the property.

23. Plaintiff is informed, believes, and on that basis alleges that before said transfer was complete, defendants ROBERT SCHONFELD, CHARLES SCHONFELD, SIDNEY SCHONFELD, the SCHONFELD FAMILY TRUST and HERITAGE MARINA HOTEL LLC agreed that the transfer was conditioned upon HERITAGE MARINA HOTEL LLC assuming the Collective Bargaining Agreement with LOCAL 2 without modification.

24. HERITAGE MARINA HOTEL LLC assumed ownership and management of the property but refused to assume the Collective Bargaining Agreement and replaced the LOCAL 2-represented employees with non-LOCAL 2-represented employees.

## FIRST CLAIM

**Specific Performance of Collective Bargaining Agreement Successorship Provisions**
**29 U.S.C. § 185(a)**
**Against Defendants ROBERT SCHONFELD, CHARLES SCHONFELD, SIDNEY SCHONFELD, the SCHONFELD FAMILY TRUST, RPD VAGABOND ASSOCIATES A, LLC, VISTA INNS MANAGEMENT CO. and DOES 1 THROUGH 10 INCLUSIVE**

25. Plaintiff realleges and incorporates by reference Paragraphs 1 through 22 hereinabove as if set out in full.

26. Section 301 of the LMRA (29 U.S.C. § 185(a)) provides a cause of action for

violations of contracts between an employer and a labor organization representing employees.

27. LOCAL 2, ROBERT SCHONFELD, CHARLES SCHONFELD, SIDNEY SCHONFELD, the SCHONFELD FAMILY TRUST, RPD VAGABOND ASSOCIATES A, LLC and VISTA INNS MANAGEMENT CO. are parties to the collective bargaining agreement including the Successorship Addendum described in Paragraphs 15 and 16 hereinabove. The Successorship Addendum, among other things, makes defendants ROBERT SCHONFELD, CHARLES SCHONFELD, SIDNEY SCHONFELD, the SCHONFELD FAMILY TRUST, RPD VAGABOND ASSOCIATES A, LLC and VISTA INNS MANAGEMENT CO. liable if any of them transfer ownership and / or management of the property and the transferee fails to assume the Collective Bargaining Agreement in full.

28. HERITAGE MARINA HOTEL LLC or its successors, transferees or assigns have failed to assume, in writing, the collective bargaining agreement, without modification or amendment. Therefore, Defendants ROBERT SCHONFELD, CHARLES SCHONFELD, SIDNEY SCHONFELD, the SCHONFELD FAMILY TRUST and RPD VAGABOND ASSOCIATES A, LLC and VISTA INNS MANAGEMENT CO. LOCAL are liable to LOCAL 2 and its members previously employed at the Vagabond Inn for unpaid wages, fringe benefits, and other monetary terms and conditions of employment provided for by the Collective Bargaining Agreement for the duration of the Collective Bargaining Agreement, prejudgment interest, attorneys fees and collection costs as required by the Successorship Addendum and federal law.

////

////

# SECOND CLAIM

**Breach of Collective Bargaining Agreement Successorship Provisions**
**29 U.S.C. § 185(a)**
**Against Defendants ROBERT SCHONFELD, CHARLES SCHONFELD, SIDNEY SCHONFELD, the SCHONFELD FAMILY TRUST, RPD VAGABOND ASSOCIATES A, LLC and VISTA INNS MANAGEMENT CO. and DOES 1 THROUGH 10 INCLUSIVE**

29. Plaintiff realleges and incorporates by reference Paragraphs 1 through 22 hereinabove as if set out in full.

30. Section 301 of the LMRA (29 U.S.C. § 185(a)) provides a cause of action for violations of contracts between an employer and a labor organization representing employees.

31. LOCAL 2, ROBERT SCHONFELD, CHARLES SCHONFELD, SIDNEY SCHONFELD, the SCHONFELD FAMILY TRUST, RPD VAGABOND ASSOCIATES A, LLC and VISTA INNS MANAGEMENT CO. are parties to the Collective Bargaining Agreement including the Successorship Addendum described in Paragraphs 15 and 16 hereinabove. The Successorship Addendum, among other things, makes defendants ROBERT SCHONFELD, CHARLES SCHONFELD, SIDNEY SCHONFELD, the SCHONFELD FAMILY TRUST, RPD VAGABOND ASSOCIATES A, LLC and VISTA INNS MANAGEMENT CO. liable if any of them transfer ownership and / or management of the property and the transferee fails to assume the collective bargaining agreement in full.

