# EXHIBIT A

Dockets.Justia.com

1　KEKER & VAN NEST, LLP
　　ROBERT A. VAN NEST - #84065
2　BRIAN L. FERRALL - #160847
　　LEO L. LAM - #181861
3　RAVIND S. GREWAL - #220543
　　710 Sansome Street
4　San Francisco, CA  94111-1704
　　Telephone:  (415) 391-5400
5　Facsimile:  (415) 397-7188

6　Attorneys for Defendant
　　BLUEARC CORPORATION

7

8　　　　　　　UNITED STATES DISTRICT COURT

9　　　　　　　NORTHERN DISTRICT OF CALIFORNIA

10

11　NETWORK APPLIANCE, INC.,　　　　Case No. C 03-05665 MHP

12　　　　　　　　　　Plaintiff,　　**BLUEARC CORPORATION'S FIRST**
　　　　　　　　　　　　　　　　　　**AMENDED ANSWER AND**
13　　　v.　　　　　　　　　　　　　**COUNTERCLAIMS**

14　BLUEARC CORPORATION,

15　　　　　　　　　　Defendant.

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Defendant BlueArc Corp. ("BlueArc") responds to the correspondingly numbered

2  allegations of Plaintiff Network Appliance, Inc.'s ("NetApp") Amended Complaint

3  ("Complaint") and makes its counterclaims as follows:

**PARTIES**

5  1.  On information and belief, admitted.

6  2.  Admitted.

**JURISDICTION AND VENUE**

8  3.  BlueArc admits that this court has subject matter jurisdiction pursuant to 28 U.S.C.

9  §§ 1331 and 1338(a).  BlueArc admits that venue is proper in this district under 28 U.S.C. §

10  1400.  For convenience of the litigation and in the interest of justice, however, venue should be

11  transferred to the Northern District of California, pursuant to 28 U.S.C. § 1404(a).

**FIRST COUNT**

**(Alleged Infringement of U.S. Patent No. 5,802,366)**

14  4.  BlueArc admits the United States Patent and Trademark Office ("USPTO") issued

15  United States Patent No. 5,802,366 ("the '366 patent") on September 1, 1998.  BlueArc lacks

16  sufficient knowledge or information to form a belief as to the truth of the allegation that NetApp

17  is the assignee of the '366 patent and holds all rights and interest in that patent and, on that basis,

18  denies that allegation.  BlueArc denies all of the other allegations set forth in this paragraph.

19  5.  Denied.

20  6.  Denied.

21  7.  Denied.

**SECOND COUNT**

**(Alleged Infringement of U.S. Patent No. 5,931,918)**

24  8.  BlueArc admits the USPTO issued United States Patent No. 5,931,918 ("the '918

25  patent") on August 3, 1999.  BlueArc lacks sufficient knowledge or information to form a belief

26  as to the truth of the allegation that NetApp is the assignee of the '918 patent and holds all rights

27  and interest in that patent and, on that basis, denies that allegation.  BlueArc denies all of the

28  other allegations set forth in this paragraph.

329182.02

1     9. Denied.

2     10. Denied.

3     11. Denied.

4

## THIRD COUNT

### (Alleged Infringement of U.S. Patent No. 6,065,037)

6     12. BlueArc admits the USPTO issued United States Patent No. 6,065,037 ("the '037

7 patent") on May 16, 2000. BlueArc lacks sufficient knowledge or information to form a belief as

8 to the truth of the allegation that NetApp is the assignee of the '037 patent and holds all rights

9 and interest in that patent and, on that basis, denies that allegation. BlueArc denies all of the

10 other allegations set forth in this paragraph.

11     13. Denied.

12     14. Denied.

13     15. Denied.

14

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

16     16. BlueArc does not infringe any claim of the '366, '918 or '037 patents as properly

17 construed.

18

### SECOND AFFIRMATIVE DEFENSE

19     17. On information and belief, the '366, '918 and '037 patents are invalid because they

20 fail to meet the conditions for patentability set forth in Title 35 of the United States Code,

21 including 35 U.S.C. §§ 101-103, 112.

22

### THIRD AFFIRMATIVE DEFENSE

23     18. BlueArc is informed and believes, and on that basis alleges, that during the

24 prosecution of the patent application that led to the issuance of the '037 patent, the named

25 inventors knew of but failed to disclose material prior art to the USPTO.

26     19. The named inventors of the '037 patent are identified as David Hitz, Allan

27 Schwartz, James Lau, and Guy Harris.

28     20. On September 8, 1989, the named inventors of the '037 patent filed Application

1  Serial No. 07/404,885, which is the earliest-filed predecessor application in the chain of

2  prosecution leading to the '037 patent. NetApp asserts that the '037 is entitled to priority dating

3  back to the original September 8, 1989 filing date.

4      21.  Several months later, the inventors published a paper entitled "Using UNIX as One

5  Component of a Lightweight Distributed Kernel for Multiprocessor File Servers," as part of a

6  compendium of papers submitted for the Proceedings of the Winter 1990 USENIX Conference

7  (January 22-26, 1990; Washington, DC).

8      22.  In their paper, the inventors describe a "high performance NFS file server called the

9  NS 5000 with a Functional Multiprocessing (FMP) architecture that distributes NFS protocol

10 processing across several highly intelligent processors" that they designed and built at Auspex

11 Systems, Inc. ("Auspex"). The inventors also describe the purported features and advantages of

12 the Auspex NS 5000 system as well as the design and implementation of their Functional

13 Multiprocessing Kernel ("FMK"). Upon information and belief, the FMK to which the inventors

14 refer in their paper is, at least in part, the embodiment of the '037 patent, or closely related

15 thereto.

