**JOINT CASE MANAGEMENT STATEMENT, SUPPLEMENT TO ATTACHMENT B, CATEGORIES OF DOCUMENTS MARTINI V. PEARSON CASE NO. CV 04-04187 SI**

**CATEGORIES OF DOCUMENTS TO SUPPORT PLAINTIFF'S CLAIMS (FED. R. CIV. P. 26(A)(1)(B))**

As a point of clarification, Defendant in its original filing of Attachment B objected claiming lack of knowledge as to the specific royalty statements and sales at issue. Defendant has had no difficulty framing interrogatories to Plaintiff asking for supporting documentation of Plaintiff's claims dating from October 6, 1998. To remove any doubt or alleged basis for further objection, Plaintiff confirms that royalty statements starting with the one issued on or about October 6, 1998 are the ones at issue in this matter.

Objections: Privilege: the disclosures do not include documents protected by work-product or attorney-client privilege. Plaintiff further objects on the ground that it is not appropriate in the circumstances of the case for Plaintiff to be required to disclose documents made unavailable to Plaintiff by reason of Defendant's continued withholding over a period of two and one half to three and one-half years of various documents regarding sales, licenses and other transactions and fees and/or electronic access fees it is required by contract to make available to Plaintiff and/or his auditor. Since the January 18th original disclosure and Joint Case Management Statement, defendant has not turned over a single piece of paper nor answered a single interrogatory despite personal service on defendant on February 18, 2005 of Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Requests For Production of Documents. No extensions of time were requested or granted regarding Plaintiff's first set of discovery documents. Accordingly, Plaintiff's case preparation has made little progress since the original disclosure. Clarifications and additions are limited to the following using the eleven numbered paragraphs of the original Attachment B where appropriate, and using additional numbered paragraphs beginning with paragraph 12, where a new category is identified.

Notwithstanding said objections, and based on information reasonably available to Plaintiff at this time, the following categories of documents may be used to support Plaintiff's claims

10. Defendant's and Defendant's contractor's website contents advertising Plaintiff's electronic products for sale and or access. There are multiple websites advertising availability of Plaintiff's works in whole or in part or products derivative thereof that are maintained by multiple persons or entities including, but not limited to Defendant, retail and wholesale vendors, foreign subsidiaries, and foreign third parties.

11. Documents dealing with Defendant's discounting methodologies. These documents include all pricing methodologies for products authored by Plaintiff or derivative thereof.

12. Defendant's and Defendant's contractor's print advertising of Plaintiff's electronic products for sale and or access. There are multiple advertisements of Plaintiff's works in whole or in part or products derived thereof displayed by multiple persons or entities including, but not limited to, Defendant, retail and wholesale vendors, foreign subsidiaries, and foreign third parties.

13. The printed works, and/or CD ROM products authored by Plaintiff or derived therefrom including, but not limited to all texts, atlases, applications manuals, translations, accompanying ancillary or supplemental products, and other products whether identified by ISBN or not.

14. Activity reports, whether royalty or otherwise based, between Defendant and all its website contractors, collaborators, licensees, partners or other business associates, including, but not limited to Blackboard, and WebCT concerning access or other use of Plaintiff's works in whole or in part or products derived therefrom.

15. Activity reports, whether royalty or otherwise based, of Defendant's own web operations including, but not limited to Course Compass concerning access or other use of Plaintiff's works in whole or in part or products derived therefrom.

Martini may in the course of discovery and further investigation locate additional documents in its possession, custody or control that may be used to support Martini's claims, or may come to appreciate the significance of additional documents, and will appropriately supplement its initial disclosures to reflect such additional information.