Levitte v. Google Inc. Doc. 3008

EXHIBIT A

PATRICK E. TAYLOR, JR., Bar No. 113248
MATTHEW D. MARCA, Bar No. 180686
DANIEL P. DEAN, Bar No. 161028
TAYLOR & GUTIERREZ, LLP
332 Pine Street, Suite 600
San Francisco, CA 94104
Telephone: (415) 591-3300
Facsimile: (415) 591-3310

Attorneys for
Plaintiff Stephan Smith Collins

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

MAR 1 6 2005

GORDON PARK-LI, Clerk
BY: _____
       Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| STEPHAN SMITH COLLINS (formerly Stephan Jones),<br><br>  Plaintiff,<br><br>v.<br><br>BONNEVILLE INTERNATIONAL CORPORATION, VALERIE HOWARD, and DOES 1-30, inclusive,<br><br>  Defendant. | No. 05-438932<br><br>**First Amended Complaint for Damages for:**<br><br>1. Breach of Contract<br>2. Promissory Estoppel<br>3. Promissory Fraud/Deceit<br>4. Discrimination |

COMES NOW, Plaintiff, STEPHAN SMITH COLLINS (hereafter "plaintiff") and, upon information and belief alleges the following:

**PRELIMINARY ALLEGATIONS**

1. Plaintiff is, and at all times herein mentioned was, a resident of the City and County of San Francisco, State of California.

2. Defendant Bonneville International Corporation is, and at all times mentioned was, a Utah corporation, authorized to do business in the State of California. At all relevant times, its principle place of business was in the City and County of San Francisco, State of California.

3. Defendant Valerie Howard is, and at all times mentioned was, an individual residing in the City and County of San Francisco, State of California.

5. DOES 1-20 are corporations or associations or other organizations of unknown form that are doing or conducting business in California and within the jurisdiction of this court (hereinafter, all corporate, individual and DOE defendants will be referred to collectively as "defendants") and fall under the jurisdiction of this court.

6. DOES 21-30 are individuals whose principal place of residences are as yet not ascertained.

7. Plaintiff is informed and believes that defendants, and each of them, including DOES 1 through 30, are the agents, directors, partners, co-venturers, employees, shareholders, owners, principals, successors, assigns, and/or representatives of the other defendants, and are equally responsible for the acts/omissions and breaches alleged in this complaint as well as all damages claimed.

8. Plaintiff is ignorant of the true names and capacities of defendants herein named as DOES 1 through 30, inclusive, and therefore, sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

9. The unlawful conduct alleged herein occurred in the City and County of San Francisco, State of California.

## FIRST CAUSE OF ACTION

(Breach of Oral Contract)

10. Plaintiff incorporates herein by this reference and realleges each and every allegation contained in the Preliminary Allegations as though fully set forth herein.

11. On or about August 20, 2002, plaintiff and defendants entered into an oral contract in which defendants agreed to rehire plaintiff as the Local Sales Manager for KDFC if and when the position was reinstated. In exchange, plaintiff agreed to sign, and did sign, a separation agreement.

12. Plaintiff has performed all conditions, covenants and promises under the contract and is not in breach thereof.

///

13. On or about February 12, 2004, plaintiff learned that defendants breached the contract when defendants, in or around January 2004, reinstated the Local Sales Manager position at KDFC but failed to rehire plaintiff.

14. As a result of defendants' breach of the contract, plaintiff has suffered damages in an amount according to proof at trial.

Wherefore, plaintiff prays judgment against defendants as set forth below.

## SECOND CAUSE OF ACTION

(Promissory Estoppel)

15. Plaintiff incorporates herein by this reference and realleges each and every allegation contained in above paragraphs 1-14 as though fully set forth herein.

16. On or about August 20, 2002, defendants promised to rehire plaintiff as the Local Sales Manager for KDFC if and when the position was reinstated.

17. In so doing, defendants knew or should have known that plaintiff would be reasonably induced to rely on defendants' promise by signing a separation agreement and by turning down, and limiting his search for, other job opportunities in the fields of radio and sales.

18. Plaintiff reasonably relied on defendants' promise and was induced to sign a separation agreement and was induced to turn down, and limit his search for, other job opportunities in the fields of radio and sales.

19. On or about February 12, 2004, plaintiff learned that defendants breached their promise when defendants, in or around January 2004, reinstated the Local Sales Manager position at KDFC but failed to rehire plaintiff.

20. As a result of defendants' failure to perform on their promise, plaintiff has been damaged in an amount according to proof at trial.

Wherefore, plaintiff prays judgment against defendants as set forth below.

///
///
///

## THIRD CAUSE OF ACTION

(Promissory Fraud/Deceit)

21. Plaintiff incorporates herein by this reference and realleges each and every allegation contained in above paragraphs 1-20 as though fully set forth herein.

