IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff(s), <br> vs. <br> Defendant(s). | NO. C-            SI <br><br> **CASE MANAGEMENT CONFERENCE ORDER** |

**IT IS HEREBY ORDERED** that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, and Civil L.R. 16-10, a Case Management Conference will be held in this case before the Honorable Susan Illston on _____ at 2:00 p.m. in Courtroom No. 10, 19th floor Federal Building.

Plaintiff(s) shall serve copies of this Order at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed.R.Civ.P. 4 and 5. Following service, plaintiff(s) shall file certificate of service with the Clerk of this Court.

Counsel are directed to confer in advance of the Case Management Conference with respect to all of the agenda items listed below. Not less than seven days before the conference, counsel shall file a joint case management statement addressing each agenda item. Failure to file a joint statement shall be accompanied by a signed declaration setting forth the grounds for such failure. Failure to show good cause for such failure may subject the parties to sanctions.

Each party shall be represented at the Case Management Conference by counsel prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order. The parties are encouraged to attend.

Any request to reschedule the above dates should be made in writing, and by stipulation, if possible, not less than ten days before the conference date. Good cause must be shown.

The parties should be prepared to address and resolve at the Case Management Conference the following: setting the date and the estimated length of the trial; setting the date for discovery cutoff; setting the date to designate experts and other witnesses; and setting the date for the pretrial conference.

Other agenda matters which the Court will address at the Case Management Conference include the following:

1. Does the Court have subject matter jurisdiction over all of the plaintiff's claim(s) and defendant's counter-claim(s)? What is the basis of that jurisdiction? Are all the parties subject to the Court's jurisdiction? Do any parties remain to be served?

**2. What are the factual and legal basis for plaintiff's claim(s) and defendant's defense(s)? Defendant's counter-claim(s) and plaintiff's defense(s) to the counterclaim(s)?**

**3. What are the factual and legal issues genuinely in dispute?**

**4. What are the issues that can be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?**

**5. What are the motions anticipated by the parties?**

**6. What relief does plaintiff seek? What is the amount of damage(s) sought by plaintiff's claim(s)? What is the amount of damage(s) sought by defendant's counterclaim(s)? How are the damages computed?**

**7. What discovery does each party intend to pursue? Can discovery be limited in any manner? Are there any alternative methods available to obtain the necessary information? Should a discovery order and conference be entered pursuant to Fed.R.Civ.P 26(f)?**

**8. Is this case suitable for reference to a binding arbitration, to a Special Master, or to a Magistrate Judge for trial? Is the case suitable for reference to the Judicial Panel on Multidistrict Litigation?**

**9. Will this case be tried by a jury? What is the anticipated length of trial? Is it possible to reduce the length of trial by stipulation, use of summaries or statements, or other expedited means of presenting evidence? Is it feasible and desirable to bifurcate issues for trial?**

**10. Are there related cases pending before other Judges of this Court? See Civil L.R. 3-12.**

**11. If a class action, how and when will the class(es) be certified?**

**12. What are the earliest reasonable dates for discovery cutoff, pretrial conference and trial?**

**13. What are the prospects for settlement? Does any party wish to have a settlement conference with another Judge or Magistrate Judge? How can settlement efforts be assisted? See A.D.R. L.R. 7.**

**14. Such other matters as any party considers conducive to the just, speedy and inexpensive determination of this action.**

**CIVIL LAW AND MOTION MATTERS WILL BE HEARD ON FRIDAYS AT 9:00 A.M. COUNSEL SHALL COMPLY WITH CIVIL L.R. 7 WITH RESPECT TO MOTION PROCEDURES.**

**Discovery disputes: Counsel seeking the Court's intervention in a discovery dispute shall, after full compliance with Civil L.R. 37-1, file and serve a letter brief, 5 pages or less, explaining the dispute and the relief sought. Opposing counsel shall respond by letter brief, 5 pages or less, within one week. The Court will deem the matter submitted unless the Court determines that the issue requires oral argument, in which case a conference will be arranged. For good cause shown, based on legal or factual complexity, discovery disputes may be brought by formal noticed motion heard on a regular law and motion calendar. However, leave of Court to do so must be sought and obtained by ex-parte application in accordance with Civil L.R. 7-1(a)(3).**

2

**Failure to comply with this Order or the Local Rules of this Court may result in sanctions.** See **Fed.R.Civ.P. 16(f), Civil L.R. 1-4.**

**IT IS SO ORDERED.**

                                   **s/Susan Illston**
                                   **SUSAN ILLSTON**
                                   **United States District Judge**

**JUDGE SUSAN ILLSTON**
**STANDING ORDERS**

1. Scheduling Days:

    a. Criminal Law and Motion Calendar is conducted on Fridays at 11:00 a.m.

    b. Civil Law and Motion Calendar is conducted on Fridays at 9:00 a.m.

    c. Case Management Conferences are generally conducted on Fridays at 2:00 p.m, with order of call determined by the Court.

    d. Pretrial Conferences are generally conducted on Tuesday afternoon at 3:30 p.m.

    e. Counsel shall not reserve a motion hearing date, but may call the clerk to obtain the next available law and motion calendar. Motions may be reset as the Court's calendar requires.

2. Proposed Orders Required: Each party filing or opposing a motion shall also serve and file a proposed order which sets forth the relief or action sought and a short statement of the rationale of decision, including citation of authority, that the party requests the Court to adopt.

3. Sealed Documents: Counsel must strictly adhere to Civil Local Rule 79-5 when attempting to file documents under seal. Counsel shall submit the unsealed portion for filing in the public record. The proposed sealed portions must be placed in envelopes and submitted with the motion for leave to file under seal. The motion must specifically identify the portions to be filed under seal. The proposed order must identify exactly what is to be filed under seal. All chambers' copies must contain both the sealed and unsealed materials.

4. Courtesy Copies: All courtesy copies submitted **MUST** be three-hole punched at the left margin.

5. Procedural Matters: Parties who want to continue hearings, request special status conferences or make other procedural changes should do so either by signed stipulation and proposed order, or, if stipulation is not possible, by ex-parte application in writing.

6. Recycled Paper: The parties are encouraged to use recycled paper for all pleadings and filings.

7. Cases Designated for Electronic Filing:
The parties must continue to comply with the filing requirements as set forth in the General Order No. 45. In addition, counsel is required to provide Judge Illston's chambers with a hard copy of any document that is electronically filed. Counsel must **NOT** under any circumstance deliver the copy to the Clerk's Office.

SO ORDERED.

                                                s/Susan Illston
                                                SUSAN ILLSTON
                                                United States District Judge