# EXHIBIT "A"

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

DIRECT TV, INC.,

       Plaintiff(s),

   v.

CESAR CAZZALLI,

       Defendant(s).

Case No. C 03-05318 VRW

<u>CLERK'S NOTICE</u>

TO PARTIES AND COUNSEL OF RECORD;

    YOU ARE NOTIFIED THAT a Case Management Conference has been scheduled for <u>**Tuesday, July 12, 2005 at 9:00 a.m.**</u> before the Honorable Vaughn R Walker. Counsel are directed to file a joint case management conference statement one week prior to the conference.

<u>SUPPLEMENT TO INITIAL CASE MANAGEMENT SCHEDULE</u>

1.    At the initial case management conference, the parties or at least one attorney of record for each party must appear in person. See FRCP 26(f); Civ LR 16-10(a).

2.    The case management statement may not exceed ten pages. It should briefly describe the parties' controversy. Any party seeking damages must set forth in the statement the amount sought and the basis for its calculation.

3.    If the case was removed from a state court, and the applicable state law has not required the parties to make an express demand for a jury trial at the time of removal, any party claiming right to a jury trial must make the request therefor within ten days after service of the notice of removal. FRCP 81(c).

4.  NOTICE TO PRO SE LITIGANTS IN NON-PRISONER ACTIONS:

If you are proceeding in this lawsuit without an attorney, then the following directives apply to you in the prosecution of your case.

The court hereby ORDERS you to comply with the service requirements of Rule 4 of the Federal Rules of Civil Procedure as set forth below. Failure to follow the procedures set forth in this order may result, under Rule 4(m), in dismissal of your case.

It is your responsibility to obtain a valid summons from the clerk and to effect service of the summons and complaint on all defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. If you have named the United States government, a federal agency, a federal official or a federal employee as a defendant, you must comply with the special requirements of Rule 4(i).

Service may be effected by any person who is not a party and who is at least 18 years of age, which means that you, as a party, may not effect service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, your action will, under Rule 4(m), be dismissed as to that defendant.

Within 125 days after the filing of the complaint, you must file proof of service indicating which defendants were served within the 120 days allowed under Rule 4(m) and showing, in accordance with Rule 4(l), how each of those defendants was served (for example, by attaching appropriate certificates of service). You must also show cause why a defendant not served within the 120 days allowed under Rule 4(m) should not be dismissed without prejudice. Failure to do these things within the designated time will result in the dismissal of your case under Rule 4(m) and Rule 41(b).

5.  NOTICE FOR AMERICANS WITH DISABILITIES ACT LITIGATION:

If this action seeks accommodation or other relief, including attorney fees, pursuant to Title III of the Americans with Disabilities Act, 42 USC §§ 12181-89, the court ORDERS, pursuant to FRCP 16, the following:

a.  Each plaintiff shall, pursuant to FRCP 4(m), forthwith complete service on any unserved defendant;

b.  Discovery, except for initial disclosures required by FRCP 26(a), and all other proceedings are until further order STAYED;

c.  If not previously done, each plaintiff shall forthwith identify and serve upon each defendant a list of the architectural barriers sought to be removed and/or access to be provided, and if restrooms are at issue, a conceptual plan for remediation, accompanied by a statement of attorney fees incurred to date (42 USC § 12205; Hensley v Eckerhart, 461 US 424, 429-30, 433-37 (1983));

d. Each defendant shall, no later than the date for the conference of the parties specified above, serve a response to the demand for the removal of barriers, (i) agreeing or disagreeing that such barriers exist, (ii) indicating whether any existing barrier has been removed and (iii) if a defendant believes that removal of an existing barrier is not readily achievable, specifying the factual basis for this belief;

e. The joint case management statement shall contain, in addition to the information called for by FRCP 26(f), the information set forth in paragraphs c and d;

f. The parties are urged to consult with experts as necessary meaningfully to discuss removal of architectural barriers prior to the case management conference and/or any ADR session.

SANCTIONS. Failure to comply with this schedule and order or the local rules may result in sanctions or dismissal. See FRCP 16(f), 41(b); Civ LR 1-4.

Please report to Courtroom 6, on the 17th floor, U.S. District Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.

To obtain Judge Walker's Standing Order and Calendar, log onto the Court's website at www.cand.uscourts.gov

Dated: May 16, 2005

By: /S/ Cora G. Delfin
Courtroom Deputy Clerk to
Chief Judge Vaughn R Walker

|   |
|---|
| 1 |
| 2 |
| 3 |
| 4 |
| 5 |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
                    ,                    No. CV           VRW

                         Plaintiff,
                                         ORDER SETTING CASE
          v.                             MANAGEMENT CONFERENCE

                    ,

                         Defendant.
    _____/
```

    Pursuant to FRCP 16 and Civil L.R. 16-2, **IT IS ORDERED** that a Case Management Conference will be called in this case before the undersigned on <u>Tuesday,</u> <u>_____</u> at 9:00 a.m. in courtroom no. 6, 17th floor, at 450 Golden Gate Avenue, San Francisco, California.

    **IT IS FURTHER ORDERED** :

    1.    Plaintiff is directed to serve copies of this order at once on all parties to this action, and on any parties subsequently joined in accordance with the provisions of FRCP 4 and 5. Following service, plaintiff shall file an appropriate certificate of service with the clerk of this court.

    Failure to serve the summons, complaint and this order on all parties pursuant to FRCP 4 and 5 shall be presumptive evidence of lack of prosecution and subject the complaint to dismissal under FRCP 41(b). Except in the unusual case, the court expects that by the time of conference, the answer or other responsive pleading shall have

Page ___6___  Exhibit ___A___

already been served and filed. The court discourages the parties from extending time for pleading or seeking extensions of time beyond those provided in the Federal Rules.

2. Before appearing at the conference, the parties or their counsel, or both, shall meet and confer about the substance of the action and the most expeditious means of resolving this litigation. Not less than ten days before the conference, the parties shall file a joint case management statement. The case management statement must be submitted on behalf of all parties and may not exceed ten pages. It should briefly describe the parties' controversy but may include separate statements of the parties' respective positions.

3. The case management conference shall be conducted informally and not reported unless one or more parties is not represented by counsel. Failure of any party or counsel therefor to attend, prepare for and participate in good faith in the conference shall be grounds for appropriate sanctions. FRCP 16(f).

No continuance of the conference will be granted except by order of the court upon application of a party. The application shall be made seven days before the date of the conference and supported by a declaration showing good cause. In no event, shall any party request that the conference be scheduled more than 60 days after filing of the answer by any party.

4. The parties are directed to comply with Civil L.R. 37-1(b) for presentation of a disclosure or discovery dispute not resolved by the conference required by Civil L.R. 37-1(a).

**IT IS SO ORDERED**

/S/
VAUGHN R. WALKER
UNITED STATES DISTRICT JUDGE

Page 7   Exhibit A