Levitte v. Google Inc.

Doc. 3384

# EXHIBIT "A"

Dockets.Justia.com

ARNOLD SCHWARZENEGGER, Governor

STATE OF CALIFORNIA - STATE AND CONS. SER SE     S AGENCY

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

121 Spear Street, Suite 430, San Francisco, CA 94105
(415) 904-2303 TTY (800) 700-2320 Fax (415) 904-2310
www.dfeh.ca.gov

May 3, 2004

PATRICIA KELM
223 Cuardo Avenue
Millbrae, CA 94030

RE: E200304A1346-00-aprsc
  KELM/KAISER PERMANENTE

Dear PATRICIA KELM:

## NOTICE TO COMPLAINANT

Enclosed is a copy of your complaint of discrimination filed with the Department of
Fair Employment and Housing on 04/30/04 pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq. Also
enclosed is a copy of your Notice of Case Closure, which constitutes your right-to-
sue notice.

Please note that under Government Code section 12962, you or your attorney are
responsible for service of the complaint on respondent(s) along with a copy of the
Notice of Case Closure within 60 days of the filing date of your complaint.
Government Code section 12962(a) further stipulates that complaints must be
served either personally or by certified mail with return receipt requested.

For additional information, please read the enclosed Notice of Case Closure that
explains the conditions for filing a private lawsuit in the State of California.

Sincerely,

Selena Wong
District Administrator

Enclosure:   Complaint of Discrimination
       Notice of Case Closure

**FILE COPY**

DFEH-200-06 (01/04)

ARNOLD SCHWARZENEGGER, Governor



STATE OF CALIFORNIA · STATE AND CONSUMER SERVICES AGENCY

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

121 Spear Street, Suite 430, San Francisco, CA 94105
(415) 904-2303 TTY (800) 700-2320 Fax (415) 904-2310
www.dfeh.ca.gov

May 3, 2004

PATRICIA KELM
223 Cuardo Avenue
Millbrae, CA 94030

RE:   E200304A1346-00-aprsc
      KELM/KAISER PERMANENTE

Dear PATRICIA KELM:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective April 30, 2004 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

FILE COPY

Notice of Case Closure
Page Two

The Department of Fair Employment and Housing does not retain case files beyond
three years after a complaint is filed, unless the case is still open at the end of the
three-year period.

Sincerely,

Selena Wong
District Administrator

cc:     Case File

Anita Waller
Lead Investigation Specialist
KAISER PERMANENTE
1950 Franklin St, 15th Floor
Oakland, CA 94612

DFEH-200-43 (04/03)

ARNOLD SCHWARZENEGGER, Governor

STATE OF CALIFORNIA - STATE AND CONSUMER SE     3 AGENCY
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
121 Spear Street, Suite 430, San Francisco, CA 94105
(415) 904-2303 TTY (800) 700-2320 Fax (415) 904-2310
www.dfeh.ca.gov

May 3, 2004

PATRICIA KELM
223 Cuardo Avenue
Millbrae, CA 94030

RE: E200304A1346-01-aprsc
KELM/HALVORSON, GEORGE, As an individual

Dear PATRICIA KELM:

## NOTICE TO COMPLAINANT

Enclosed is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing on 04/30/04 pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also enclosed is a copy of your Notice of Case Closure, which constitutes your right-to-sue notice.

Please note that under Government Code section 12962, you or your attorney are responsible for service of the complaint on respondent(s) along with a copy of the Notice of Case Closure within 60 days of the filing date of your complaint. Government Code section 12962(a) further stipulates that complaints must be served either personally or by certified mail with return receipt requested.

For additional information, please read the enclosed Notice of Case Closure that explains the conditions for filing a private lawsuit in the State of California.

Sincerely,

Selena Wong
District Administrator

FILE COPY

Enclosure:   Complaint of Discrimination
             Notice of Case Closure

DFEH-200-05 (01/04)



STATE OF CALIFORNIA - STATE AND CONSUM IR SERV  AGENCY

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
121 Spear Street, Suite 430, San Francisco, CA 94105
(415) 904-2303 TTY (800) 700-2320 Fax (415) 904-2310
www.dfeh.ca.gov

May 3, 2004

PATRICIA KELM
223 Cuardo Avenue
Millbrae, CA 94030

RE:  E200304A1346-01-aprsc
     KELM/HALVORSON, GEORGE, As an individual

Dear PATRICIA KELM:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective April 30, 2004 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.



Notice of Case Closure
Page Two


The Department of Fair Employment and Housing does not retain case files beyond
three years after a complaint is filed, unless the case is still open at the end of the
three-year period.

Sincerely,


Selena Wong
District Administrator

cc:    Case File


George Halvorson
President
KAISER PERMANENTE
1 Kaiser Plaza
Oakland, CA  94612

DFEH-200-43 (04/03)

ARNOLD SCHWARZENEGGER, Governor

STATE OF CALIFORNIA • STATE AND CONSUMER SERVICES AGENCY

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
121 Spear Street, Suite 430, San Francisco, CA 94105
(415) 904-2303 TTY (800) 700-2320 Fax (415) 904-2310
www.dfeh.ca.gov

May 3, 2004

PATRICIA KELM
223 Cuardo Avenue
Millbrae, CA 94030

RE:  E200304A' 346-04-aprsc
     KELM/DRYER, DENISE, As an individual

Dear PATRICIA KELM:

## NOTICE TO COMPLAINANT

Enclosed is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing on 04/30/04 pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq.  Also enclosed is a copy of your Notice of Case Closure, which constitutes your right-to-sue notice.

