IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| CELERITY, INC., <br><br> Plaintiff <br><br> v. <br><br> ULTRA CLEAN HOLDINGS, INC. <br> AND <br> ULTRA CLEAN TECHNOLOGY SYSTEMS AND SERVICE, INC., <br><br> Defendants. | Civil Action No.: <br> JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

1. Plaintiff Celerity, Inc. ("Celerity") is a Delaware corporation having a principal place of business at 1463 Center Pointe Drive, Milpitis, California 95035.

2. On information and belief, Defendant Ultra Clean Holdings, Inc. is a Delaware corporation and Defendant Ultra Clean Technology Systems and Service, Inc. is a California corporation having a principal place of business in Menlo Park, California and is subject to suit in Delaware. Defendant Ultra Clean Technology Systems and Service, Inc. is a wholly owned subsidiary of Defendant Ultra Clean Holdings, Inc. collectively referred to herein as "Ultra Clean".

3. This action arises under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a).

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and §1400(b).

771136 1
RLF1-2921426-1

-1-

EXHIBIT A

## Count I (Patent Infringement)

6       Celerity repeats and realleges paragraphs 1-5 above

7       Celerity is the owner of United States Patent No. 6,142,539 (the "'539 patent"), issued on November 7, 2000, and has the right to sue on the '539 patent. A copy of the '539 patent is attached as Exhibit A

8       Defendant Ultra Clean is marketing products covered by one or more claims of the '539 patent.

9       Defendant Ultra Clean has infringed, and is continuing to infringe, the '539 patent by making, selling, offering to sell, and using within the United States products covered by one or more of the claims of the '539 patent

10.      Defendant Ultra Clean is inducing and contributing to infringement by others of the '539 patent, by causing others to make, use, sell, or offer to sell goods covered by the '539 patent within the United States

11      Defendant Ultra Clean's infringement of the '539 patent is and has been willful, has caused and will continue to cause Celerity to suffer substantial damages, and has caused and will continue to cause Celerity to suffer irreparable harm for which there is no adequate remedy at law.

## Count II (Patent Infringement)

12.      Celerity repeats and realleges paragraphs 1-5 above.

13	Celerity is the owner of United States Patent No 6,189,570 (the "'570 patent"), issued on February 20, 2001, and has the right to sue on the '570 patent. A copy of the '570 patent is attached as Exhibit B.

14	Defendant Ultra Clean is marketing products covered by one or more claims of the '570 patent.

15	Defendant Ultra Clean has infringed, and is continuing to infringe, the '570 patent by making, selling, offering to sell, and using within the United States products covered by one or more of the claims of the '570 patent

16	Defendant Ultra Clean is inducing and contributing to infringement by others of the '570 patent, by causing others to make, use, sell, or offer to sell goods covered by the '570 patent within the United States.

17	Defendant Ultra Clean's infringement of the '570 patent is and has been willful, has caused and will continue to cause Celerity to suffer substantial damages, and has caused and will continue to cause Celerity to suffer irreparable harm for which there is no adequate remedy at law

## Count III (Patent Infringement)

18	Celerity repeats and realleges paragraphs 1-5 above

19	Celerity is the owner of United States Patent No. 6,192,938 (the "'938 patent"), issued on February 27, 2001, and has the right to sue on the '938 patent A copy of the '938 patent is attached as Exhibit C.

20.	Defendant Ultra Clean is marketing products covered by one or more claims of the '938 patent

21	Defendant Ultra Clean has infringed, and is continuing to infringe, the '938 patent

by making, selling, offering to sell, and using within the United States products covered by one or more of the claims of the '938 patent

22. Defendant Ultra Clean is inducing and contributing to infringement by others of the '938 patent, by causing others to make, use, sell, or offer to sell goods covered by the '938 patent within the United States.

23. Defendant Ultra Clean's infringement of the '938 patent is and has been willful, has caused and will continue to cause Celerity to suffer substantial damages, and has caused and will continue to cause Celerity to suffer irreparable harm for which there is no adequate remedy at law.

### Count IV (Patent Infringement)

24. Celerity repeats and realleges paragraphs 1-5 above.

25. Celerity is the owner of United States Patent No 6,293,310 (the "'310 patent"), issued on September 25, 2001, and has the right to sue on the '310 patent. A copy of the '310 patent is attached as Exhibit D

26. Defendant Ultra Clean is marketing products covered by one or more claims of the '310 patent.

27. Defendant Ultra Clean has infringed, and is continuing to infringe, the '310 patent by making, selling, offering to sell, and using within the United States products covered by one or more of the claims of the '310 patent.

28. Defendant Ultra Clean is inducing and contributing to infringement by others of the '310 patent, by causing others to make, use, sell, or offer to sell goods covered by the '310 patent within the United States

BIT A

29. Defendant Ultra Clean's infringement of the '310 patent is and has been willful, has caused and will continue to cause Celerity to suffer substantial damages, and has caused and will continue to cause Celerity to suffer irreparable harm for which there is no adequate remedy at law.

