Ralph A. Lombardi
Bruce P. Loper
Matthew S. Conant
Chris P. Lavdiotis
Peter O. Glaessner
Timothy J. McCaffery
GayLynn R. Kirn
Linda C. Roodhouse*
George S. Peyton, Jr.
Jeffrey D Hosking
John W. Ranucci

Anthony J. Calero
Vincent Castillo
Lilly M. Omid

*Of Counsel*
Lori A. Sebransky
Anne D. O'Niell

*Certified Specialist, Estate Planning, Trust & Probate Law, State Bar of California, Board of Legal Specialization

# LOMBARDI, LOPER & CONANT, LLP

Lake Merritt Plaza
1999 Harrison Street, Suite 1950
Oakland, California 94612-3541
Tel: 510/433-2600 • Fax: 510/433-2699

April 3, 2003

Mr. Derek A. Ridgeway
Cooper, White & Cooper
1333 North California Blvd., Suite 450
Walnut Creek, CA 94596

Re: <u>Application for Septic System Approval</u>

Dear Mr. Ridgeway:

Thank you for coming by my office last week and bringing helpful background information for my review. I read most of what you brought and subsequently, I met with the Orinda City Manager, William A. Lindsay, Kenneth C. Stuart, Director of Environmental for Contra Costa County and the county's Health Officer for septic system approvals, Richard Lee, a county Environmental Health Specialist, and Deputy County Counsel Lillian T. Fujii to discuss your letter and your clients' situation.

First, as to process, a bit of explanation may be useful. The City of Orinda contracts with the County to provide its environmental health services with respect to sewer and septic system matters. Thus, the county representatives are acting in our jurisdiction as our agent. The controlling laws with respect to process and substance are therefore Orinda's, not those of the county.

As shown in one of the attachments to your letter to me, Orinda Municipal Code section 8.32.240, which controls septic system appeals in Orinda, requires any appeals to be made to the Health Officer, i.e., Kenneth Stuart. In enacting the legislation in Chapter 8.32, the Orinda City Council delegated all such decisions to the county Health Officer because of his or her expertise in this technical area. Therefore, an appeal to the City Council is not the appropriate process and Mr. Stuart's decision on your clients' appeal dated February 11, 2003, is the final decision by the City through Mr. Stuart.

Concerning the substantive issues raised by Mr. Stuart's March 13 letter and your March 24 letter to me, the following points should be considered:

05049-23146 LCR 461641.1

1.    The 1000-foot rule of OMC §8.32.210.B.2 is measured in a straight line. This has been the custom and practice of the County Health Officer for many years, and there is a reason for the rule. According to Mr. Stuart, you acknowledge that the subject property is less than 1000 feet from a tributary stream. You indicated in our conversation on March 24 that your clients' position is that this distance should be measured by following the path of the water, resulting in a distance of about 1800 feet. However, according to Mr. Stuart and Mr. Lee, it is not only the surface flow of water which affects water quality. It is also lateral and subsurface water movement that must be considered. Thus, the 1000-foot rule was formulated to account for all types of water movement.

Because the proposed property is within 1000 feet of a tributary, a variance cannot be granted.

2.    The 1997 letter authorizing a septic system on the property does not constitute a current permit. First, it was for a different type of system, so it is a different permit. More important, under OMC §8.32.190.B, a permit expires after 180 days.

Your $100 deposit is enclosed. Please let me know if there is anything else I can do to assist you in this matter.

Very truly yours,

LOMBARDI, LOPER & CONANT, LLP

By *Linda C. Roodhouse*
Linda C. Roodhouse

cc: Mr. William A. Lindsay, Mr. Kenneth C. Stuart, Ms. Lillian T. Fujii, Mr. Richard Lee