# EXHIBIT A

Dockets.Justia.com

1   [See signature page for
    appearances of counsel.]

2

3

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                     SAN JOSE DIVISION

11  ADVANCED MICROTHERM, INC., et al.,        Case No. 04-CV-02266-JW

12              Plaintiffs,                    **JOINT CASE MANAGEMENT
                                               STATEMENT AND PROPOSED
13      v.                                     ORDER**

14  NORMAN WRIGHT MECHANICAL                   Date:   February 28, 2005
    EQUIPMENT CORPORATION, et al.,             Time:   10:00 a.m.
15                                             Courtroom No. 8
              Defendants.

16

17  ─────────────────────────────

    AND RELATED CROSS-CLAIMS
18

19

20        In accordance with the Court's order dated February 23, 2005, the parties whose

21  counsel have signed this Case Management Statement and Proposed Order submit it jointly,

22  and request the Court to adopt it as its Case Management Order.

23        **POSITION OF SIGNING DEFENDANTS/CROSS-PLAINTIFFS**

24        Plaintiffs served notice on October 25, 2004, that they had filed under seal a Third

25  Amended Complaint.  That seal remains in effect, and the third amended complaint has not

26  been served.  Because the plaintiffs' current claims are unknown to defendants and under seal,

27  counsel have not undertaken to meet and confer as provided in Rule 26(f).  Because of that

28  same circumstance, the parties address in this joint case management statement only some of

COOPER, WHITE &
COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO 94111

                                            1

1    the subjects specified in the form approved by the Court.  The parties respectfully request that

2    the Court calendar a further case management conference after the seal is lifted and the

3    amended complaint is served, at which time counsel will meet and confer, and submit a more

4    comprehensive statement.

5    **POSITION OF PLAINTIFFS/CROSS-DEFENDANTS ADVANCE**

6    **MICROTHERM, HVAC AND KARAMANOS**

7         With the exception of the Fourth Cause of Action stated in the Third Amended

8    Complaint, all allegations set forth in the Third Amended Complaint remain identical to those

9    which were stated in the Second Amended Complaint.  All defendants and cross-claimants

10   before this court have had, and continue to have, access to the Second Amended Complaint

11   and are thereby fully appraised of the allegations supporting the First through Third and Fifth

12   through Fifteenth Causes of action stated in the operative Complaint.  Furthermore, the

13   parties are all fully appraised as to the claims made by cross-claimants in the respective cross-

14   complaints which were filed against Advanced Microtherm, Inc.("AMT"), HVAC Sales, Inc.

15   ("HVAC") and John Karamanos ("Karamanos") in the Superior Court.

16        In addition Defendants/Cross-Claimants have served, and Advanced MiT, HVAC, and

17   Karamanos have fully responded to, approximately 2000 written discovery requests including

18   interrogatories, requests for admission, and production demands while the case was before the

19   Superior Court.  This discovery process resulted in AMT, HVAC, and Karamanos producing

20   *all* documents in their possession relating to their claims and defenses in this action in

21   response to specific production demands.

22        On these bases, AMT, HVAC, and Karamanos dispute any contention by signing

23   defendants/cross-claimants that said parties are without full knowledge of the claims stated in

24   the Third Amended Complaint with the exception of the Fourth Cause of Action.  It is

25   therefore the position of AMT, HVAC, and Karamanos that with respect to the First through

26   Third and Fifth through Fifteenth Causes of action stated in the Third Amended Complaint

27   and with respect to the claims stated in the cross-complaints, this action should proceed in its

28   ordinary course.

COOPER, WHITE &
COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO 94111

2

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

# DESCRIPTION OF THE CASE

**1.    A brief description of the events underlying the action:**

**POSITION OF SIGNING DEFENDANTS/CROSS-PLAINTIFFS**

The original, first, and second amended complaints alleged claims arising out of construction projects of commercial and institutional buildings undertaken by the University of California and by some 27 other "owners" of public and private property (identified in paragraph 52 of the Second Amended Complaint (pp. 27-28). The Second Amended Complaint alleged fifteen causes of action.

Plaintiffs' roles in the construction industry:  Plaintiffs Advanced Microtherm, Inc. ("AMT"), and HVAC Sales, Inc. ("HVAC"), are under common ownership and are or were sales representatives for manufacturers of commercial and industrial ventilation components and systems.

