Levitte v. Google Inc. Doc. 4063

# BAKER BOTTS LLP

1500 SAN JACINTO CENTER
98 SAN JACINTO BLVD.
AUSTIN, TEXAS
78701-4287

TEL +1 512.322.2500
FAX +1 512.322.2501
www.bakerbotts.com

AUSTIN
DALLAS
DUBAI
HONG KONG
HOUSTON
LONDON
MOSCOW
NEW YORK
RIYADH
WASHINGTON

September 22, 2005

BY ELECTRONIC MAIL & HAND DELIVERY

James W. Cannon, Jr.
TEL +1 512.322.2653
FAX +1 512.322.8353
jim.cannon@bakerbotts.com

The Honorable Martin Jenkins
Judge, U.S. District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    *TheraSense, Inc. and Abbott Laboratories v. Becton Dickinson and Co. and related cases;* Case Nos. C04-2123 MJJ/BZ; C04-3327 MJJ/BZ; C04-3732 MJJ/BZ, United States District Court, Northern District of California (*"BD/Nova"* cases).

          *Abbott Diabetes Care Inc., et al. v. Roche Diagnostics Corp., et al;* in the Case No. 05-3117 MJJ United States District Court, Northern District of California (*"Roche/Bayer"* case).

Dear Judge Jenkins:

    During the September 7, 2005 Case Management Conference, the Court held that the previously scheduled *Markman* hearing in the *BD/Nova* cases will proceed on December 14, 2005 with respect to U.S. Patent No. 6,143,164 ("'164 Patent") and U.S. Patent No. 5,628,890 (the "'890 Patent"). The Court also held that a joint *Markman* hearing in the *Roche/Bayer* and the *BD/Nova* cases will occur in May 2006 with respect to U.S. Patent No. 6,592,745 (the "'745 Patent") and U.S. Patent No. 5,820,551 (the "'551 Patent"). The Court ordered the parties to submit proposed schedules by today with respect to the joint *Markman* hearing in May 2006.

    All parties, Abbott Diabetes Care Inc., f/k/a TheraSense, Inc., ("ADC"), Abbott Laboratories ("Abbott Labs") (collectively "Abbott"), Roche Diagnostics Corporation ("Roche"), Bayer Healthcare LLC ("Bayer"), Becton, Dickinson and Co. ("BD"), and Nova Biomedical Corporation ("Nova"), have agreed to a joint *Markman* hearing on May 10, 2006 with respect to the '551 and '745 patents. In addition, Abbott, Roche, and Bayer have agreed to the attached Case Management Order in the *Roche/Bayer* case. (Case Management Statement and Proposed Order in the *Roche/Bayer* case, attached as Exhibit A). Abbott and BD/Nova, however, disagree on the appropriate schedule with respect to certain events preceding the May 10, 2006 joint *Markman* hearing.

    Abbott proposes a schedule in the *BD/Nova* cases that tracks the schedule in the *Roche/Bayer* case without repeating any of the tasks already completed in the *BD/Nova* cases.

The Honorable Martin Jenkins                 2                 September 22, 2005

(Proposed Case Management Statement and Proposed Order Relating Solely to Remaining Claim Construction Proceedings for the '551 and '745 Patents in Suit, attached as Exhibit B). For example, Abbott's Proposed Case Management Statement in the *BD/Nova* cases begins with the March 7, 2006, deadline for the parties to file "Joint Claim Construction and Pre-Hearing Statements" in the *BD/Nova* cases with respect to the '551 and '745 patents and then tracks the dates set for in the *Roche/Bayer* Case Management Statement leading up to the May 10, 2006 joint *Markman* hearing.

Abbott's Proposed Case Management Statement <u>does not</u> duplicate filings that have already been made and dates that have already passed in the *BD/Nova* cases such as the parties' deadlines to file preliminary infringement contentions and preliminary invalidity contentions. BD/Nova, however, requests a schedule in the *BD/Nova* cases that is identical to the schedule in the *Roche/Bayer* case and therefore repeats tasks already completed in the *BD/Nova* case.

As the Court is aware, a Case Management Order is already in place in the *BD/Nova* case. Pursuant to the current Case Management Order in place in the *BD/Nova* cases, Abbott and BD/Nova have already completed the following tasks related to claim construction of the '745 and the '551 patents:

| | |
|---|---|
| June 1, 2005: | Abbott served preliminary infringement contentions; |
| July 15, 2005:[1] | BD/Nova served preliminary invalidity contentions; |
| July 29, 2005: | Abbott and BD/Nova exchanged proposed terms and claim elements for construction; |
| August 25, 2005[2]: | Abbott and BD/Nova exchanged preliminary claim constructions and extrinsic evidence. |

BD/Nova has asserted over 100 preliminary invalidity contentions spanning four volumes (the latest of which was served on August 31, 2005) and numbering approximately 858 pages. BD/Nova's preliminary claim constructions and extrinsic evidence consist of 95 pages including approximately 30 cites to extrinsic evidence. Abbott has worked diligently during the past several months and has incurred great expense addressing BD/Nova's voluminous

---

[1] BD/Nova, contrary to the Patent Local Rules, failed to provide foreign translations of foreign language alleged prior art references (among other defects) with its invalidity contentions. In response to a motion by Plaintiff, Magistrate Judge Zimmerman allowed Defendants until August 31 to provide the translations. Although Plaintiffs still have not received all of Defendants' foreign translations, Defendants took advantage of the situation by seeking to add a number of additional untimely invalidity contentions. Plaintiffs will separately move to have the newly added invalidity contentions stricken.

[2] The parties agreed to extend the original deadline by one-week at BD/Nova's request.

The Honorable Martin Jenkins 3 September 22, 2005

preliminary invalidity contentions and preliminary claims constructions. Now, BD/Nova wants to have the opportunity to re-do all of the briefing it has already completed with respect to the '745 and the '551 patents. Granting BD/Nova's request for a "do over" with respect to its preliminary invalidity contentions and preliminary claims constructions would cause undue harassment, burden, and expense to Abbott, which will then be required to yet again respond to BD/Nova's briefings under BD/Nova's proposed new briefing schedule. The Court postponed the *Markman* hearing with respect to the '745 and the '551 patents to allow Roche/Bayer a greater opportunity to participate, not to grant BD/Nova additional extensions of deadlines long-since passed.

Abbott proposes a schedule in the *BD/Nova* cases that tracks the dates set forth in the *Roche/Bayer* schedule but does not duplicate the tasks that have already been completed. Abbott respectfully requests that the Court enter the attached Case Management Orders in both the *Roche/Bayer* and *BD/Nova* cases.

Sincerely,

James W. Cannon, Jr.
Counsel for Plaintiffs

Enclosures

cc:   Bradford J. Badke *(via email)*
      Mark Meredith *(via email)*
      Richard B. Ulmer, Jr. *(via email)*
      Donald E. Knebel *(via email)*
      Lynn C. Tyler *(via email)*
      Wesley E. Overson *(via email)*
      David G. Wille *(via email)*
      Maria W. Boyce *(via email)*
      Bill Johnson *(via email)*
      David Arlington *(via email)*