32. Plaintiff is informed, believes, and on that basis alleges that defendants ROBERT SCHONFELD, CHARLES SCHONFELD, SIDNEY SCHONFELD, the SCHONFELD FAMILY TRUST and RPD VAGABOND ASSOCIATES A, LLC and VISTA INNS MANAGEMENT CO. failed to notify LOCAL 2 of the sale and/ or transfer of the Vagabond Inn and failed to make it a condition of the sale of the Vagabond Inn that the HERITAGE MARINA

HOTEL LLC and that HERITAGE MARINA HOTEL LLC and its transferees, successors or assigns expressly assuming, in writing, the Collective Bargaining Agreement without modification or amendment.

33. Therefore, LOCAL 2 and its members previously employed at the Vagabond Inn are entitled to unpaid wages, fringe benefits, and other monetary terms and conditions of employment provided for by the Collective Bargaining Agreement for the duration of the Collective Bargaining Agreement, prejudgment interest, attorneys fees and collection costs as required by the Successorship Addendum and federal law.

## THIRD CLAIM

### Breach of Contract - Third Party Beneficiary
### Cal. Civil Code § 1559
### Against Defendants HERITAGE MARINA HOTEL LLC and DOES 1 THROUGH 10 INCLUSIVE

34. Plaintiff realleges and incorporates by reference Paragraphs 1 through 22 hereinabove as if set out in full.

35. Plaintiff is informed and believes and on that basis alleges that defendants ROBERT SCHONFELD, CHARLES SCHONFELD, SIDNEY SCHONFELD, the SCHONFELD FAMILY TRUST, RPD VAGABOND ASSOCIATES A, LLC, VISTA INNS MANAGEMENT CO. entered into a contract with HERITAGE MARINA HOTEL LLC whereby HERITAGE MARINA HOTEL LLC agreed to expressly assume, in writing, the Collective Bargaining Agreement without modification.

36. Plaintiff is informed and believes and on that basis alleges that LOCAL 2 and its members were the intended third party beneficiaries of said contract.

37. Plaintiff is informed and believes and on that basis alleges that HERITAGE MARINA HOTEL LLC failed to assume the Collective Bargaining Agreement and thereby breached the contract with defendants ROBERT SCHONFELD, CHARLES SCHONFELD, SIDNEY SCHONFELD, the SCHONFELD FAMILY TRUST, RPD VAGABOND ASSOCIATES A, LLC and VISTA INNS MANAGEMENT CO. described in paragraph 34 hereinabove.

38. As a result of HERITAGE MARINA HOTEL LLC's breaches, LOCAL 2 has suffered and is entitled to recover monetary damages in an amount to be proven at trial.

WHEREFORE, LOCAL 2 PRAYS FOR JUDGMENT AGAINST ROBERT SCHONFELD, CHARLES SCHONFELD, SIDNEY SCHONFELD, the SCHONFELD FAMILY TRUST, RPD VAGABOND ASSOCIATES A, LLC, VISTA INNS MANAGEMENT CO., HERITAGE MARINA HOTEL LLC and DOES 1 THROUGH 10 INCLUSIVE, JOINTLY AND SEVERALLY, AS FOLLOWS:

1. That this Court adjudge and declare that defendants VISTA INNS MANAGEMENT CO., RPD VAGABOND ASSOCIATES A, LLC, ROBERT SCHONFELD, CHARLES SCHONFELD, SYDNEY SCHONFELD, the SCHONFELD FAMILY TRUST and DOES 1 THROUGH 10 INCLUSIVE, their successors, agents and all persons acting in concert with them have breached the terms of the Collective Bargaining Agreement described herein.

2. That this Court order that defendants VISTA INNS MANAGEMENT CO., RPD VAGABOND ASSOCIATES A, LLC, ROBERT SCHONFELD, CHARLES

SCHONFELD, SYDNEY SCHONFELD, the SCHONFELD FAMILY TRUST and DOES 1 THROUGH 10 INCLUSIVE their successors, agents and all persons acting in concert with them perform as required by the terms of the Collective Bargaining Agreement described herein.

3. That this Court adjudge and declare that defendants HERITAGE MARINA HOTEL LLC and DOES 1 THROUGH 10 INCLUSIVE, their successors, agents and all persons acting in concert with them have breached the terms of the sales contract described herein.

4. That this Court order that defendants HERITAGE MARINA HOTEL LLC and DOES 1 THROUGH 10 INCLUSIVE and their successors, agents and all persons acting in concert with them perform as required by the terms of the sales contract described herein and assume the Collective Bargaining Agreement.

5. For judgment in the amount of unpaid wages and interest;

6. For attorneys' fees and costs; and

7. For other such relief the Court deems just and proper.

Dated: June 15, 2004

LEONARD CARDER LLP

By: *Peter Saltzman*
Peter Saltzman

Attorneys for Plaintiff HERE Local 2