16      23.  The inventors' paper then goes on to state: "These principles are by no means new

17 to FMK. Most of the fundamental ideas were originally developed in Thoth, from which the V

18 kernel and Port are also derived [Cheriton 79, Cheriton 84]." As the references list in the

19 inventors' paper makes clear, the "Cheriton 79" and "Cheriton 84" citations respectively refer to

20 two prior art articles:  David R. Cheriton *et al.*, "Thoth, A Portable Real-Time Operating

21 System," *Communications of the ACM*, 22(2):105-115, February 1979; and David R. Cheriton,

22 "The V Kernel:  A Software Base For Distributed Systems," *IEEE Software*, 1(2):19-42, April

23 1984. On this basis, BlueArc alleges that the inventors of the '037 patent knew of Cheriton's

24 earlier work and knew Cheriton's papers to be material. Indeed, the inventors credited such prior

25 art with providing the "fundamental ideas" and/or "principles" underlying their own FMK

26 system at Auspex.

27      24.  The named inventors had the duty to disclose the existence of Cheriton's earlier

28 work to the USPTO during the prosecution of the '037 patent.

329182.02

25. The subject Cheriton articles, however, are nowhere referenced in the '037 patent or its prosecution history. Nor did the USPTO cite those references in its examination of the application that resulted in the '037 patent.

26. Based on the above events, BlueArc alleges that the named inventors of the '037 patent knew of but withheld material prior art to the USPTO during the prosecution of '037 patent. BlueArc is informed and believes, and on that basis alleges, that the inventors of the '037 patent withheld the subject prior art from the USPTO during the prosecution of the '037 patent with the intent to deceive the USPTO.

27. BlueArc is informed and believes, and on that basis alleges, that the named inventors' failure to disclose the Cheriton articles to the USPTO during the prosecution of the '037 patent was material to the USPTO's determination of the patentability of the inventions claimed in that patent.

28. The '037 patent is unenforceable for at least the foregoing acts of inequitable conduct during the prosecution of the '037 patent.

## COUNTERCLAIMS

### GENERAL ALLEGATIONS

29. BlueArc repeats and realleges its answers set forth in paragraphs 1-28 above to the allegations of the Complaint.

30. As a result of NetApp's allegations of infringement against BlueArc, an actual controversy exists as to issues of infringement and validity (or lack thereof with respect to each issue) of the '366, '918 and '037 patents.

31. These counterclaims arise under the United States patent laws, Title 35 of the United States Code, and the provisions for declaratory judgment under §§ 2201-2202 of Title 28 of the United States Code. This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338.

32. Counterclaim-plaintiff BlueArc is a Delaware corporation with its principal place of business in San Jose, California. On information and belief, Counterclaim-defendant NetApp is a Delaware corporation with its principal place of business in Sunnyvale, California.

4

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Noninfringement)

33. BlueArc repeats and realleges its answers set forth in paragraphs 1-32 above.

34. BlueArc has not infringed and does not currently infringe any of the '366, '918 and '037 patents.

35. A judicial declaration that BlueArc does not infringe the '366, '918 and '037 patents is necessary and appropriate at this time so that BlueArc can ascertain its rights and duties with respect to the manufacturing and marketing of the products that NetApp accuses of infringement.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity)

36. BlueArc repeats and realleges its answers set forth in paragraphs 1-35 above.

37. A judicial declaration that the '366, '918 and '037 patents are invalid for failure to comply with the requirements of Title 35 of the United States Code is necessary and appropriate at this time so that BlueArc can ascertain its rights and duties with respect to the manufacturing and marketing of the products that NetApp accuses of infringement.

## THIRD COUNTERCLAIM

### (Declaration of Exceptional Case)

38. BlueArc repeats and realleges its answers set forth in paragraphs 1-37 above.

39. This case is exceptional under 35 U.S.C. § 285, and BlueArc is entitled to an award of its attorneys' fees and expenses relating to the defense and pursuit of this action.

## FOURTH COUNTERCLAIM

### (Declaratory Judgment of Unenforceability)

40. BlueArc repeats and realleges its answers set forth in paragraphs 1-39 above.

41. A judicial declaration that the '037 patent is unenforceable for at least the above-described acts of inequitable conduct during the prosecution of the chain of patent applications that led to the issuance of the '037 patent is necessary and appropriate at this time so that BlueArc can ascertain its rights and duties with respect to the manufacturing and marketing of the products that NetApp accuses of infringement.

## PRAYER FOR RELIEF

WHEREFORE, BlueArc prays for judgment as follows:

(a) That NetApp take nothing by its Complaint and the Court dismiss the Complaint with prejudice;

(b) That the Court enter a judgment declaring that no claim of the '366, '917 and '037 patents has been infringed by NetApp;

(c) That the Court enter a judgment declaring that the claims of the '366, '917 and '037 patents are invalid;

(d) That the Court enter a judgment declaring that the claims of the '037 patent are unenforceable;

(e) That the Court award BlueArc reasonable attorneys' fees under 35 U.S.C. § 285;

(f) That the Court award BlueArc all costs and expenses it incurs in this action;

(g) That the Court award BlueArc such other and further relief that it deems just and proper.

## DEMAND FOR JURY

BlueArc hereby demands a trial by jury of all issues so triable in this action.

Dated: April 5, 2004                    KEKER & VAN NEST, LLP


                                        By: _____/s/ Leo L. Lam_____
                                        LEO L. LAM
                                        Attorneys for Defendant
                                        BLUEARC CORPORATION

BLUEARC'S FIRST AMENDED ANSWER & COUNTERCLAIMS
CASE NO. C 03-05665 MHP