22. On or about August 20, 2002, defendants promised to rehire plaintiff as the Local Sales Manager for KDFC if and when the position was reinstated.

23. At the time defendants made their promise to plaintiff, defendant had no intention of performing it.

24. The promise was made by defendants with the intent to induce plaintiff to sign a separation agreement.

25. Plaintiff, at the time the promise was made, was ignorant to defendants' secret intention not to perform, and plaintiff could not, in the exercise of reasonable diligence, have discovered defendants' secret intention. In reliance on the promise of defendants, plaintiff signed a separation agreement. If plaintiff had known of the actual intention of defendant, plaintiff would not have taken such action.

26. On or about February 12, 2004, plaintiff learned that defendants breached their promise when defendants, in or around January 2004, reinstated the Local Sales Manager position at KDFC but failed to rehire plaintiff.

27. As a result of defendants' conduct, plaintiff has been damaged in an amount according to proof at trial.

28. The aforementioned conduct of defendants was an intentional misrepresentation, deceit, promise made without the intent to perform, or concealment of a material fact known to defendants with the intention on the part of defendants of thereby depriving plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected plaintiff to a cruel and unjust hardship in conscious disregard of plaintiff's rights, so as to justify an award of exemplary and punitive damages.

Wherefore, plaintiff prays judgment against defendants as set forth below.

///

## FOURTH CAUSE OF ACTION

(Discrimination)

29. Plaintiff incorporates herein by this reference and realleges each and every allegation contained in above paragraphs 1-28 as though fully set forth herein.

30. Plaintiff is a homosexual and defendants were aware/had actual knowledge of his sexual orientation.

31. On or about August 20, 2002, defendants promised to rehire plaintiff as the Local Sales Manager for KDFC if and when the position was reinstated. On or about February 12, 2004, plaintiff learned that defendants, in or around January 2004, reinstated the Local Sales Manager position at KDFC but failed to rehire plaintiff.

32. At all times herein mentioned, plaintiff was qualified for the position of Local Sales Manager at KDFC in that he had successfully performed in said position before it was eliminated.

33. Defendants intentionally refused to hire/rehire plaintiff because of plaintiff's sexual orientation in that, among other acts: a) defendants had promised to rehire him in the position; b) defendants did not even tell him that they had reinstated the position; c) defendants did not even allow him to interview for the position; d) defendants filled the position with a heterosexual with less qualifications than plaintiff; e) defendants are a Mormon-owned company where the tenets of the religion, including sales representatives not being allowed to contract with companies for liquor or gambling advertisements and sales representatives not being allowed to expense any money paid for liquor while entertaining clients, are present in the workplace; and f) defendants have no gay managers.

34. Defendants' discriminatory actions against plaintiff, as alleged above, constituted unlawful discrimination in employment on account of sexual orientation in violation of Government Code Section 12940(a).

35. As a proximate result of defendants' discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of wages, salary, bonuses and other benefits, that he would have received had he been hired/rehired by

defendants, all in an amount according to proof at trial.

36. As a proximate result of defendants' discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that he has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, all in an amount according to proof at trial.

37. The aforementioned conduct of defendants was malicious, oppressive or fraudulent and was done with the intention on the part of defendants of thereby depriving plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected plaintiff to a cruel and unjust hardship in conscious disregard of plaintiff's rights, so as to justify an award of exemplary and punitive damages.

38. On May 28, 2004, plaintiff filed a charge of discrimination with the California of Department of Fair Employment and Housing (DFEH). A copy of this charge is attached hereto, marked and Exhibit A, and is incorporated by this reference as though fully set forth.

39. On September 3, 2004, the DFEH issued plaintiff a notice of right to bring a civil action based in the charge described above. A copy of this notice is attached hereto, marked and Exhibit B, and is incorporated by this reference as though fully set forth.

Wherefore, plaintiff prays judgment against defendants as follows:

**As To The First Cause Of Action:**

1. For compensatory damages in an amount according to proof at trial;

2. For interest at the legal rate;

3. For statutory costs;

4. For such other and further relief as the court may deem proper.

**As To The Second Cause Of Action:**

1. For compensatory damages in an amount according to proof at trial;

2. For interest at the legal rate;

3. For statutory costs;

4. For such other and further relief as the court may deem proper.

///

**As To The Third Cause Of Action:**

1. For general damages in an amount according to proof at trial;
2. For special damages in an amount according to proof at trial;
3. For punitive damages in an amount appropriate to punish defendants and deter others from engaging in similar misconduct;
4. For interest at the legal rate;
5. For statutory costs;
6. For such other and further relief as the court may deem proper.