Please note that under Government Code section 12962, you or your attorney are responsible for service of the complaint on respondent(s) along with a copy of the Notice of Case Closure within 60 days of the filing date of your complaint. Government Code section 12962(a) further stipulates that complaints must be served either personally or by certified mail with return receipt requested.

For additional information, please read the enclosed Notice of Case Closure that explains the conditions for filing a private lawsuit in the State of California.

Sincerely,

Selena Wong
District Administrator

Enclosure:   Complaint of Discrimination
             Notice of Case Closure

**FILE COPY**

DFEH-200-06 (01/04)



STATE OF CALIFORNIA - STATE AND CONSUMER SERV   AGENCY                                                  ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
121 Spear Street, Suite 430, San Francisco, CA 94105
(415) 904-2303  TTY (800) 700-2320 · Fax (415) 904-2310
www.dfeh.ca.gov

May 3, 2004

PATRICIA KELM
223 Cuardo Avenue
Millbrae, CA 94030

RE:    E200304A1346-04-aprsc
       KELM/DRYER, DENISE, As an individual

Dear PATRICIA KELM:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
April 30, 2004 because an immediate right-to-sue notice was requested.  DFEH
will take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the
Fair Employment and Housing Act against the person, employer, labor organization
or employment agency named in the above-referenced complaint.  The civil action
must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment
Opportunity Commission (EEOC) must be visited to file a complaint within 30 days
of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged
discriminatory act, whichever is earlier.

**FILE COPY**

Notice of Case Closure
Page Two


The Department of Fair Employment and Housing does not retain case files beyond
three years after a complaint is filed, unless the case is still open at the end of the
three-year period.

Sincerely,

Selena Wong
District Administrator

cc:    Case File


Denise Dryer
Supervisor
KAISER PERMANENTE
1200 El Camino Real
South San Francisco, CA  94080

DFEH-200-43 (04/03)

STATE OF CALIFORNIA - STATE AND CONSUMER SE...  ES AGENCY

ARNOLD SCHWARZENEGGER, Governor



**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
121 Spear Street, Suite 430, San Francisco, CA 94105
(415) 904-2303 TTY (800) 700-2320 Fax (415) 904-2310
www.dfeh.ca.gov

May 3, 2004

PATRICIA KELM
223 Cuardo Avenue
Millbrae, CA 94030

RE: E200304A1346-03-aprsc
   KELM/CORINO, ROSE, As an individual

Dear PATRICIA KELM:

## NOTICE TO COMPLAINANT

Enclosed is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing on 04/30/04 pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also enclosed is a copy of your Notice of Case Closure, which constitutes your right-to-sue notice.

Please note that under Government Code section 12962, you or your attorney are responsible for service of the complaint on respondent(s) along with a copy of the Notice of Case Closure within 60 days of the filing date of your complaint. Government Code section 12962(a) further stipulates that complaints must be served either personally or by certified mail with return receipt requested.

For additional information, please read the enclosed Notice of Case Closure that explains the conditions for filing a private lawsuit in the State of California.

Sincerely,

Selena Wong
District Administrator

Enclosure:   Complaint of Discrimination
             Notice of Case Closure

FILE COPY

DFEH-200-06 (01/04)



ARNOLD SCHWARZENEGGER, Governor



OF CALIFORNIA - STATE AND CONSUMER SERV AGENCY

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

121 Spear Street, Suite 430, San Francisco, CA 94105
(415) 904-2303 TTY (800) 700-2320 Fax (415) 904-2310
www.dfeh.ca.gov

May 3, 2004

PATRICIA KELM
223 Cuardo Avenue
Millbrae, CA 94030

RE:  E200304A1346-03-aprsc
     KELM/CORINO, ROSE. As an individual

Dear PATRICIA KELM:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective April 30, 2004 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

FILE COPY



Notice of Case Closure
Page Two

The Department of Fair Employment and Housing does not retain case files beyond
three years after a complaint is filed, unless the case is still open at the end of the
three-year period.

Sincerely,

Selena Wong
District Administrator

cc:    Case File

Rose Corino
Nurse Manager
KAISER PERMANENTE
1200 El Camino Real
South San Francisco, CA  94080

DFEH-200-43 (04/03)

1  Deborah J. Broyles, CA State Bar No. 167681
   Deborah R. Schwartz, CA State Bar No. 208934
2  THELEN REID & PRIEST LLP
3  101 Second Street, Suite 1800
   San Francisco, California 94105-3601
4  Telephone: (415) 371-1200
   Facsimile: (415) 371-1211
5
6  Attorneys for Defendant
   KAISER FOUNDATION HOSPITALS