### Count V (Patent Infringement)

30. Celerity repeats and realleges paragraphs 1-5 above.

31. Celerity is the owner of United States Patent No. 6,394,138 (the "'138 patent"), issued on May 28, 2002, and has the right to sue on the '138 patent. A copy of the '138 patent is attached as Exhibit E.

32. Defendant Ultra Clean is marketing products covered by one or more claims of the '138 patent

33. Defendant Ultra Clean has infringed, and is continuing to infringe, the '138 patent by making, selling, offering to sell, and using within the United States products covered by one or more of the claims of the '138 patent.

34. Defendant Ultra Clean is inducing and contributing to infringement by others of the '138 patent, by causing others to make, use, sell, or offer to sell goods covered by the '138 patent within the United States

35. Defendant Ultra Clean's infringement of the '138 patent is and has been willful, has caused and will continue to cause Celerity to suffer substantial damages, and has caused and will continue to cause Celerity to suffer irreparable harm for which there is no adequate remedy at law.

### Count VI (Patent Infringement)

36. Celerity repeats and realleges paragraphs 1-5 above.

37   Celerity is the owner of United States Patent No. 6,435,215 (the "'215 patent"), issued on August 20, 2002, and has the right to sue on the '215 patent. A copy of the '215 patent is attached as Exhibit F.

38.   Defendant Ultra Clean is marketing products covered by one or more claims of the '215 patent.

39.   Defendant Ultra Clean has infringed, and is continuing to infringe, the '215 patent by making, selling, offering to sell, and using within the United States products covered by one or more of the claims of the '215 patent.

40   Defendant Ultra Clean is inducing and contributing to infringement by others of the '215 patent, by causing others to make, use, sell, or offer to sell goods covered by the '215 patent within the United States.

41   Defendant Ultra Clean's infringement of the '215 patent is and has been willful, has caused and will continue to cause Celerity to suffer substantial damages, and has caused and will continue to cause Celerity to suffer irreparable harm for which there is no adequate remedy at law.

### Count VII (Patent Infringement)

42   Celerity repeats and realleges paragraphs 1-5 above.

43.   Celerity is the owner of United States Patent No. 6,474,700 (the "'700 patent"), issued on November 5, 2002, and has the right to sue on the '700 patent. A copy of the '700 patent is attached as Exhibit G.

44.   Defendant Ultra Clean is marketing products covered by one or more claims of the '700 patent

771136 1
RLF1-2921426-1
-6-

DIT A

45. Defendant Ultra Clean has infringed, and is continuing to infringe, the '700 patent by making, selling, offering to sell, and using within the United States products covered by one or more of the claims of the '700 patent.

46. Defendant Ultra Clean is inducing and contributing to infringement by others of the '700 patent, by causing others to make, use, sell, or offer to sell goods covered by the '700 patent within the United States

47. Defendant Ultra Clean's infringement of the '700 patent is and has been willful, has caused and will continue to cause Celerity to suffer substantial damages, and has caused and will continue to cause Celerity to suffer irreparable harm for which there is no adequate remedy at law

WHEREFORE, Celerity requests that this Court:

1. enter a preliminary and permanent injunction enjoining Ultra Clean and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them or on their behalf, or acting in concert with them, from further infringement of the '539 patent;

2. enter a preliminary and permanent injunction enjoining Ultra Clean and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them or on their behalf, or acting in concert with them, from further infringement of the '570 patent;

3 enter a preliminary and permanent injunction enjoining Ultra Clean and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them or on their behalf, or acting in concert with them, from further infringement of the '938 patent;

EXHIBIT A

4. enter a preliminary and permanent injunction enjoining Ultra Clean and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them or on their behalf, or acting in concert with them, from further infringement of the '310 patent;

5. enter a preliminary and permanent injunction enjoining Ultra Clean and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them or on their behalf, or acting in concert with them, from further infringement of the '138 patent;

6. enter a preliminary and permanent injunction enjoining Ultra Clean and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them or on their behalf, or acting in concert with them, from further infringement of the '215 patent;

7. enter a preliminary and permanent injunction enjoining Ultra Clean and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them or on their behalf, or acting in concert with them, from further infringement of the '700 patent;

8. award Celerity compensatory damages and its costs and interest;

9. award Celerity treble damages for Ultra Clean's willful infringement;

10. award Celerity its reasonable attorneys' fees under 35 U.S.C. § 285; and

11. award Celerity such other relief as the Court deems just and proper.

## JURY DEMAND

Celerity demands a trial by jury on all issues so triable.

EXHIBIT A

OF COUNSEL:

Matthew B. Lowrie, BBO No. 563,414
Aaron W. Moore, BBO No. 638,076
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street - 11th Floor
Cambridge, MA 02142

Dated: September 13, 2005

*/s/ Frederick L. Cottrell, III*

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
   Attorneys for Celerity, Inc.

EXHIBIT A