Industry roles of defendants named:  Plaintiffs' Second Amended Complaint names twelve defendants, three of whom are individuals. The named defendants include two sales representatives of manufacturers of commercial and industrial ventilation components and systems, Norman Wright Mechanical Equipment Corporation ("NWM") (the President of NWM, Richard Leao, is also named individually as a defendant), and Tempco, Inc. ("Tempco"); two consulting engineers, Affiliated Engineering, Inc. ("AEI"), and Ove Arup & Partners California, Ltd. ("Ove Arup") (an employee of Ove Arup, Jonathan Markowitz, is also named individually as a defendant); three construction engineering contractors, AMEC, Inc. ("AMEC") (a Vice President of AMEC, Richard Speights, is also named individually as a defendant), Air Conditioning Company, Inc. ("ACCO"), and F. W. Spencer & Son, Inc. ("Spencer"); and two "owners" whose construction projects are among those alleged, the Regents of the University of California ("U.C."), and Corporation of the Fine Arts Museums of San Francisco ("DeYoung Museum").

Cross-complaints:  Defendant NWM, and defendant Ove Arup, each filed cross-complaints while the action was pending in state court. Each cross-complaint names as cross-defendants the plaintiffs, AMT and HVAC, and the plaintiffs' principal shareholder and

COOPER, WHITE &
COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO 94111

3

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

1   officer, John Karamanos.  Both cross-complaints allege defamation, trade disparagement, and

2   unfair competition.  The Superior Court granted a preliminary injunction in favor of each of

3   the cross-complainants, and against all cross-defendants.  A petition by cross-defendants to

4   the California Court of Appeal for an extraordinary writ to set aside the preliminary

5   injunction was denied.

6   **POSITION OF PLAINTIFFS/CROSS-DEFENDANTS ADVANCE MICROTHERM,**

7   **HVAC AND KARAMANOS**

8       Plaintiffs allege that defendant Norman Wright Mechanical Equipment Company

9   [hereinafter "NSW" or "Norman Wright"] and certain other defendants involved in the

10  relevant aspects of construction projects in a defined geographical market have colluded to

11  fix pricing and maintain NSW's monopoly over the sale of mechanical components used in

12  these projects.  Plaintiffs also allege that NSW has engaged in unlawful tying arrangements in

13  the course of numerous sales transactions in the market.

14      Plaintiffs further allege that NSW represents manufactures and suppliers of

15  commercial and industrial ventilation systems, and that NSW does not manufacture anything

16  but rather serves as a distributor (or middleman) for manufacturers of the necessary

17  components and generates bids in public and private works projects for heating and cooling

18  systems.

19      NSW's relationship with the design engineers who create and draft the mechanical

20  system specifications which incorporate the products which NSW sells is a primary focus of

21  Plaintiffs' allegations.  Two key defendants in this regard are the engineering firms of OVE

22  ARUP & PARTNERS USA ("OVE ARUP") and AFFILIATED ENGINEERING W, INC.

23  ("AEI").  Plaintiffs assert several unlawful methods by which NSW's relationship with OVE

24  ARUP and AEI and the other named defendants serves to chill the competitive bidding

25  process, propagate NSW's monopoly in the relevant market, and harm both Plaintiffs and the

26  public.

27      Plaintiffs also assert certain contract based causes of action against Defendant Air

28  Conditioning Company ["ACCO"].

COOPER, WHITE &
COOPER, LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO 94111

4

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

1    In addition, plaintiffs have alleged that certain property owners have conspired with

2  the named business entity defendants and/or simply ignored said defendants' unlawful

3  activities in violation of fair bidding statutes and other statutes designed to regulate the

4  construction industry.

5    Plaintiffs dispute that AMT and HVAC are, or during the times relevant to the claims

6  in this action were, under common ownership.

7    Cross-claims:

8    HVAC, AMT, and Karamanos dispute that John Karamanos is AMT's and HVAC's

9  principle shareholder.

10    With respect to the preliminary injunction, HVAC, AMT, and Karamanos further

11  dispute that the petition filed by said parties with the California Court of Appeal was denied.

12  The petition for review was granted, upon review and briefing the petition was denied.  It is

13  the position of HVAC, AMT, and Karamanos that the preliminary injunction which was

14  granted is factually and legally unsupportable and unconstitutional.  AMT, HVAC and

15  Karamanos intend to file a motion with this Court to dissolve the preliminary injunction

16  issued by the Superior Court.