**As To The Fourth Cause Of Action:**

1. For general damages in an amount according to proof at trial;
2. For special damages in an amount according to proof at trial;
3. For punitive damages in an amount appropriate to punish defendants and deter others from engaging in similar misconduct;
4. For reasonable attorney's fees pursuant to Government Code Section 12965(b).
5. For interest at the legal rate;
6. For statutory costs;
7. For such other and further relief as the court may deem proper.

Dated: March 15, 2005

TAYLOR & GUTIERREZ LLP

By _____
Matthew D. Marca
Attorneys for Stephan Smith Collins

EXHIBIT A

# \* \* \* EMPLOYMENT \* \* \*

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E200304 A-1486-00-se

EEOC # 37AA404333

If dual-filed with EEOC, this form may be affected by the Privacy Act of 1974.

CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING and EEOC

COMPLAINANT'S NAME (indicate Mr. or Ms.)
JONES, Stephan R. (Mr.)

ADDRESS: 424 Bosworth Street, #A
TELEPHONE NUMBER (INCLUDE AREA CODE): (415) 585-9567

CITY, STATE, ZIP: San Francisco, CA 94112
COUNTY: San Francisco
COUNTY CODE: 075

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME: Bonneville International Corporation

ADDRESS: 455 Market Street, #2300
TELEPHONE NUMBER (INCLUDE AREA CODE): (415) 764-1021

CITY, STATE, ZIP: San Francisco, CA 94105
COUNTY: San Francisco
COUNTY CODE: 075

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES)):
☐ RACE  ☒ SEX  ☐ DISABILITY  ☐ RELIGION  ☐ NATIONAL ORIGIN/ANCESTY  ☐ DENIAL OF FAMILY/MEDICAL LEAVE
☐ COLOR  ☐ AGE  ☐ MARITAL STATUS  ☐ MEDICAL CONDITION  ☒ OTHER (SPECIFY) Sexual Orientation

NO. OF EMPLOYEES/MEMBERS: 120
DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year): January 1, 2004
RESPONDENT CODE: 43

THE PARTICULARS ARE:

I. In January 2004, I was denied re-hire to the position of Local Sales Manager. I was initially hired in October 2000.

II. I believe that I was denied re-hire to the position because of my sex (male) and sexual orientation (homosexual). My belief is based upon the following:

   A. On or about January 2004, I was denied re-hire to an available position of Local Sales Manager, which I held prior to my lay off and for which I am qualified.

   B. Prior to my lay off, I was the only known open homosexual in the management position and the only Local Sales Manager to be laid off.

   C. On or about January 2004, a female candidate (name on file with DFEH) was selected for the position. I performed the same regular and customary job duties of the Local Sales Manager successfully for a year. I believe, therefore, that the employer's reason for denying me re-hire is pretextual.

Typed and mailed for signature on 05/20/04.

☒ I also want this charge filed with the Federal Equal Employment Opportunity Commission (EEOC).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 5-28-04

At San Francisco, City

COMPLAINANT'S SIGNATURE

DFEH-300-01 (06/97)   SF:MN:ct
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED: 05/28/04

STATE OF CALIFORNIA

EXHIBIT B

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES  ENCY
ARNOLD SCHWARZENEGGER, Gove

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
121 Spear Street, Suite 430, San Francisco, CA 94105
(415) 904-2303  TTY (800) 700-2320  Fax (415) 904-2310
www.dfeh.ca.gov



September 3, 2004

STEPHAN R. JONES
424 Bosworth Street, #A
San Francisco, CA 94112

RE:   E200304A1486-00-se/37AA404333
      <u>JONES/BONNEVILLE INTERNATIONAL CORPORATION</u>

Dear STEPHAN R. JONES:

## NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed on the basis of: No Probable Cause To Prove A Violation Of The Statute.

Please be advised that this recommendation has been accepted and the case has been closed effective September 3, 2004.

This letter is also your Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of Government Code section 12948 which incorporates Civil Code sections 51, 51.7, and 54. The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7 or 54, you should consult an attorney about the applicable statutes of limitation. If you signed a settlement agreement resolving your complaint, it is likely that you have waived your right to file a private lawsuit.

Notice of Case Closure
Page Two

This case may be referred to the U.S. Equal Employment Opportunity Commission for further review. If so, pursuant to Government Code section 12965, subdivision (d)(1), your right to sue will be tolled during the pendency of EEOC's review of your complaint.

The Department of Fair Employment and Housing does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Selena Wong
District Administrator

cc:   Case File

Stuart Miller
Attorney
DAVIS WRIGHT TREMAINE, LLP
One Embarcadero, Suite 600
San Francisco, CA  94111

DFEH-200-08e (04/03)
ANWAOPAM