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF ALAMEDA

10

11 PATTY LEE KELM                          Case No.: RG05210112

12              Plaintiff,
                                           **ANSWER OF DEFENDANT KAISER**
13      vs.                                **FOUNDATION HOSPITALS TO**
                                           **PLAINTIFF'S UNVERIFIED**
14 KAISER FOUNDATION HOSPITALS;            **COMPLAINT FOR EQUITABLE**
   GEORGE HALVERSON; DENISE DRYER;         **RELIEF AND DAMAGES**
15 ROSE CORINO; and DOES 1 through 20,
   inclusive,
16
                Defendants.
17

18          Defendant Kaiser Foundation Hospitals ("Defendant"), for itself alone, and in answer to

19 the unverified Complaint for Equitable Relief and Damages ("Complaint") of plaintiff Patty Lee

20 Kelm ("Plaintiff"), admits, denies and alleges as follows:

21          1.     Pursuant to the provisions of Section 431.30(d) of the California Code of Civil

22 Procedure, Defendant denies generally and specifically each and every allegation contained in

23 Plaintiff's Complaint, and further denies that Plaintiff has sustained damages in the sum or sums

24 alleged, or in any other sum at all, by reason of any act, breach or omission by Defendant.

25 ///

26 ///

27 ///

28 ///

**EXHIBIT B**

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

ENDORSED
FILED
ALAMEDA COUNTY
2005 SEP 22 PM 3: 04
CLERK OF THE SUPERIOR COURT
BY
DEPUTY

# FIRST AFFIRMATIVE DEFENSE

## TO ALL CAUSES OF ACTION

1. Plaintiff's Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

## TO ALL CAUSES OF ACTION

2. Defendant alleges, based on information and belief, that Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the applicable statutes of limitations, including but not limited to Code of Civil Procedure §§ 335.1, 337, 338, and 340, and Government Code §§ 12960 and 12965.

## THIRD AFFIRMATIVE DEFENSE

## TO ALL CAUSES OF ACTION

3. Defendant alleges, based on information and belief, that Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the six-month limitations period provided under Section 10(b) of the National Labor Relations Act. 29 U.S.C. § 160(b).

## FOURTH AFFIRMATIVE DEFENSE

## TO ALL CAUSES OF ACTION

4. Defendant alleges, based on information and belief, that Plaintiff's Complaint, and each and every cause of action alleged therein, is substantially dependent upon an analysis of the provisions, terms and conditions of a collective bargaining agreement that existed at all times relevant hereto between Defendant and Plaintiff's union, and that said Complaint, and each and every cause of action alleged therein, is therefore preempted by Section 301 of the Labor Management Relations Act and other applicable provisions of federal law. 29 U.S.C. § 185(a).

## FIFTH AFFIRMATIVE DEFENSE

## TO CAUSES OF ACTION ONE THROUGH FOUR AND SEVEN THROUGH NINE

5. Defendant alleges, based on information and belief, that the court lacks jurisdiction over the subject matter of each of Plaintiff's claims for relief because the exclusive remedy for her

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

SF #1002249 v1

1  purported injuries lies under the California Workers' Compensation Act, Cal. Lab. Code § 3600, *et*
2  *seq.*

### SIXTH AFFIRMATIVE DEFENSE

### TO ALL CAUSES OF ACTION

5        6.      Defendant alleges, based on information and belief, that Plaintiff's Complaint falls
6  outside the jurisdiction of this court in that Plaintiff has failed to satisfy the jurisdictional
7  prerequisites to bringing this lawsuit by exhausting her available administrative and/or union
8  remedies.

### SEVENTH AFFIRMATIVE DEFENSE

### TO CAUSES OF ACTION ONE, THREE, SEVEN AND NINE

11       7.      The Court lacks subject matter jurisdiction over the claims and allegations in the
12  Complaint that concern matters not reasonably related to charges filed by Plaintiff in a timely
13  manner with the appropriate government agency.

### EIGHTH AFFIRMATIVE DEFENSE

### TO ALL CAUSES OF ACTION

16       8.      Defendant alleges, based on information and belief, that to the extent Plaintiff has
17  previously invoked and exercised her rights under the collective bargaining agreement that existed
18  at all times relevant hereto between Defendant and Plaintiff's union, said process has resulted in a
19  final decision that completely bars Plaintiff's Complaint, and each and every cause of action
20  alleged therein.

### NINTH AFFIRMATIVE DEFENSE

### ALL CAUSES OF ACTION

23       9.      While Defendant denies that it engaged in the conduct attributed to it by Plaintiff, if
24  it is determined that the conduct alleged is legally attributable to Defendant, Defendant alleges that
25  the conduct was not unlawful inasmuch as the conduct was reasonably and properly based on
26  legitimate business reasons and/or other nondiscriminatory bases.

27
28

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

## TENTH AFFIRMATIVE DEFENSE

## TO ALL CAUSES OF ACTION

10.    Although Defendant denies that it engaged in the misconduct attributed to it, Defendant alleges, based on information and belief, that it appropriately investigated and responded to matters brought to its attention by Plaintiff, if any, and that Plaintiff failed to take reasonable advantage of Defendant's procedures to prevent and correct discrimination and/or harassment in the workplace.