17    **2.    The principal factual and legal issues which the parties dispute:**

18    **POSITION OF SIGNING DEFENDANTS/CROSS-PLAINTIFFS**

19    The parties will summarize the principal factual and legal issues in dispute in a joint

20  case management statement to be submitted after the Third Amended Complaint is unsealed

21  and served.

22    **POSITION OF PLAINTIFFS/CROSS-DEFENDANTS ADVANCE MICROTHERM,**

23  **HVAC AND KARAMANOS**

24    **A.    Principle Factual Issues which the parties dispute:**

25    With respect to the allegations of the Third Amended Complaint, factual issues in

26  dispute include:

27    (1)    Whether NSW unlawfully interfered with HVAC's efforts to sell goods on the

28  Parnassus Project;

COOPER, WHITE &
COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO 94111

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

(2)     Whether NSW unlawfully interfered with AMT's and HVAC's efforts to sell goods on Projects at U.C. Davis;

(3)     Whether NSW unlawfully interfered with AMT's and HVAC's efforts to sell goods on many other construction projects in the market;

(4)     Whether NSW is a monopolist;

(5)     Whether NSW has created and maintained its monopoly through unlawful means;

(6)     Whether NSW has unlawfully tied the sale of products to the sale of other products;

(7)     Whether Ove Arup, AEI, Spenser, Tempco, and AMEC conspired with NSW in conjunction with the actions of the named individual defendants to restrain trade in the relevant market and create and maintain NSW's monopoly in the relevant market to the harm of plaintiffs and the public;

(8)     Whether ACCO breached its agreement with HVAC;

(9)     Plaintiff's damages.

With respect to the allegations of the Cross-Complaints, factual issues in dispute include:

(1)     Whether the statements which Ove Arup and NSW claim were made by Karamanos were true;

(2)     Whether Ove Arup or NSW sustained any damage as the result of the alleged defamation by Karamanos.

**B.     Principle Legal Issues which the parties dispute:**

With respect to the allegations of the Third Amended Complaint, legal issues in dispute include:

(1)     Whether the actions by defendants in restraint of trade constitute per se violations of the antitrust laws;

With respect to the allegations of the Cross-Complaints, legal issues in dispute include:

COOPER, WHITE &
COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO 94111

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

1    (1)    Whether the alleged defamatory publications by Mr. Karamanos were

2    privileged communications under the litigation privilege as codified in California Civil Code

3    § 47.

4    (2)    AMT, HVAC, and Karamanos anticipate filing a motion in the near future to

5    dissolve the preliminary injunction issued by the Superior Court.

6    **3.    The other factual issues** (*e.g., service of process, personal jurisdiction,*

7    *subject matter jurisdiction or venue*) **which remain unresolved for the reasons stated**

8    **below and how the parties propose to resolve those issues:**

9    **POSITION OF SIGNING DEFENDANTS/CROSS-PLAINTIFFS**

10    (a)    <u>Service of Process</u>:

11    No defendant has been served with plaintiffs' Second Amended Complaint, or with the

12    Third Amended Complaint.  In addition, some defendants first named in and joined by the

13    Second Amended Complaint have not been served with any summons or complaint.

14    (b)    <u>Subject Matter Jurisdiction</u>:

15    The parties request permission to address jurisdictional issues after they have access to

16    the allegations of the Third Amended Complaint, and hereby reserve any and all objections.

17    By filing or joining in this Joint Statement no party waives any arguments that may be raised

18    to challenge or object to jurisdiction.

19    **POSITION OF PLAINTIFFS/CROSS-DEFENDANTS ADVANCE**

20    **MICROTHERM, HVAC AND KARAMANOS**

21    (a)    Service of process on all named defendants can be accomplished by service of

22    the Third Amended Complaint with the Fourth Cause of Action and identification of new

23    parties solely identified as to the Fourth Cause of Action redacted.  Alternatively, the Second

24    Amended Complaint may be served with proper notice of the status of this action.

25    (b)    The jurisdiction of this court is invoked, and this action is instituted under the

26    provisions of 1337 of Title 28, United States Code (28 U.S.C. 1337) and Sections 4, 12, and

27    16 of the Clayton Act (15 U.S.C. 15, 22, and 26)  The Court also has jurisdiction over this

28

COOPER, WHITE &
COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO 94111

7

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

1  case pursuant to 31 U.S.C. §§3732(a) and 3730(b). This court has further jurisdiction

2  pursuant to 28 U.S.C. §1345 and 28 U.S.C. §1331.