## ELEVENTH AFFIRMATIVE DEFENSE

## TO CAUSES OF ACTION ONE, THREE, SEVEN AND NINE

11.    Although Defendant denies that it engaged in the conduct attributed to it, Defendant alleges, based on information and belief, that Plaintiff's damage claims are barred, in whole or part, by the avoidable consequences doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

## TO ALL CAUSES OF ACTION

12.    Defendant alleges, based on information and belief, that Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrine of waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

## TO ALL CAUSES OF ACTION

13.    Defendant alleges, based on information and belief, that Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

## TO ALL CAUSES OF ACTION

14.    Defendant alleges, based on information and belief, that Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

SF #1002249 v1

ANSWER OF DEFENDANT KAISER FOUNDATION HOSPITALS TO PLAINTIFF'S
UNVERIFIED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES/Case No. RG05210112

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

## FIFTEENTH AFFIRMATIVE DEFENSE

## TO ALL CAUSES OF ACTION

15. Defendant alleges, based on information and belief, that Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

## SIXTEENTH AFFIRMATIVE DEFENSE

## TO ALL CAUSES OF ACTION

16. Defendant alleges, based on information and belief, that at all times relevant to Plaintiff's Complaint, Defendant had good faith defenses, based in law and/or fact, which if upheld would have precluded any recovery by Plaintiff based on the allegations of the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

## TO ALL CAUSES OF ACTION

17. Defendant alleges, based on information and belief, that Plaintiff declined Defendant's offer of reasonable accommodations for her alleged disability.

## EIGHTEENTH AFFIRMATIVE DEFENSE

## TO ALL CAUSES OF ACTION

18. Defendant alleges, based on information and belief, that Plaintiff was unable to perform the essential duties of the position in question even with reasonable accommodation and, further, that Plaintiff could not perform those duties in a manner that would not have endangered her health or safety or the health and safety of others, even with reasonable accommodation.

## NINETEENTH AFFIRMATIVE DEFENSE

## TO ALL CAUSES OF ACTION

19. Defendant alleges, based on information and belief, that any accommodation that would have allowed Plaintiff to perform the essential duties of the position in question, or to do so without endangering her health or safety or the health or safety of others, would have produced undue hardship on Defendant's operation.

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

## TWENTIETH AFFIRMATIVE DEFENSE
## TO ALL CAUSES OF ACTION

20.     Although Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendant alleges, based on information and belief, that the proximate cause of such damage was the conduct of others for which Defendant was not and is not responsible.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
## TO ALL CAUSES OF ACTION

21.     Although Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendant alleges, based on information and belief, that Plaintiff has failed to mitigate her purported damages, and further alleges that, to the extent any damages could have been mitigated, such sums should be deducted from any award of damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
## TO ALL CAUSES OF ACTION

22.     Defendant alleges, based on information and belief, that to the extent Plaintiff seeks unspecified punitive damages, such claim and damages are contrary to the due process clauses and other clauses of the United States and California Constitutions.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
## TO ALL CAUSES OF ACTION

23.     Plaintiff's claims for injunctive relief are barred because Plaintiff has adequate remedies at law for the claims alleged in his Complaint.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.     That Plaintiff's First Amended Complaint be dismissed in its entirety and with prejudice, and that Plaintiff take nothing by reason thereof;

2.     That Defendant be awarded its costs of suit incurred herein;

3.     That Defendant be awarded its attorneys' fees to the extent provided by law;

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

ANSWER OF DEFENDANT KAISER FOUNDATION HOSPITALS TO PLAINTIFF'S
FIRST AMENDED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES/Case No. RG05210112

1    4.    That judgment be entered in favor of Defendant; and

2    5.    That Defendant receive such other relief as the Court deems just and proper.

3

4    Dated: September 22, 2005

                                    THELEN REID & PRIEST LLP

5

6

7                                   By _____
                                        Deborah J. Broyles
8                                       Deborah Schwartz
                                        Attorneys for Defendant
                                        KAISER FOUNDATION HOSPITALS
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

ANSWER OF DEFENDANT KAISER FOUNDATION HOSPITALS TO PLAINTIFF'S
UNVERIFIED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES/Case No. RG05210112

## PROOF OF SERVICE BY MAIL

CASE RG05210112

I am over the age of 18 and not a party to the within action. I am employed in the County of San Francisco, State of California by Thelen Reid & Priest LLP. My business address is 101 Second Street, Suite 1800, San Francisco, California 94105-3606.

On September 22, 2005, I served the following entitled document:

**ANSWER OF DEFENDANT KAISER FOUNDATION HOSPITALS TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

by placing a true and correct copy thereof in a sealed envelope addressed as follows:

> Charles J. Katz, Esq.
> Law Offices of Charles J. Katz
> 475 El Camino Real, Suite 300
> Millbrae, CA 94030

I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On this day, I placed for collection and processing the above document to be deposited with the United States Postal Service in the ordinary course of business. And in the ordinary course of the firm's business, such correspondence is deposited with the United States Postal Service the same day that it is collected.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 22, 2005, at San Francisco, California.