3      Plaintiffs recognize defendant Board of Regents 11th Amendment immunity to the

4  claims in the Third Amended Complaint now that this action is in Federal Court. Plaintiffs

5  desire that the court remand those causes of action to the Superior Court as to defendant

6  Board of Regents.

7      **4.    The parties who have not been served and the reasons:**

8      **POSITION OF SIGNING DEFENDANTS/CROSS-PLAINTIFFS**

9      See section 3(a), above.

10     Also, the Second Amended Complaint names as a defendant an entity referred to as

11  "Ove Arup & Partners USA." Counsel for Ove Arup & Partners California, Ltd. has

12  represented to plaintiff's counsel, and hereby represents to the Court, that "Ove Arup &

13  Partners USA" is only a dba and that it is not a legal entity.

14     **POSITION OF PLAINTIFFS/CROSS-DEFENDANTS ADVANCE**

15  **MICROTHERM, HVAC AND KARAMANOS**

16     Defendants in this action have not been served because the Fourth Cause of Action of

17  the Third Amended is based on the False Claims Act.

18     **5.    The additional parties whom the below-specified parties intend to join and**

19  **the intended time frame for such joinder:**

20     **POSITION OF SIGNING DEFENDANTS/CROSS-PLAINTIFFS**

21     None.

22     **POSITION OF PLAINTIFFS/CROSS-DEFENDANTS ADVANCE**

23  **MICROTHERM, HVAC AND KARAMANOS**

24     None.

25         **CONSENT TO ASSIGNMENT TO MAGISTRATE JUDGE**

26     **6.    The following parties consent to assignment of this case to a United States**

27  **Magistrate Judge for *(court or jury)* trial:**

28     **POSITION OF SIGNING DEFENDANTS/CROSS-PLAINTIFFS**

COOPER, WHITE &
COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO 94111

8

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

1    None.

2    **POSITION OF PLAINTIFFS/CROSS-DEFENDANTS ADVANCE**

3    **MICROTHERM, HVAC AND KARAMANOS**

4    None.

5    <u>**ALTERNATIVE DISPUTE RESOLUTION**</u>

6    7.    **The parties have already been assigned** *(or the parties have agreed)* **to the**

7    **following court ADR process** *(e.g., Nonbinding Arbitration, Early Neutral Evaluation,*

8    *Mediation, Early Settlement with a Magistrate Judge) (State the expected or schedule date*

9    *for the ADR session):*

10    **POSITION OF SIGNING DEFENDANTS/CROSS-PLAINTIFFS**

11    The parties are in favor of ADR when discovery is substantially advanced and the

12    parties have a more informed basis for evaluating their respective positions.  The parties

13    therefore request that ADR scheduling be postponed to a further CMC.

14    **POSITION OF PLAINTIFFS/CROSS-DEFENDANTS ADVANCE**

15    **MICROTHERM, HVAC AND KARAMANOS**

16    The parties are adequately apprised of the factual and legal issues relating to the

17    respective parties' claims to allow for meaningful access to ADR at this time.  AMT, HVAC,

18    and Karamanos have been informed of and provided with the court's standing order on ADR

19    processes.  Counsel for AMT, HVAC, and Karamanos has complied with the standing order

20    regarding review of the court's ADR program.  AMT, HVAC, and Karamanos consent to

21    mediation.

22    8.    **The ADR process to which the parties joint request referral:**

23    **POSITION OF SIGNING DEFENDANTS/CROSS-PLAINTIFFS**

24    Defendants request referral to mediation, except that defendant NWM requests that

25    consideration of ADR be postponed to a further CMC after the Third Amended Complaint is

26    served.

27    **POSITION OF PLAINTIFFS/CROSS-DEFENDANTS ADVANCE**

28    **MICROTHERM, HVAC AND KARAMANOS**

COOPER, WHITE &
COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO 94111

9

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

1  Plaintiffs/Cross-Defendants request referral to mediation.

2  <u>**DISCLOSURES**</u>

3  9.    The parties certify that they have made the following disclosures *(list*

4  *disclosures of persons, documents, damage computations and insurance agreements):*

5  **POSITION OF SIGNING DEFENDANTS/CROSS-PLAINTIFFS**

6  (a)    <u>Disclosures Already Made</u>

7  As noted above, the pleadings are not yet settled and it is therefore not possible for the

8  parties to determine which documents they will rely upon to support their claims and

9  defenses.