Sheila M. Merrill

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

SF #1004287 v1

PROOF OF SERVICE BY MAIL

# Health Care Workers Union
# Local 250

SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO



Health Care
Workers Union
Leading the Way

---

## Collective Bargaining Agreement
## With

---



## KAISER PERMANENTE

## of
## Northern California

Effective October 1, 2000

EXHIBIT C

# TABLE OF CONTENTS

PAGE

ARTICLE I     PURPOSE OF AGREEMENT     1

ARTICLE II     SCOPE OF AGREEMENT     1

     Section 1  -  Jurisdiction of Agreement
     Section 2  -  Subcontracting

ARTICLE III     RECOGNITION AND UNION SECURITY     3

     Section 1  -  Recognition
     Section 2  -  Union Membership
     Section 3  -  Hiring
     Section 4  -  Notification of New Employees
     Section 5  -  Checkoff
     Section 6  -  Employer Indemnification
     Section 7  -  Volunteers

ARTICLE IV     UNION AND MANAGEMENT RESPONSIBILITY     5

     Section 1  -  Management Rights
     Section 2  -  Agreed Objectives
     Section 3  -  Working Conditions

ARTICLE V     DISCRIMINATION     6

     Section 1  -  Scope
     Section 2  -  Wage Equality

ARTICLE VI     SENIORITY     7

     Section 1  -  Definition of Bargaining Unit Seniority
     Section 2  -  Seniority Lists
     Section 3  -  Order of Application
     Section 4  -  Work Force Adjustments and Transition
     Section 5  -  Temporary Reductions in Work Schedules
     Section 6  -  Mechanization
     Section 7  -  Promotions, Transfers and Seniority
     Section 8  -  Job Posting
     Section 9  -  Assignment of Casual Hours

ARTICLE VII    HOURS OF EMPLOYMENT                                    14

          Section 1    -   Intent of Article
          Section 2    -   Normal Work Week
          Section 3    -   Scheduling
          Section 4    -   Float Differential
          Section 5    -   Workload Distribution
          Section 6    -   Distribution of "Standby" Time, Overtime
                           and Additional Hours
          Section 7    -   Split Shifts
          Section 8    -   Rest Periods

ARTICLE VIII   OVERTIME AND ALLOWED TIME                              19

          Section 1    -   Intent of Article
          Section 2    -   Definition of Terms
          Section 3    -   Overtime Rates
          Section 4    -   "Standby" Pay and Duty
          Section 5    -   Reporting Pay
          Section 6    -   Call-in on Scheduled Day Off
          Section 7    -   Calculation of Allowed Time
          Section 8    -   Non-Duplication of Overtime

ARTICLE IX     SHIFT PREMIUM                                          22

ARTICLE X      TYPES OF EMPLOYEES                                     23

          Section 1    -   Regular (R) Employees
          Section 2    -   Short-Hour (S), Temporary (T) and
                           Casual (C) Employees
          Section 3    -   Pay in Lieu of Benefits
          Section 4    -   Service Date Commencement
          Section 5    -   Tenure Service Credit

ARTICLE XI     WAGE RATES                                            25

          Section 1    -   Schedule of Wages
          Section 2    -   Premium Employees
          Section 3    -   Pay Day
          Section 4    -   Automatic Paycheck Deposit
          Section 5    -   Effective Date of Tenure Increases
          Section 6    -   Tenure Step/Experience Credit
          Section 7    -   Job Descriptions

|  | Section 8 | - | Classification Review Requests |  |
|  | Section 9 | - | Maintenance, Service and | 25 |
|  |  |  | Technical Classifications |  |
|  | Section 10 | - | Clerical Classifications |  |

ARTICLE XII    HOLIDAYS                                          30

| | Section 1 | - | Holidays Observed |
| | Section 2 | - | Conditions of Observance |
| | Section 3 | - | Birthday Holiday |
| | Section 4 | - | Float Holiday |
| | Section 5 | - | Holidays, Regular Full-time Employees, Eligibility |
| | Section 6 | - | Holidays, Regular Full-time Employees, Compensation |
| | Section 7 | - | Holidays, Regular Part-time Employees |
| | Section 8 | - | Holiday Pay, Short-Hour, Temporary and Casual Employees |
| | Section 9 | - | Compensatory Time Off |
| | Section 10 | - | Overtime Calculation |
| | Section 11 | - | Holiday Scheduling |
| | Section 12 | - | Observation, Sunday Holidays |
| | Section 13 | - | Definition of Pay |

ARTICLE XIII   VACATIONS                                         35

| | Section 1 | - | Vacation Pay |
| | Section 2 | - | Vacation Scheduling |
| | Section 3 | - | Call-Back |
| | Section 4 | - | Radiologic Technologist Special Compensation |
| | Section 5 | - | Vacation Pay for Terminated Employees |

ARTICLE XIV    PERQUISITES                                       37

| | Section 1 | - | Room and Personal Laundry |
| | Section 2 | - | Uniforms |
| | Section 3 | - | Meals |
| | Section 4 | - | Mileage |

ARTICLE XV     SICK LEAVE                                        38

| | Section 1 | - | Accumulation |

| | Section 2 | - | Pay |

4

Section 3   -  Applicability

Section 4   -  Holiday During Sick Leave
Section 5   -  Integration With Disability and
              Workers' Compensation
Section 6   -  Return From Sick Leave
Section 7   -  Employee Requests for Data

ARTICLE XVI    LEAVES OF ABSENCE         41

Section 1   -  Emergency Situations
Section 2   -  Non-Industrial Disability
Section 3   -  Written Confirmation
Section 4   -  Insurance Benefits During
              Leave of Absence
Section 5   -  Industrial Disability
Section 6   -  Return From Leave
Section 7   -  Modified Work Plans