10  In addition, plaintiffs, NWM, and Ove Arup have responded to interrogatories.

11  (b)    <u>Schedule for Remaining Disclosures</u>

12  The parties propose that all remaining disclosures required by FRCP 26(a)(1) be made

13  fourteen days after the case management conference convened after the Third Amended

14  Complaint is unsealed and served.

15  **POSITION OF PLAINTIFFS/CROSS-DEFENDANTS ADVANCE**

16  **MICROTHERM, HVAC AND KARAMANOS**

17  **Disclosures Already Made:**

18  AMT, HVAC, and Karamanos have functionally complied with the disclosure

19  requirement during the course of discovery before the Superior Court. *ALL* documents in the

20  possession or under the control of AMT, HVAC, and Karamanos which relate to their

21  respective claims and defenses have been produced to defendants in response to several

22  hundred individual production demands which described the documents to be produced with

23  specificity.  Some limited supplementary documents are now in the possession of

24  Plaintiffs/Cross-Defendants.

25  **Initial Disclosures To Be Made:**

26  AMT, HVAC, and Karamanos request that the Court enter an order requiring all

27  parties to comply with the FRCP 26(a)(1) disclosure requirements within 30 days subsequent

28  to the February 28, 2005 Case Management Conference.

COOPER, WHITE &
COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO 94111

10

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

1

## DISCOVERY

2

## POSITION OF SIGNING DEFENDANTS/CROSS-PLAINTIFFS

3       10.    The parties request leave to address discovery in a joint case management

4   statement to be submitted after the Third Amended Complaint is unsealed and served.

5

## POSITION OF PLAINTIFFS/CROSS-DEFENDANTS ADVANCE

6   MICROTHERM, HVAC AND KARAMANOS

7       10.    The Superior Court allowed discovery on all matters, including those relating to

8   causes of action then sealed by the court, to proceed.  NSW's motion to stay this discovery

9   was denied.  Thus, extensive discovery has been conducted.  However, while AMT, HVAC,

10  and Karamanos have fully responded to all [approximately 2000] written discovery requests

11  by Defendants/Cross-Plaintiffs, the same is not true with respect to Defendants/Cross-

12  Plaintiffs' responses to plaintiffs' discovery.  Accordingly:

13          AMT, HVAC, and Karamanos request that the Court enter an order adopting the

14  discovery **protective order** for the production of documents which was presented to the

15  Superior Court for entry prior to removal of this action to this Court.   This discovery

16  protective order was modeled after the form used in this Court and was discussed by all

17  counsel at length.  The proposed order adequately protects the interests of all parties.

18          AMT, HVAC, and Karamanos further request that the Court enter an **order**

19  **compelling compliance with discovery orders** entered by Superior Court.  Certain

20  defendants have not served written discovery responses nor produced requested documents

21  based on the proposed discovery protective order not being entered as an order of the court.

22  This is true despite Superior Court orders compelling said responses and production of

23  documents.

24          AMT, HVAC, and Karamanos request that the Court set a hearing date on

25  Plaintiff's/Cross-defendants' **motion to compel NSW to provide further responses** to

26  discovery which had been filed and was then pending in the Superior Court at the time the

27  case was removed.

28

COOPER, WHITE &
COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO 94111

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

1    AMT, HVAC, and Karamanos also request that the Court enter an **order directing**

2    **Ove Arup to respond to discovery requests** from plaintiffs as agreed upon between

3    plaintiffs and Ove Arup upon adoption of the proposed protective order as an order of this

4    Court.

5    AMT, HVAC, and Karamanos also request that the Court enter an appropriate order

6    allowing the parties to conduct reasonable additional discovery related to the claims stated in

7    the Third Amended Complaint and cross-claims.

8    AMT, HVAC, and Karamanos propose a further Case Management Conference in 30

9    days following the February 28, 2005 Case Management Conference to resolve any discovery

10    disputes which remain following meet and confer by the parties.