ARTICLE XVII    BEREAVEMENT LEAVE         43

ARTICLE XVIII    PAID EDUCATIONAL LEAVE         44

Section 1   -  Eligible Employees
Section 2   -  Eligible Programs
Section 3   -  Administration
Section 4   -  Hours Paid
Section 5   -  Night Shift Employees

ARTICLE XIX    IN-SERVICE EDUCATION         46

ARTICLE XX    TRAINING COMMITTEE         47

ARTICLE XXI    JURY DUTY PAY         47

ARTICLE XXII    INSURANCE BENEFITS         48

Section 1   -  Health Insurance
A. Description of Coverage
B. Eligible Dependents
C. Maintenance of Benefits

D. Effective Date of Coverage
E. Change in Plans

F. Ineligible Dependents
G. Retiree Coverage
Section 2 - Life Insurance
Section 3 - Dental Insurance
A. Basic Coverage
B. Claims Disputes
C. Orthodontia Coverage
D. Coordination of Benefits
Section 4 - Short Hour Employee's Coverage
Section 5 - Complete Details on Benefits

ARTICLE XXIII    DOMESTIC PARTNER COVERAGE                52

ARTICLE XXIV     ANNUAL PHYSICAL EXAMINATIONS             53

ARTICLE XXV      UNEMPLOYMENT COMPENSATION               54

ARTICLE XXVI     PENSIONS                                 54
Section 1 - Participation
Section 2 - Service
Section 3 - Credited Service
Section 4 - Eligibility for and Amount of Benefits
A. Normal Retirement
B. Postponed Retirement
C. Early Retirement
D. Disability Retirement
E. Deferred Vested Pension
F. Survivor Annuity
G. Other Pensions
H. Manner of Payment
I. Reinstatement of Benefits
Section 5 - Voluntary Employee Contributions
Section 6 - Cost
Section 7 - Administration
Section 8 - Salary Deferral Retirement Plan

ARTICLE XXVII    CHILD CARE                               58

ARTICLE XXVIII   CONSCIENTIOUS OBJECTION                  58

ARTICLE XXIX     UNION BUSINESS                           59

ARTICLE XXX      DISPUTES      60

        Section 1   -  Work Stoppages
        Section 2   -  Probationary Period
        Section 3   -  Definition of Grievance
        Section 4   -  Discussion of Request or Complaint
        Section 5   -  Grievance Procedure
        Section 6   -  General Provisions
        Section 7   -  Modification of Procedure
        Section 8   -  Discipline
          A. Just Cause
          B. Patient and Physician Complaints
          C. Warning Letters and Performance Evaluations
          D. Orientation
          E. Performance/Production Standards

ARTICLE XXXI    CONFIDENTIALITY OF MEDICAL RECORDS    65

ARTICLE XXXII   JOINT CONFERENCE ON SERVICE-RELATED ISSUES    65

ARTICLE XXXIII  COMPETITIVE WAGE REVIEW AND EQUITY ADJUSTMENTS    66

ARTICLE XXXIV  LABOR-MANAGEMENT COMMON INTEREST FORUM    67

ARTICLE XXXV   SAVINGS CLAUSE    68

ARTICLE XXXVI  DURATION OF AGREEMENT    68

APPENDIX A      WAGE ADMINISTRATIVE PRACTICES    71

        Section 1   -  Wage Structure Definitions
        Section 2   -  Geographic Area Definitions
        Section 3   -  Administration of Wage Structure "A"
        Section 4   -  Administration of Wage Structures
                      "B-1" and "B-2"
        Section 5   -  Selection of Employees and
                      Wage Structures

        Section 6   -  Special Classifications at Vallejo, Napa
                      and Fairfield

APPENDIX B      LIST OF CLASSIFICATIONS    80

APPENDIX C     POSITION SPECIFICATIONS     84

APPENDIX D     WAGE RATES - 1998, 1999, 2000     108

APPENDIX E     SHIFT DIFFERENTIAL / TENURE STEP /     185
EXPERIENCE CREDIT IN LIEU OF BENEFITS

APPENDIX F     RETRAINING COMMITTEE     187

APPENDIX G     BILINGUAL ASSIGNMENTS     188

APPENDIX H     EXCERPT FROM JULY 20, 1972 LETTER OF     189
AGREEMENT INCLUDED FOR REFERENCE
IN ARTICLE XI -WAGE RATES, SECTION 9,
NEWLY-LICENSED LVNs

APPENDIX I     SERVICE PERFORMANCE PAY PROGRAM -     190
PILOT PROJECT

APPENDIX J     JOINT TRAINING INSTITUTE ON UNION/MANAGEMENT     193
RELATIONS (PILOT)

APPENDIX K     MEMBER FOCUSED CARE INITIATIVE     195

INDEX     ALPHABETICAL LISTING BY TOPIC AREA     198

21.  The volunteer's role in the Medical Centers is to provide services to patients that may not otherwise be offered. Volunteers will not be assigned to replace or be used in lieu of Union personnel in the performance of the typical duties of their classification.