11    Plaintiffs/Cross-Defendants further propose the following fact and expert discovery

12    schedule:

13    July 1, 2005        Written discovery cut-off date

14    December 1, 2005        Deposition discovery cut-off date

15    February 1, 2006        Simultaneous expert witness FRCP 26(a)(2) disclosure deadline

16    April 1, 2006        Expert witness depositions to be completed

17    May 1, 2006        Rebuttal expert witness disclosure deadline

18    June 1, 2006        Rebuttal expert witness depositions to be completed

19    July 1, 2006        Trial date

20    **TRIAL SCHEDULE**

21    **POSITION OF SIGNING DEFENDANTS/CROSS-PLAINTIFFS**

22    **12.**    The parties request leave to address trial scheduling in a joint case management

23    statement to be submitted after the Third Amended Complaint is unsealed and served.

24    **POSITION OF PLAINTIFFS/CROSS-DEFENDANTS ADVANCE**

25    **MICROTHERM, HVAC AND KARAMANOS**

26    **12.**    Plaintiffs/Cross-Defendants request that the trial date for these matters be set

27    for July 1, 2006.

28    **13.    The parties expect that the trial will last for the following number of days:**

COOPER, WHITE &
COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO 94111

12

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

1     **POSITION OF SIGNING DEFENDANTS/CROSS-PLAINTIFFS**

2     Given the scope of the allegations in the Second Amended Complaint, and anticipating

3     no narrowing of plaintiffs' claims as presented in the Third Amended Complaint, the parties

4     anticipate that trial will require at least three or as many as six months

5     **POSITION OF PLAINTIFFS/CROSS-DEFENDANTS ADVANCE**

6     **MICROTHERM, HVAC AND KARAMANOS**

7     Plaintiffs/Cross-Defendants currently anticipate that the trial of these matters will

8     require between three to six months.

9     ///

10    ///

11    ///

12    ///

13    ///

14    ///

15    ///

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

COOPER, WHITE &
COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO  94111

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

## SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL

Each of the undersigned certifies that he or she has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the court and private entities and has considered whether their case might benefit from any of the available dispute resolution options.

Dated: February __, 2005          LAW OFFICES OF ZANE D. NEGRYCH


_Zane D. Negrych_____
Zane D. Negrych
Attorneys for Plaintiffs Advanced Microtherm, Inc.,
HVAC Sales, Inc. and John Karamanos

Dated: February __, 2005          LORD, BISSELL & BROOK LLP


_John T. Williams_____
John T. Williams
Attorneys for Cross-Defendants Advanced
Microtherm, Inc., HVAC Sales, Inc. and John
Karamanos

Dated: February 24, 2005          SEDGWICK, DETERT, MORAN & ARNOLD


_____
Attorneys for Defendant Norman Wright
Mechanical Equipment Corporation

Dated: February __, 2005          AHERNE, LEONIDOU & ROSIN


_____
Janette G. Leonidou
Attorneys    for    Defendant    Norman    Wright
Mechanical Equipment Corporation

COOPER, WHITE &
COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO 94111

1
2

## SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL

3    Each of the undersigned certifies that he or she has read the brochure entitled "Dispute

4    Resolution Procedures in the Northern District of California," discussed the available dispute

5    resolution options provided by the court and private entities and has considered whether their

6    case might benefit from any of the available dispute resolution options.

7

8    Dated:  February __, 2005            LAW OFFICES OF ZANE D. NEGRYCH

9

10                                       Zane D. Negrych
                                         Zane D. Negrych
11                                       Attorneys for Plaintiffs Advanced Microtherm, Inc.,
                                         HVAC Sales, Inc. and John Karamanos
12

13   Dated:  February __, 2005            LORD, BISSELL & BROOK LLP

14

15                                       John T. Williams
16                                       Attorneys for Cross-Defendants Advanced
                                         Microtherm, Inc., HVAC Sales, Inc. and John
17                                       Karamanos

18   Dated:  February __, 2005            SEDGWICK, DETERT, MORAN & ARNOLD

19

20                                       Attorneys for Defendant Norman Wright
                                         Mechanical Equipment Corporation
21

22   Dated:  February 24, 2005            LEONIDOU & ROSIN

23

24

25                                       Janette G. Leonidou
                                         Attorneys for Defendant Norman Wright
26                                       Mechanical Equipment Corporation

27

28

COOPER, WHITE &
COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO 94111

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

Dated: February 24, 2005

BOORNAZIAN JENSEN & GARTHE

Dennis P. Fitzsimons
Attorneys for Defendants Ove Arup & Partners
USA and Ove Arup &Partners California Ltd.