## ARTICLE IV - UNION AND MANAGEMENT RESPONSIBILITY

### Section 1 - Management Rights

22.  The Union recognizes that the Employer has the duty and the right to manage the Hospital and clinics and to direct the working forces. This includes the right to hire, transfer, promote, demote, layoff, discipline and discharge employees, subject to the terms of this Agreement and the grievance procedure.

### Section 2 - Agreed Objectives

23.  The Union agrees with the objectives of achieving the highest level of employee performance and production consistent with safety, good health and sustained effort, and the Union and Employer will use their best efforts to effectuate this objective.

24.  The Union and the Employer agree that all Kaiser Permanente employees, physicians, managers, field representatives, human resource representatives and labor relation representatives will treat each other, regardless of position or profession, with dignity, respect, courtesy and trust. The foregoing principles shall also apply in providing service to patients and visitors. **By creating an environment of mutual trust and respect, recognizing each person's expertise, knowledge and value, and providing training and education to expand those capabilities, we can achieve our common goals of achieving organizational success and creating a challenging work environment. This agreement, in conjunction with the National Agreement, jointly initiates a wide array of activities designed to increase employee skills training, growth and development, and learning opportunities.**

### Section 3 - Working Conditions

25.  The Employer shall provide reasonable and safe working conditions consistent with accepted standards for the nature of the process and work performed. Work assignments shall be made only if they are in accordance with this principle. Work conditions which appear to be inconsistent with this principle may be brought to the attention of the area supervisor by any employee; and if the supervisor is unable to resolve the problem, it may be submitted for

# ARTICLE XXX - DISPUTES

### Section 1 - Work Stoppages

283.  The Employer and the Union realize that the Employer's facilities are different in their operations from industries because of services rendered to the community and for humanitarian reasons, and agree that there shall be no lockouts on the part of the Employer, nor suspension of work on the part of the employees, it being one of the purposes of this Agreement to guarantee that there will be no strikes, lockouts or work stoppages.

284.  All disputes in other matters of controversy coming within the scope of this Agreement will be settled by the procedure hereinafter provided.

### Section 2 - Probationary Period

285.  Regular employees may be discharged without recourse to the grievance procedure within the first ninety (90) days of employment. Short Hour, Casual and Temporary employees may be discharged without recourse to the grievance procedure within the first three hundred (300) hours or **ninety (90)** days whichever is later.

### Section 3 - Definition of Grievance

286.  Grievance, as referred to in this Article, includes every dispute concerning application or interpretation of this contract and/or any dispute concerning wages, hours or working conditions. All such disputes shall be subject to the grievance procedure; however, only such grievances that allege a specific violation of the contract may be appealed to Step 3 of the grievance procedure.

### Section 4 - Discussion of Request or Complaint

287.  Both the Employer and the Union pledge their active, aggressive and continuing efforts to secure prompt disposition of requests, complaints and grievances; and agree that most disputes can be, should be and will be resolved in the oral discussions. In the few cases where such is not accomplished, the following procedure shall apply.

### Section 5 - Grievance Procedure

#### Step 1

288.  The first step of a grievance, as defined in Section 3 above, shall be the discussion with the Department Head by the employee, Field Representative and/or Shop Steward. Every grievance must be initiated in the first step within thirty (30) working days after occurrence of the event causing the grievance or

the grievance shall be considered waived. Should the dispute fail to be resolved within three (3) working days after that discussion, the matter may be pursued by the Field Representative or the Chief Steward with the Employer's designee.

289. In the event the grievance concerns the discharge of the employee, the grievance must be presented in the first step within seven (7) working days following the discharge or the grievance shall be considered waived.

290. The Employer's designee must give the aggrieved employee and/or the Field Representative and/or the Shop Steward, as the case may be, an answer within three (3) working days after such discussion. The grievance shall be considered settled on the basis of the answer given and not eligible for further consideration unless it is appealed in writing within two (2) working days after the Employer's designee's answer. In the event the Employer's designee has failed to reply to the grievance, it shall automatically proceed to Step 2 if appealed by the Union within ten (10) working days after the grievance was initiated.

Step 2

291. A grievance appealed to this second step of the grievance procedure shall be in writing on a mutually agreed upon grievance form. Such grievance shall be discussed by the Field Representative and the Personnel Director at a mutually convenient time within five (5) working days after receipt by the Personnel Director of the appealed grievance into this Step 2. In the event the Personnel Director and the Union Representative conclude that they have made every reasonable effort to resolve the grievance and that further oral discussions will not result in a solution within a reasonable period of time, a grievance control number shall be assigned.

292. Only when a grievance control number has been assigned and after all avenues of discussion have been exhausted should the Personnel Director's Step 2 disposition be placed in writing on the grievance form. Such answer must be given within fifteen (15) calendar days after presentation of the grievance into this Step 2. If the Personnel Director's reply is not appealed to Step 3 within ten (10) working days after receipt in writing by the Field Representative, the grievance shall be considered settled on the basis of such reply and shall not be eligible for further appeal. If the Personnel Director fails to satisfy the time limits herein provided, the grievance shall automatically progress to Step 3 upon notification by the Union in writing within twenty (20) working days after presentation of the grievance to Step 2 that the time limits have not been waived.