Dated: February 24, 2005

COOPER, WHITE & COOPER LLP

John M. Ross
Attorneys for Cross-Complainants Ove Arup &
Partners USA and Ove Arup &Partners California
Ltd.

Dated: February __, 2005

SEVERSON & WERSON

Michael B. Murphy
Attorneys for Defendant Affiliated Engineers W.
Inc.

Dated: February __, 2005

PECKAR & ABRAMSON, P.C.

Raymond Buddie
Attorneys for Defendant AMEC, Inc.

Dated: February __, 2005

PILLSBURY WINTHROP LLP

Mark N. White
Attorneys for Defendant Air Conditioning
Company, Inc.

16

COOPER, WHITE &
COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO 94111

1

2   Dated: February __, 2005          BOORNAZIAN JENSEN & GARTHE

3

4

5                                     _____
                                      Dennis P. Fitzsimons
6                                     Attorneys for Defendants Ove Arup & Partners
                                      USA and Ove Arup &Partners California Ltd.
7

8   Dated: February __, 2005          COOPER, WHITE & COOPER LLP

9

10                                    _____
                                      John M. Ross
11                                    Attorneys for Cross-Complainants Ove Arup &
                                      Partners USA and Ove Arup &Partners California
12                                    Ltd.

13

14  Dated: February __, 2005          SEVERSON & WERSON

15

16                                    _____
                                      Michael B. Murphy
17                                    Attorneys for Defendant Affiliated Engineers W.
                                      Inc.
18

19  Dated: February __, 2005          PECKAR & ABRAMSON, P.C.

20

21                                    _____
                                      Raymond Buddie
22                                    Attorneys for Defendant AMEC, Inc.

23

24  Dated: February 23, 2005          PILLSBURY WINTHROP LLP

25

26                                    _____
                                      Mark N. White
27                                    Attorneys  for  Defendant  Air  Conditioning
                                      Company, Inc.
28

COOPER, WHITE &
COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO 94111

17

1

2  Dated: February ___, 2005          BOORNAZIAN JENSEN & GARTHE

3

4                                     _____
                                      Dennis P. Fitzsimons
5                                     Attorneys for Defendants Ove Arup & Partners
                                      USA and Ove Arup &Partners California Ltd.
6

7  Dated: February ___, 2005          COOPER, WHITE & COOPER LLP

8

9                                     _____
10                                    John M. Ross
                                      Attorneys for Cross-Complainants Ove Arup &
11                                    Partners USA and Ove Arup &Partners California
                                      Ltd.
12

13 Dated: February 2___, 2005         SEVERSON & WERSON

14

15

16                                    _____
                                      Michael B. Murphy
17                                    Attorneys for Defendant Affiliated Engineers W.
                                      Inc.
18

19 Dated: February ___, 2005          PECKAR & ABRAMSON, P.C.

20

21                                    _____
                                      Raymond Buddie
22                                    Attorneys for Defendant AMEC, Inc.

23

24 Dated: February ___, 2005          PILLSBURY WINTHROP LLP

25

26                                    _____
                                      Mark N. White
27                                    Attorneys for    Defendant    Air    Conditioning
                                      Company, Inc.
28

COOPER, WHITE &
COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO 94111

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

Dated: February __, 2005          LAW OFFICES OF THOMAS C. TAGLIARINI

_____
Thomas C. Tagliarini
Attorneys for Defendant Tempco, Inc.

Dated: February 24, 2005          FARELLA BRAUN + MARTEL LLP

_____
Anthony Giles
Attorneys for Defendant
The Regents of the University of California

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

a.    Referral of the parties to court or private ADR process;

b.    Schedule a further Case Management Conference;

c.    Schedule the time and content of supplemental disclosures;

d.    Specially set motions, including jurisditional motions;

e.    Impose limitations on disclosure or discovery;

f.    Set time for disclosure of identity, background and opinions of experts;

*19*
*8*

COOPER, WHITE &
COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO 94111

1        h.     Set time for parties to meet and confer regarding pretrial submissions;

2

3        i.      Set deadline for hearing motions directed to the merits of the case;

4

5        j.      Set deadline for submission of pretrial material;

6

7        k.     Set date and time for pretrial conference;

8

9        l.      Set a date and time for trial.

10

11   DATED: _____

12

13

14                                James Ware
                              United States District Judge

15

16   504304 / 7071-5023

17

18

19

20

21

22

23

24

25

26

27

28

COOPER, WHITE &
COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO  94111

20
17