Step 3

293. A grievance appealed to this third step must be served within the time limits previously described by the Representative of the Union to the Employee Relations Manager or his/her designee. Such notice shall state the subject matter of the grievance, identifying grievance control number and objections taken by either party to the previous disposition. Review of the appealed grievance shall take place promptly, not to exceed ten (10) working days following receipt of notice of appeal.

294. A grievance discussed in such meeting must be answered in writing by the Employee Relations Manager or his/her designee within ten (10) working days after the date of such meeting. If the reply of the Employee Relations Manager or his/her designee is not appealed to Step 4 within ten (10) calendar days after receipt in writing by the Field Representative, the grievance shall be considered settled on the basis of such reply and shall not be eligible for further appeal. If the Employee Relations Manager or his/her designee fails to satisfy the time limits herein provided, the grievance shall automatically progress to arbitration upon notification by the Union in writing within thirty (30) working days after presentation of the grievance to this Step 3 that the time limits have not been waived.

Step 4

295. A grievance appealed to this fourth step shall be submitted to an Arbitrator who shall be impartial and who shall be appointed by mutual agreement of the parties. In the event mutual agreement cannot be reached on an Arbitrator within ten (10) working days of receipt of notice of appeal to arbitration, the State Conciliation Service shall be asked to name a panel of five (5) individuals from which one (1) name shall be selected by the parties within five (5) working days after receipt of the names provided by the State Conciliation Service.

296. The arbitrator shall have jurisdiction and authority only to interpret, apply or determine compliance with specific terms of this Agreement and shall not have jurisdiction to add to, detract from or alter in any way the provisions of this Agreement. Any decision within the jurisdiction of the arbitrator shall be final and binding upon all concerned. The expenses and salary incident to the services of the arbitrator shall be shared equally by the Employer and the Union.

## Section 6 - General Provisions

297. Grievances may by mutual agreement be referred back for further consideration or discussion to a prior step or advanced to a higher step of the grievance procedure.

298. Time limits specified in the processing of a grievance may be waived by mutual agreement.

299. Settlements reached in Step 1 or Step 2 of the grievance procedure shall not establish a precedent or practice for future similar or dissimilar cases unless specifically agreed to. Such agreement must be reduced to writing and state that the settlement may be used as a precedent in future cases.

300. Grievances may be filed against the Union by the Employer in accordance with the general provisions referred to in this Article.

301. Minutes shall be prepared and jointly signed by the participants in all grievance discussions which have been assigned a grievance control number. Minutes shall conform to the following general outline:

   A    Grievance control number.

   B.   Names and positions of those present, including witnesses.

   C.   Background information and facts.

   D.   Statement of Union position and reason therefor; the relevant contract provisions; past grievances and/or awards; supporting evidence and arguments.

   E.   Statement of Employer's position; full response to all claims; points of evidence; testimony and arguments presented by the Union; Employer evidence including past grievances and/or awards.

   F.   Summary of discussion.

   G.   Decision reached.

   H.   Statement of concurrence in or exceptions to minutes.

## Section 7 - Modification of Procedure

302. Since the parties are determined that there will be a procedure for the resolution of all disputes which works rapidly and equitably to bring such disputes to a final resolution, the foregoing may be changed at any time by

mutual agreement after experience has demonstrated that any of the foregoing provisions or procedures are causing undue delays.

## Section 8 - Discipline

303.  ### Just Cause

Discipline shall be administered only for just cause.

304.  ### Patient and Physician Complaints

Patient and physician complaints will be investigated and discussed with the employee and, if the employee chooses, a Union Representative, before being used as the basis for discipline.

305.  ### Warning Letters and Performance Evaluations

Employees shall be given an opportunity to read, sign and attach written comments to formal performance evaluations or formal letters of warning prior to the placement of such material into the employee's personnel file.

306.  Warning letters and performance evaluations shall become a valid part of the personnel file if they have been signed by the employee, as proof of receipt only, or the Shop Steward has been notified in writing of an employee's refusal to sign.

307.  Letters of Warning shall be given consideration based upon the seriousness of the incident and length of time since the occurrence of the incident.

308.  ### Orientation

If employees are assigned to familiarize others with the duties and responsibilities of their job, any resulting reduced work performance shall not be appropriate cause for discipline.

309.  ### Performance/Production Standards

Discipline related to Employer established performance/production standards shall be subject to the "just cause" provisions referenced in paragraph 303 above.

**PROOF OF SERVICE BY MAIL**

CASE _____

I am over the age of 18 and not a party to the within action. I am employed in the County of San Francisco, State of California by Thelen Reid & Priest LLP. My business address is 101 Second Street, Suite 1800, San Francisco, California 94105-3606.

On September 23, 2005, I served the following entitled document:

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331 AND 1441(b)**

by placing a true and correct copy thereof in a sealed envelope addressed as follows:

> Charles J. Katz, Esq.
> Law Offices of Charles J. Katz
> 475 El Camino Real, Suite 300
> Millbrae, CA 94030

I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On this day, I placed for collection and processing the above document to be deposited with the United States Postal Service in the ordinary course of business. And in the ordinary course of the firm's business, such correspondence is deposited with the United States Postal Service the same day that it is collected.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 23, 2005, at San Francisco, California.

Sheila M. Merrill